# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| THE SHANE GROUP, INC. AND BRADLEY A. VENEBERG, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Case No. 2:10-cv-14360 <br> MAIN CASE NUMBER <br> [CONSOLIDATED CASES] <br><br> Honorable Denise Page Hood |
| MICHIGAN REGIONAL COUNCIL OF CARPENTERS EMPLOYEES BENEFITS FUND; ABATEMENT WORKERS NATIONAL HEALTH AND WELFARE FUND; MONROE PLUMBERS & PIPEFITTER LOCAL 5671 WELFARE FUND; on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Case No. 2:10-cv-14887 |
| SCOTT STEELE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Case No. 2:11-cv-10375 |

## ORDER FOR APPOINTMENT
## OF INTERIM CLASS AND LIAISON COUNSEL

**WHEREAS**, Plaintiffs in the above-captioned actions (collectively, "Plaintiffs") have filed related complaints against Defendants Blue Cross Blue Shield of Michigan and others, alleging that Defendants unreasonably restrained trade in violation of federal and state antitrust laws; and

**WHEREAS**, joint coordination and prosecution of the various claims asserted, or to be asserted, will avoid duplication and unnecessary costs, and will promote the efficient conduct of proceedings herein; and

**WHEREAS**, substantial discovery is expected to be taken in this litigation and Plaintiffs will need the resources to conduct the discovery timely and in coordination with the government plaintiffs; and

**WHEREAS**, appointment of Interim Class Counsel and interim Liaison Counsel is appropriate under Federal Rule of Civil Procedure 23(g) and suggested by the Manual for Complex Litigation (Fourth);

**NOW, THEREFORE, THE COURT ORDERS:**

I. **APPOINTMENT OF INTERIM CLASS AND LIAISON COUNSEL**

1. The Court, having considered Plaintiffs' written submissions and the criteria and standards of Federal Rule of Civil Procedure 23(g)(1) and (4), is of the opinion that Cohen Milstein Sellers & Toll PLLC, Gustafson Gluek PLLC, The Miller Law Firm, P.C., and Wolf Haldenstein Adler Freeman & Herz LLP, and will fairly and adequately represent the interests of the putative class and should be, and are, appointed Interim Class Counsel (the "Interim Class Counsel"). The Court appoints Fink + Associates Law as Liaison Counsel.

2. Interim Class Counsel shall operate as a single Committee chaired by E. Powell Miller and shall act by majority vote of the law firms appointed. The Committee is authorized to act on behalf of all members of the putative class, including any members of the putative class that have filed or may file a related action that is filed in or transferred to this Court ("Related Action"): (a) to convene meetings of Plaintiffs' counsel; (b) to designate counsel to negotiate or

discuss matters with Defendants' counsel, or anyone or more of them; (c) to initiate, respond to, schedule, brief, and argue all motions; (d) to conduct all discovery proceedings; (e) to make such work assignments among themselves and other Plaintiffs' counsel as the Committee may deem appropriate; (f) to collect time and expense reports from all Plaintiffs' counsel on a periodic basis; (g) to retain consultants and experts; (h) to designate which attorneys shall appear at hearings and conferences with the Court; (i) to engage in and determine the timing and substance of any settlement negotiations with Defendants and present any settlement to the Court; (j) to determine the nature and scope of claims asserted and the parties named as Defendants; (k) to direct and conduct all pretrial proceedings, trial preparation, trials, and post-trial proceedings, and delegate work responsibilities to selected counsel as may be required; (l) to allocate any Court award of attorneys' fees or expenses among Plaintiffs' counsel; (m) to direct, supervise and conduct any other matters concerning the prosecution or resolution of the above-captioned actions or any Related Action. The Committee shall also have the authority to consult or associate with additional counsel or law firms as deemed by the Committee to be reasonably necessary to assist with and ensure the thorough and efficient prosecution on this action on behalf of the putative class.

     3.     E. Powell Miller of the Miller Law Firm is appointed to be Chair of the Committee of Interim Class Counsel with the following additional duties and responsibilities (a) the Court's primary contact with the Committee and Plaintiffs' counsel, (b) to facilitate communications between the Court and other counsel in the cases (including, receiving and distributing notices, orders, and the like in the absence of the availability of the Court's ECF system), (c) to chair meetings of Plaintiffs' counsel, and (d) to otherwise assist in the coordination of activities and positions to ensure efficient and effective prosecution of the class actions.

     4.     In the absence of Mr. Miller, the duties specified in part (a) of paragraph (3) above shall be performed by Mr. David Fink of Fink + Associates Law as Liaison Counsel, who shall promptly advise the Committee.  Fink + Associates may also perform other legal services on behalf of the putative Class at the direction of Interim Class Counsel.

     5.     No motion shall be initiated or filed in the above-captioned actions or in any Related Action on behalf of any member(s) of the putative class except through the Committee

of Interim Class Counsel or its designee(s), and no work shall be performed by any other Plaintiffs' counsel for which compensation may be sought from the Court, except at the direction of the Committee.

## II.    SUBMISSION OF CONSOLIDATING PROPOSAL

6.    No later than July 31, 2012, the Committee shall submit to the Court a proposed Order for (a) the consolidation or coordination of the cases; (b) a revised Rule 26(f) report and (c) a request for a scheduling conference to address the issues raised by the Rule 26(f) report.  It is noted a Scheduling Order which governs this matter was entered on May 17, 2012 after a hearing was held.

## III.    STAY OF RESPONSES TO COMPLAINTS

7.    Until the Court enters a scheduling order under Federal Rule of Civil Procedure 16(b), Defendants' responses and/or motions with regard to any individual complaint shall be stayed. It is noted a Scheduling Order which governs this matter was entered on May 17, 2012 after a hearing was held.

**SO ORDERED** this  29th day of May 2012.

                                              s/Denise Page Hood
                                              Honorable Denise Page Hood
                                              United States District Court Judge