# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. *et al.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated <br><br> vs. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM <br><br><br> Judge Denise Page Hood <br> Magistrate Judge Mona K. Majzoub |

## PLAINTIFFS' MOTION TO ADD AND DROP
## NAMED PLAINTIFFS FOR THE PROPOSED CLASS

Plaintiffs The Shane Group, Inc., Bradley A. Veneberg, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, Monroe Plumbers & Pipefitter Local 671 Welfare Fund, and Scott Steele ("Plaintiffs"), by their undersigned Counsel, submit this Motion to Add and Drop Named Plaintiffs for the Proposed Class.  In support of this motion, Plaintiffs rely upon the authorities and arguments set forth in the incorporated brief.

Counsel for Defendant and Plaintiffs met and conferred regarding this motion. Plaintiffs' Counsel explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.


Dated:  June 17, 2013

Respectfully submitted,

/s/ Daniel E. Gustafson
Daniel E. Gustafson
Daniel C. Hedlund
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Daniel A. Small
Brent W. Johnson
Meghan M. Boone
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com
mboone@cohenmilstein.com

E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Mary Jane Fait
Theodore B. Bell
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel: (312) 984-0000
fait@whafh.com

*Interim Class Counsel*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

THE SHANE GROUP, INC. *et al.*,

Plaintiffs, on behalf of themselves and
all others similarly situated

vs.

BLUE CROSS BLUE SHIELD OF
MICHIGAN,
Defendant.

Civil Action No. 2:10-cv-14360-DPH-MKM

Judge Denise Page Hood
Magistrate Judge Mona K. Majzoub

## <u>BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO ADD AND DROP NAMED PLAINTIFFS FOR THE PROPOSED CLASS</u>

**STATEMENT OF ISSUE PRESENTED**

1.      Should the Court allow Plaintiffs to add and dismiss certain named plaintiffs?

Plaintiffs' answer: Yes.

## <u>CONTROLLING OR APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

### Federal Authority

*AmSouth Bank v. Dale*,
    386 F.3d 763 (6th Cir. 2004)

*Birmingham Steel Corp v. Tennessee Valley Auth.*,
    353 F.3d 1331 (11th Cir. 2003)

*Block v. First Blood Assocs.*,
    988 F.2d 344, 350 (2d Cir. 1993)

*Hercules Inc. v. Dynamic Export Corp.*,
    71 F.R.D. 101, 106 (S.D.N.Y. 1976)

*Eclipse Mfg. Co. v. M & M Rental Center, Inc.*,
    521 F. Supp. 2d 739 (N. D. Ill. 2007)

*Foman v. Davis*,
    371 U.S. 178 (1962)

*Gilmore v. James,*
    *274 F. Supp. 75 (N.D. Tex. 1967)*

*Hagan v. Rogers*,
    570 F.3d 146 (3rd Cir. 2009)

*Harvey Aluminum, Inc. v. American Cyanamid Co.*,
    203 F.2d 105 (2d Cir. 1953)

*Kalman v. Berlyn Corp.*,
    914 F.2d 1473 (Fed. Cir. 1990)

*Kunin v. Costco Wholesale Corp.*,
    No. 10-11456, 2011 WL 6090132 (E.D. Mich. Dec. 7, 2011)

*Letherer v. Alger Group, L.L.C.*,
    328 F.3d 262 (6th Cir. 2003)

*Smoot v. Fox*,
    340 F.2d 301 (6th Cir. 1964)

## <u>CONTROLLING OR APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

### Federal Authority (continued)

Fed. R. Civ. P. 15

Fed. R. Civ. P. 20

Fed. R. Civ. P. 21

## <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 21, Plaintiffs The Shane Group, Inc., Bradley A. Veneberg, Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, Monroe Plumbers & Pipefitter Local 671 Welfare Fund, and Scott Steele ("Plaintiffs") respectfully move this court to permit them to drop several of the current named plaintiffs and to add two new named plaintiffs to serve as representatives of the putative class in this matter.

