UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. *ET AL.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> vs. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-D~~PH~~- ~~MKM~~ <br><br><br> Judge Denise Page Hood <br><br> ~~Magistrate Judge Mona K. Majzoub~~ |

## ORDER GRANTING PRELIMINARY APPROVAL
## TO PROPOSED CLASS SETTLEMENT

The Plaintiffs in the above-captioned matter have filed a Motion for entry of an Order determining certain matters in connection with the proposed Settlement of this class action, pursuant to the terms of the Settlement Agreement reached by the parties and presented to the Court for approval (hereinafter, the "Settlement Agreement"). After consideration of the Settlement Agreement and the exhibits annexed thereto, and after due deliberation and consideration of the totality of the circumstances and the record, and for good cause shown, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

**1.** **Defined Terms**: This Court adopts the defined terms set forth in Section A

-2-

(Definitions) of the Settlement Agreement for purposes of this Order, unless otherwise specified herein.

2.  **Additional Named Plaintiffs**: Pursuant to Federal Rule of Civil Procedure 21, Patrice Noah and Susan Baynard are hereby joined as additional named plaintiffs and class representatives. Hereinafter, references to "Plaintiffs" include Patrice Noah and Susan Baynard.

3.  **Preliminary Approval of Settlement**: The terms of the Settlement Agreement, including the Plan of Allocation attached thereto as Exhibit F, are **preliminarily approved,** subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the proposed Settlement is sufficiently within the range of reasonableness to warrant the scheduling of the Fairness Hearing, and the circulation of the Notice to the Settlement Class, each as provided for in this Order.

4.  **Certification for Settlement Purposes**: For purposes of Settlement only, pursuant to Federal Rule of Civil Procedure 23, the Settlement Class is certified as follows:

> All Direct Purchasers of healthcare services from a Michigan General Acute Care Hospital from January 1, 2006 until the Execution Date. Excluded from the Settlement Class are all Released Persons. For purposes of this class definition, "Direct Purchasers" includes without limitation individuals who paid Michigan General Acute Hospitals in the form of co-pays, co-insurance or otherwise; insurers that paid Michigan General Acute Care Hospitals for their insureds; and self-insured entities whose health plan participants received healthcare services at Michigan General Acute Care Hospitals.

The Michigan Regional Council of Carpenters Employee Benefits Fund, The Shane Group, Inc., Bradley A. Veneberg, Abatement Workers National Health and Welfare Fund, Monroe Plumbers & Pipefitter Local 671 Welfare Fund, Scott Steele, Patrice Noah and Susan

Baynard are appointed as representatives of the Settlement Class defined above, and The Miller Law Firm, P.C., Cohen Milstein Sellers & Toll PLLC, Gustafson Gluek PLLC, and Wolf, Haldenstein, Adler, Freeman & Herz LLC are appointed as Class Counsel. This certification of the Settlement Class and the appointment of class representatives and Class Counsel are solely for purposes of effectuating the proposed Settlement. If the Settlement Agreement is rescinded or does not receive Final Approval for any reason, the foregoing certification of the Settlement Class and appointment of the class representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the Motion and supporting materials, the Court finds that the proposed Settlement Class satisfies Rule 23 of the Federal Rules of Civil Procedure in that:

    a.    The Settlement Class, which consists of millions of individuals and entities, is so numerous that joinder of all persons who fall within the Settlement Class definition is impracticable;

    b.    The commonality requirement is satisfied where members of the Settlement Class share at least one common legal or factual issue. Here, there are questions of law and fact common to the Settlement Class, including questions relating to Blue Cross Blue Shield of Michigan's ("BCBSM") use of Most Favored Nation Clauses;

    c.    The claims of the class representatives are typical of the claims of the Settlement Class; and

      d.    The class representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

The Court further finds that the proposed Settlement Class satisfies Rule 23(b)(3) of the Federal Rules of Civil Procedure, which requires that common issues predominate and that a class action be superior to other available methods for the fair and efficient resolution of the controversy. The Court notes that because the litigation is being settled, rather than litigated, it need not consider the manageability issues that would be presented by further litigation. Amchem Prods. Inc. v. Windsor, 117 S. Ct. 2231, 2240 (1997).

