UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM <br><br><br> Judge Denise Page Hood <br> Magistrate Judge Mona K. Majzoub |

**DECLARATION OF DANIEL C. HEDLUND IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

I, Daniel C. Hedlund declare as follows:

1. I am a partner in the law firm Gustafson Gluek PLLC, one of the four firms appointed Class Counsel by the Court.

2. I am submitting this Declaration in support of Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Incentive Awards to Class Representatives.

3. The Compendium to this Declaration comprises 18 declarations of Class Counsel and other Plaintiffs' Counsel who are seeking to recover fees and

expenses for work performed on this matter since its inception. These declarations and their exhibits attest to the number of hours each law firm's attorneys and paralegals have spent working on the case, each firm's lodestar calculated at the firm's current hourly rates, and each firm's expenses spent on the litigation of this case.

4. Since the inception of this case, Plaintiffs' Counsel have collectively logged 34,343.96 hours, which generates a lodestar of $15,497,960.25 at current hourly rates, for which they have yet to recover any compensation. *See* Compendium. Each firm has submitted a declaration and exhibit attesting to that firm's actual number of hours reasonably expended on this litigation by the firm's attorneys and paralegals, as well as the lodestar for that firm calculated at the firm's current hourly rates. *See* Compendium.

5. Other than work performed before the Court's appointment of Interim Lead Counsel, *see* Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Incentive Awards to Class Representatives at 14 n.4, the work performed by Plaintiffs' Counsel other than Class Counsel represents time spent working at the direction and under the supervision of Class Counsel. This work involved essential communications with class representatives, assistance with briefing, reviewing documents, performing research, and participating in depositions.

6. Except as noted above, Class Counsel reviewed the time of Plaintiffs' Counsel and excluded time which was not performed at the direction of Class Counsel, time that was insufficiently described to determine whether it provided a benefit to the class, duplicative time, and time spent on internal firm administrative tasks.

7. Class Counsel also excluded time spent in the preparation of the present Motion for fees, expenses, and incentive awards.

8. The Compendium shows, that Plaintiffs' Counsel have incurred $2,575,393.33 in expenses in connection with the prosecution of this litigation since inception. However, $14,990.58 of these expenses were contributions to the case litigation fund that remain in the fund and should not be included in calculating total expenses incurred. Plaintiffs' Counsel also have $939,490.27 in unpaid invoices from their experts. Accordingly, Plaintiffs' total incurred expenses are $3,499,893.02.

9. All of the time and expenditures were reasonable and necessary to prosecute this litigation and to obtain the valuable settlement with Blue Cross Blue Shield of Michigan, and the time and expenditures were made for the direct benefit of the Settlement Class. Plaintiffs' Counsel's largest expense (over $2.5 million) is for expert fees that arose from the retention of Dr. Jeffrey J. Leitzinger and others at Econ One. Econ One analyzed the impact of Blue Cross's MFN clauses on

prices of acute care hospital healthcare services in Michigan and addressed other issues such as market definition and market power.  This work required complex statistical analysis of extraordinarily large amounts of data.

  10. The remaining expenses were incurred by individual firms for such things as travel, research services, and document reproduction, and are typical of expenses incurred by firms prosecuting an antitrust class action.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  July 24, 2014  Respectfully submitted,

         /s/ Daniel C. Hedlund
         Daniel C. Hedlund
         GUSTAFSON GLUEK PLLC
         120 South Sixth Street, Suite 2600
         Minneapolis, MN 55402
         Telephone: (612) 333-8844
         dhedlund@gustafsongluek.com

## COMPENDIUM

| FIRM NAME | COMPENDIUM EXHIBIT NO. |
|---|---|
| Gustafson Gluek, PLLC | 1 |
| Cohen Milstein Sellers & Toll PLLC | 2 |
| Wolf Haldenstein Adler Freeman & Herz, LLP | 3 |
| Miller Law Firm | 4 |
| Berger & Montague, P.C. | 5 |
| Fink + Associates Law | 6 |
| Finkelstein Thompson LLP | 7 |
| Freedman Boyd Hollander Goldberg Urias and Ward P.A. | 8 |
| Kohn, Swift & Graf, P.C. | 9 |
| Oliver Law Group PC | 10 |
| Law Offices of David Balto | 11 |
| Lockridge Grindal Nauen P.L.L.P. | 12 |
| NastLaw LLC | 13 |
| Zimmerman Reed | 14 |
| Wexler Wallace LLP | 15 |
| Sommers Schwartz, P.C. | 16 |
| Eric S. Goldstein | 17 |
| Law Office of Lance C. Young | 18 |

33808