

September 24, 2014

Via Hand Delivery

Clerk of Court

The United States District Court

For The Eastern District of Michigan

Southern Division

U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, Michigan 48226

| | |
|---|---|
| The Shane Group, Inc. etc. al | Case No. 2:10-cv-14360-DPH-MKM |
| Plaintiffs, | **OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT** |
| v. Blue Cross Blue Shield of Michigan, | |
| Defendant. | Date of Fairness Hearing: November 12, 2014 |
| Christopher Andrews, Pro se, also acting as representative under Power of Attorney for Objector Cathy Waltz individual and as executor of the estate of Eileen Greenia and Emily Byrne and Objector Ronald Waltz and Objector Michael Andrews. | Time: 2:00 pm EST |
| | Courtroom of Judge Denise Page Hood |
| | **Class Action Lawsuit** |

- Objectors have records that show they paid for healthcare services at a general acute care hospital in Michigan between January 1, 2006 and June 23, 2014, are members of the settlement class in Category 1, 2 and 3; therefore have standing to object to the settlement.

- Christopher Andrews, Pro se objector, non attorney, also is acting as representative under Power of Attorney for Cathy Waltz, individual Objector as executor of the estate of Eileen Greenia and Emily Byrne, PO Box 564 Lakeland Michigan 48143 and for individuals Ron Waltz PO Box 564 Lakeland Michigan 48143 and Michael Andrews 678 North Main Street # 303 Rochester, Michigan 48307

- Objectors and Representative's mailing address where all correspondence should be directed to for all objectors is Christopher Andrews P.O. Box 530394 Livonia, MI 48158. The telephone number is 1-248-635-3810. E-mail is caaloa@gmail.com. All objectors and their representative do intend to appear at the fairness hearing on November 12, 2014 and request permission to speak to the Court. Objectors request the following:

  - An opportunity to speak to the Court and the option to cross-examine any witnesses who may testify at the hearing in support of settlement approval.

- A list of any witness or named plaintiffs to be called with their cv (resume) and the specific scope of their testimony and copies of any evidence they may or will introduce at the hearing.

- The option to perform discovery on certain issues that are described below per Rule 23, 4 paragraph 2, if necessary.

- Objectors reserve the right to file a sur-reply if necessary.

- Objectors reserve the right to supplement this objection at any time. In addition, if the parties introduce new facts, evidence, arguments or valuation after Plaintiffs Counsels' settlement filing made after July 24, 2014 this may result in a supplemental addition to the objection.

- Objectors do not intend to call any witnesses at the fairness hearing at this time but reserve the right to and make use of all documents entered on to the docket by any settling party/objector/witness or any visual items used at the fairness hearing.

  - Objectors incorporate any other objections received in this matter into this objection that are not inconsistent with their own and reserves the right to amend and expand on those objections.

  - Objectors request copies of any documents or objections filed after Plaintiffs' Counsel's submission on July 24, 2014 be sent to Christopher Andrews via email.

- Objectors adopt all definitions used in the complaint and amended complaint.

- Objectors adopt all of Plaintiffs' counsel's definitions as described in their Class Action Settlement Agreement dated June 23, 2014 document 148-1.

- Objectors adopt all of defendant counsel's definitions as described in the Class Action Settlement Agreement dated June 23, 2014 document # 148-1.

- Objectors request a copy of the expert's reports and summaries estimating the alleged damages to the class in the amount of $120 million. Counsel can attach in their response to this objection or post it on the website etc. Objectors agree to sign a confidentiality/ secrecy agreement to view the requested information and a response if any can be filed under seal if required.

**Preliminary Points of Concern which give the objectors and class members cause to pause.**

Here are a few concerns for Plaintiffs' Counsel to address:

- Substantial recovery of more than $30 million based on the evidence so far in this case may be realistically possible against the Defendant.

- Not fair, reasonable and adequate in all respects.

- Not in the best interests of the class members.

- Not in the public interest.

- Runs contrary to public policy.

- Violates due process clause.

- Continued litigation does not pose substantial risks of reducing defendants' ability to fund a settlement or judgment, rather it is more likely the settlement will rise by many multiples. This first settlement offer is a trial balloon that is punctured and useless.

- The Settlement does not appropriately balance the risks of litigation and the benefit to the settlement class victims of a far superior recovery.

- Continued litigation does not pose substantial risks in establishing liability.

- Continued litigation does not pose substantial risks in establishing damages.

- Balancing the certainty of a curb high immediate recovery against the recovery multiples of $30 million in a better negotiated settlement, summary judgment filing or trial, logically an increased offer the closer to trial or trial verdict dictates and favors the continuation of the suit.

- Based on the fees and expenses Plaintiffs' Counsel wants to charge to the class the settlement is un approvable.

The grocery store list of issues includes but is not limited to:

- Damages may be low.

- The incentive awards may be high
- Postcard short notice is flawed.
- Long notice is defective.
- Claim forms are flawed.
- The release is flawed.
- Claim packets are defective.
- Hourly rates are high as are the number of hours claimed.
- $3.5 million in expenses may be high.
- Defendant should have paid for the notice.

Thank you for your attention and consideration.

Case No. Case No. 2:10-cv-14360-DPH-MKM

Dated: September 22, 2014

*Christopher Andrews, objector, Pro se and as representative of the unnamed class members below.*

P.O. Box 530394

*Livonia, MI 48152-0394 E-mail caaloa@gmail.com Phone 1-248-635-3810*

_Christopher Andrews_    _Cathy Waltz_    _Ron Waltz_    _Michael Andrews_

*Christopher Andrews also is acting as representative for Cathy Waltz,, Ron Waltz and Michael Andrews. We/I certify under penalty of perjury that the above and below information is true and accurate to the best of my/our knowledge, information and belief. All correspondence is to be mailed to Christopher Andrews Any emails, notices or docket filings filed with the court or phone calls as well should go to Christopher Andrews at the email and phone number listed above..*

I/we hereby certify that on this day I/we hand delivered foregoing to the Clerk of the Court, and served true and correct copies upon class counsel and defendants' counsel via US Post Office Priority Mail (two- three day delivery) at the addresses below, per the instructions of the Settlement Notice to:

Clerk of Court, the United States District Court for The Eastern District of Michigan

Southern Division, U.S. Courthouse 231 W. Lafayette Blvd. Detroit, Michigan 48226

Telephone number (313) 234-5005.


COHEN MILSTEIN SELLERS & TOLL PLLC 202-408-4600
Daniel A. Small
Brent W. Johnson
1100 New York Avenue, NW
Suite 500
Washington, DC 20005

HUNTON & WILLIAMS LLP 202.955.1500
Todd M. Stenerson
D. Bruce Hoffman
2200 Pennsylvania Ave, NW
Washington, DC 20037

_[signatures]_

Christopher Andrews     Cathy Waltz     Ron Waltz     Michael Andrews.

I/we certify under penalty of perjury that the above and below information is true and accurate to the best of my/our knowledge, information, and belief.

The Shane Group etc. al v Blue Cross Blu. Shield of Michigan Case No. 2:10-cv-14360-DPH-MKM