UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE SHANE GROUP INC.;
BRADLEY A. VENEBERG; SCOTT
STEELE; MICHIGAN REGIONAL          Case No. 2:10-cv-14360
COUNCIL OF CARPENTERS
EMPLOYEE BENEFITS FUND;            Honorable Denise Page Hood
ABATEMENT WORKERS
NATIONAL HEALTH AND
WELFARE FUND; and MONROE
PLUMBERS AND PIPEFITTERS
LOCAL 671 WELFARE FUND,

     Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

     Defendant.

---

**MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF
UNSEALING RECORDS AND ADJOURNING FAIRNESS HEARING BY
CLASS MEMBERS ADAC AUTOMOTIVE, ALMA PRODUCTS
COMPANY, BAKER COLLEGE, BORROUGHS CORPORATION, EAGLE
ALLOY INC., FISHER & COMPANY INC., FOUR WINDS CASINO
RESORT, FRANKENMUTH BAVARIAN INN INC., GEMINI GROUP
INC., GILL-ROY'S HARDWARE/MORGAN PROPERTIES LLC, GRAND
TRAVERSE BAND OF OTTAWA AND CHIPPEWA INDIANS, HI-LEX
CORPORATION, HUIZENGA GROUP, KENT COMPANIES INC., LA
BELLE MANAGEMENT INC., MASTER AUTOMATIC MACHINE
COMPANY INC., MORBARK INC., PETOSKEY PLASTICS INC., SAF-
HOLLAND USA INC., STAR OF THE WEST MILLING COMPANY,
TARUS PRODUCTS INC., TERRYBERRY COMPANY LLC, THELEN
INC., TRILLIUM STAFFING SOLUTIONS, TRUSS TECHNOLOGIES,
AND WADE TRIM GROUP INC.**

Pursuant to Fed. R. Civ. P. 24, class members ADAC Automotive, Alma Products Company, Baker College, Borroughs Corporation, Eagle Alloy Inc., Fisher & Company Inc., Four Winds Casino Resort, Frankenmuth Bavarian Inn Inc., Gemini Group Inc., Gill-Roy's Hardware/Morgan Properties LLC, Grand Traverse Band of Ottawa and Chippewa Indians, Hi-Lex Corporation, Huizenga Group, Kent Companies Inc., La Belle Management Inc., Master Automatic Machine Company Inc., Morbark Inc., Petoskey Plastics Inc., SAF-Holland USA Inc., Star of the West Milling Company, Tarus Products Inc., Terryberry Company LLC, Thelen Inc., Trillium Staffing Solutions, Truss Technologies, and Wade Trim Group Inc. ("Petitioners") move to intervene for the limited purpose of requesting that certain documents filed under seal in this matter be unsealed.

Petitioners also request that the Fairness Hearing on the proposed settlement scheduled for November 12, 2014, be adjourned until Petitioners have had a reasonable opportunity to review the sealed documents in this matter once they are unsealed and to supplement their objection to the proposed settlement (if necessary).  In support of their motion, Petitioners rely on the accompanying brief, which is incorporated by reference.

Pursuant to E.D. Mich. L.R. 7.1(a), counsel for Petitioners certifies that he had multiple telephone conferences and e-mails with each of the parties, in which he explained the nature of the motion and its legal basis.  Petitioners and the parties

attempted to reach a resolution of this issue, as discussed further in the supporting brief, but were ultimately unable to do so, thus necessitating this motion.

WHEREFORE, Petitioners respectfully requests that they be granted intervenor status; that the four documents filed under seal with the court in the case identified in Petitioners' brief be unsealed; and that the Fairness Hearing scheduled for November 12, 2014, be adjourned to allow Petitioners the opportunity to review the sealed documents and submit supplemental objections prior to the Fairness Hearing.

