# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*, | Civil Action No. 2:10-cv-14360-DPH-MKM |
| Plaintiffs, on behalf of themselves and all others similarly situated, | |
| vs. | Judge Denise Page Hood |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | Magistrate Judge Mona K. Majzoub |
| Defendant. | |

## NOTICE OF MOTION AND MOTION TO STRIKE SUR-REPLY OF OBJECTOR CHRISTOPHER ANDREWS

# STATEMENT OF ISSUES PRESENTED

1. Should an objector's second untimely filing be stricken, where the objector did not seek leave to file it despite being aware of the need to seek leave?

    Plaintiffs' answer: **yes**.

2. Should an objector be permitted to present evidence at a fairness hearing that he did not disclose by the objection deadline and intentionally conceals until the hearing?

    Plaintiffs' answer: **no**.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

- *Erskine v. Consol. Rail Corp.*, 814 F.2d 266 (6th Cir. 1987)

- *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991)

- *Syzak v. Dammon*, No. 14-cv-10245, 2014 WL 2864458 (E.D. Mich. June 24, 2014)

- *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207 (D.N.J. 2005)

Plaintiffs hereby respectfully move the Court to strike Objector Christopher Andrews's untimely sur-reply.[1] *See* Dkt. No. 172. Since filing a pro forma eight-page objection on September 24, 2014, the deadline for objections, *see* Dkt. No. 159, Mr. Andrews has filed an untimely "supplement" and now an untimely "sur-reply" totaling over 500 pages. *See* Dkt. Nos. 163, 172. As Plaintiffs noted in their motion for final approval, untimely objections or documents in support of an objection need not be considered, particularly where the objector was aware of the deadline for objections. Dkt. No. 169 at 35 n.19 (citing *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 246 (D.N.J. 2005) (collecting cases)). The Court's order regarding objections was clear that "no papers, briefs, or other submissions shall be considered by the Court" unless the objection is "submitted in writing and . . . filed with the Court no later than ninety (90) days after Preliminary Approval," i.e., September 24. Dkt. No. 151 ¶ 7. Mr. Andrews was thus doubly on notice of this deadline, both from the Court's order and Plaintiffs' motion. Nevertheless, he has filed his second untimely submission without requesting leave.

While *pro se* litigants are entitled to solicitude, the courts' indulgence has its limits. "Although pro se litigant pleadings are held to a more forgiving standard than those of an attorney, a pro se litigant is still required to follow the rules of civil procedure and easily-understood court deadlines." *Syzak v. Dammon*, No. 14-

---

[1] Pursuant to Local Rule 7.1, Plaintiffs explained the nature of the motion and its legal basis to Mr. Andrews. Mr. Andrews did not concur in the motion.

1

cv-10245, 2014 WL 2864458, at *3 (E.D. Mich. June 24, 2014); *see also, e.g.*, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (dismissing *pro se* complaint because plaintiff "failed to adhere to readily comprehended court deadlines of which he was well-aware"). Mr. Andrews has repeatedly flouted this Court's procedures and the schedule for this case without seeking leave of the Court, burdening the Court and the parties. Moreover, virtually all of the information in his sur-reply was available at the time he filed his previous submissions. *See, e.g.*, Dkt. No. 172 at 40-51 (citing articles from June 27 and Aug 25, 2014). Accordingly, his sur-reply should be stricken or otherwise disregarded.[2]

    Mr. Andrews also purports to have a "one sentence document" that he may reveal for the first time at the fairness hearing. Dkt. No. 172 at 13-14. Plaintiffs have no doubt that this "show stopping, jaw dropping disclosure," *id.*, will have no merit, whatever it turns out to be, but Mr. Andrews should not be permitted to make a mockery of fair procedure and this Court's deadlines by intentionally withholding supposedly significant evidence until the fairness hearing. "[T]rial by ambush is not contemplated by the Federal Rules of Civil Procedure." *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987) (quoting *Woods v. Int'l Harvester Co.*, 697 F.2d 635, 639 (5th Cir. 1983)) (alteration in original). Mr. Andrews should not be permitted to rely on papers he did not disclose before the

---

[2] If Mr. Andrews files a sur-sur-reply or other untimely pleading, Plaintiffs request that the Court construe this motion as applicable to those papers as well.

2

September 24, 2014 deadline, much less documents he continues to withhold for the express purpose of surprising the Court and the parties.

Finally, Mr. Andrews's new charge of a violation of attorney-client privilege bears a brief mention, as he claims it requires Class Counsel to self-report to state bar associations. *See* Dkt. No. 172 at 5-14. This accusation is frivolous. Mr. Andrews *expressly authorized* disclosure to the Court, stating "You can also include this [email] for the judge to see with all other emails sent your way." Dkt. No. 169, Ex. M. Moreover, Class Counsel did not and could not have represented Mr. Andrews once he determined to object, as his interests directly conflicted with named plaintiffs and the countless absent class members who favor approval of the settlement. *See* Mich. R. Prof. Conduct 1.7. And even if some duty once existed, a lawyer's duty of confidentiality is vitiated when the client accuses counsel of wrongful conduct. *See id.* 1.6(c)(5).

Dated: October 31, 2014             Respectfully submitted,

/s/ Daniel A. Small
Daniel A. Small
Brent W. Johnson
**COHEN MILSTEIN SELLERS**
   **& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com

3

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York, 10016
Telephone: (212) 545-4690
isquith@whafh.com

Theodore B. Bell
**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: (312) 984-0000
tbell@whafh.com

*Interim Class Counsel*

4

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel*

5

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2014, I electronically filed the *Notice of Motion and Motion to Strike Sur-Reply of Objector Christopher Andrews* with the Clerk of the Court using ECF, who in turn sent notice to counsel of record for all parties and for the Varnum Objectors. Additionally, I served a copy of that document by first-class mail or email on each of the following individuals who have not registered with ECF:

Christopher Andrews
P.O. Box 530394
Livonia, MI 48152-0394

Scott Mancinelli
P.O. Box 3266
Holland, MI 49422-3266

Nicholas and Coralin Davelaar
405 Turrentine Way
Russellville, AR 72801

Cynthia S. Rock
18357 Levan Rd.
Livonia, MI 48152

Ronald D. Diebel
19177 Cheshire Street
Detroit, MI 48236

David VanDaele
9812 Ferder Road
Maybee, MI 49815

John M. Kunitzer
4328 Lakecress Drive East
Saginaw, MI 48603

/s/ Daniel A. Small
Daniel A. Small