November 04, 2014

Via Hand Delivery

Clerk of Court

The United States District Court

For The Eastern District of Michigan

Southern Division

U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, Michigan 48226

| | |
|---|---|
| The Shane Group, Inc. etc. al | Case No. 2:10-cv-14360-DPH-MKM |
| Plaintiffs, | Courtroom of Judge Denise Page Hood |
| v. Blue Cross Blue Shield of Michigan, | |
| Defendant. | |

Reply to motion against striking the sur-reply, request to strike Counsel's final motion to approve papers and defendant's motion to approve settlement

## Statement of Issues Presented

1. Should the objector's sur-reply be stricken, where the objector did not seek leave to file it despite being aware of the need to seek leave.

Objector's response: No

2. Should the objector's be permitted to present evidence at a fairness hearing that he did not disclose by the objection deadline and intentionally conceals until the hearing.

Objector's response: Yes.

1. Should the objector's sur-reply be stricken, where the objector did not seek leave to file it despite being aware of the need to seek leave.

Objector's response: No. Counsel is not qualified to state what the objector's know and do not know about the rules of practicing law in federal court. If the objector's did know what the rule is than the error would not have occurred.

Objector's are not aware of what "leave" is but from reading the motion it sounds like permission is required to file or add on to a document in a class action lawsuit. None of the objector's are lawyers but this objector does occasional legal consulting work by uncovering facts and information, not filing lawsuits and practicing law in state or federal courts  Objector's are learning as they go along. Objector's do not know if permission is required to add to a class action objection that is why the statement in the September 24, 2014 filing stated the following:

"Objectors reserve the right to supplement this objection at any time. In addition, if the parties introduce new facts, evidence, arguments or valuation after Plaintiffs Counsels' settlement filing made after July 24, 2014 this may result in a supplemental addition to the objection."

Objector's reasoned that this would be sufficient to add to the objection if counsel introduced new facts, evidence, arguments and valuations. Counsel did just that and created the need to file the supplement and sur-reply because they are being

deceptive in a bad faith conspiracy negotiation with the objector's gone bad in the sixteen days, forty plus emails and forty five minute phone call leading up to the very last day of September 24, 2014 deadline by stalling objector's and attempting to block/dilute the objection and not to resolve concerns brought up by the objector's themselves on behalf of three million Michigan residents and 1400+ entities representing another four Michigan residents.

The objection itself does not run 500 pages counsel. It is 290 pages with the balance as exhibits and two of the exhibits are copies of the government's complaint and revised complaint that counsel claims "extensive work" creating them! It's that long because the settlement is that bad. The worst class action settlement ever proposed in any federal district court in the United States of America has met the best pro se objection ever filed. It's in the top three of all objections ever filed including those filed by lawyers.

Counsel reasoned it was easier to engage in "dirty tricks" by disclosing information to attempt to impeach their credibility and motives in filing the objection and to obtain approval by defrauding the court and class of the truth of this horrid wannabe settlement rather than acting in the best interest of the class by addressing the legal concerns raised by the objectors in the rough draft objection. A sur-repy is needed to rebut the claims in counsel's October 24, 2014 filing and prove the misconduct of intentionally violating attorney client privilege in a

Halloween trick gone bad. Counsel wants the evidence swept under the rug just like the evidence of the unapprovableness of this proposed settlement.

Counsel failed to include all applicable information in their June 24, 2014 despite having possession and knowledge of it and because the rough draft caused them to realize they were in big trouble so they created a way out of the joke settlement they and defendant created. They then included more information in the final papers like the second set of declaration by the "experts." The sur-reply contains information that contradicts their final approval papers filed on October 24, 2014. Just two items out of many is as follows.

The Facebook survey of 1100+ class members was discovered on October 17, 2014 which can be proven and was not known by the objector's until then. This new information contradicts claims made by the notice and claims "experts" twice for each of them a month apart, that all is well and nothing to see here folks so keep moving along. No, it's not all well.

The issue of the inflated medical premiums which damages appear not to have been considered or reviewed by the "experts' is an example of abandoned claims, was discovered a few days after counsel's filing of October 24, 2014 as a direct result of what they wrote in their papers. This lack of pleading all applicable claims makes class certification not possible. Based on when the information was

discovered and the materialness of it, a sur-reply is needed by the class and the Court when evaluating the fairness, reasonableness and adequacy of the proposed settlement. The more the objector's dig the more they find. Counsel is in denial of the severity of their actions.

2. Should the objector's be permitted to present evidence at a fairness hearing that he did not disclose by the objection deadline and intentionally conceals until the hearing.

Objector's response: Yes. The concealed information is attorney client privileged that counsels disclosed to objector's on the conference call of September 19, 2014. The papers counsel filed on October 24, 2014 contradicted information they disclosed in the call so the information may need to be disclosed to the Court if objector's so choose and it may impeach counsel based on what they said and say publically.

Objector's can choose to reveal the contents in writing or verbally at any time even at the fairness hearing but that is our choice and a court should not force us to break attorney client privilege or force us not to disclose it.

