## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> vs. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM <br><br><br> Judge Denise Page Hood <br> Magistrate Judge Mona K. Majzoub |

## RESPONSE TO MOTION TO INTERVENE
## FOR THE LIMITED PURPOSE OF UNSEALING
## <u>RECORDS AND ADJOURNING FAIRNESS HEARING</u>

## **<u>TABLE OF CONTENTS</u>**

STATEMENTS OF ISSUES PRESENTED ........................................................ ii

CONTROLLING AUTHORITY ................................................................ iii

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ...............................................................................1

ARGUMENT ....................................................................................2

    I.    Petitioners Motion Is Untimely ..........................................2

    II.   There Is No Basis For Intervention As Of Right Or Permissive
         Intervention ...........................................................7

         a.    Petitioners Are Not Entitled to Intervention of Right................8

         b.    Petitioners Are Not Entitled to Permissive Intervention ..........10

    III.  The Court Should Not Unseal The Records.......................12

CONCLUSION ................................................................................14

## STATEMENT OF ISSUES PRESENTED

1. Is Petitioners' Motion to Intervene timely?

   Class Counsel's answer:   **No.**

2. Are Petitioners entitled to intervene as of right or with permission of the Court?

   Class Counsel's answer:   **No.**

3. Should the Court unseal the records at issue?

   Class Counsel's answer:   **No.**

4. Should the Court adjourn the Fairness Hearing?

   Class Counsel's answer:   **No.**

## <u>CONTROLLING AUTHORITY</u>

*Bailey v. White,* 320 Fed. Appx. 364 (6th Cir. 2009)

*In re General Tire and Rubber Co. Sec. Litig.,* 726 F.2d 1075 (6th Cir. 1984)

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)

Fed. R. Civ. P. 24(a) and (b)

Fed. R. Civ. P. 26(c)

# TABLE OF AUTHORITIES

**Cases**

*Bailey v. White*,
    320 Fed. Appx. 364 (6th Cir. 2009)................................................................4, 6

*Baker v. Dolgencorp, Inc.*,
    818 F. Supp. 2d 940 (E.D. Va. 2011) ................................................................14

*Banco Popular de Puerto Rico v. Greenblatt*,
    964 F.2d 1227 (1st Cir. 1992)................................................................3

*Bradley v. Milliken*,
    828 F.2d 1186 (6th Cir. 1987) ................................................................9

*Coalition to Defend Affirmative Action, Integration and Immigration Rights and Fight for Equality by any Means Necessary v. Granholm*,
    240 F.R.D. 368 (E.D. Mich. 2006) ................................................................12

*D'Amato v. Deutsche Bank*,
    236 F.3d 78 (2nd Cir. 2001) ................................................................5

*Farinella v. Paypal, Inc.*,
    611 F. Supp. 2d 250 (E.D.N.Y. 2009) ................................................................5, 6

*Geier v. Alexander*,
    801 F.2d 799 (6th Cir. 1986) ................................................................6, 15

*In re Domestic Air Transp. Antitrust Litig.*,
    144 F.R.D. 421 (N.D. Ga. 1992) ................................................................14

*In re Gen. Tire & Rubber Co. Sec. Litig.*,
    726 F.2d 1075 (6th Cir. 1984) ................................................................4

*League of United Latin Am. Citizens v. Clements*,
    884 F.2d 185 (5th Cir. 1989) ................................................................10

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ................................................................10

# TABLE OF AUTHORITIES
### (Continued)

*Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*,
  823 F.2d 159 (6th Cir. 1987) ................................................................12

*Moosehead Sanitary Dist. v. S. G. Phillips Corp.*,
  610 F.2d 49 (1st Cir. 1979)....................................................................9

*NAACP v. New York*,
  413 U.S. 345 (1973)...............................................................................2

*Natural Res. Def. Council v. N.Y. Dep't of Envtl. Conservation*,
  834 F.2d 60 (2d Cir. 1987) ...................................................................11

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984).................................................................................13

*Stupak-Thrall v. Glickman*,
  226 F.3d 467 (6th Cir. 2000) .............................................................3, 6

*Trbovich v. United Mine Workers*,
  404 U.S. 528 (1972)...............................................................................9

*United States v. New York*,
  820 F.2d 554 (2d Cir. 1987) .................................................................7

*Wade v. Goldschmidt*,
  673 F.2d 182 (7th Cir. 1982) ...............................................................9

**Federal Rules**

Fed. R. Civ. P. 23 ....................................................................................10

Fed. R. Civ. P. 24(a) and (b)...................................................................9

Fed. R. Civ. P. 26(c).................................................................................13

## **INTRODUCTION**

Petitioners are a group of 26 companies that are concurrently suing Blue Cross Blue Shield of Michigan ("BCBSM") in litigation unrelated to this action. Each of these objectors is represented here by Varnum LLP, which also represents them (and at least two dozen other companies) in their unrelated claims against BCBSM.

