**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE SHANE GROUP, INC. *et al.*, ) | |
| ) | Case No. 2:10-cv-14360-DPK-MKM |
| Plaintiffs, on behalf of themselves and all ) | |
| others similarly situated, ) | Judge Denise Page Hood |
| ) | Magistrate Judge Mona K. Majzoub |
| v. ) | |
| ) | |
| BLUE CROSS BLUE SHIELD OF ) | |
| MICHIGAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**PLAINTIFFS' [CORRECTED] SUPPLEMENTAL SUBMISSION**
**IN SUPPORT OF FINAL SETTLEMENT APPROVAL**

Plaintiffs respectfully file this supplemental submission to update the Court on two developments since the November 12, 2014 hearing on final approval of the parties' settlement.

<u>Dale Schubert</u>

At the fairness hearing, the Court referred to an objection which complained about a "cumbersome application claim form," and the inability to get a satisfactory response to the objector's questions. Fairness Hearing Tr. at 82:15-22. Plaintiffs have reviewed the objections and correspondence from potential class members filed with the Court, and believe the Court was referring to an October 28, 2014 letter from Dale Schubert, attached hereto as Exhibit A.[1] Plaintiffs have investigated how Mr. Schubert's inquiries were handled by the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), and asked Epiq to detail its

---

[1] Mr. Schubert filed his letter with the Court long after the September 24, 2014 deadline for objecting to the Settlement.

1

interactions with Mr. Schubert in a declaration. Charles Marr, Epiq's Project Manager for this settlement, prepared such a declaration, which is attached hereto as Exhibit B.

The Marr Declaration explains that Mr. Schubert called Epiq's toll-free number with questions about the claim filing procedures but was dissatisfied with the answers he received. This prompted Mr. Schubert's October 28 letter to the Court. Class Counsel forwarded the letter to Epiq, and Mr. Marr called Mr. Schubert to address the concerns raised in the letter. Mr. Marr explained the details of the Plan of Allocation, and by the end of the call, Mr. Schubert said that he had the information he needed to file a claim and would do so before the deadline. On November 17, 2014, Epiq received Mr. Schubert's completed claim form (filed on behalf of his deceased mother) timely postmarked on November 12, 2014.

<u>Christopher Andrews</u>

At the fairness hearing, Class Counsel advised the Court of Mr. Andrews' attempt to extort money from Class Counsel. Since the fairness hearing, Mr. Andrews has continued to harass Class Counsel with a barrage of threats of, among other things, Rule 11 sanctions and bar grievances. In response to Mr. Andrews' ongoing threats, Class Counsel have investigated Mr. Andrews' behavior in some of the numerous other cases in which he has objected. Class Counsel have learned that Mr. Andrews' attempts to extort money in connection with class action settlements are more pervasive than previously known to them.[2] For example, in *In Re Nutella Marketing and Sales Practices Litigation*, No. 11-cv-01086 (D.N.J.) the Honorable Freda L. Wolfson found Mr. Andrews to have engaged in widespread extortion:

---

[2] The full scope of Mr. Andrews' extortion scheme is difficult to know. His pattern is to send his objection to class counsel in draft and then attempt to negotiate a payment before the objection deadline. Class Counsel here do not know how many times Mr. Andrews has been paid without having to file an objection.

2

Let me address Chris Andrews, who is not here. Chris Andrews filed a 100-page objection. The Court finds Mr. Andrews, no surprise to anyone, appears to be a professional objector **who has extorted additional fees from counsel in other cases through his objections or threats to object, and has as well based upon a submission made to this Court done so in this case**.

In his objections he states that he has spent 140 hours investigating this case and expects to be paid more than $25,000 because class counsel failed to perform their job. On page 84 of his objection, he states: **"If I don't get paid, I will appeal and make new case law or have a new law written**."

Mr. Andrews is certainly within his rights to pursue an appeal if he is not satisfied with the results. He had an opportunity to opt out and pursue his own litigation, **but he is not entitled to extort money. I reviewed his entire objection and find it wanting**. Large parts of his brief are plagiarized from those of other objectors, such as Mr. Greenberg, or appeared to be copied from websites. The points he does make are better made by other objectors, are concerns the Court had without the benefit of Mr. Andrews' briefing, or are entirely without merit. Much of his objection involves trying to determine Nutella's full sales figures from online research and sifting through court documents.

*See* Transcript of Fairness Hearing, July 9, 2012, at 128-29 (emphasis added), excerpts attached

hereto as Exhibit C.[3]

Dated:  December 10, 2014                    Respectfully Submitted,

/s/ David H. Fink_____
David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Road; Suite 111
Bloomfield Hills, Michigan 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com

*Interim Liaison Counsel*

---

[3] The full transcript can be found on Pacer at Case Number 11-01086, Docket Number 111, or can provided by Class Counsel upon request.

E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Daniel A. Small
Brent W. Johnson
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York, 10016
Telephone: (212) 545-4690
isquith@whafh.com

Theodore B. Bell
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Telephone: (312) 984-0000
tbell@whafh.com

4

*Interim Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on December 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record registered for electronic filing.

<div style="margin-left: 45%;">

/s/ David H. Fink_____
David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
Email: dfink@finkandassociateslaw.com

</div>