# EXHIBIT C

128

numerous times, was reached during a mediation before former District Judge Politan, and there is no reason to believe that any collusion occurred under the careful scrutiny of that well-respected jurist.

They also complained of the notice of the settlement and the fee request. I've dealt with these as well. I think there is also as well, then, nothing new in their objections that need to be separately addressed.

Let me address Chris Andrews, who is not here. Chris Andrews filed a 100-page objection. The Court finds Mr. Andrews, no surprise to anyone, appears to be a professional objector who has extorted additional fees from counsel in other cases through his objections or threats to object, and has as well based upon a submission made to this Court done so in this case.

In his objections he states that he has spent 140 hours investigating this case and expects to be paid more than $25,000 because class counsel failed to perform their job. On page 84 of his objection, he states: "If I don't get paid, I will appeal and make new case law or have a new law written."

Mr. Andrews is certainly within his rights to pursue an appeal if he is not satisfied with the

2:10-cv-14360-DPH-MKM Doc # 201-4 Filed 12/10/14 Pg 3 of 4 Pg ID 6492
Case 3:11-cv-01086-FLW-DEA Document 111 Filed 09/18/12 Page 129 of 156 PageID: 2170

129

1  results. He had an opportunity to opt out and pursue
2  his own litigation, but he is not entitled to extort
3  money. I reviewed his entire objection and find it
4  wanting. Large parts of his brief are plagiarized
5  from those of other objectors, such as Mr. Greenberg,
6  or appeared to be copied from websites. The points he
7  does make are better made by other objectors, are
8  concerns the Court had without the benefit of
9  Mr. Andrews' briefing, or are entirely without merit.
10 Much of his objection involves trying to determine
11 Nutella's full sales figures from online research and
12 sifting through court documents.
13         Mr. Andrews believes he or the class is
14 entitled to a significant share of defendant's
15 revenues.
16         He also wants a 10 percent finder's fee for
17 any increase in the class fund. There is no legal
18 basis for the argument about receiving a share of the
19 defendant's revenue.
20         Recovery, if any, would have only been a
21 portion of the price paid for the Nutella. He stated
22 he bought one 26-ounce jar of Nutella. The settlement
23 will allow him to recover a portion of the purchase
24 price which is precisely what he would have recovered
25 had he brought his case individually.

130

1       He is not entitled to the defendant's profit.

2       All his arguments are without merit.

3       That concludes my findings.

4       I'll need an order.

5       MR. CECCHI: We will provide an order, your
6  Honor.

7       I just wanted to note, particularly on that
8  last point, although Mr. Andrews did not come today,
9  we received additional emails, which I would like to
10 make part of the record in the event that Mr. Andrews
11 brings the matter up to our brother on the Third
12 Circuit. We got some this morning.

13      THE COURT: Because I had one last week that
14 came to you that was provided to me.

15      MR. CECCHI: Correct. We got one this morning
16 that was of the same tenor. So I would like to make
17 that part of the record.

18      The other thing I would like to say is, first,
19 I think on behalf of plaintiffs' counsel, and, I know,
20 defendant's counsel, we appreciate the effort your
21 Honor put into this matter. There were a lot of
22 procedural motions and other filings that your Honor
23 had to deal with -- this was not today's hearing --
24 deal with, all these objections. I know it's not
25 easy, and we wanted to thank your Honor for the effort