January 06, 2014

Hand Delivery

Clerk of Court

The United States District Court

For The Eastern District of Michigan

Southern Division

U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, Michigan 48226



FILED
2015 JAN -6 A 9: 11
U.S. DIST. COURT CLERK
EAST DIST. MICH.
DETROIT

      Courtroom of Judge Denise Page Hood

      Case No. 2:10-cv-14360-DPH- MKM

The Shane Group, Inc. etc. al    Response to Corrected DeclarationMr. Miller

Plaintiffs,

v. Blue Cross Blue Shield of Michigan,

Defendant,

## RESPONSE TO CORRECTED DECLARATION OF MR. MILLER

Attached is a copy of Mr. Miller's original fee submission that classifies Ms. Casey
Fry as an associate at the laughable rate of $525.00 per hour, as much as *Geoffrey
Fieger* is allowed to charge using the Michigan Bar Rate Surveys and she is no
*Geoffrey Fieger* The amended fee submission with objector's notes on it shows
Mr. Miller has reclassified her as a "Partner" for billing purposes which is false and
provides more evidence along with the other seventeen firm's fee submissions
that contain other "ghost promotions" done solely for inflating rates and ripping
off the class which should also be checked even more after what was found in this
amended fee submission.  (Exhibit "A and "B"") The objector provided four other
examples of this "ghost promotion scheme" in the supplement dated October 06,
2014.

What merits justify a $3,000.00 increase fifty days after the Fairness Hearing?
What gall and they won't even fix all the material errors with the settlement and
the total fee of the Miller Firm is still 34% to high to begin with based on the
evidence submitted. Objector requests all time sheets and all receipts for
expenses from each law firm to verify accuracy. The more the objectors dig the
more questionable issues are uncovered.

The eleven page attachment obtained from multiple websites from LinkedIn, zoominfo.com and cached information from the Miller's own firm's past cached web pages located on the net is undeniable about her associate status. Mr. Miller even billed her out as a "Partner" in another case in another class action settlement (also see Exhibit "B-1") Explanations are required.

This inflated "up ranking" job status causes the fee requested to rise artificially and should be voided in its entirety, the entire fee submission that is. (Exhibit "B")

Amy Long is being billed as a paralegal but is listed as the Office Manager and billing the class as a paralegal, which should not be included in lodestar calculations.  Does she work 16 hours a day performing two separate and distinct job functions? No explanation.  What are the billings dates for her vs when she became an "Office Manager?"  or does she does she moonlight?  (Exhibit "C")

The Court should be aware that it appears all the law firms in this litigation may be using the term "Partner" and "Paralegal" titles not as it implies but solely as a mechanism to artificially inflate the hourly rate compared to what the true and accurate job classification really is for the employee as was shown in at least five examples in the supplement to the objection filed on October 06, 2014. Objector calls this "ghost promotion" for billing purposes known only to the heads of the

families. The objector now just realized he did **not** independently check the job status of each person billing the class through independent verification to check for job classification fraud by counsels and only compared the job titles on the firm's **own** web to the fee petition. Darn. Cached information, past fee submissions, LinkedIn and zoominfo for example would provide evidence of more than the two instances above for just this one firm. The fee submission from all counsels should not be approved due to the strong possibility of intentional fraud on the Court and class by all the firms. Smoke means fire.  More time is needed to verify the job status classification of each lawyer in this case through independent verification to be sure they are who they really say they are and who the heads of the families claim their employees are.

As far as the contract rate some counsels are claiming in their fee petition, attached please find copies of four Craigslist ads from New York City and Washington DC that shows contract lawyers are being paid $25-$30 an hour. (Exhibit "D") As a result of this letter and an objection that was filed the contract rate was reduced to $200.00 per hour vs. the $400.00 per hour counsels felt "entitled" to in that case.

The attached Amicus letter from Association of Corporate Counsel (Exhibit "E") regarding legal fees in a class action in 2013 is specifically about contract lawyers being billed out in lawsuits at usurious rates, sometimes up to 1000% higher than are being paid which is near what some law firms are attempting to charge the class in this case and should be discounted down to $200.00 as was written about in the October 06, 2014 submission by the objector's.

This settlement is not ready to be approved based on the material errors and the apparent ghost upgrade job classification billing issues. This makes counsels' settlement amount untrustworthy.

Thank you for your time and consideration.

Respectfully submitted,

Christopher Andrews

Case No. Case No. 2:10-cv-14360-DPH-MKM

Dated: January 06, 2015

*Christopher Andrews, Pro se objector*

P.O. Box 530394

*Livonia, MI 48152-0394 E-mail caaloa@gmail.com Phone 1-248-635-3810*

Christopher Andrews

*I certify under penalty of perjury that the above and below information is true and accurate to the best of my knowledge, information and belief.*

Christopher Andrews

I hereby certify that on this day I hand delivered the foregoing to the Clerk of the Court, and served true and correct copies upon class counsel via email (per their permission) at the email addresses below. Clerk of Court, the United States District Court for the Eastern District of Michigan Southern Division, U.S. Courthouse 231 W. Lafayette Blvd. Detroit, Michigan 48226 Telephone number (313) 234-5005.

COHEN MILSTEIN SELLERS & TOLL PLLC 202-408-4600 Daniel A. Small Daniel Small <dsmall@cohenmilstein.com>,

