## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM<br><br><br>Judge Denise Page Hood<br>Magistrate Judge Mona K. Majzoub |

## CLASS COUNSEL'S EMERGENCY MOTION FOR SHOW CAUSE ORDER RELATING TO SANCTIONABLE CONDUCT

Class Counsel file this Emergency Motion for an Order for Objector Christopher Andrews to Show Cause why he should not be sanctioned for attempting, through threats of harm to Class Counsel, to interfere with the Court's proceedings and the judicial process.  In support, Class Counsel state as follows:

1.     Class Counsel are compelled to bring a serious threat against them to the Court's immediate attention.

2.     Since the final approval hearing held in this case on November 12, 2014, Class Counsel have continued to receive a barrage of harassing emails from Objector Christopher Andrews.  Class Counsel have not brought these matters before the Court previously because they may not, until now, have risen to the level of sanctionable conduct requiring any immediate action, and Lead Counsel

1

did not wish to burden the Court with further materials that had little bearing on the pending motion for settlement approval.[1]

3.      Now, however, on January 8, 2015, Lead Counsel received an email from Mr. Andrews (attached as Exhibit 1), copied in full below:

> **From:** caaloa <caaloa@gmail.com>
> **Date:** January 8, 2015 at 8:40:12 AM EST
> **To:** Dan Gustafson <DGustafson@gustafsongluek.com>, <dhedlund@gustafsongluek.com>, Daniel Small <dsmall@cohenmilstein.com>, "E. Powell Miller" <epm@millerlawpc.com>, <isquith@whafh.com>, caaloa <caaloa@gmail.com>
> **Subject: Monday January 8, 2014 deadline**
>
> Dear Class Counsel,
>        In the event you are unaware of it the longer this drags on the worse it gets. You are to withdraw the two documents by 5:00 pm Monday and have a check ready for me to pick up or be delivered by Tuesday 5:00 pm regardless of how the Court rules. If not it will get much worse when I take further actions starting on Wednesday. If you did nothing wrong in the past you have nothing to fear. On the other hand........
> Chris Andrews

4.      Mr. Andrews' conduct is inappropriate and seeks to interfere with the Court's proceedings and to obstruct justice by, among other things, demanding that counsel withdraw legitimate and properly-filed pleadings and pay him an undisclosed sum of money – **regardless of whether this Court determines that he is entitled to anything**.  He is no longer asking to compromise his objection.

---

[1]   Plaintiffs will file their opposition to Mr. Andrews' baseless sanctions motion in due course.  Their opposition will include as exhibits many of Mr. Andrews' other harassing emails.

2

He is now demanding money by January 12 (three days from now) and withdrawal of pleadings by January 13 (four days from now) – **regardless of the Court's view** – purely based on a threat of harm to counsel (with the harm to begin on January 14).

5.      In addition to being criminal extortion, his conduct is an attempt to interfere with the Court's authority and to disrupt the judicial process.   Mr. Andrews seeks to avoid having the Court consider certain information that has been filed by insisting that the documents containing this information be withdrawn.   This is no different than intimidating a witness not to testify in a proceeding.

6.      Moreover, Mr. Andrews has demanded payment of a ransom.  Unless and until the Court determines Mr. Andrews is entitled to receive any money, as a sanction or otherwise, he is not entitled to any money in connection with this case. Demanding payment on threat of injury, with no legitimate claim of right to the payment, is the definition of extortion.  *See United States v. Jackson*, 180 F.3d 55, 70-71 (2d Cir. 1999) ("We … view as inherently wrongful the type of threat to reputation that has no nexus to a claim of right.")

7.      Such payment cannot be made without obtaining court permission. Mr. Andrews again threatens that if counsel does not comply with his demands, he

3

will begin to take certain undisclosed vindictive and punitive measures against the lawyers representing the class.

WHEREFORE, Class Counsel request that the Court enter an Order requiring Mr. Andrews to explain his conduct and show cause to why he should not be sanctioned.

Dated: January 9, 2015                                Respectfully submitted,


                                                      /s/ Theodore B. Bell_____
                                                      Theodore B. Bell (P47987)
                                                      **WOLF HALDENSTEIN ADLER**
                                                      **FREEMAN & HERZ LLC**
                                                      55 West Monroe Street, Suite 1111
                                                      Chicago, IL 60603
                                                      (312) 984-0000
                                                      tbell@whafh.com

                                                      Daniel E. Gustafson
                                                      Daniel C. Hedlund
                                                      **GUSTAFSON GLUEK PLLC**
                                                      Canadian Pacific Plaza
                                                      120 South Sixth Street, Suite 2600
                                                      Minneapolis, MN 55402
                                                      Tel: (612) 333-8844
                                                      dgustafson@gustafsongluek.com
                                                      dhedlund@gustafsongluek.com