On May 17, 2013, Plaintiffs moved the court to extend deadlines, including the deadline for Plaintiffs to file their motion for class certification.  Plaintiffs' Unopposed Motion to Extend Time to Amend Scheduling Order No. 3 to Extend the Time to File Their Motion for Class Certification (and Other Deadlines) ("Motion to Amend Scheduling Order No. 3") [Dkt. No. 121].  In that motion, Plaintiffs indicated their intent to file a motion to dismiss certain existing plaintiffs and add new plaintiffs without filing an amended complaint. Motion to Amend Scheduling Order No. 3 at 2.  On May 23, the Court granted Plaintiffs' motion. Order [Dkt. No. 122].  Accordingly, Plaintiffs respectfully submit this Motion under Rule 21 of the Federal Rules of Civil Procedure, and request the Court's approval.[1]

Plaintiffs have conferred with Defendant Blue Cross Blue Shield of Michigan ("BCBSM") regarding this Motion as required by the Court's Scheduling Order No. 4, but were unable to reach an agreement. BCBSM believes that Plaintiffs are obligated to

---

[1] If the Court disagrees that Rule 21 is the appropriate avenue to add and drop certain plaintiffs, Plaintiffs respectfully request that the Court consider this to be a motion under Rule 15.

1

amend their Complaint at this time.  Plaintiffs, on the other hand, believe it is unnecessary to amend their Complaint.

## BACKGROUND

Plaintiffs' bases for this Motion are found in the evidence they have analyzed to date.  First, the analysis of the evidence in this case revealed that one of the named plaintiffs—Scott Steele—had not directly paid for hospital services at any of the hospitals where BCBSM had a Most Favored Nation clause ("MFN") in its provider agreement with that hospital even though he had received services at such a hospital.  Similarly, Plaintiffs' Counsel have determined that The Shane Group, Inc. ("Shane Group") did not purchase any relevant hospital services during the Class Period.  Therefore, Plaintiffs propose to drop the claims of Scott Steele and Shane Group.

Second, Plaintiffs and their experts review of the voluminous data produced in this case has caused them to determine it may not be possible to prove damages at all the MFN hospitals.  In addition, for some insurers with little market share Plaintiffs have determined it presents a disproportionate burden on the Class to analyze their data.  As a result of these factors, Plaintiffs propose to drop the claims of Bradley A. Veneberg, Abatement Workers National Health and Welfare Fund ("Abatement Workers"),  and Monroe Plumbers & Pipefitters Local 671 Welfare Fund ("Monroe Plumbers") at this time.[2]

---

[2] Plaintiffs intend to proceed with the claims of Michigan Regional Council of Carpenters without any change.

Finally, during the course of the case, other parties who have presented similar claims regarding BCBSM have retained Plaintiffs' Counsel.  Plaintiffs believe those parties—Anne Patrice Noah and Susan L. Baynard—should now be added as named plaintiffs.

## ARGUMENT

### I.   Dropping The Identified Plaintiffs Is Proper Under Rule 21

Rule 21 is the proper avenue for dropping specific parties rather than dismissing and re-filing entire actions.  Rule 21 of the Federal Rules of Civil Procedure provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party." It is appropriate for Plaintiffs to use Rule 21 to now drop five of the named plaintiffs. "Rule 21 provides that 'Parties may be dropped or added by order of the court on motion[]' and we think that this rule is the one under which any action to eliminate . . . a party should be taken."  *Harvey Aluminum, Inc. v. American Cyanamid Co*., 203 F.2d 105, 108 (2d Cir. 1953); *see also Letherer v. Alger Group, L.L.C*., 328 F.3d 262, 266 (6th Cir. 2003), *overruled on other grounds by* Blackburn v. Oaktree Capital Mgmt., LLC, 511 F.3d 633 (6th Cir. 2008) (adopting the same quote from *Harvey Aluminum*).  "[W]e have in the past indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21 . . . ."  *AmSouth Bank v. Dale*, 386 F.3d 763, 779 (6th Cir. 2004);  *see also Ludwig v. Bd. of Trs. of Ferris State Univ.*, 123 F.3d 404, 411 (6th Cir. 1997) ("Rule 21 requires leave of the court when parties are dropped or added at any stage of the action.").

Here, through the extensive work being done by their expert on the voluminous data obtained in discovery from BCBSM and others, Plaintiffs have determined that Scott Steele has not in fact paid for hospital services at any of the hospitals where BCBSM had n MFN-based provider agreement. While Steele did receive treatment at a hospital where BCBSM had n MFN-based provider agreement, Steele had already reached his deductible from hospital services he purchased at a different hospital. Plaintiffs' claims for class members are predicated on those plaintiffs having actually purchased services from hospitals where and when n MFN-based agreement was in force. The result of the factual analysis now in Plaintiffs' hands is that Mr. Steele does not qualify as a member of the Class, and Plaintiffs believe he should be dropped from the case at this stage. Similarly, Plaintiffs' Counsel have determined that Shane Group did not purchase any relevant hospital services during the Class Period. Therefore, Plaintiffs propose to drop the claims of Scott Steele and Shane Group.