**5.** **Fairness Hearing**: A Fairness Hearing shall take place before the undersigned, the **Honorable Denise Page Hood, at 2:00 p.m. on November 12, 2014** ~~Honorable Denise Page Hood, at 2:00 p.m. on November 12, 2014~~ to determine:

      a.    whether the proposed Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

      b.    whether this Action and all claims asserted therein should be dismissed on the merits and with prejudice;

      c.    whether the application for attorneys' fees, expenses and plaintiff incentive awards filed by Class Counsel should be approved; and

      d.    such other matters as the Court may deem necessary or appropriate.

The Fairness Hearing may be continued without further notice to the Settlement Class.

**6.** **Approval with Modifications**: The Court may finally approve the proposed Settlement Agreement at or after the Fairness Hearing with any modifications agreed to by BCBSM and the class representatives and without further notice to the Settlement Class.

-5-

      7.      **Right to Appear and Object**:  Any Settlement Class Member who has not timely and properly requested exclusion from the proposed Settlement in the manner set forth below may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matter to be considered at the hearing, provided, however, that no Settlement Class Member who has requested exclusion from the Settlement shall be entitled to object; and provided further that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with its consideration of those matters, unless such person complies with the following:

      a.      Any objection must be submitted in writing and must be filed with the Court no later than ninety (90) days after Preliminary Approval.

      b.      Settlement Class Members may object either on their own or through an attorney hired at their own expense.  If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense.  No Settlement Class Member represented by an attorney shall be deemed to have objected to the Settlement Agreement unless an objection signed by the Settlement Class Member is also served as provided herein.

      c.      Any objection regarding or related to the Settlement Agreement or Settlement: (1) shall identify itself as an objection to the Settlement and/or Class Counsel's application for attorneys' fees, expenses and plaintiff incentive awards; (2) shall contain information sufficient to identify the objecting Settlement Class Member, including the objecting Settlement Class Member's name, address, and telephone number, and the contact information for any attorney retained by the Settlement Class Member in connection with the

objection; and (3) shall contain a statement of whether the objecting Settlement Class Member intends to appear, either in person or through counsel, at the Fairness Hearing.

    d. Any Settlement Class Member who objects to the Settlement shall still be entitled to submit a Claim Form in accordance with this Order and the Claim Form instructions.

   **8**. **Notice**:  The forms of Notice attached to the Settlement Agreement as Exhibits B (Postcard Notice), C (Publication Notice) and D (Long Form Notice) are hereby approved. The Notice Plan described in Exhibit A to the Settlement Agreement is hereby approved and shall be implemented according to its terms.  The Long Form Notice, Publication Notice and Postcard Notice shall be disseminated in accordance with the Notice Plan substantially in the form approved.  Plaintiffs shall cause the Settlement Administrator to send the Postcard Notice by first-class mail, postmarked no later than 40 days after entry of this Order, to the Settlement Class Members who can be identified from the names and addresses produced to Plaintiffs by BCBSM, Priority Health and Aetna Inc.  Plaintiffs shall cause all forms of publication notice provided for in the Notice Plan to be completed no later than 45 days after entry of this Order. Plaintiffs shall cause the Settlement Administrator to activate the Settlement website and the mailing address, email address and toll free number by which Settlement Class Members can communicate with the Settlement Administrator no later than the date Notice is first mailed or published.

  The Court finds that the form and method of providing notice described in the Notice Plan is the best practicable under the circumstances and, if carried out, shall constitute due and sufficient notice of the Settlement Agreement under Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

9. **Settlement Administrator**: The Court approves the retention of Epiq Class Action & Mass Tort Solutions, Inc. to administer the Settlement Agreement pursuant to its terms under the supervision of Class Counsel.