VARNUM LLP
*Counsel for Objectors*

Dated: October 20, 2014      By:    s/ Bryan R. Walters
Bryan R. Walters (P58050)
Business Address, Telephone, and E-Mail:
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
brwalters@varnumlaw.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE SHANE GROUP INC.;
BRADLEY A. VENEBERG; SCOTT
STEELE; MICHIGAN REGIONAL
COUNCIL OF CARPENTERS
EMPLOYEE BENEFITS FUND;
ABATEMENT WORKERS
NATIONAL HEALTH AND
WELFARE FUND; and MONROE
PLUMBERS AND PIPEFITTERS
LOCAL 671 WELFARE FUND,

     Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD
OF MICHIGAN,

     Defendant.

Case No. 2:10-cv-14360

Honorable Denise Page Hood

---

**BRIEF IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF UNSEALING RECORDS AND ADJOURNING FAIRNESS HEARING BY CLASS MEMBERS ADAC AUTOMOTIVE, ALMA PRODUCTS COMPANY, BAKER COLLEGE, BORROUGHS CORPORATION, EAGLE ALLOY INC., FISHER & COMPANY INC., FOUR WINDS CASINO RESORT, FRANKENMUTH BAVARIAN INN INC., GEMINI GROUP INC., GILL-ROY'S HARDWARE/MORGAN PROPERTIES LLC, GRAND TRAVERSE BAND OF OTTAWA AND CHIPPEWA INDIANS, HI-LEX CORPORATION, HUIZENGA GROUP, KENT COMPANIES INC., LA BELLE MANAGEMENT INC., MASTER AUTOMATIC MACHINE COMPANY INC., MORBARK INC., PETOSKEY PLASTICS INC., SAF-HOLLAND USA INC., STAR OF THE WEST MILLING COMPANY, TARUS PRODUCTS INC., TERRYBERRY COMPANY LLC, THELEN INC., TRILLIUM STAFFING SOLUTIONS, TRUSS TECHNOLOGIES, AND WADE TRIM GROUP INC.**

# TABLE OF CONTENTS

**Page**

Index of Authorities .................................................................................. ii

Concise Statement of Issue Presented ....................................................... 1

Controlling or Most Appropriate Authorities ........................................... 2

I.     Introduction ......................................................................................... 3

II.    Background .......................................................................................... 4

III.   Law and Argument ............................................................................. 5

     A.     Petitioners Are Entitled to Intervene as of Right, or in the Alternative, With the Court's Permission. ............................... 5

         1.     Petitioners Are Entitled to Intervention as of Right. ................. 6

         2.     Petitioners Should Be Permitted to Intervene. ........................... 9

     B.     The Court Should Unseal the Documents. ......................................... 10

         1.     There Is a Strong Presumption in Favor of Judicial Records Being Open. ........................................................... 10

         2.     Petitioners Need to View the Sealed Documents to Fully Assess the Proposed Settlement and Their Objections. ............ 13

     C.     The Fairness Hearing Should Be Adjourned Until Petitioners Have Had a Reasonable Opportunity to Review the Unsealed Documents and Supplement Their Objection Accordingly. .............. 17

IV.   Conclusion ...................................................................................... 19

i

# INDEX OF AUTHORITIES

**Page(s)**

## Cases

*Baker v. Dolgen Corp. Inc.*,
  No. 2:10-cv-199, 2000 WL 166257 (E.D. Va. Jan. 19, 2011) .....................12

*Detroit Free Press v. Ashcroft*,
  303 F.3d 681 (6th Cir. 2002) ........................................................................10

*Greenberg v. Procter & Gamble Co. (In re Dry Max Pampers Litig.)*,
  724 F.3d 713 (6th Cir. 2013) ....................................................................2, 17

*Grubbs v. Norris*,
  870 F.2d 343 (6th Cir. 1989) ..........................................................................6

*In re Cedant Corp.*,
  260 F.3d 183 (3d Cir. 2001) ..........................................................................12

*In re Domestic Air Transp. Antitrust Litig.*,
  144 F.R.D. 421 (N.D. Ga. 1992) ...................................................................12

*In re The Knoxville News-Sentinel Co. Inc.*,
  723 F.2d 470 (6th Cir. 1983) ........................................................................10

*Lawlor v. Nat'l Screen Serv. Corp.*,
  349 U.S. 322 (1955)........................................................................................13

*Meyer Goldberg Inc. v. Fisher Foods Inc.*,
  823 F.2d 159 (6th Cir. 1987) .................................................... 2, 9, 10, 11, 13

*Mich. State AFL-CIO v. Miller*,
  103 F.3d 1240 (6th Cir. 1997) ........................................................................7

*Nixon v. Warner Comm.*,
  435 U.S. 589 (1978)........................................................................................10

*Press-Enterprise Co. v. Superior Court*,
  478 U.S. 1 (1986)..................................................................................... 11, 12

*Pride v. Allstate Ins. Co.*,
  2011 WL 692299 (E.D. Mich. Feb. 18, 2011) ...................................... 7, 8, 9

*Purnell v. City of Akron*,
    925 F.2d 941 (6th Cir. 1991) ................................................................ 2, 5, 7

*Reynolds v. Beneficial Nat'l Bank*,
    288 F.3d 277 (7th Cir. 2002) ........................................................17

*Stotts v. Memphis Fire Dep't*,
    679 F.2d 579 (6th Cir. 1982) ..........................................................9

*Trbovich v. United Mine Workers of Am.*,
    404 U.S. 528 (1972)........................................................................8

*Tri-County Wholesale Distribs. Inc. v. The Wine Group*,
    2012 WL 248357 (6th Cir. 2012) ................................................11

*United States v. Amodeo*,
    71 F.3d 1044 (2d Cir. 1995) ........................................................12

## **Statutes**

15 U.S.C. § 1 .................................................................................................4

15 U.S.C. § 2 .................................................................................................4

MCL 445.772 .................................................................................................4

## **Rules**

Fed. R. Civ. P. 24(a)................................................................................2, 6

Fed. R. Civ. P. 24(b) ...................................................................................2

## <u>CONCISE STATEMENT OF ISSUE PRESENTED</u>

1.     Whether Petitioners, non-party class members, are entitled to intervene as of right or by permission of the Court for the limited purpose of seeking an order to unseal documents filed in this action under seal and requesting that the Fairness Hearing be adjourned.

2.     Whether the Court should order certain documents unsealed so that Petitioners may fully assess the Proposed Class Settlement.

3.     Whether the Fairness Hearing scheduled for November 12, 2014, should be adjourned until Petitioners have had the opportunity to review the sealed documents and supplement their objection (if necessary).

1

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

1.      For granting intervenor status to Petitioners: Fed. R. Civ. P. 24(a)–(b);

*Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

2.      For unsealing the records: *Meyer Goldberg Inc. v. Fisher Foods Inc.*,

823 F.2d 159, 162 (6th Cir. 1987).

3.      For adjourning the Fairness Hearing: *Greenberg v. Procter & Gamble*

*Co. (In re Dry Max Pampers Litig.)*, 724 F.3d 713, 717–18 (6th Cir. 2013).

## I.   <u>INTRODUCTION</u>

Petitioners request leave to intervene in this action to seek an order unsealing the following four documents: (1) Opposition to Motion to Add and Drop Named Plaintiffs for the Proposed Class [Dkt. #127]; (2) Motion for Class Certification and Appointment of Class Counsel [Dkt. #133]; (3) Response to Motion for Class Certification and Appointment of Class Counsel [Dkt. #139]; and (4) Motion to Exclude the Expert Testimony of Dr. Jeffrey Leitziner [Dkt. #140] (collectively, the "Sealed Documents").   Petitioners seek access to the Sealed Documents in order to gather information that will help them assess the likelihood of success of the case, assess their potential damages recovery, and otherwise gather information relevant to their assessment of the proposed settlement and their objections to the proposed settlement.

Petitioners are entitled to intervene as of right or, in the alternative, with permission of this Court.   This motion is timely.   Petitioners have a substantial legal interest in the subject matter of this case because, as class members, they have the right to assess whether the proposed settlement fully and fairly represents their interests.   Petitioners cannot fully make this assessment without the information contained in the Sealed Documents.   Essentially, Petitioners have been asked to agree to a settlement that is founded on information to which Petitioners have not had access and have been unable to review.

3

Moreover, the public has a strong presumptive right of access to court records. This is particularly true in the class action context. The parties have failed to show with the requisite specificity that the Sealed Documents should be sealed from public review.

Finally, the Fairness Hearing scheduled for November 12, 2014, should be adjourned until Petitioners have had a reasonable opportunity to review the Sealed Documents and to supplement their objection accordingly (if necessary). The Fairness Hearing will be incomplete and inadequate without full consideration of the information referenced in the Sealed Documents.

## II.   <u>BACKGROUND</u>

This action involves allegations that Blue Cross Blue Shield of Michigan ("Blue Cross"), the largest commercial health insurance provider in the state of Michigan, engaged in anti-competitive practices in violation of Section 1 of the Sherman Act (15 U.S.C. § 1), unlawful monopolization and attempt to monopolize in violation of Section 2 of the Sherman Act (15 U.S.C. § 2), and violations of Section 2 of the Michigan Antitrust Reform Act (MCL 445.772).

Beginning in 2007, Blue Cross leveraged its dominant market position in contract negotiations with Michigan hospitals to incorporate "most favored nation" ("MFN") clauses in its provider agreements, in exchange for an increase in the hospitals' charges. As alleged, this unlawful conduct resulted in Plaintiffs and the

class members paying artificially inflated prices for healthcare services, thereby suffering antitrust injury.

The Court has entered a Stipulated Protective Order Concerning Confidentiality for all "trade secret or other confidential research, development, or commercial information" [Dkt. #47].   Under the Protective Order, seven court filings and over 150 exhibits to those court filings have been sealed in their entirety from public viewing.

### III.   LAW AND ARGUMENT

**A.   PETITIONERS ARE ENTITLED TO INTERVENE AS OF RIGHT, OR IN THE ALTERNATIVE, WITH THE COURT'S PERMISSION.**

Federal Rule of Civil Procedure 24 governs motions to intervene:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> > (A) is given a conditional right to intervene by a federal statute; or
> > (B) has a claim or defense that shares with the main action a common question of law or fact.

Intervention is broadly construed in favor of intervening parties.  *See Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

5

1.     **Petitioners Are Entitled to Intervention as of Right**.

In general, a party is entitled to intervene as of right if (1) the motion to intervene is timely; (2) the intervenor has a substantial legal interest in the subject matter of the case; (3) the intervenor's ability to protect its interest might be impaired without intervention; and (4) the parties already before the court might not adequately protect the intervenor's interest.  *See* Fed. R. Civ. P. 24(a).  All four factors are satisfied here.

*a.     Timeliness*.  In assessing this factor, courts consider (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

These factors weighs in favor of Petitioners' intervention.  Despite being four years old, Petitioners seek intervention for the limited purpose of unsealing records in connection with their objection to the proposed class action settlement. Petitioners have not delayed in seeking to intervene, filing this motion shortly after receiving notice of the proposed settlement.  The parties will not be prejudiced by

6

intervention.   And there are no unusual circumstances militating against intervention.  The motion is timely.

  *b.* *Substantial Legal Interest*.  There can be no question that Petitioners have a substantial legal interest in the subject matter of the case.  They were self-insured payors for healthcare services at Michigan hospitals.  A proposed settlement that directly affects their interests is up for consideration by the Court. As class members, Petitioners are entitled to make an informed decision as to the Proposed Class Settlement.  It is unreasonable to ask Petitioners, or any absent class member, to forgo the opportunity to review the alleged facts, information, data, expert opinion, and analyses upon which the settlement was based. Petitioners should be allowed to conduct their own analysis and derive their own conclusions as to the fairness of the proposed settlement and to present that information to the Court at the Fairness Hearing.

  *c.* *Impaired Interests of Petitioners*.  A petitioner "has a minimal burden to show that the ability to protect its interest may be impaired without intervention." *Pride v. Allstate Ins. Co.*, 2011 WL 692299, at *6 (E.D. Mich. Feb. 18, 2011)(*citing Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997)), **Ex. A**.  "Rule 24(a) does not require the intervenor to show that the interest will be impaired; it only has to demonstrate that it is *possible*." *Id.* (*citing Purnell*, 925 F.2d at 948)(emphasis in original).

7

Here, Petitioners' interests may be impaired if they are not permitted to intervene because they will be denied full knowledge of the alleged facts, relevant information, data, processes, or expert opinions that form the basis for the proposed settlement. Petitioners must be permitted to intervene to protect this substantial interest.

   d.   *Petitioners' Interests Are Not Adequately Protected by the Parties*. "[T]he burden for establishing inadequate representation is also minimal." *Pride*, 2011 WL 692299, at *6. The intervenor has to show only that the representation *may* be inadequate, not that the representation *will* be inadequate. *See id.* (*citing Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The parties may not adequately represent Petitioners' interests. As discussed in detail in Petitioners' Objection to the proposed settlement, Plaintiffs and class counsel have strong pecuniary incentives to push for the class settlement and to compromise the interests of the unnamed class members (like Petitioners) that do not stand to receive lucrative incentive awards or millions in attorneys' fees from the proposed settlement.

   Taking all four factors into consideration, Petitioners have a right to intervene in this matter pursuant to Fed. R. Civ. P. 24(a).

## 2.   __Petitioners Should Be Permitted to Intervene__.

Petitioners should also be granted permission to intervene under Rule 24(b). Three factors are evaluated under Rule 24(b): (1) the motion to intervene must be timely; (2) the intervenor's claim or defense must have a question of law or fact in common with the action; and (3) the intervention cannot unduly delay or prejudice the adjudication of the original parties' rights. *Pride*, 2011 WL 692299, at *7.

*a.   Timeliness*.   The Court uses the same factors to determine the timeliness of a permissive intervention motion as it uses for a motion for intervention as of right. *See id.* (*citing Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982)).   For the reasons listed above, the motion is timely.  *See also Meyer Goldberg Inc. v. Fisher Foods Inc.*, 823 F.2d 159, 162 (6th Cir. 1987)(antitrust plaintiffs may seek to unseal record even after case has been closed).

*b.   Common Questions*.   Rule 24(b) does not require a strong nexus of common law or fact.  *Meyer Goldberg*, 823 F.2d at 164.   Yet, based on the very nature of a class action itself, it is clear that Petitioners' claims involve common questions of law and fact.  *See id.* (granting motion to intervene where petitioner's claim involved the same defendants and allegations of the same anti-competitive conduct during a similar time frame).

c.    *No Delay or Prejudice*.  Petitioners' intervention would not unduly delay or prejudice the parties' rights.  Petitioners seek to intervene only for the limited purpose of unsealing records to fully assess the merits of the claim and its likely damages for purposes of evaluating the proposed settlement.  *See Meyer Goldberg*, 823 F.2d 159 (granting permissive intervention to a non-party for purpose of using it in an antitrust action in separate proceedings).  Petitioners have filed the instant motion in order to gather additional information relevant their objections to the Proposed Class Settlement and to ensure that all of the information needed for this Court to assess the fairness of the proposed settlement is properly presented to the Court for consideration.  Accordingly, Petitioners' motion to intervene should be granted.

**B.    THE COURT SHOULD UNSEAL THE DOCUMENTS.**

> **1.    There Is a Strong Presumption in Favor of Judicial Records Being Open.**

Our American system of justice incorporates a "long-established legal tradition . . . which is the presumptive right of the public to inspect and copy judicial records and files." *In re The Knoxville News-Sentinel Co. Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983)(citing *Nixon v. Warner Comm.*, 435 U.S. 589, 597 (1978)).  The Sixth Circuit has held that the right of access applies to civil proceedings.  *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 695–96 (6th Cir. 2002)(recognizing right of access to immigration proceedings).  That right to

10

access extends to pleadings and documents attached to pleadings. *See Tri-County Wholesale Distribs. Inc. v. The Wine Group*, 2012 WL 248357 (6th Cir. 2012)(right of access applied to sealed pleadings and exhibits), **Ex. B**.

"Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access." *Meyer Goldberg*, 823 F.2d at 163. Accordingly, the First Amendment creates a strong presumption in favor of public access to pleadings and materials attached to them.

In *Tri-County* the Sixth Circuit explained the requisite showing to justify removing documents from public view and scrutiny:

> The public holds a qualified constitutional right of access to court documents that extends well beyond judicial opinions. The First Amendment access right extends to court dockets, records, pleadings, and exhibits, and establishes a presumption of public access that can only be overcome by specific, on-the-record findings that the public's interest in access to information is overcome by specific and compelling showings of harm…The district court [sealed these pleadings] without any specific findings of harm, without any balancing of the public's interest against the parties', and with no evident attempt at narrow tailoring.

*Tri-County Wholesale Distribs.*, 2012 WL 248357, at *12.

A court must make a "specific, on the record findings" that "closure is essential to preserve higher values and is narrowly tailored to serve that interest," prior to sealing any information. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13–14 (1986). The Supreme Court has found that a court should only seal a

record if there is a "substantial probability" that doing so will "prevent" the harm in question. *Id.* Similarly, such an order will only be narrowly tailored if no "reasonable alternatives" exist. *Id.*

This is particularly true in the context of a class action case, as class members' interests are directly affected by the outcome of the litigation. *See, e.g., In re Cedant Corp.*, 260 F.3d 183, 194, 198 (3d Cir. 2001)(the "right of public access is compelling" in the class action context, such that the "test for overriding the right of access [in a class action] should be applied . . . with particular strictness"); *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)("the strong weight to be accorded the right of public access judicial documents was largely derived from the role those documents played in determining the litigants' substantive rights . . . and from the need for public monitoring of that conduct"); *Baker v. Dolgen Corp. Inc.*, No. 2:10-cv-199, 2000 WL 166257, at *2 (E.D. Va. Jan. 19, 2011)("the public has an interest in determining whether the court is properly fulfilling its duties when it approves a [ ] settlement agreement").[1]

---

[1] Indeed, although the Petitioners are not requesting discovery, courts routinely grant class members the opportunity to conduct limited discovery with regard to the facts supporting the proposed settlement. *See, e.g., In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421, 424 (N.D. Ga. 1992)("discovery should allow objectors meaningful participation in the fairness hearing without unduly burdening the parties or causing unnecessary delay").

The substantive evidence concerning the merits of the litigation and the potential damages to the class has been completely shrouded from public view, such that class members cannot fully assess the strength of the claims that are being settled or the amount of potential damages if Plaintiffs are successful.

    **2.**    <u>**Petitioners Need to View the Sealed Documents to Fully Assess the Proposed Settlement and Their Objections.**</u>

Petitioners have already identified at least three compelling uses for the sealed documents: (1) to assess the relative merits of the lawsuit; (2) to assess their damages; and (3) to assess whether the proposed settlement is fair, reasonable, and adequate. *See Meyer Goldberg*, 823 F.2d at 162 (making records available to a party seeking to enforce the antitrust laws to prevent illegal price-setting practices is generally considered to be a matter in which the public has an interest); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 (1955)(private treble-damage antitrust actions are an important component of the public interest in vigilant enforcement of the antitrust laws). Without this information, Petitioners cannot make a fully informed decision concerning the fairness of the proposed settlement and cannot fully argue to the Court at the Fairness Hearing concerning the fairness of the proposed settlement.

Petitioners attempted to reach a compromise on this issue with counsel for the Parties. Specifically, Plaintiffs and Defendant agreed to provide <u>redacted</u> versions of the Sealed Documents to Petitioners <u>with all exhibits excluded</u>.

13

Petitioners agreed to hold off on filing this motion until they reviewed the redacted versions of the Sealed Documents in the hope that the motion could be avoided.

However, upon review of the redacted versions of the Sealed Documents provided, it was apparent that essentially all of the factual information in the Sealed Documents that would be relevant to assisting Petitioners in their assessment of the merits of the class action complaint and the potential damages in the case had been redacted. *See, e.g.*, excerpts from Opp'n Mot. Add & Drop Named Pls. for Proposed Class (redacted), **Ex. C**; Mot. Class Certification & Appointment of Class Counsel (redacted), **Ex. D**; Resp. Mot. Class Certification Appointment of Class Counsel (redacted), **Ex. E**; Mot. Exclude Expert Test. Dr. Jeffrey Lietziner (redacted), **Ex. F**.[2]

The Sealed Documents are likely to contain information necessary for Petitioners to fully assess their claims and the proposed settlement:

　　*1.　　Opposition to Motion to Add and Drop Named Plaintiffs for the Proposed Class* [Dkt. #127]—This brief includes 21 exhibits from Blue Cross, including a number of e-mails and deposition transcript

---

[2] From the attempts to resolve the motion prior to filing, Petitioners did determine that unsealing of the Consolidated Amended Complaint without redaction [Dkt. #78] is not necessary. Moreover, Petitioners are relying on the representation by counsel for Blue Cross that the Declaration of Jeff Connolly re Motion for Protective Order [Dkt. #91] and Sealed Response to Motion to Quash Subpoena [Dkt. #110] do not contain any information that would be relevant to the merits of the class members' claims against Blue Cross or their potential damages if they were successful on their claims. As such, Petitioners are not requesting that these documents be unsealed.

exhibits, that are likely to contain information relevant to Petitioners' assessment of the proposed settlement, including the likelihood of success on the merits and/or the amount of their proposed damages.

In particular, pages 11 through 13 of Blue Cross's opposition appear to include a recitation of facts concerning the impact on competition and costs of the MFN-Plus agreements. However, all of the supporting factual information was redacted from the version of the opposition provided to Petitioners. *See* Opp'n Mot. Add & Drop Named Pls. for Proposed Class (redacted), **Ex. C**.

These facts would obviously are highly relevant to the Petitioners' assessment of the merits of their claim, which is critical to determine whether the proposed settlement is fair, adequate, and reasonable to the class. This information should be unsealed and made available to the public.

2.    *Motion for Class Certification and Appointment of Class Counsel* [Dkt. #133]—It is particularly egregious that the entirety of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel has been filed under seal. This motion includes 90 different exhibits that, presumably, were presented to the Court as justification for why this settlement class should be proposed and for why Plaintiffs' counsel should be approved as class counsel. There is absolutely no question that these documents should be made available to class members for their review.

In the redacted version of the motion provided to Petitioners, almost the entire Statement of Facts was redacted, as were the facts that allegedly demonstrated that the MFN Agreements resulted in higher reimbursement rates for hospitals, and therefore higher costs to the class. *See* Mot. Class Certification & Appointment of Class Counsel (redacted), **Ex. D**. Again, this information is absolutely critical to a meaningful assessment of the merits of the case and the fairness of the proposed settlement. This information should be unsealed.

3.    *Response to Motion for Class Certification and Appointment of Class Counsel* [Dkt. #139]—For similar reasons, Petitioners are entitled to review Blue Cross's response to the Motion for Class Certification and Appointment of Class Counsel, including the 42 exhibits that Blue Cross presented for the Court's consideration in response to the class

15

certification motion. Again, there is simply no question that these documents must be made available to the class members for their review in making their own assessment of the fairness, adequacy, and reasonableness of the proposed settlement.

Again, Blue Cross's response redacts all of the relevant facts that Blue Cross believes rebuts the factual allegations supporting class certification. Resp. Mot. for Class Certification & Appointment of Class Counsel (redacted), **Ex. E**. The class needs to be able to assess both the facts that support the class members' claims and the facts that do not support the class members' claims in order to properly assess the merits of the case and the fairness of the proposed settlement. This information should be unsealed.

4.  *Motion to Exclude the Expert Testimony of Dr. Jeffrey Leitziner* [Dkt. #140]—Petitioners, and the entire Settlement Class, should have access to the expert analysis, along with accompanying exhibits, that directly addresses the damages suffered by the class members. This will help Petitioners assess the fairness and adequacy of the proposed settlement.

Almost all of the substantive information concerning the damage analysis by Dr. Leitziner was redacted from the version of the motion provided to Petitioners. *See* Mot. Exclude Expert Test. Dr. Jeffrey Leitzner (redacted), **Ex. F**. Moreover, Dr. Leitzner's report and Blue Cross's counter-expert report were filed under seal as part of the motion and have not been produced. This information is critical to the class members assessing their potential damages in this case, as well as the strength of the damages analysis, and therefore assessing the fairness and reasonableness of the proposed settlement. This information should be unsealed.

The proposed settlement will be binding on Petitioners if approved. Petitioners should be permitted to review the information, data, expert opinion, and analysis found in the Sealed Documents to assess their interests and make the most informed and intelligent arguments concerning the fairness, reasonableness, and adequacy of the proposed settlement.

16

There has been no compelling demonstration by the parties of the need for confidentiality.  Nor has the protective order been tailored as narrowly as possible.  Rather, the parties have invoked the protective order in an extremely broad manner to shield the facts of this case from public view.  There is no question that these documents should be unsealed.

### C. THE FAIRNESS HEARING SHOULD BE ADJOURNED UNTIL PETITIONERS HAVE HAD A REASONABLE OPPORTUNITY TO REVIEW THE UNSEALED DOCUMENTS AND SUPPLEMENT THEIR OBJECTION ACCORDINGLY.

The Fairness Hearing is critically important and requires heightened scrutiny by this Court beyond that which occurs in a typical adversarial hearing.  In a fairness hearing, the Court has a "judicial duty to protect the members of a class and class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that class."  *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002)(Posner, J.).  This "requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions.  We in other courts have gone so far as to term the district judge in the settlement phase of the class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries."  *Id.*; *see also Greenberg v. Proctor & Gamble Co. (In re Dry Max Pamers Litig.)*, 724 F.3d 713, 717–18 (6th Cir. 2013)(reversing

the district court's approval of settlement for failing to "carefully scrutinize whether those fiduciary obligations had been met").

This Court cannot meet its obligation to carefully scrutinize the proposed settlement without disclosure and analysis of the factual information concerning the merits of the case and the potential damages in the case. Careful consideration of this information is critical to a determination of whether the settlement is fair and reasonable. Class members whose interests are directly affected by the proposed settlement must have the ability to meaningfully advocate to the Court concerning the fairness of the proposed settlement. The class members can only meaningfully advocate if they have access to the underlying information concerning the merits of the lawsuit that form the basis of the settlement determination.

Petitioners do not seek to unduly delay consideration of the proposed settlement. However, Petitioners should be given a reasonable opportunity to review the Sealed Documents once they are unsealed and submit supplemental written objections to the Court (if necessary) in advance of the Fairness Hearing to ensure thorough analysis of the proposed settlement, consistent with the district court's obligation to "careful scrutinize" the proposed settlement.

## IV.   __CONCLUSION__

For the reasons set forth herein, Petitioners respectfully request that the Court grant their motion to intervene, order that the Sealed Documents be unsealed, and adjourn the Fairness Hearing for a later date to be determined.

VARNUM LLP
*Counsel for Objectors*

Dated: October 20, 2014        By:    s/ Bryan R. Walters
                                                      Bryan R. Walters (P58050)
                                                      Business Address, Telephone, and E-Mail:
                                                      P.O. Box 352
                                                      Grand Rapids, MI 49501-0352
                                                      (616) 336-6000
                                                      brwalters@varnumlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record.  I also caused the foregoing paper to be served via first-classed United States mail, postage prepaid, to the following individuals:

*Daniel A. Small*
*Brent W. Johnson*
*Cohen Milstein Sellers & Toll PLLC*
*1100 New York Avenue, NW, Suite 500*
*Washington, DC 20005*

*Todd M. Stenerson*
*D. Bruce Hoffman*
*Hunton & Williams LLP*
*2200 Pennsylvania Avenue, NW*
*Washington, DC 20037*

By:   s/ Bryan R. Walters
Bryan R. Walters (P58050)
Business Address, Telephone, and E-Mail:
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
brwalters@varnumlaw.com

8794481_1.docx

20