As far as giving counsel permission to disclose emails to the Court to see objector's have no problem with that. Counsel was given permission to: "You can also include this email for the judge to see with all the other emails sent your way."

The problem is counsel did two things wrong. They did not show all the emails to the judge and counsel and they should have filed the attorney client privileged emails under seal for an in camera review, not in a public submission, got it counsel? There is a protective order in this case, right? Most of the filings are sealed right? This was also sealable information and counsel should have asked objector's prior to using in their failed scheme. Counsel, remember objector's wrote about "reviewing documents under seal" in the Lehman objection submission explanation two weeks ago that objector's wrote about because counsel brought up as part of the failed impeachment scheme? Do the objector's need plain paper and crayons to make this easier to understand counsel? You were **not** given permission to do it any other way, you screwed up. When in doubt ask and if it's important get it in writing.

Only selected emails were disclosed in a public filing so the directions given to counsel were not followed per the instructions, so attorney client privilege was violated and it remains in effect for all the emails, for everything. In fact counsel disclosed that information to the defendant and allowed them to use it against the objector's and against the best interests of the class. Objector's did not say it was OK to show the defendant as well. The defendant knew or should have known this was protected information and should not have included it in their papers but did it intentionally to attempt to shove the round, pennies on the dollar legal damages

exposure settlement through a square approval hole. Objector's want damages from defendant as well as plaintiffs' counsel.

Counsel was not given approval to disclose the personal relationship of the objectors in a public filing.

Counsel was not given permission to post the fee motion saving the class one million in overcharged fees that they asked the objector's to create. The reason for having the objector's create it is an example of counsel's not acting in the class's best interests but solely to impeach the motives and credibility of the objector's, a bad faith fraudulent negotiation. Now the objector's know the real reason for having to create it for counsel to sign. (And objector's though it was because counsel was incapable of producing one themselves, based on what the objector's heard on the call.) The objector should be able to reveal the contents and context of the additional evidence at the hearing especially when it may be intentionally concealed from the court and was confirmed in writing on October 24, 2014. Objectors continue to research information in counsel's last filing.

Counsel's duties to the class ended long ago when they put their greedy fee in front of all else, look how they treated the objector's who exposed the real truth of this fee driven settlement so they decided to shoot the messengers and the message rather than resolve the issues with the best interests of the class in mind.

Counsel wrote at the bottom of page 3: "Even if some duty once existed…"

Well counsel if you had a duty, you violated your secrecy pledge so wrongful conduct did occur. If counsel claims no duty ever existed then you would not have agreed to the secrecy pledge. Checkmate.

For all the above reasons the objector's request that the supplement and sur-reply remain valid and any additional information be allowed to be heard by the Court if the objector's see the need to disclose it. Hopefully a "leave" is not required for this response. If it is, we request it be waived.

Thank you for your attention and consideration.

Case No. Case No. 2:10-cv-14360-DPH-MKM

Dated: November 04, 2014

*[signature: Christopher Andrews]*

Christopher Andrews, objector, Pro se and as representative of the pro-se unnamed class members below. Christopher Andrews signs on behalf of all objector's to save time.

P.O. Box 530394

Livonia, MI 48152-0394 E-mail caaloa@gmail.com Phone 1-248-635-3810

*signatures*

Christopher Andrews    Cathy Waltz    Ron Waltz    Michael Andrews

Christopher Andrews, objector also is acting as representative for Cathy Waltz,, Ron Waltz and Michael Andrews. We/I certify under penalty of perjury that the above information is true and accurate to the best of my/our knowledge, information and belief. All correspondence is to be mailed to Christopher Andrews Any emails, notices or docket filings filed with the court or phone calls as well should go to Christopher Andrews at the email and phone number listed above.

I/we hereby certify that on this day I/we hand delivered foregoing to the Clerk of the Court, and served true and correct copies upon class counsel and defendants' counsel via US Post Office Priority Mail (two- three day delivery) at the addresses below, per the instructions of the Settlement Notice to:

Clerk of Court, the United States District Court for the Eastern District of Michigan Southern Division, U.S. Courthouse 231 W. Lafayette Blvd. Detroit, Michigan 48226 Telephone number (313) 234-5005.

COHEN MILSTEIN SELLERS & TOLL PLLC 202-408-4600

Daniel A. Small

Brent W. Johnson

1100 New York Avenue, NW

Suite 500

Washington, DC 20005


HUNTON & WILLIAMS LLP 202.955.1500

Todd M. Stenerson

D. Bruce Hoffman

2200 Pennsylvania Ave, NW  Washington, DC 20037

*[signatures]*

Christopher Andrews   Cathy Waltz   Ron Waltz   Michael Andrews.

*I/we certify under penalty of perjury that the above information is true and accurate to the best of my/our knowledge*, information, and belief .The Shane Group etc. al v Blue Cross Blue Shield of Michigan Case No. 2:10-cv-14360-DPH-MKM