The Motion to Intervene and Unseal Records should be denied. It is untimely, as it has come not only at the end of four years of hard-fought litigation, but after the deadline to opt-out or object, and will cause undue delay for class members to receive settlement benefits. Varnum claims to need information to help it evaluate the settlement, but did not seek *any* information before the Court-ordered deadline for objections. Moreover, there is no basis in case law to unseal records for the purpose of testing the reasonableness of a class action settlement. Unsealing would be particularly inappropriate here, where the sealed records were produced by dozens of third parties to this litigation in reliance on and under the protection of the Court-ordered protective order. Plaintiffs lack authority to consent to the disclosure of these third parties' information, and retroactively changing the terms under which it was produced would betray the Court's guarantees and prejudice all parties' interests. And even if it could be done in a manner fair to third parties, such disclosure is unnecessary and merely an attempt to obstruct the settlement of this case.

1

Petitioners seek to deny millions of class members the benefit of the settlement. Because there is no basis for petitioners to unseal the records, their motion to intervene and unseal records should be denied.

## ARGUMENT

### I.   Petitioners Motion Is Untimely

As an initial matter, Petitioners' motion should be denied because it is untimely.  Federal Rule of Civil Procedure 24 provides:

> (1)  *Delay or Prejudice*.  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' right.

If a motion for intervention is untimely, intervention must be denied.  *NAACP v. New York*, 413 U.S. 345, 365 (1973).  Timeliness is a matter within the sound discretion of the district court.  *Id*. at 366.  To determine timeliness, the court should consider the following factors:  1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; 4) the prejudice to the original parties due to the proposed intervenor's failure, after he knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and 5) the existence of unusual circumstances militating against or in favor of intervention.  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000).

Importantly, the Court's scrutiny when reviewing a request to intervene should intensify as litigation approaches its conclusion. *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1230-31 (1st Cir. 1992).

Here, each of the five factors weighs against intervention. Petitioners provide no support to suggest that any of these factors weigh in their favor. This complex case has continued for over four years. There has been extensive discovery. The parties reached a settlement that the Court preliminarily approved, notice has been given to potential class members, the opt-out period has passed, and Plaintiffs have filed their motion for final approval. Despite asking for *no* information from Plaintiffs or BCBSM before the deadline for deciding whether to support, opt out of, or object to the settlement, Petitioners now seek to unseal court records in order to "assess whether the proposed settlement fully and fairly represents their interests." Mot. to Intervene at 1.

It is hard to imagine that Varnum was not aware of the pendency of this case. Varnum has an extensive number of pending cases against BCBSM in long-standing litigation that has been appealed all the way to the U.S. Supreme Court. Petitioners knew or should have known of their interests in this case, and if they had an authentic reason to request the unsealing of court records, they could and should have made this request promptly after preliminary approval of the settlement last June.

Instead, Petitioners waited until after the court-approved notice of the settlement was issued, after the opt-out period had expired, less than a month before the Fairness Hearing, and *after* they filed an objection to the proposed settlement to request the unsealing of records they maintain *may* be necessary to "assess" the case. The Court provided class members 90 days to assess the settlement and determine whether to support it, opt out, or object, and Petitioners made no efforts to obtain any additional information until that deadline had passed. Petitioners have provided the Court no persuasive reason why they waited until three weeks before the Fairness Hearing to submit their motion.

While objectors are entitled to meaningful participation in the settlement process, they are not automatically entitled to discovery or to question and debate every provision of the proposed settlement. *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 (6th Cir. 1984). *Bailey v. White*, 320 Fed. Appx. 364, 366 (6th Cir. 2009) is directly on point. There, certain objectors to a class action settlement who were dissatisfied with the settlement sought to intervene for the purpose of investigating and evaluating the proposed settlement. The District Court denied the motion and the objectors appealed. The Sixth Circuit affirmed, holding that "the

purpose for intervening – to investigate and evaluate the proposed settlement – was satisfied by the opportunity to participate in the fairness hearing….” *Id. at* 366.[1]

Petitioners maintain that allowing them to intervene would not cause undue delay or prejudice to the parties. This assertion disregards the economic and judicial realities of this case. As discussed in more detail below, unsealing the records requested by Petitioners would require notice to third parties and reasonable time for those parties to respond, result in a time- and labor-intensive task for the Court to determine which confidential information from which third parties should be unsealed, and require the parties to go back through numerous records and re-redact any information determined by the Court to remain sealed. Such a delay prejudices the Court, by delaying the resolution of the case; prejudices third parties, by forcing them to expend time and legal resources to preserve the confidentiality they have already obtained; and prejudices class members, by delaying their recovery. Courts have routinely denied motions to intervene in similar situations.[2]

---

[1] *See also, e.g., D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (motion to intervene dismissed as untimely where filed three months following the court's order that notice be sent); *Farinella v. Paypal, Inc.*, 611 F. Supp. 2d 250, 258 (E.D.N.Y. 2009) (motion to intervene untimely two and a half months after notice to potential class members had been sent).

[2] *See Farinella*, 611 F. Supp. 2d at 258 (existing parties would be prejudiced by intervention because it would further delay payment to eligible class members for defendant conduct going back five years); *Bailey*, 320 Fed. Appx. 364 (motion to intervene found prejudicial where intervention would have disrupted settlement); *Stupak-Thrall*, 226 F.3d 467 (motion to intervene found prejudicial where delay would result in loss of income).

5

On the other hand, Petitioners would not be prejudiced by the denial of their motion, as their interests are being adequately protected not only by Class Counsel, but also by the Court, as fiduciary to the Class. The Sixth Circuit has made it clear that the crucial question is whether *the Court* feels that it has enough information to assess the settlement, not whether every objector has laid to rest every suspicion it has:

> To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process. On their theory[,] no class action would ever be settled, so long as there was at least a single lawyer around who would like to replace counsel for the class and start the case anew. To permit the objectors to manipulate the distribution of the burden of proof to achieve such an end would be to permit too much. Although the parties reaching settlement have the obligation to support their conclusion to the satisfaction of the District Court, once they have done so, they are not under any recurring obligation to take up their burden again and again *ad infinitum* unless the objectors have made a clear and specific showing that vital material was ignored by the District Court.

*Geier v. Alexander*, 801 F.2d 799, 809 (6th Cir. 1986). Petitioners recognize that the Court has a fiduciary duty to class members (Mot. to Intervene at 17-18), but then seek to arrogate to themselves the role of special master, parsing evidence the Court is more than capable of assessing itself. Such an intervention would be unwarranted even if it had been timely sought.

As to the final timeliness factor, Petitioners contend that there are no unusual circumstances militating against intervention. This is untrue. The fact that Petitioners consist solely of companies embroiled in litigation against BCBSM is unusual and

suggests their objective is to access confidential information about BCBSM or third parties to attain inappropriate leverage in other litigation.   A group of objectors with independent objectives of no benefit to the Class should not be allowed to prejudice the interests of the Class in this manner.

Based on the above, in consideration of the totality of the circumstances, Petitioners' motion is not timely and should be denied since "[f]ailure to satisfy the requirement of timeliness or any one of the other requisites of Rule 24 is a sufficient ground to deny an application for intervention." *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987).

## II.   <u>There Is No Basis For Intervention As Of Right Or Permissive Intervention</u>

Even if Petitioners' motion were timely, it would fail with regard to the other requirements of Federal Rule of Civil Procedure 24.  Rule 24 provides for two types of intervention:  intervention as of right and permissive intervention.  It provides:

> (b) **Intervention of Right**.  On timely motion, the court must permit anyone to intervene who:
>
> (1)  is given an unconditional right to intervene by a federal statute; or
>
> (2)  claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

   (c)  **Permissive Intervention**.

      (1)  *In General*.  On timely motion, the court may permit anyone to intervene who:

         (A)  is given a conditional right by a federal statue; or

         (B)  has a claim or defense that shares with the main action a common question of law or fact.

## a. *Petitioners Are Not Entitled to Intervention of Right*

A party may intervene as of right if it shows:  1) the motion to intervene is timely; 2) the applicant's legal interest in the case is substantial; 3) absent intervention, the applicant's ability to protect its interest will be impaired; and 4) the parties already before the court cannot adequately represent the applicant's interests. *See* Fed. R. Civ. P. 24(a).  As discussed above, Petitioners' motion is not timely and must be denied on these grounds.  However, their motion fails at least as to requirements three and four as well.

Petitioners fail to show that their interest in this matter will be impaired by the disposition of the action.  Contrary to their argument that their interests *may* be impaired if they are not permitted to intervene and gain access to sealed court records, Petitioners provide no case law to support allowing class member access to confidential records to probe the value of settled claims.

Finally, Petitioners fail to overcome the "presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have

the same ultimate objective." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir.

1987) (quoting *Wade v. Goldschmidt*, 673 F.2d 182, 186 n. 7 (7th Cir. 1982)) (elision

in original).  Although this burden is "minimal," *Trbovich v. United Mine Workers*,

404 U.S. 528, 538 n. 10 (1972), Petitioners still must "produce something more than

speculation as to the purported inadequacy," *Moosehead Sanitary Dist. v. S. G.*

*Phillips Corp.*, 610 F.2d 49, 54 (1st Cir. 1979).[3]  Here, Petitioners provide only an

unsubstantiated, speculative argument that because Class Counsel agreed to a

settlement that permitted them to apply to the Court for compensation for reasonable

fees for time and expenses, Class Counsel *may* conceivably be inadequate to protect

Petitioners' interests.  This argument runs counter to multiple rulings in this case

where the Court has found Class Counsel to be adequate representatives for the class,[4]

and, if adopted, would essentially prevent any Class Counsel from ever being found to

adequately represent a class without an invasive, expensive, and time-consuming

unsealing of documents believed to be protected by numerous third parties.  Such a

notion is without merit and counter to the Federal Rules of Civil Procedure.

---

[3] *Accord, e.g.*, *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1307
(9th Cir. 1997); *League of United Latin Am. Citizens v. Clements*, 884 F.2d 185,
189 (5th Cir. 1989).
[4] *See* Order for Appointment of Interim Class and Liaison Counsel Dkt No. 69 at 2
(It is of the opinion of the Court that Class Counsel "will fairly and adequately
represent the interests of the putative class."); Order Granting Prelim. Approval to
Proposed Class Settlement Dkt. No. 151 at 4 (In satisfaction with Rule 23, "[t]he
class representatives and Class Counsel will fairly and adequately protect the
interests of the Settlement Class."

To overcome the presumption of adequate representation, Petitioners must demonstrate Class Counsel's adversity of interest, collusion, or nonfeasance. *Id.* Further, as stated by the court in *Natural Res. Def. Council v. N.Y. Dep't of Envtl. Conservation*,

> [a] putative intervenor does not have an interest not adequately represented by a party…simply because it has a motive to litigate that is different from the motive of an existing party. So long as the party had demonstrated sufficient motivation to litigate vigorously and to present all colorable contentions, a district judge does not exceed the bounds of discretion by concluding that the interested of the intervenor are adequately represented.

834 F.2d 60, 61-62 (2d Cir. 1987). Petitioners have provided nothing to demonstrate adversity of interest, collusion or nonfeasance. Through their motion to intervene, Petitioners are attempting to insert themselves into the role of Class Counsel and leave thousands of class members waiting in the wings as they attempt to perform the job this Court has already designated to, and found to have been performed adequately by, Class Counsel.

For these reasons, Petitioners are not entitled to intervene as of right.

### b. *Petitioners Are Not Entitled to Permissive Intervention*

Under Rule 24(b), three factors are considered to determine whether permission to intervene should be granted:  1) the motion to intervene must be timely; 2) the intervenor's claim or defense must have a question of law or fact in common with the action; and 3) the intervention cannot unduly delay or prejudice the adjudication of the

original parties. *Coalition to Defend Affirmative Action, Integration and Immigration Rights and Fight for Equality by any Means Necessary v. Granholm*, 240 F.R.D. 368, 377 (E.D. Mich. 2006).

As stated above, Petitioners' motion is not timely and must be denied. However, for the reasons listed above regarding undue delay and prejudice, Petitioners' arguments fail with regard to permissive intervention, as well. The only case Petitioners offer to support their contention that intervention will not cause undue delay or prejudice did not deal with a settlement at all; rather, an intervenor was requesting to intervene in an original action that had been settled and dismissed months prior, for the purposes of obtaining discovery in a related proceeding. *See Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987). Neither this case, nor any other Petitioners cited or Plaintiffs have found, unsealed documents or otherwise granted discovery into the merits of a case where doing so would push back the Court's consideration of a settlement. Petitioners have not supplied the Court with any support to their blanket statement that this untimely motion will not prejudice the existing parties.

Petitioners have failed to show they satisfy the requirements of permissive intervention. Accordingly, Petitioners' motion to intervene should be denied.

**II.**     **The Court Should Not Unseal The Records**

Rule 26(c) provides "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  This case involves the confidential and proprietary information of not only the parties, but more than 100 third-party hospitals and every major competitor to BCBSM.  The records requested by Petitioners were sealed pursuant to the protective order entered in this case.  The redactions to the sealed records were in accordance with the Protective Order entered by the Court to protect the legitimate confidentiality concerns of all parties and third parties involved in this litigation.  As has been previously stated, Petitioners have provided no case law to support allowing class member access to sealed records to probe the value of a settlement, nor have they provided an adequate reason as to why unsealing these records will benefit the Class.

Petitioners claim that "although [they] are not requesting discovery, courts routinely grant class members the opportunity to conduct limited discovery with regard to the facts supporting the proposed settlement," referring the Court to *In re Domestic Air Transp. Antitrust Litig.*, 144 F.R.D. 421 (N.D. Ga. 1992).  Mot. to Intervene at 12.  But as that case stated:

> Class members who object to a settlement of a class action do not have an absolute right to conduct discovery and presentation of evidence.  The court, in its discretion, may limit the discovery or presentation of

12

> evidence to that which may assist [the court] in determining the fairness
> and adequacy.

*Id.* at 424. The Court goes further to state that although information sought was
relevant to the Court's consideration of fairness,

> objectors are not entitled to discovery concerning settlement negotiations
> between the parties in the absence of evidence indicating that there was
> collusion between plaintiffs and defendants in the negotiating.

*Id.* Here, objectors have made only a conclusory allegation of collusion that is not
supported by any indicia of unfairness or collusion in the settlement, the settlement
negotiations, or the litigation preceding the settlement. *See* Dkt. No. 169 at 14-16, 28-
32. Moreover, none of Petitioners' cases are in a remotely comparable context. Only
two concern settlements at all, and both of those deal only with the terms of the
settlement itself. In *Domestic Air*, the court allowed limited discovery into the
conditions that would apply to the coupon relief plaintiffs would receive. 144 F.R.D.
at 425. And in *Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940 (E.D. Va. 2011), the
parties sought to seal a settlement agreement itself, a proposal the court rejected.
Neither these cases, nor any others Petitioners cited or Plaintiffs have found, provide
discovery into the likelihood of success on the merits or Plaintiffs' damages
calculations, much less at the expense of over 100 third-parties' confidentiality
interests and after the deadline for opting out or objecting.

Further, as the Court already maintains the requested information, Petitioners
cannot be harmed by their lack of access. Petitioners reference the Court's judicial

13

duty to protect the members of the Class, but do not explain why the Court needs their input on information the Court already has.  As discussed above, "the parties reaching settlement have the obligation to support their conclusion to the satisfaction of the District Court," *Geier*, 801 F.2d at 809, not to the satisfaction of every self-interested objector.

The idea that the Court "cannot meet its obligation to carefully scrutinize the proposed settlement without disclosure" of confidential information within its possession (Mot. to Intervene at 18) is unsound, and no support is given by Petitioners to suggest that courts must divulge information, sealed pursuant to a properly executed protective order, to objectors in order to make an adequate determination as to the fairness of a settlement.

## <u>CONCLUSION</u>

For the above stated reasons, the Court should not adjourn the Fairness Hearing. Petitioners' motion is untimely, their interests are adequately represented by Class Counsel, and undue delay will result in substantial prejudice to the parties and absent class members.

Dated: November 5, 2014                    Respectfully submitted,


                                           */s/ E. Powell Miller*
                                           E. Powell Miller (P39487)
                                           **THE MILLER LAW FIRM, P.C.**
                                           950 West University Drive, Suite 300
                                           Rochester, Michigan 48307
                                           Tel: (248) 841-2200
                                           epm@millerlawpc.com

                                           Daniel E. Gustafson
                                           Daniel C. Hedlund
                                           Dan Nordin
                                           **GUSTAFSON GLUEK PLLC**
                                           Canadian Pacific Plaza
                                           120 South Sixth Street, Suite 2600
                                           Minneapolis, MN 55402
                                           Tel: (612) 333-8844
                                           dgustafson@gustafsongluek.com
                                           dhedlund@gustafsongluek.com
                                           dnordin@gustafsongluek.com

                                           Daniel A. Small
                                           Brent W. Johnson
                                           **COHEN MILSTEIN SELLERS
                                           & TOLL PLLC**
                                           1100 New York Ave. NW
                                           Suite 500, West Tower
                                           Washington, DC 20005
                                           Tel:  (202) 408-4600
                                           bjohnson@cohenmilstein.com
                                           dsmall@cohenmilstein.com

Fred Isquith
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4690
isquith@whafh.com

*Interim Class Counsel*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48307
Tel: (248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel*

16

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM<br><br><br>Judge Denise Page Hood<br>Magistrate Judge Mona K. Majzoub |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

I also certify that I will serve copies via First Class U.S. Mail upon all other parties indicated on the Manual Notice List.

Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
The Miller Law Firm, P.C.
950 W. University Drive, Ste. 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com