Brent W. Johnson

1100 New York Avenue, NW

Suite 500

Washington, DC 20005

Gustafson Gluek Pllc

Canadian Pacific Plaza

120 South Sixth Street, Suite 2600

Minneapolis, MN 55402

Attention Daniel Gustafson <DGustafson@gustafsongluek.com>,

dhedlund@gustafsongluek.com,

The Miller Law Firm

950 West University Avenue, Suite 300

Rochester, MI 48307

Attention Mr. Miller E. Powell Miller" <epm@millerlawpc.com>

Wolf Haldenstein Adler Freeman & Herz, LLC

270 Madison Avenue

New York, New York 10016

Attention Fred Isquith isquith@whafh.com

Fink & Associates Law

100 West Long Lake Road, Suite 111

Bloomfield Hills, MI 48304

Attention D. Fink dfink@finkandassociateslaw.com The Shane Group etc. al v

Blue Cross Blue Shield of Michigan Case No. 2:10-cv-14360-DPH-MKM

EXHIBIT A

| THE SHANE GROUP, INC., et al., v. BLUE CROSS BLUE SHIELD OF MICHIGAN |
| :---: |
| Case No. 10-cv-14360 |
| Time and Lodestar Summary |

| Firm Name | The Miller Law Firm, P.C. |
| :--- | :---: |
| Time Period | Inception through June 30, 2014 |



| Name | Status | Hourly Rate | Total Hours | Total Lodestar |
| :--- | :---: | ---: | ---: | ---: |
| E. Powell Miller | (P) | $ 725.00 | 274.50 | $199,012.50 |
| Marc L. Newman | (P) | $695 | 9.75 | $6,776.25 |
| David H. Fink | (P) | $725 | 74.25 | $53,831.25 |
| Ann L. Miller | (P) | $680 | 5.00 | $3,400.00 |
| Jayson E. Blake | (P) | $590 | 0.75 | $442.50 |
| Brian E. Etzel | (P) | $535 | 0.25 | $133.75 |
| Casey E. Fry | (A) | $525 | 727.50 | $381,937.50 |
| Daryl G. Bressack | (A) | $525 | 56.25 | $29,531.25 |
| Christopher D. Kaye | (A) | $450 | 22.50 | $10,125.00 |
| Melissa Wojnar-Raycraft | (A) | $425 | 2.25 | $956.25 |
| Adam T. Schnatz | (A) | $465 | 0.50 | $232.50 |
| Devon P. Allard | (A) | $325 | 0.25 | $81.25 |
| Jennifer E. Bean | (A) | $340 | 690.50 | $234,770.00 |
| Evan M. Chall | (A) | $325 | 2.75 | $893.75 |
| Courtney B. Ciullo | (A) | $425 | 2.00 | $850.00 |
| Jane Gazman | (A) | $325 | 1.75 | $568.75 |
| Steven M. Zehnder | (A) | $340 | 4.25 | $1,445.00 |
| Amy S. Long | (PL) | $175 | 91.25 | $15,968.75 |
| Amy A. Davis | (PL) | $175 | 0.25 | $43.75 |
| Julia N. Moskwa | (PL) | $175 | 2.25 | $393.75 |
| TOTAL | | | 1,968.75 | $ 941,393.75 |

Status:

(P)   Partner
(OC)  Of Counsel
(SA)  Senior Associate
(A)   Associate
(LC)  Law Clerk
(PL)  Paralegal

Please report time in current rates.

*EXHIBIT "A"* (handwritten)

**THE SHANE GROUP, INC., et al., v. BLUE CROSS BLUE SHIELD OF MICHIGAN**
**Case No. 10-cv-14360**
**Time and Lodestar Summary**

| Firm Name | The Miller Law Firm, P.C. |
|---|---|
| Time Period | Inception through June 30, 2014 |

| Name | Status | Hourly Rate | Total Hours | Total Lodestar |
|---|---|---|---|---|
| E. Powell Miller | (P) | $ 725.00 | 274.50 | $199,012.50 |
| Marc L. Newman | (P) | $695 | 9.75 | $6,776.25 |
| David H. Fink | (P)* | $725 | 74.25 | $53,831.25 |
| Ann L. Miller | (P) | $680 | 5.00 | $3,400.00 |
| Jayson E. Blake | (P) | $680 | 0.75 | $510.00 |
| Brian E. Etzel | (P) | $680 | 0.25 | $170.00 |
| Casey E. Fry | (P)* | $525 | 727.50 | $381,937.50 |
| Daryl G. Bressack | (A)* | $525 | 56.25 | $29,531.25 |
| Christopher D. Kaye | (A) | $575 | 22.50 | $12,937.50 |
| Melissa Wojnar-Raycraft | (A) | $425 | 2.25 | $956.25 |
| Adam T. Schnatz | (A) | $465 | 0.50 | $232.50 |
| Devon P. Allard | (A) | $325 | 0.25 | $81.25 |
| Jennifer E. Bean | (A) | $340 | 690.50 | $234,770.00 |
| Evan M. Chall | (A)* | $325 | 2.75 | $893.75 |
| Courtney B. Ciullo | (A)* | $425 | 2.00 | $850.00 |
| Jane Gazman | (A)* | $295 | 1.75 | $516.25 |
| Steven M. Zehnder | | $365 | 4.25 | $1,551.25 |
| Amy S. Long | (PL) | $175 | 91.25 | $15,968.75 |
| Amy A. Davis | (PL) | $175 | 0.25 | $43.75 |
| Julia N. Moskwa* | (PL) | $175 | 2.25 | $393.75 |
| TOTAL | | | 1,968.75 | $ 944,363.75 |

Handwritten annotations:
- "NEVER WAS A 'PARTNER'?" (pointing to Casey E. Fry)
- "+OFFICE MANAGER" (pointing to Amy A. Davis)
- "+$68.00"
- "+$31.00"
- "+$281.00"
- "$5.50"
- "+$106.00"
- "+$2,970.50"

**Status:**

(P)   Partner
(OC)  Of Counsel
(SA)  Senior Associate
(A)   Associate
(LC)  Law Clerk
(PL)  Paralegal

Rates are reported as 2014 rates

\* Denotes no longer with
Miller Law Firm

*EXHIBIT B*

http://www.zoominfo.com/CachedPage/?archive_id=0&page_id=5059440821&page_url=//www.millerlawpc.com/attorneys.html&page_last_updated=2014-04-17T03:42:14&firstName=Casey&lastName=Fry

Casey A. Fry    is an Associate at The Miller Law Firm. Her practice is concentrated in
complex commercial and class action litigation, including securities fraud and antitrust
matters. read full bio

http://www.zoominfo.com/p/Casey-Fry/219273121

Find Contacts Careers FAQ Sign Up for Free Login

- Customers
- Products
- Pricing
- About
- Free Trial

- People

Need more? Try our Advanced Search (20+ criteria) »

**Ms. Casey A. Fry**

Wrong Casey A. Fry?

Share This Profile

**Associate**

Phone: <u>(248) ***-****</u>   HQ Phone
Email: <u>c***@***.com</u>
<u>The Miller Law Firm P.C</u>
*Miller Building, 950 West University Drive, Suite 300*
*Rochester, Michigan 48307*
*United States*

This profile was last updated on 10/14/14 and contains information from public web pages and contributions from the <u>ZoomInfo community</u>.
<u>Is this you? Claim your profile.</u>

**Company Description:** The Miller Law Firm, P.C. is a fast growing, energetic law firm based in Oakland County, Michigan. Our attorneys possess exemplary qualifications both in their...   <u>more</u>

Background

**Employment History**

- **Attorney - Commercial Litigation**

  **<u>The Miller Law Firm P.C</u>**

- **Attorney**

  **<u>Honigman Miller Schwartz and Cohn LLP</u>**

- **Attorney - Business Immigration**

  **<u>Honigman Miller Schwartz and Cohn LLP</u>**

- **Associate Director and Staff Attorney**

## Michigan State University College of Law

- **President**

  **International Law Society**

- **Associate Director**

  **Institute for Trade at Michigan State University College of Law**

**Education**

- **J.D. , International and Comparative Law Concentration**

  Michigan State University College of Law

- **Jurisprudence Award , Transnational Legal Research**

  MSU College of Law

- **B.S. , Diplomacy and International Relations**

  Seton Hall University

23 Total References
Web References
Millerlaw



www.millerlawpc.com, 17 April 2014 [cached]
Casey A. Fry Casey A. Fry is an Associate at The Miller Law
Firm. Her practice is concentrated in complex commercial and class action
litigation, including securities fraud and antitrust matters.. read full bio
Millerlaw | Casey A. Fry
www.millerlawpc.com, 17 April 2014 [cached]
Casey A. Fry associate
...



**Casey A. Fry is an Associate at The Miller Law Firm.** Her practice is concentrated in complex commercial and class action litigation, including securities fraud and antitrust matters. Ms. Fry is admitted to practice in Michigan, Illinois, the District of Columbia, the U.S. Court of International Trade, and the U.S. Court of Appeals for the Federal Circuit.

Prior to joining The Miller Law Firm, Ms. Fry gained significant legal experience working as an Attorney at Honigman Miller Schwartz and Cohn, and as Associate Director of the Institute for Trade in the Americas at Michigan State University College of Law.

Casey Fry graduated cum laude from Michigan State University College of Law in 2005. During law school, Ms. Fry was President of the International Law Society, an Associate Editor of the Journal of International Law, and participant in the Philip C. Jessup International Moot Court Competition. Ms. Fry was recognized as the Most Distinguished First Year Law Student in 2003 and awarded the Jurisprudence Award in Transnational Legal Research in 2004. Ms. Fry's other accomplishments include being highlighted as "One To Watch" by the ABA Journal in 2007 and named to the Michigan Super Lawyers list of Rising Stars in 2010 and 2011.

Casey Fry earned her Bachelor of Science Degree in Diplomacy and International Relations, graduating magna cum laude from Seton Hall University in 2003. Ms. Fry also completed minors in Political Science and German. While attending Seton Hall, Ms. Fry was a member of the Women's NCAA Division I Tennis Team and served as Captain her senior year.

Casey Fry is a member and active participant in the Oakland County Bar Association.

<u>Casey A. Fry , The Miller Law P.C.</u>

millerlawpc.com, 29 Jan 2012 [cached]

Casey A. Fry associate

...

Casey A. Fry
Seton Hall University, B.S., magna cum laude, 2003 Michigan State University College of Law, J.D., cum laude, 2005
Phone: (248) 841-2200 Fax: (248) 652-2852

...

**Casey A. Fry is an Associate at The Miller Law Firm.** Her practice is concentrated in complex commercial and class action litigation, including securities fraud and antitrust matters. Ms. Fry is admitted to practice in Michigan,

Illinois, the District of Columbia, the U.S. Court of International Trade, and the U.S. Court of Appeals for the Federal Circuit.

Prior to joining The Miller Law Firm, Ms. Fry gained significant legal experience working as an Attorney at Honigman Miller Schwartz and Cohn, and as Associate Director of the Institute for Trade in the Americas at Michigan State University College of Law.

Casey Fry graduated cum laude from Michigan State University College of Law in 2005. During law school, Ms. Fry was President of the International Law Society, an Associate Editor of the Journal of International Law, and participant in the Philip C. Jessup International Moot Court Competition. Ms. Fry was recognized as the Most Distinguished First Year Law Student in 2003 and awarded the Jurisprudence Award in Transnational Legal Research in 2004. Ms. Fry's other accomplishments include being highlighted as "One To Watch" by the ABA Journal in 2007 and named to the Michigan Super Lawyers list of Rising Stars in 2010 and 2011.

Casey Fry earned her Bachelor of Science Degree in Diplomacy and International Relations, graduating magna cum laude from Seton Hall University in 2003. Ms. Fry also completed minors in Political Science and German. While attending Seton Hall, Ms. Fry was a member of the Women's NCAA Division I Tennis Team and served as Captain her senior year.

Casey Fry is a member and active participant in the Oakland County Bar Association.

Michigan Commercial Litigation Blog

www.millerlawpc.com, 2 Dec 2011 [cached]

The Miller Law Firm would like to congratulate its attorneys who were named to the 2011-2012 list of Michigan Rising Stars:Â Brian Etzel, Martha Olijnyk, Lauren Northrop, Devon Allard, Evan Chall, Casey Fry, Emily Hughes, Adele Ice-King, Christopher Kaye and Adam Schnatz. Â The Rising Stars list is comprised of top attorneys who are 40 years old and younger, or who have been in practice 10 or fewer years.

...

Casey A. Fry
The Miller Law Firm, P.C.

...

Casey A. Fry
The Miller Law Firm, P.C.

...

Casey A. Fry The Miller Law Firm, P.C.

...

## CUSTOMER SUPPORT

- FAQs
- Help
- Register
- My Account
- Contact Support
- Am I in ZoomInfo?

- What is LinkedIn?
- Join Today
- Sign In

Main content starts below.


**Casey Fetzer      (Appears to have recently married)**

Litigation Manager - Corporate Litigation at Credit Acceptance

      Greater Detroit Area

      Law Practice

| **Previous** | 1. The Miller Law Firm, P.C., |
| | 2. Honigman Miller Schwartz and Cohn LLP, |
| | 3. Michigan State University College of Law |

| **Education** | 1. Michigan State University College of Law |

**277**connections

**Join LinkedIn & access Casey's full profile. It's free!**

**As a LinkedIn member, you'll join 300 million other professionals who are sharing connections, ideas, and opportunities.**

- See who you know in common
- Get introduced
- Contact Casey directly

<u>View Casey's Full Profile</u>

## Background

## Summary

As a litigation attorney, I have extensive experience reviewing contracts and advising clients on the terms and impact of various legal documents. Throughout the course of my practice, I have seen and dealt with the consequences of poorly drafted agreements, ineffective policies and innumerable other legal and ethical risks. My experience with litigation gives me a unique perspective on business issues. Having seen first hand what can go wrong enables me to help my clients better anticipate, prepare for and prevent problems in the future.

## Experience



### *Litigation Manager - Corporate Litigation*

<u>Credit Acceptance</u>
July 2014 – Present (7 months)Southfield, Michigan

### *Attorney - Commercial Litigation*

<u>The Miller Law Firm, P.C.</u>
June 2009 – June 2014 (5 years 1 month)Rochester, Michigan

Complex business and commercial litigation practice, including experience with class action litigation, breach of contract, licensing agreements, trade secrets, non-disclosure and non-compete agreements, shareholder oppression, securities fraud, antitrust and intellectual property matters.

Represent tier one and tier two automotive suppliers involved in charge-back disputes, cancellation costs, allocation of unexpected expenses, and tooling

ownership rights.

Represent individuals and businesses of all sizes, ranging from small sole proprietorships to large Fortune 500 companies and non-profit entities in lawsuits filed in state and federal courts throughout the United States.

Recognized as a Rising Star by Michigan SuperLawyers in 2010, 2011, 2012 and 2013; participant in the Oakland County Bar Association Inns of Court Program 2013-2014.


FINDLAW

Are you a legal Professional?

Visit our professional site
Law firm marketing
Learn About The LawFind a LawyerAnswersFormsNewsBlogs
Updated 10/24/2013Your profile? Update now

**The Miller Law Firm, P.C.**

Miller Building950 West University Drive, Suite 300Rochester, MI, 48307
Phones: (248) 841-2200
Fax: (248) 652-2852
Websites associated with this firm:
www.millerlawpc.com
People
Attorneys
Allard, Devon P. (Associate) Blake, Jayson E. (Partner) Bressack, Darryl G. (Associate) Ciullo, Courtney B. (Associate) Dragich, January A. (Attorney) Dranchak, Andrew R. (Of Counsel) Etzel, Brian E. (Attorney) Fink, David H. (Attorney) Fry, Casey A. (Associate) Hughes, Emily E. (Associate) Ice-King, Adele (Attorney) Merpi, Richard L. IIMiller, Ann L. (Partner) Miller, E. Powell (Attorney) Newman, Marc L. (Attorney) Northrop, Lauren G. (Associate) O'Shea, Kevin F.Olijnyk, Martha J. (Attorney) Schnatz, Adam T.Shea, David J. (Of Counsel) Vandeputte, Justin B.Viar, David B. (Attorney) Waun, Christine A. (Of Counsel) Wojnar-Raycraft, Melissa D. (Associate)
Office Information

Address
Miller Building
950 West University Drive, Suite 300
Rochester, MI 48307
Phone
(248) 841-2200
Fax
(248) 652-2852
Websites
http://www.millerlawpc.com
When viewing a listing, consider the state advertising restrictions to which lawyers and law firms must adhere, as well as our West Legal Directory disclaimers. Some lawyers publish comparative information regarding the services that they provide which may be subject to specific comparative communications restrictions.

*EXHIBIT "B1"*



THE MILLER LAW FIRM
A PROFESSIONAL CORPORATION

950 West University Drive
Rochester, Michigan 48307
Phone: 248-841-2200
caf@millerlawpc.com
www.millerlawpc.com

# CASEY A. FRY, PARTNER*

Casey A. Fry is a partner at The Miller Law Firm. Her practice is concentrated in complex commercial and class action matters, including automotive, shareholder rights, securities fraud and antitrust matters. Ms. Fry is admitted to practice in Michigan, Illinois, the District of Columbia, the U.S. Court of International Trade, and the U.S. Court of Appeals for the Federal Circuit.

Ms. Fry has been recognized by Super Lawyers Magazine as a Michigan Rising Star for four consecutive years, from 2010-2013.

Prior to joining The Miller Law Firm, Ms. Fry gained significant legal experience working as an Attorney at Honigman Miller Schwartz and Cohn, and as Associate Director of the Institute for Trade in the Americas at Michigan State University College of Law.

Casey Fry graduated *cum laude* from Michigan State University College of Law in 2005. During law school, Ms. Fry was President of the International Law Society, an Associate Editor of the Journal of International Law, and participant in the Philip C. Jessup International Moot Court Competition. Ms. Fry was recognized as the Most Distinguished First Year Law Student in 2003 and awarded the Jurisprudence Award in Transnational Legal Research in 2004. Ms. Fry's other accomplishments include being highlighted as "One To Watch" by the ABA Journal in 2007 and being selected as a participant in the Oakland County Bar Association Inns of Court Program for 2013-2014.

Casey Fry earned her Bachelor of Science Degree in Diplomacy and International Relations, graduating *magna cum laude* from Seton Hall University in 2003. Ms. Fry also completed minors in Political Science and German. While attending Seton Hall, Ms. Fry was a member of the Women's NCAA Division I Tennis Team and served as Captain her senior year.

Casey Fry is a member and active participant in the Oakland County Bar Association.

**Seton Hall University, B.S., magna cum laude, 2003**

**Michigan State University College of Law, J.D., cum laude, 2005**

\* No longer at The Miller Law Firm, P.C.

SEEMS ANOTHER CLASS settlement may have been cheated.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
THE CITY OF FARMINGTON HILLS
EMPLOYEES RETIREMENT SYSTEM
AND THE BOARD OF TRUSTEES OF
THE ARIZONA STATE CARPENTERS
PENSION TRUST FUND AND THE
ARIZONA STATE CARPENTERS
DEFINED CONTRIBUTION TRUST
FUND, Individually and on Behalf of All
Others Similarly Situated,
Plaintiffs,
vs.
WELLS FARGO BANK, N.A.
Defendant.


CASE 0:10-cv-04372-DWF-JJG Document 673-1 Filed 07/10/14 Page 45 of 109

MILLER LAW FIRM

950
West
University
Drive
Rochester,
Michigan
48307
Phone:
248
-
841
-
2200
caf@millerlawpc.com
www.millerlawpc.com

# CASEY A. FRY,
# PARTNER
*

Casey A. Fry is a
partner

**IN RE AMERICAN INTERNATIONAL GROUP, INC. 2008 SECURITIES LITIGATION**

The Miller Law Firm, P.C.

**Summary Fees Report - Inception Through 11/30/14** *FF2CP 12-31-14*

| | Position | Hours | Rate/Hour | |
|---|---|---|---|---|
| **Attorneys** | | | | |
| Ann L Miller | Partner | 169.00 | $680.00 | $114,920.00 |
| Adam T Schnatz | Associate | 11.25 | $465.00 | $5,231.25 |
| Brian C Martin | Associate | 3,720.50 | $330.00 | $1,227,765.00 |
| Brian E Etzel | Partner | 324.25 | $680.00 | $220,490.00 |
| Bartoz Kmiec | Associate | 3,970.00 | $425.00 | $1,687,250.00 |
| Christopher Aguwa | Counsel | 1,104.00 | $365.00 | $402,960.00 |
| Casey A Fry | Partner | 3,897.50 | $525.00 | $2,046,187.50 |
| Courtney Ciullo | Associate | 4,355.00 | $425.00 | $1,850,875.00 |
| Chauncey Hitchcock | Counsel | 1,558.75 | $375.00 | $584,531.25 |
| Christopher D Kaye | Associate | 202.25 | $575.00 | $116,293.75 |
| Darryl G Bressack | Associate | 238.25 | $525.00 | $125,081.25 |
| David H Fink | Partner | 442.75 | $725.00 | $320,993.75 |
| Emily E. Hughes | Associate | 1.50 | $525.00 | $787.50 |
| Evan M Chall | Associate | 65.25 | $325.00 | $21,206.25 |
| E. Powell Miller | Partner | 3,188.50 | $725.00 | $2,311,662.50 |
| Emina Alic | Counsel | 599.50 | $365.00 | $218,817.50 |
| Hedy Olson | Counsel | 1,321.75 | $375.00 | $495,656.25 |
| January A Dragich | Associate | 894.50 | $495.00 | $442,777.50 |
| Justin B Vandeputte | Associate | 4,945.50 | $465.00 | $2,299,657.50 |
| Jayson E Blake | Partner | 6,519.00 | $650.00 | $4,237,350.00 |
| Jennifer F. Bean | Associate | 17.50 | $340.00 | $5,950.00 |
| Jeff Hall | Counsel | 1,427.50 | $365.00 | $521,037.50 |
| Kellie DeMeritt | Counsel | 2,048.75 | $385.00 | $788,768.75 |
| Kevin F O'Shea | Partner | 2.00 | $680.00 | $1,360.00 |
| Kesia Reeves | Counsel | 2,766.50 | $365.00 | $1,009,772.50 |
| Keith T Treanor | Counsel | 1,772.50 | $325.00 | $576,062.50 |
| Lowell D Johnson | Associate | 3,188.75 | $385.00 | $1,227,668.75 |
| Lauren E Crummel | Associate | 3346.5 | $355.00 | $1,188,007.50 |
| Lauren G. Northrop | Partner | 24.5 | $525.00 | $12,862.50 |
| Louisa Andress | Counsel | 3336 | $395.00 | $1,317,720.00 |
| Maria Doria | Counsel | 1,117.75 | $375.00 | $419,156.25 |
| Megan E Gagnon | Counsel | 164 | $375.00 | $61,500.00 |
| Martha J. Olijnyk | Partner | 3.75 | $575.00 | $2,156.25 |
| Marc L. Newman | Partner | 6827 | $695.00 | $4,744,765.00 |
| M. Ryan Jarnagin | Associate | 4158 | $465.00 | $1,933,470.00 |
| Mariell R. McLatcher | Counsel | 26.5 | $425.00 | $11,262.50 |
| Melissa Wojnar-Raycraft | Associate | 618 | $425.00 | $262,650.00 |
| Nancy Decker | Associate | 1607 | $330.00 | $530,310.00 |
| Peter Albertins | Counsel | 536.5 | $425.00 | $228,012.50 |
| Rick A. Decker | Associate | 3717 | $425.00 | $1,579,725.00 |
| Rebecca E. Miller | Counsel | 3044.75 | $395.00 | $1,202,676.25 |

# Amy Long

Office Manager at The Miller Law Firm, P.C.

Macomb, Michigan
Law Practice

| | | |
|---|---|---|
| **Current** | 1. | The Miller Law Firm, P.C. |
| **Previous** | 1. | Lucido & Manzella PC, |
| | 2. | C. Michael Gorte, P.C. |
| **Education** | 1. | Delta College |

**79**connections

*Legal Assistant*

The Miller Law Firm, P.C.
May 2001 – Present (13 years 9 months)Rochester, MI



*EXHIBIT "D"*

## From Craigslist December 2014  New York

## Attorneys for Long-Term Document Review  (NEW YORK)

compensation: **$26 an hour with OT**

contract job

Lexolution, a major legal staffing agency, is seeking admitted attorneys for a long-term document review project which is being conducted in downtown Manhattan. The project will begin on Monday, December 22, and is expected to last for 3-5 months. The rate is $26 an hour plus OT. 60 hours a week/Monday thru Saturday. Admission to the bar of any US jurisdiction is fine. Previous work on behalf of lenders in RMBS matters will probably conflict you out. If you are interested please submit your resume ASAP.

- Principals only. Recruiters, please don't contact this job poster.
- do NOT contact us with unsolicited services or offers

post id: 4811046706

posted: 16 days ago

updated: 16 days ago

email to friend

♥ best of [2]

## Doc review attorney (W25/Bway)

compensation: **$25/hr plus OT**

contract job

Lexolution's client is seeking admitted attorneys to join an ongoing document review project at an off-site project space, 1115 Broadway (nr Madison Sq Park). The project will start as soon as attorneys clear, as early as Friday or Monday (12/19 or 22). Duration: 3 - 5 mos; Hours: 60+; Rate $25/hr plus OT; Bar: Admission any state. The facility will be open weekends.
If you have worked on behalf of lenders in RMBS matters you will likely be conflicted out. Please send an updated current resume to be considered and we will provide a detailed conflicts form to be completed asap. Thank you.

- Principals only. Recruiters, please don't contact this job poster.
- do NOT contact us with unsolicited services or offers

post id: 4807865257

posted: 18 days ago

email to friend

♥ best of [2]


# From Washington DC craigslist December 2014

## new project for contract attorneys! (Washington, DC)

compensation: **$27/hour**

contract job

R & W has a great new project for contract attorneys! Are you looking for a long term stable project? One of our favorite law firm clients in DC (Metro accessible) needs several contract attorneys for a new project. You MUST be DC or NY-barred and have experience in securities litigation and/or class action lawsuits.

This project is indefinite in length and the firm loves to roll over contract attorneys into other projects as needed. Long term contractors receive great benefits through R & W.

The pay rate is $27/hour, all hours are straight time, but you will not likely work crazy hours.

Great working environment. Apply on-line or register with us at www.r-wgroup.com.


- Principals only. Recruiters, please don't contact this job poster.
- do NOT contact us with unsolicited services or offers

post id: 4796506093

posted: 26 days ago

email to friend

♥ best of [2]

# Licensed Attorneys needed (Washington DC)

© craigslist - Map data © OpenStreetMap

(google map) (yahoo map)

compensation: **$30 an hour**

contract job

We're staffing a project with the following details:

Rate: $30 an hour
Hours per week: Likely 40, flat rate for any hours over 40
Bar: Active and in good standing in any US jurisdiction
Duration: 4-6 weeks, maybe more
Start date: December 22nd
Some remote work may be possible over the holidays.

Please submit a resume in Microsoft Word.

- Principals only. Recruiters, please don't contact this job poster.
- do NOT contact us with unsolicited services or offers



1025 Connecticut Avenue, NW, Suite 200
Washington, DC  20036-5425 USA
**tel** +1 202.293.4103
**fax** +1 202.293.4701
www.acc.com

March 15, 2013

Hon. Sidney H. Stein
United States District Court for
 the Southern District of New York
United States Courthouse
Courtroom 23A
500 Pearl Street
New York, NY 10007-1312
 *Sent by facsimile to (212) 805-7924*
 *and by express delivery*

> Re:     *Amicus letter from Association of Corporate Counsel regarding legal fees*
>          *in* In re Citigroup Securities Litigation, *Case No. 1:07-cv-09901-SHS*

Dear Judge Stein:

On behalf of the Association of Corporate Counsel, we are writing to offer the views of
the in-house counsel bar on the fee request submitted by plaintiffs counsel in *In re
Citigroup Securities Litigation.* The plaintiffs lawyers here seek fees for contract
attorneys that today's legal market won't support. Even without the fee-multiplier, the
plaintiffs lawyers request hundreds of dollars per hour for many individual contract
lawyers. But almost no law firms today charge such high rates for contract lawyers.

There are two reasons for this. First, in a trend that ACC has led, clients in recent years
have increasingly forced law firms to deliver more value for less money. As a result,
many clients hire contract lawyers directly, cutting out law firms and their profit margins.
Clients who do permit law firms to hire contract lawyers expect the firms to bill them for
only small mark-ups, or none at all. Second, in the last several years, an excess of legal
talent has become available to work as contract lawyers, for just a fraction of what the
plaintiffs would charge. A survey of ACC's members, discussed below, illustrates that
ACC's members are quite aware of today's market rate for contract lawyers.

Under the governing legal standards, since the market does not permit law firms to use
contract attorneys to drive fat profits, neither can the court allow the plaintiffs lawyers to
do so here.

## I.     *ACC's Interest In Maximizing Legal Value*

The Association of Corporate Counsel is a global bar association that promotes the
common professional and business interests of in-house counsel. ACC has over 30,000
members who are in-house lawyers employed by over 10,000 organizations in more than

75 countries. Many of our members work for companies that routinely hire law firms for some of the biggest and most complicated litigation in the United States.

For 30 years, ACC has advocated across the country to ensure that courts, legislatures, regulators, bar associations, and other law or policy-making bodies understand the role and concerns of in-house counsel and the legal departments where they work. One of ACC's missions is to promote methods that in-house counsel and outside law firms can use to deliver more legal value for lower costs.

Building on seismic changes occurring within the legal services industry, our "ACC Value Challenge" presses law departments within companies and the outside counsel they retain to adopt common sense business principles, such as project and process management or value-based fee arrangements. In particular, to dissuade outside counsel from looking under every rock, even those far from shore, the in-house bar has increasingly moved away from hourly-based fee agreements to various versions of fixed fee agreements (incorporating success fees and holdbacks). By introducing these and other efficiencies into legal practice, "law firms can reduce their costs to corporate clients and still maintain strong profitability,"[1] and also more closely align their practice with the client's real-world objectives. As part of our efforts to secure more value from law firms, ACC in 2011 polled our members specifically about how they hire and use contract lawyers, and how much they pay.[2]

## II.   Clients Today Refuse To Pay Large Mark-Ups For Contract Attorneys.[3]

As the balance of power has shifted from law firms to the clients over the last few years, ACC's members have aggressively sought to secure more value for each dollar their companies spend on legal work. To that end, our members have used contract lawyers widely, and are very much aware of the rates that the market will support. According to a joint survey conducted in 2011 by ACC and the *Wall Street Journal*,[4] about 33.8 percent of our responding members used contract attorneys in the previous year. Of those, 65.1 percent hired the contract lawyers themselves, and another 20.4 percent used third-party hiring agencies. Only 12.3 percent used contract lawyers hired by law firms. In other words, the great majority of our members who use contract attorneys paid no mark-up on the fees of the contract lawyers. And only a sliver paid any mark-up at all to law firms.

---

[1]     *See ACC Value Challenge – About, available at* http://www.acc.com/valuechallenge/about/index.cfm.

[2]     *See ACC/The Wall Street Journal Contract-Attorney Use Survey* (June 2011), *available at* http://www.acc.com/legalresources/resource.cfm?show=1285843.

[3]     "[A] judge may rely in part on its own knowledge of private firm hourly rates in the community" when awarding fees. *Assoc. for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 554 (2d Cir.1995) (internal citation and punctuation omitted).

[4]     *See ACC/The Wall Street Journal Survey, supra* note 2. The *Wall Street Journal* article is Vanessa O'Connell, *Lawyers Settle . . . for Temp Jobs*, WALL ST. J., June 15, 2011, *available at* http://online.wsj.com/article/SB10001424052702303714704576383641752966666.html.

And most of our members who used temporary attorneys also paid far less than the rates that the plaintiffs here seek for work done by contract attorneys. Specifically, 65.6 percent of our responding members paid *$80 per hour or less.*

ACC's survey demonstrates that the majority of the market permits no mark-up at all, because clients hire the temporary attorneys themselves. To the extent that the current market permits law firms to mark up the fees for contract attorneys, they can do so by adding only a small percentage of the contract attorney fee. A small increase not only tracks the market, but better reflects the lower overhead costs for temporary attorneys versus full-time lawyers.

But that is not what the plaintiffs lawyers here have done. They instead ask this court to mark up the actual rate of contract attorneys by hundreds of percentage points. If the plaintiffs lawyers paid a contract attorney $50 per hour, and seek this Court to approve a base fee of $500, that constitutes a mark-up of *one thousand percent,* even before running it through the fee multiplier. No paying client today would ever permit such runaway rate inflation.

### III.    The Market For Legal Talent Has Softened Significantly In Recent Years.

ACC's members are also aware of the significant changes that have occurred in the legal market generally in recent years, which have depressed the market rate for contract lawyers. Almost precisely when the plaintiffs here filed suit in 2007, the demand for legal services began to soften significantly. A spate of articles has chronicled the difficulties that lawyers, both new and experienced, now encounter finding work.[5] As early as 2008 a *Wall Street Journal* dispatch on the legal market concluded that "[i]t's getting ugly out there."[6] A survey taken the following year estimated that 44 percent of firms around the

---

[5]    *See, e.g.,* Janice Fioravante, *Contract lawyers in hot demand,* CRAIN'S N.Y. BUS., Jan. 8, 2012, *available at* http://www.crainsnewyork.com/article/20120108/SMALLBIZ/301089988; Mark Greenbaum, *No more room at the bench,* L.A. TIMES, Jan. 8, 2010, *available at* http://articles.latimes.com/print/2010/jan/08/opinion/la-oe-greenbaum8-2010jan08; Annie Lowrey, *How law school went from being a sure thing to a bum deal,* WASH. POST, Oct. 31, 2010, *available at* http://www.washingtonpost.com/wp-dyn/content/article/2010/10/30/AR2010103000211.html; David Segal, *Is Law School a Losing Game?,* N.Y. TIMES, Jan. 8, 2011, at BU1, *available at* http://www.nytimes.com/2011/01/09/business/09law.html?pagewanted=all&_r=0; Catherine Rampell, *The Lawyer Surplus, State by State,* N.Y. TIMES ECONOMIX BLOG, June 27, 2011, 11:00 AM, *available at* http://economix.blogs.nytimes.com/2011/06/27/the-lawyer-surplus-state-by-state/.
[6]    Peter Lattman, *Open Thread – Law Firm Layoffs,* WALL ST. J. LAW BLOG, Jan. 11, 2008, 7:40 PM, *available at* http://blogs.wsj.com/law/2008/01/11/open-thread-law-firm-layoffs/.

country cut associates.[7] An article in the *Washington Post*, surveying the national landscape in which the number of legal jobs had dropped by 7.8 percent from 2007 to 2010, concluded flatly that "the job market for lawyers is terrible."[8] In 2011, one *New York Times* posting noted "the glut of diplomas, the dearth of jobs."[9] Another *New York Times* article that same year concluded that "[i]n raw numbers, New York has the greatest legal surplus by far" in the United States.[10]

In the marketplace, when demand slackens and supply swells, wages fall. This happened to New York contract lawyers. *Crain's New York Business* reported in 2012 that "[w]hereas $60 to $80 an hour was the pre-recession norm for contract lawyers, current rates have dropped to between $32 and $40, and sometimes as low as $25."[11] Recent *Wall Street Journal* articles confirm that the standard fee for litigator contract lawyers who lacked rare skills ranged from $20 to $40 per hour.[12] Some contract litigators, it is true, can secure higher fees. Those fluent in other languages – especially Asian languages -- can earn from $45 to $70 per hour.[13] And those with two levels of expertise – such as a foreign language plus skills in patent law – make as much as $85 to $100.[14]

In this case, nothing that the plaintiffs have submitted indicates that the case required the plaintiffs lawyers to hire temporary litigators with either special legal expertise, or with rare language skills. Rather, the plaintiffs lawyers state that the contract lawyers reviewed documents that the defendants produced, and helped analyze them for depositions and summary judgment. And one contract lawyer apparently took one or more depositions. No matter the level of skill and experience of the individual contract attorneys, the market simply does not value their services at hundreds of dollars per hour. According to the market, they could demand only a fraction of such inflated fees.

---

[7]      Altman Weil, Inc., *Law Firms in Transition Flash Survey 2010*, June 22, 2010, *available at* http://www.altmanweil.com/index.cfm/fa/r.resource_detail/oid/6ddd4b8a-88a3-44ef-85a1-5a9a7ce501ac/resource/New_Law_Firm_Survey_A_Consensus_on_Change.cfm.

[8]      Lowrey, *supra* note 5.

[9]      Segal, *supra* note 5.

[10]     Rampell, *supra* note 5.

[11]     Fioravante, *supra* note 5.

[12]     Jennifer Smith, *Wanted: Temp Attorneys With Foreign-Language Skills*, WALL ST. J., July 23, 2012, *available at* http://online.wsj.com/article/SB10000872396390443295404577543223388869162.html; O'Connell, *supra* note 4 (graphic in article pegging standard rate at a lower maximum, of $30 per hour.).

[13]     Smith, *supra* note 13.

[14]     *Id.*

By in-house counsel, for in-house counsel.®

### IV.    The Second Circuit Requires Courts To "Disciplin[e] The Market" As If They Were "Thrifty" Clients.

The plaintiffs lawyers here seek extravagant fees, but in determining fee awards, the Second Circuit calls for the opposite. A district court "bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hills Concerned Cits. Neigh. Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008), *clarified on other grounds* in *Simmons v. New York City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009). Courts should not approve fees that are "too high for a thrifty, hypothetical client," *Arbor Hills*, 522 F.3d at 185, or beyond "what a reasonable, paying client would be willing to pay," *id.* at 184. The Second Circuit confirmed its approach in *Simmons*, stating that the proper approach to setting court-award fees "promotes cost-consciousness" and "increases the probability that attorneys will receive no more than the relevant market would normally permit." *Simmons*, 575 F.3d at 176.

Even authority cited by the plaintiffs lawyers here makes this point. *In re AOL Time Warner Shareholder Deriv. Lit.*, Case. No. 02 Civ. 6302 (CM), 2010 WL 363113, at *19 (S.D.N.Y. Feb. 1, 2010) relies explicitly on *Arbor Hills* and *Simmons*, and states a "sophisticated but thrifty client would not unquestioningly accept an hourly rate dictated by the law firm, especially where other firms were competing for the work." (*See* Plaintiffs' Reply Mem., Doc. No. 195 (Jan. 18, 2013), at 15-16).

Indeed, it is a bedrock principle of judicial fee awards that courts can approve only fees that match the local market for legal services. The Supreme Court has made this clear in a different statutory setting. *See Missouri v. Jenkins*, 491 U.S. 274, 286 (1989) (reasonable attorneys fees are those "in line with those rates prevailing in the community for similar services") (internal punctuation omitted) *quoting Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *see also Hensley v. Eckerhart*, 461 U.S. 424 (1983) (also quoted by *Missouri*). So have the New York Rules of Professional Conduct, which state at Rule 1.5 that a "lawyer shall not . . . charge, or collect an excessive . . . fee or expense," and must look to "the fee customarily charged in the locality for similar legal services," *id.* at Rule 1.5(a)(3). The *Restatement (Third) of the Law Governing Lawyers* (2000) makes the same point, at Section 34.

The American Bar Association has repeated the same directive in multiple authorities. *See ABA Mod. Rules Prof. Cond.* 1.5 (7th ed. 2011) ("[a] lawyer shall not . . . charge, or collect an unreasonable fee"), R. 1.5(a)(3) (using same language as New York's rule); ABA Formal Ethics Op. 00-420 (Nov. 29, 2000) (allowing a "surcharge" for contract attorneys "*if* the total charge represents a reasonable fee for services provided to the client) (emphasis added); ABA Formal Ethics Op. 08-451 (Aug. 5, 2008) ("[t]he fees charged must be reasonable and otherwise in compliance with [ABA Model] Rule 1.5").

So, these legal authorities permit law firms to charge a surplus on contract attorneys as profit. But those rules make clear that the profits must be reasonable and must track the market. Where the paying party has no opportunity to negotiate fees in advance – as is

the case here – courts must step in after the fact to approximate what a "thrifty" client would have bargained for. No thrifty client would agree to the swollen rates the plaintiffs lawyers have submitted here.

## VI.    Conclusion

The law limits courts to awarding only reasonable fees, using the market for legal services as the mandated benchmark. Today, the market for contract attorneys in New York is saturated. Absent rare skills that a case demands – such as fluency in a Asian language, or experience in patent law – contract attorneys in New York earn modest hourly fees. Additionally, clients today refuse to pay high rates for contract lawyers, and specifically refuse to tolerate law firms rates that lard profits onto their contract lawyers' fees.

Here, the plaintiffs' fee request ignores these marketplace realities. Maybe the plaintiffs attorneys paid their contract lawyers far more than the market demanded. Or maybe they padded the actual rates with the sort of unjustifiable profit margins that paying clients would refuse. Either way, there is no basis in the law or in the market to justify the fee request for contract lawyers.

Therefore, ACC requests that this court re-calculate the fees for contract attorneys at the drastically lower level that the market would support. That way, they might approximate what a paying client could actually negotiate.

Sincerely yours,

Amar D. Sarwal
Vice President and Chief Legal Strategist
sarwal@acc.com

Evan P. Schultz
Senior Counsel and Director of Advocacy

cc:
– James Stuart Notis (jnotis@gardylaw.com)
– Andrew J. Entwistle (aentwistle@entwistle-law.com, mgayle@entwistle-law.com)
– Mark C. Rifkin (rifkin@whafh.com)
– Susanna Michele Buergel (sbuergel@paulweiss.com)
– Jeffrey Craig Block (jeff@blockesq.com, jason@blockesq.com)
– Michael Jameson Pucillo (mpucillo@bermanesq.com, jputnam@bermanesq.com)
– Richard A. Rosen (rrosen@paulweiss.com)
– Anne Faith O'Berry (aoberry@bermanesq.com, clesnick@bermanesq.com,
      eavila@bermanesq.com)

- Samuel Howard Rudman (srudman@rgrdlaw.com, e_file_ny@rgrdlaw.com, e_file_sd@rgrdlaw.com, mblasy@rgrdlaw.com)
- Ira M. Press (ipress@kmllp.com, amcneela@kmllp.com, plinden@kmllp.com)
- Peter S. Linden (plinden@kmllp.com, aking@kmllp.com, mstrauss@kmllp.com)
- Joseph Harry Weiss (jweiss@weisslawllp.com, infony@weisslawllp.com)
- Gerald H. Silk (jerry@blbglaw.com, ellen@blbglaw.com, errol.hall@blbglaw.com, garyw@blbglaw.com)
- Matthew Moylan Guiney (guiney@whafh.com)
- Lawrence B. Pedowitz (lbpedowitz@wlrk.com, CAlert@wlrk.com)
- Jane Baek O'Brien (jobrien@paulweiss.com)
- Dustin Peter Mansoor (dmansoor@law.nyc.gov, ECF@law.nyc.gov, dustin.mansoor@gmail.com)
- Steve A. Miller, P.C. Profit Sharing Plan (sampc01@gmail.com)
- Theodore H. Frank (tedfrank@gmail.com)