                                                      Daniel A. Small
                                                      Brent W. Johnson
                                                      **COHEN MILSTEIN SELLERS**
                                                      **& TOLL PLLC**
                                                      1100 New York Ave. NW
                                                      Suite 500, West Tower
                                                      Washington, DC 20005
                                                      Tel:  (202) 408-4600

4

bjohnson@cohenmilstein.com
dsmall@cohenmilstein.com

E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
epm@millerlawpc.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York 10016
(212) 545-4690
isquith@whafh.com

*Class Counsel*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48307
Tel: (248) 971-2500)
dfink@finakandassociateslaw.com

*Interim Liaison Counsel*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM<br><br><br>Judge Denise Page Hood<br>Magistrate Judge Mona K. Majzoub |

**BRIEF IN SUPPORT OF CLASS COUNSEL'S EMERGENCY MOTION FOR SHOW CAUSE ORDER RELATING TO <u>SANCTIONABLE CONDUCT</u>**

## STATEMENT OF ISSUES PRESENTED

1.    Whether the Court should issue an Order to Show Cause against Objector Chris Andrews as a result of his attempts to interfere with the Court's process and threats made toward Lead Counsel?

Plaintiffs' answer: **yes**.

Class Counsel submit that the conduct of Christopher Andrews is sanctionable, and given the deadline imposed by Mr. Andrews in his email for Class Counsel to meet his demands, it is imperative that the Court act expeditiously to prevent the threatened harm.  Federal courts have broad sanctions power, which exists for the "preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts." *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987).  The federal courts' inherent power to protect the orderly administration of justice and to maintain the authority and dignity of the court extends to a full range of litigation abuses. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991); *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 298 (6th Cir. 2001).  A court may use this inherent power to sanction a party who "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Strag v. Board of Trustees, Craven Community College*, 55 F.3d 943, 955 (4th Cir.1995).

The Sixth Circuit has affirmed the imposition of sanctions under the district court's inherent authority where the district court did not expressly consider particular rules of civil procedure. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188, 1997 WL 280188, at \*5–6 (6th Cir. 1997).  Further, the Sixth Circuit has held:

> In our view, Chambers should be read broadly to permit the district court to resort to its inherent authority to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes.

> While a district court should ordinarily consider whether "the conduct could also be sanctioned under the statute or the Rules," Chambers, 501 U.S. at 50, 111 S.Ct. 2123, there is nothing in Chambers that explicitly requires a court to determine whether "the conduct at issue is covered by one of the other sanctioning mechanisms." Id. We are reluctant to impose a wooden requirement where the district court needs the discretion and flexibility to exercise its inherent authority to address various impermissible litigation practices as identified in this Circuit and other Circuits.

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513

(6th Cir. 2002) (footnotes omitted).

Here, Mr. Andrews has engaged in criminal conduct. Through extortion, he is attempting to interfere with the Court's authority and proceedings by demanding that legitimate, properly-filed pleadings be withdrawn, and that he be paid an undisclosed sum of money – regardless of what this Court rules. He seeks to extract the concessions he wants through threats, not through the judicial process. This is sanctionable conduct.

WHEREFORE, Class Counsel request that the Court enter an order requiring Mr. Andrews to appear and explain his conduct and show cause why he should not be sanctioned.

Dated: January 9, 2015                    Respectfully submitted,

<div style="margin-left:40%">

*/s/ Theodore B. Bell*_____
Theodore B. Bell (P47987)
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, IL 60603

</div>

3

(312) 984-0000
tbell@whafh.com

Daniel E. Gustafson
Daniel C. Hedlund
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Daniel A. Small
Brent W. Johnson
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Ave. NW
Suite 500, West Tower
Washington, DC 20005
Tel:  (202) 408-4600
bjohnson@cohenmilstein.com
dsmall@cohenmilstein.com

E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Tel: (248) 841-2200
epm@millerlawpc.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York 10016
(212) 545-4690
isquith@whafh.com

*Class Counsel*

4

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48307
Tel: (248) 971-2500)
dfink@finakandassociateslaw.com

*Interim Liaison Counsel*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

I also certify that I will serve copies via First Class U.S. Mail upon:

Christopher Andrews
P.O. Box 530394
Livonia, MI 48152-0394

Nicholas and Coralin Davelaar
405 Turrentine Way
Russellville, AR 72801

Ronald D. Diebel
19177 Cheshire Street
Detroit, MI 48236

John M. Kunitzer
4328 Lakecress Drive East
Saginaw, MI 48603

Scott Mancinelli
P.O. Box 3266
Holland, MI 49422-3266

Cynthia S. Rock
18357 Levan Rd.
Livonia, MI 48152

David VanDaele
9812 Ferder Road
Maybee, MI 49815

*/s/ Theodore B. Bell*_____
Theodore B. Bell

6