Second, after receiving and working with the data produced by BCBSM and Priority Health, Plaintiffs have determined that it may not be possible to show damages at all hospitals that had a MFN agreement with BCBSM. Additionally, Plaintiffs have learned that the expert work required to properly analyze the data for impact and damages issues imposes significant burdens on the class such that it is not feasible to obtain and analyze the data for every insurer in Michigan, particularly those with little market share. Plaintiffs will be focusing their efforts on the data produced by BCBSM, Priority Health, Health Alliance Plan of Michigan, and HealthPlus of Michigan, Inc. As a result, Plaintiffs propose to drop the claims of Bradley Veneberg, Abatement Workers, and

4

Monroe Plumbers at this time.  Plaintiffs have determined that attempting to proceed with any claims which those parties might have would simply not be feasible, given the practicalities of the available data and the likelihood of showing damages for the applicable insurers that provided coverage at the applicable Michigan MFN hospitals during the class period.

Plaintiffs have the right to choose whether or not to pursue their case and its claims and the named plaintiffs to be dropped here have so chosen for the reasons above:

> No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice.  New counsel for the plaintiff said that he advised his client that . . . he would have to show malice on the part of the defendants in order to succeed in his litigation.  It was counsel's view that this could not be shown, or, at least, it could not be developed in the limited time available for preparation.  We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable.  A plaintiff should have the same right to refuse to offer evidence in support of his claim that a defendant has.

*Smoot v. Fox*, 340 F.2d 301, 302–303 (6th Cir. 1964) (emphasis added); *see also*, *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc*., 481 F.3d 926 (6th Cir. 2007).

The Court should permit these named plaintiffs to drop from this case and the proposed class to proceed with its case in the manner that it has determined is most likely to result in success at trial.

**II.**   **Addition Of The Identified Plaintiffs is Proper Under Rule 21**

   a.   Controlling Law Permits Plaintiffs to Add Additional Plaintiffs by Motion Under Rule 21 Without Amending Their Complaint

The Federal Rules of Civil Procedure provide two alternative vehicles for adding new plaintiffs to a pending case.  Under Fed. R. Civ. P. 21, the Court may at any time add a party to a pending case, including when requested by a party by means of a motion to the court.  Under Rule 15, after a responsive pleading has been filed, a party may amend its complaint to, *inter alia*, add new plaintiffs, but only with the opposing party's written consent or the court's leave.  The Rule provides that the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

In this District, there is no controlling precedent setting a preference for one approach over the other. More significantly, there is no substantive difference in the standard used to evaluate a request made under either method.  In *Kunin v. Costco Wholesale Corp*., No. 10-11456, 2011 WL 6090132 (E.D. Mich. Dec. 7, 2011), the Court explained the lack of any requirement for one Rule or the other to be used, and set out the key issue that must be addressed whenever a party is sought to be added mid-case under either Rule:

> The Sixth Circuit has not determined whether Rule 21, governing misjoinder and nonjoinder of parties, or Rule 15, governing amended and supplemental pleadings, controls when an amendment seeks to add parties to a lawsuit.  *However, the standard is the same*: Kunin must obtain leave of court under both rules.  Further, Rules 15 and 21 allow amendment of pleadings "when justice so requires" and "on just terms."
>
> However, to determine whether it would be just to allow Kunin to add fourteen Plaintiffs, *the Court finds an analysis under Fed. R. Civ. P. 20 necessary*.  While Rules 15 and 21 set forth the standard for allowing a

6

> party to amend his pleadings to add or remove parties, *Rule 20(a)(1) sets forth the standard to determine whether multiple persons may join in one action as plaintiffs.*

*Kunin*, 2011 WL 6090132, at *2-3 (emphasis added) (citations omitted);  *see also Broyles v. Correctional Med. Servs., Inc.,* No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) ("This Circuit has not determined whether Rule 21 or Rule 15 controls the amendment of a pleading where the amendment seeks to add parties to the action.").

Here, Plaintiffs indicated in their Motion to Amend Scheduling Order No. 3 that they planned to add and drop certain named plaintiffs without amending their Complaint while noting that BCBSM may oppose such a subsequent motion.  The Court granted Plaintiffs' motion without commenting on that issue.  Subsequently, Scheduling Order No. 4 noted a June 17, 2013 deadline for "Motion to Amend Complaint to Add/Dismiss Plaintiffs."  Plaintiffs still believe it is proper to make a motion to add new named plaintiffs at this stage of the case under Rule 21.  Since the Court will undertake exactly the same review of Plaintiffs' request as under Rule 15, Plaintiffs submit that reviewing their request under Rule 21 does not conflict with Scheduling Order No. 4, and request that the Court allow them to proceed under Rule 21.

      b.  Plaintiffs' Motion Should Be Reviewed Liberally

A motion to add new plaintiffs should be reviewed under a liberal standard.  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, 'be freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

> For courts applying Rule 20 . . . "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; *joinder of . . . parties . . . is strongly encouraged*." Rule 20 permits "the joinder of a person who has some interest in an action . . . even when that interest is not strong enough as to require his joinder" under Rule 19.

*Hagan v. Rogers*, 570 F.3d 146, 153 (3rd Cir. 2009) (emphasis added) (citations omitted) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 299 (3d Cir. 1980)). The reason for a liberal review standard is simple. "[C]ourts should construe the rule liberally in an effort to foster judicial economy and avoid multiplicity of litigation." *Hercules Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101, 106 (S.D.N.Y. 1976).

None of the reasons proffered as possibly thwarting leave to add plaintiffs resonate here. Plaintiffs have not moved with undue delay, bad faith or dilatory motive nor have they failed to cure previous deficiencies or caused undue prejudice. As described above, Plaintiffs have diligently proceeded with their case, spent great resources and time with their experts and insurers' data and promptly raised this resulting issue with the Court. Having the appropriate named plaintiffs will obviously ensure that trial is convenient and expedite the determination of the dispute here.

BCBSM will not be prejudiced by the granting of this motion. In determining what constitutes prejudice, some courts consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

8

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). The revised procedural schedule set by the Court in Scheduling Order No. 4 allows sufficient time for Plaintiffs to produce any new documents related to those additional plaintiffs and to make them available for deposition prior to Plaintiffs' Motion for Class Certification. Furthermore, BCBSM has not yet deposed any of the currently named Plaintiffs. These additional two plaintiffs will not require BCBSM to expend significant additional resources in discovery and trial preparation and will not delay resolution of the case.

      c.   <u>Plaintiffs Meet The Requirements For Adding Plaintiffs Under Rule 20</u>

The *Kunin* court's analysis of Sixth Circuit precedent teaches that *either* a Rule 15 amendment or a Rule 21 motion is a proper vehicle to request addition of a new plaintiff, and that a Rule 20 analysis must be conducted by the court in either instance. In *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1479 (Fed. Cir. 1990), *aff'd.* 988 F.2d 129, the court explained, "It is well established that '[a]fter a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21 . . . .'" (quoting 3A Lucas J. Moore & G. Grotheer, *Moore's Federal Practice*, ¶ 21.05[1] (2d ed. 1989)). In either instance, the standards set out in Fed. R. Civ. P. 20 control:

(a) Persons Who May Join or Be Joined.

     (1) Plaintiffs. Persons may join in one action as plaintiffs if:
         (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

9

(B) any question of law or fact common to all plaintiffs will arise in the action.

Both requirements of Rule 20 must be demonstrated: that there are common questions of law or fact, and that the rights of the new plaintiffs arise out of the same transaction, occurrence, or series of transactions or occurrences.  "Since joinder of parties is dependent on the concepts of 'common question of law or fact' and 'same transaction', these tests must both be met in order for us to hold, as we do, that there is proper joinder of defendants in the case at bar." *Gilmore v. James*, 274 F. Supp. 75, 89 (N.D. Tex. 1967), *aff'd* 389 U.S. 572 (1968).

In a class action case such as this, Plaintiffs' request is granted as a matter of course.  *See Birmingham Steel Corp v. Tennessee Valley Auth.*, 353 F.3d 1331, 1342 (11th Cir. 2003) (allowing a reasonable opportunity to substitute an adequate class representative is generally favored); *In re Telectronics Pacing Sys.,Inc., Accufix Atrial "J" Leads Prods. Liab. Litig.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (court named substitute new class representative without formal intervention joinder); *see also Shankroff v. Advest, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y. 1986) (plaintiffs' counsel allowed additional time to propose substitute representative where proposed representative was found inadequate).  The facts in this case support addition of Proposed Plaintiffs.  Plaintiffs can easily satisfy the two-part test of Rule 20.  "The standard for permissive joinder under Rule 20 is liberal; it requires only that [the parties to be added] have (1) a 'right to relief arising from a single occurrence or series of occurrences' and (2) a single common question of law or fact." *Eclipse Mfg. Co. v. M & M Rental Center,*

10

*Inc.*, 521 F. Supp. 2d 739, 744 (N. D. Ill. 2007) (quoting *Harris v. Spellman*, 150 F.R.D. 130, 131 (N.D. Ill. 1993)).  Plaintiffs request the addition of two new Plaintiffs: Anne Patrice Noah and Susan L. Baynard.

Ms. Noah is a resident of Benzonia, Michigan, and Ms. Baynard is a resident of Thompsonville, Michigan.  Each of them is a member of the Class defined in Plaintiffs' Consolidated Amended Complaint. During the Class Period, each directly paid a hospital in Michigan—Paul Oliver Memorial Hospital—for hospital healthcare services at the price contained in that hospital's applicable provider agreement with BCBSM.  That applicable provider agreement contained n MFN clause, and as a result, each of them paid artificially inflated prices for hospital healthcare services and was therefore injured in her business or property by reason of the antitrust violations alleged in Plaintiffs' Consolidated Amended Complaint.

Both of the proposed plaintiffs have a right to relief that arises from BCBSM's use of MFN clauses in its applicable provider agreements with hospitals.  This is the exact same transaction or occurrence alleged in Plaintiffs' Consolidated Amended Complaint. Additionally, the proposed plaintiffs' claims share common questions of both fact and law with the claims of the present Plaintiffs.  These questions include matters such as the legality of BCBSM's use of MFN clauses and the damages suffered by the Class as a result of such use.  The proposed additional plaintiffs are squarely within the Class outlined in the Consolidated Amended Complaint.

Addition of these named plaintiffs is appropriate because they all have suffered the same harm—higher prices for hospital health care services—as a result of BCBSM's

imposition of MFN agreements on Michigan hospitals.  The harm suffered by each is of the same nature, arises from the same cause, is based upon the same recurring pattern of facts across the MFN-burdened hospitals, and flows from the same legal analysis of the anticompetitive effects of BCBSM's MFN provisions. Joining of these additional plaintiffs is appropriate and proper.

## <u>CONCLUSION</u>

Compared to amending the Complaint under Rule 15, Plaintiffs believe adding and dropping plaintiffs under Rule 21 will provide a simpler and more expeditious vehicle for the Court to consider both the request to drop Veneberg, Steele, Abatement Workers, Monroe Plumbers, and The Shane Group, Inc. as named plaintiffs and to add Anne Patrice Noah and Susan L. Baynard as new named plaintiffs.  Plaintiffs respectfully request that the Court grant this motion to effect these changes.  Should the Court disagree that Rule 21 is the appropriate vehicle for the actions requested herein, Plaintiffs request that the Court consider this as a motion under Rule 15, since the standard is identical under that rule.


Dated: June 17, 2013                    Respectfully submitted,

                                        /s/ Daniel E. Gustafson
                                        Daniel E. Gustafson
                                        Daniel C. Hedlund
                                        **GUSTAFSON GLUEK PLLC**
                                        Canadian Pacific Plaza
                                        120 South Sixth Street, Suite 2600
                                        Minneapolis, MN 55402
                                        Telephone:  (612) 333-8844
                                        dgustafson@gustafsongluek.com
                                        dhedlund@gustafsongluek.com

Daniel A. Small
Brent W. Johnson
Meghan M. Boone
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com
mboone@cohenmilstein.com

E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Mary Jane Fait
Theodore B. Bell
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel: (312) 984-0000
fait@whafh.com

*Interim Class Counsel*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2013, I electronically filed the *Motion To Add and Drop Named Plaintiffs for the Proposed Class* with the Clerk of the Court using the ECF, who in turn sent notice to the following:

**Attorneys for Defendant - Blue Cross Blue Shield of Michigan:**

Todd Stenerson: <u>tstenerson@hunton.com</u>
Bruce Hoffman: <u>bhoffman@hunton.com</u>
Ashley Cummings: <u>acummings@hunton.com</u>
Neil Gilman: <u>ngilman@hunton.com</u>
Jack Martin: <u>martinj@hunton.com</u>
Jonathan Lasken: <u>jlasken@hunton.com</u>

**Attorneys for Aetna Inc.:**

Joshua Lipton: <u>jlipton@gibsondunn.com</u>
Dan Matheson: <u>DMatheson@gibsondunn.com</u>
Veronica Lewis: <u>vlewis@gibsondunn.com</u>
Sarah Wilson: <u>sawilson@gibsondunn.com</u>
Cara Fitzgerald: <u>CFitzgerald@gibsondunn.com</u>

Carl T. Rashid: <u>crashid@bodmanlaw.com</u>
Jason R. Gourley: <u>jgourley@bodmanlaw.com</u>

/s/ Daniel E. Gustafson
Daniel E. Gustafson

14