10. **Escrow Agent**: The Court approves of Eagle Bank, a Maryland State Chartered Bank, as the Escrow Agent to maintain the Escrow Account in which the Settlement Fund shall be held and to disburse funds from the Escrow Account in accordance with the orders of this Court. No money shall be disbursed from the Escrow Account except as provided by an order of this Court.

11. **Ability of Settlement Class Members to Request Exclusion**: All Settlement Class Members who wish to exclude themselves from the Settlement must do so by sending a written request for exclusion to the Settlement Administrator by first-class mail as provided in the Notice, signed by the Settlement Class Member. To be considered timely, and thereby exclude a person from the Settlement, the envelope delivering a request for exclusion must be postmarked no later than 90 days after Preliminary Approval. Plaintiffs shall attach to their motion for final approval a final list of all requests for exclusion, identifying any requests that Plaintiffs believe not to be valid and the basis for their belief.

Any Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be included in such Settlement Class and, if the proposed Settlement receives Final Approval, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases and waivers described therein, whether or not such person has objected to the Settlement or submitted a Claim Form.

12. **Claim Forms**: The Claim Forms, attached to the Settlement Agreement as Exhibits E-1 and E-2, are hereby approved. Plaintiffs shall cause the Settlement Administrator

-8-

to disseminate the Claim Forms substantially in the form of Exhibits E-1 and E-2 to the Settlement Agreement. Specifically, Plaintiffs shall cause the Settlement Administrator to post the Claim Forms on the Settlement website no later than the date the Notice is first mailed or published, and, upon request of a Settlement Class Member made to the Settlement Administrator on or before November 16, 2014, to promptly send a Claim Form to the class member by first-class mail or email. To be considered timely and valid, a Claim Form must be completed in accordance with its instructions and sent to the Settlement Administrator by first-class mail, postmarked no later than November 16, 2014.

13. **CAFA Notice**: No later than 30 days after the entry of this Order, BCBSM shall file with the Court and serve a certificate stating its compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

14. **Attorneys' Fees, Expenses, Incentive Awards**: Class Counsel shall file with the Court and serve their application for attorneys' fees, reimbursement of expenses and plaintiff incentive awards no later than 30 days after the entry of this Order.

15. **Notice Declaration**: No later than 75 days after the entry of this Order, Plaintiffs shall file with the Court and serve a declaration of the person(s) under whose general direction the Notice was disseminated showing that the Notice Plan was effectuated according to its terms and this Order.

16. **Final Approval Motion**: Plaintiffs shall file with the Court and serve their motion for final approval of the Settlement within 120 days after the entry of this Order.

17. **Appearance by Settlement Class Member**: Any Settlement Class Member may enter an appearance in this litigation, at his, her or its own expense, pro se or through

counsel of his, her or its own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

18. **Settlement Administration Expenses**: Class Counsel are authorized to disburse up to $1 million from the Settlement Fund to pay the following costs of administering the Settlement, as they are incurred: Taxes, Tax Expenses, charges of Eagle Bank, charges of the Settlement Administrator, and the cost of implementing the Notice Plan. To the extent these costs exceed $1 million, Class Counsel may request in their application for attorneys' fees, reimbursement of expenses and incentive awards that amounts above $1 million be paid or reimbursed from the Settlement Fund.

19. **Discovery and Other Litigation Activity**: All discovery and other litigation activity in this Action is hereby stayed pending a decision on Final Approval of the Settlement Agreement.

20. **No Admission**: Neither the Settlement nor the Settlement Agreement shall constitute an admission, concession, or indication of the validity of any claims or defenses in the Action, or of any wrongdoing, liability or violation by BCBSM, which vigorously denies all of the claims and allegations raised in the Action.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 26, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 26, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager