UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE SHANE GROUP, INC., et al.,

    Plaintiffs,

v.

BLUE CROSS BLUE SHIELD OF MICHIGAN,

    Defendant.
_____/

Case No. 10-CV-14360
(Class Action Matter)
HON. DENISE PAGE HOOD

## ORDER DENYING MOTION TO INTERVENE

**I.    BACKGROUND:**

This matter is on remand from the Sixth Circuit Court of Appeals. *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* Nos. 15-1544, 15-1551, 15-1552, \_\_\_ F.3d \_\_\_, 2016 WL 3163073 (6th Cir. June 7, 2016). The Sixth Circuit ordered that on remand, this Court "must begin the Rule 23(e) process anew." 2016 WL 3163073 at *8. The Sixth Circuit vacated the Court's approval of the settlement and its orders sealing documents in the court record. *Id.*

On June 22, 2012, a Consolidated Class Action Amended Complaint was filed against Defendant Blue Cross Blue Shield of Michigan ("Blue Cross") alleging: Unlawful Agreement in Violation of § 1 of the Sherman Act under the Rule of Reason (Count I); Unlawful Agreements in Violation of Section 2 of the Michigan Antitrust

Reform Act, M.C.L. § 445.772 (Count II). (Doc. No. 78) The class action seeks to recover overcharges paid by purchasers of Hospital Healthcare Services directly to hospitals in Michigan that resulted from the anticompetitive acts of Blue Cross. (Am. Comp., ¶ 1) Blue Cross is a Michigan nonprofit healthcare corporation headquartered in Detroit, Michigan. (Am. Comp., ¶ 18) Blue Cross provides, directly and through its subsidiaries, health insurance and administrative services, including preferred provider organization ("PPO") health insurance products and health maintenance organization ("HMO") health insurance products. (Am. Comp., ¶ 18)

On remand, 26 individual class action plaintiffs (ADAC Automotive et al. represented by the Varnum law firm referred to by the Sixth Circuit as the "Varnum Group") has once again filed a Motion to Intervene in the Class Action. Responses opposing the motion have been filed by the Named Class Action Plaintiffs and Blue Cross. The Varnum Group filed a reply to the responses.

## II. Motion to Intervene filed by Individual Class Members represented by the Varnum Firm (Doc. No. 236, 7/13/16)

### A. Background/Parties' Arguments

The Varnum Group seeks to intervene in order to participate in scheduling dates, participate in all future motions and hearings, be included in all future settlement negotiations and be heard on the Court's process for preliminary approval

of any revised settlement, including the opportunity to object to any preliminary approval motion of the settlement before any notice of a revised settlement is provided to class members, and before the final fairness hearing on the proposed settlement.

Blue Cross and the Named Class Action Plaintiffs oppose the motion. Blue Cross argues that decisions from this district overwhelmingly reject attempts to intervene at the class settlement stage because Rule 23 of the Rules of Civil Procedure protects proposed intervenors' rights through the objection and opt-out process and any intervention in the settlement process is prejudicial to the parties and the class. Blue Cross asserts that the Sixth Circuit's decision ordered that the settlement approval process under Rule 23(e) be restarted. Blue Cross claims that the Sixth Circuit "took pains to point out" that it did not find the settlement unfair or class counsel inadequate. Blue Cross argues that the Sixth Circuit vacated the Court's orders sealing the documents so that the class members seeking to review the proposed settlement are able to determine whether to object to or opt-out of the settlement under Rule 23(e). Blue Cross states that the Varnum Group misreads the Sixth Circuit's opinion as granting them with "specialized standing as hybrid counsel" with the ability to negotiate the classwide settlement while representing only themselves. Blue Cross argues the Sixth Circuit's opinion does not support the Varnum Group's request to participate in the settlement negotiations. Blue Cross

3

further argues that the Sixth Circuit did not overturn the Court's decision denying the Motion to Intervene, nor gave any instruction to allow the Varnum Group to intervene during the settlement negotiation process. Blue Cross claims that the Sixth Circuit treated the Varnum Group like all other absent class members in that they have the same right to view materials in the court record.

The Named Class Action Plaintiffs agree with Blue Cross' arguments and raised three additional arguments in opposing the Motion to Intervene. The Named Class Action Plaintiffs first argue that under Rule 23(g)(4), Class Counsel's obligation is to represent the Class as a whole and must act in the Class' best interests even if an individual class member prefers a different settlement or strategy. Class Counsel cannot separately represent the objecting class member's interest. As it stands now, the Named Class Action Plaintiffs argue that the Varnum firm's professional responsibility is to its 26 individual clients and the Varnum Group clearly seeks to raise their own interests only during the settlement negotiations. The Named Class Action Plaintiffs argue that because of this potential conflict and even "real" conflict in light of the Varnum Group's previous objections to the settlement, the Varnum firm cannot represent both its individual clients and the Class.

The Named Class Action Plaintiffs' second argument is that the Varnum Firm cannot represent its separate proposed class members without being appointed class

counsel under Rule 23(g). The Named Class Action Plaintiffs argue that there are four qualified Class Counsel firms appointed by the Court and that the Varnum Group has not argued that these firms are not qualified to represent the Class.

The Named Class Action Plaintiffs' third argument is that the Varnum Group is not required to intervene based on the issue of sealing court records, in light of the Sixth Circuit's opinion that they are allowed, like any absent class member, to review the record in order to determine whether to object to or opt out of the settlement.

### B. Law of the Case Doctrine

"Generally, the law of the case doctrine bars challenges to a decision made at a previous stage of the litigation which could have been challenged in a prior appeal, but were not." *United States v. Gibbs,* 626 F.3d 344, 351 (6th Cir. 2010). Rule 28(a) of the Federal Rule of Appellate Procedure requires an appellant's brief include "a statement of the issues presented for review." Fed. R. App. 28(a). The Sixth Circuit normally declines to consider issues not raised in the appellant's opening briefs. *Priddy v. Edelman,* 883 F.3d 438, 446 (6th Cir. 1989).

The Varnum Group did not raise the Motion to Intervene Order in its opening brief on appeal. In addition, this Court's reading of the Sixth Circuit's Opinion does not show that the Sixth Circuit reversed this Court's Order and specific findings in denying the Varnum Groups' previous Motion to Intervene. This Court made specific

5

findings under Rule 24 when addressing the Varnum Group's previous Motion to Intervene under Rule 24. There is no discussion of Rule 24 governing motions to intervene in the Sixth Circuit's Opinion.

The only reference the Sixth Circuit made as to the Varnum Group's previous request to unseal the documents did not address the Rule 24 requirements and was not in the context of an intervention motion under Rule 24. The Sixth Circuit, in addressing Blue Cross' argument that the attempt to unseal the court records was "untimely," noted that "there is an obvious difference (so obvious that one wonders how a party could overlook it) between limiting the right of class members to take new discovery after settlement, and denying them the right to view materials already in the court record. The latter is *all* that the Varnum Group sought here." *Shane Group,* 2016 WL 3163073 at \*5 (italics added). Because the Varnum Group previously did not seek to intervene in the discovery phase or settlement negotiations when the Motion to Intervene was before the Court, or on appeal, the Varnum Group, on remand cannot seek to expand its request to intervene. The Sixth Circuit clearly held that the Varnum Group, along with the unnamed and absent class members, had the right to review any records submitted by the parties in support of any class action settlement proposal. The Varnum Group received the relief it requested before this Court and on appeal to unseal the documents for review. The Sixth Circuit did not

6

remand the matter for the Court to reconsider its previous Order denying the Varnum Group's request to intervene under Rule 24. The Sixth Circuit remanded the matter for the Court to unseal the documents already filed by the parties related to the settlement proposal under Rule 23(e), subject to the rights of the parties and third parties to make the showings necessary to seal. The Court denies the Varnum Group's renewed and expanded Motion to Intervene based on the law of the case doctrine.

### C. Limited Remand

"Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *United States v. Campbell,* 168 F.3d 263, 265 (6th Cir. 1999). The Sixth Circuit specifically stated, "[t]he district court must begin the Rule 23(e) process anew. We vacate the district court's approval of the settlement, vacate all of its orders sealing documents in the court record, and remand for further proceedings consistent with this opinion." *Id.* The Sixth Circuit's Opinion addressed the unsealing of court records, not the Varnum Group's right to intervene under Rule 24 and beyond the Rule 23(e) objection process. Rule 23(e) provides:

### Rule 23. Class Actions

\* \* \*

**(e)    Settlement, Voluntary Dismissal, or Compromise.**

7

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

The Sixth Circuit did not indicate that on remand the parties had to "renegotiate" the settlement or to conduct further discovery to present a new

settlement proposal. Rule 23(e), as noted above, applies to a proposed settlement, which the parties in this case previously submitted to the Court and will resubmit the same substantive proposed settlement, after the sealing of the documents issue is resolved. In addition to unsealing the court records, the Sixth Circuit noted, as a "guide" to the proceedings on remand, four areas this Court should consider in the specific *Rule 23(e)* process. *Id.* at \*6 (italics added). First, the Court must properly conduct an examination of the fairness of the settlement under Rule 23(e)(2). *Id.* at \*7. Second, the Court should properly review the fee rates charged by class counsel and various administrative personnel, explain the reasons why such fees should be paid by the unnamed class members, and allow Class Counsel to properly document the fees requested. *Id.* at \*7-\*8, Third, review the incentive awards to the named plaintiffs, including allowing Class Counsel to provide documentation to the time each recipient of the incentive award spent on the case to ensure the award is not a "bounty." *Id.* at \*8. Finally, the Court should respond to the Varnum Group's objections that the claims process is unduly burdensome, along with other objections presented to the Court. *Id.*

It is this Court's reading of the Sixth Circuit's Opinion that on remand, no further discovery or settlement negotiations by the parties are required. The Sixth Circuit vacated the Court's Order sealing the documents already filed to allow all

9

unnamed class members to review the documents relating to the settlement "subject to the rights of the parties and third parties to make the showings necessary to seal" where the party must show the right to seal "on a document-by-document, line-by-line basis". *Id.* at *6.

The Sixth Circuit provided a "guide" to the Court to proceed with the matter under Rule 23(e), in light of the Named Class Action Plaintiffs' and Blue Cross' proposed settlement of the class action. The Court need not proceed with the matter outside the parameters set forth by the Sixth Circuit. The Sixth Circuit expressly stated that the Court "must begin the Rule 23(e) anew." The matter on remand begins at the Rule 23(e) stage; the Named Class Action Plaintiffs and Blue Cross having previously submitted a proposed settlement of the class action and have now indicated they will submit such shortly. The Court denies the Varnum Group's Motion to Intervene based on the limited remand issued by the Sixth Circuit.

### D. This Court's Previous Findings

Even if the Court were to consider the Varnum Group's Motion to Intervene, Local Rule 7.1 states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only

> demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). The Court's previous findings are cited below which this Court finds are still applicable to the renewed Motion to Intervene since the Sixth Circuit did not rule to the contrary (other than the sealed documents issue):

> **B.     Intervention as of Right, Fed. R. Civ. P. 24(a)**
>
> Intervention as of right is governed by Rule 24(a) of the Federal Rules of Civil Procedure which allows a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequate represent that interest." Fed. R. Civ. P. 24(a)(2). An applicant must show: 1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). Each of these

elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule. *Id.* The court must consider timeliness in the first instance. *Id.* at 284 (The "court where the action is pending must *first* be satisfied as to timeliness" under Rule 24.) (quoting *NAACP v. New York*, 413 U.S. 345, 365 (1973)).

In determining timeliness, five factors must be considered: 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention. *Blount-Hill*, 636 F.3d at 248 (quoting *Jansen v. Cincinnati,* 940 F.2d 336, 340 (6th Cir. 1990)).

Applying the first factor–the point to which the suit has progressed–the instant action was filed on October 29, 2010, four years ago. The related case filed by the United States was filed against Blue Cross was filed on October 18, 2010 and jointly dismissed on March 28, 2013. The Twenty-Six Class Action Members filed the instant motion on October 20, 2014. Over the four years this case and other related cases were before the Court, the cases have been vigorously litigated and extensive discovery have been conducted. In this class action lawsuit, motions to dismiss and other motions were filed. During the litigation, the parties in this case entered into settlement negotiations. On June 23, 2014, the parties filed a Motion for Order for Preliminary Approval of Settlement. The parties held a hearing on the matter, granting the motion in a June 26, 2014 Order. (Doc. No. 151) When the Twenty-Six Class action Members filed the instant Motion to Intervene in October 2014, the suit had progressed to resolution, only

12

awaiting a hearing on the fairness of the settlement and the motion for final approval of the settlement scheduled on November 12, 2014, about three weeks from when the instant motion was filed. Notices have been filed to class action members and the Twenty-Six Class Action Members themselves had filed their Objections to the settlement. This factor does not weigh in the Twenty-Six Class Action Members' favor since the motion was filed four years after the instant case was filed and when a resolution between the parties have been reached.

The second factor–the purpose of the intervention–is to review motions and documents filed sealed in this case. The Twenty-Six Class action Members claim they requires these documents in order to value their claims and to determine whether the settlement is fair. While objectors are entitled to meaningful participation in the settlement process, they are not automatically entitled to discovery or to question and debate every provision of the proposed settlement. *In re Gen. Tire & Rubber Co. Sec. Litig.,* 726 F.2d 1075, 1084 (6th Cir. 1984); *Bailey v. White,* 320 Fed. Appx. 364, 366 (6th Cir. 2009). These objectors should know their own interests, as opposed to the interest of others and so evaluating their interests need not require the review of documents submitted by others to the Court and amongst the parties of the instant suit. The Sixth Circuit has noted that the purpose for intervening in order to investigate and evaluate the proposed settlement, was satisfied by the opportunity to participate in the fairness hearing. *Bailey*, 320 Fed. Appx. at 366. This factor does not weigh in favor of the Twenty-Six Class Action Members since the Sixth Circuit has held that the members are able to participate in the fairness hearing.

As to the third factor, the length of time the proposed intervenors knew of their interest in the case, the Court finds they should have known of their interest when the

13

United States filed its lawsuit against Blue Cross back in 2010, and then when the instant suit, followed by the related suits were filed in this District. The related lawsuits were well-publicized at that time and since the filing of the suits in the general media and the insurance and medical communities. This Court notes that many of the moving parties have lawsuits in this District against Blue Cross regarding its handling of their insurance contracts on other issues. The length of time the proposed intervenors should have known their interest in the case factor does not weigh in their favor.

Regarding the fourth factor–the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case–also weighs against the Twenty-Six Class Action Members. As addressed in the third factor above, the proposed intervenors should have known of their interests back in 2010. Their failure to promptly intervene back then and only after the parties in the instant suit have reached a resolution, clearly prejudices those parties. The parties have conducted extensive discovery and have vigorously litigated this case. The proposed intervenors now seek documents which are filed under seal but contain sensitive information regarding the parties' interests and private information regarding the parties' insurance and medical information. In addition, many hospitals participated in this litigation, and such information regarding patients may be contained in these documents. This factor weighs against the Twenty-Six Class Action Members and heavily weighs in favor of the original parties who have vigorously litigated this action.

The fifth factor–the existence of unusual circumstances militating against or in favor of intervention–the proposed intervenors, other than noting there are no unusual circumstances militating against

14

intervention, do not identify any unusual circumstances why the Court should allow intervention. The parties argue there are unusual circumstances militate against intervention. They claim that the Settlement involve millions of Settlement Class Members, many of which are large and sophisticated entities. This factor weighs against the Twenty-Six Class Action Members since there are unusual circumstances where millions of class members are involved and where documents the proposed intervenors seek to review may contain highly sensitive business, personal, medical and insurance information which may not be present in other class action lawsuits.

Weighing the factors required for the Court to determine whether the Motion to Intervene is timely, the Court finds that the motion was not timely filed. Having considered the timeliness issue in the first instance and since this element is mandatory, the Motion to Intervene, even for the limited purpose of unsealing and reviewing documents filed by the parties, must be denied. *Blount-Hill,* 636 F.3d at 283.

## C. Permissive Intervention, Fed. R. Civ. P. 24(b)

Rule 24(b) provides that, "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Sixth Circuit in *Blount-Hill* held that because the proposed intervenors' motion was untimely in its analysis under mandatory intervention, the motion for permissive intervention was also untimely. *Id.* at 287. For the same reasons above, since the motion for mandatory intervention is untimely, the motion under the permissive intervention rule is also untimely. As in *Bailey*, the Twenty-Six Class Action Members have participated in this case by filing their Objections to the class action settlement. They have

15

> a voice as objectors in this case. The Motion to Intervene
> under the permissive intervention rule is denied.

(Order, Doc. No. 213, Pg ID 6972-6979)

The Varnum Group has not shown that this Court's previous findings under Rule 24 was in error and should be reconsidered, other than the sealing of the documents issue, which does not require intervention under Rule 24. As noted by the Sixth Circuit, "*all* the Varnum Group sought here" was to view the materials already in the court record. 2016 WL 3163073 at *5. The Varnum Group is rehashing the same arguments and raising new arguments which were not raised in the previous Motion to Intervene. The Court denies any reconsideration of its previous order denying the Varnum Group's Motion to Intervene under Rule 24.

In light of the Court's ruling above, the Varnum Group's request to participate in the sealing/unsealing documents process and in the Motion for Preliminary Approval process is also denied. The Varnum Group has not shown that their rights, along with other absent class members, are not sufficiently protected during the final approval and fairness hearing process as outlined in the Sixth Circuit's Opinion.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Intervene **(Doc. No. 236)** filed by ADAC

Automotive, et al. is DENIED.

                                              S/Denise Page Hood
                                              Denise Page Hood
                                              Chief Judge, United States District Court

Dated: August 25, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 25, 2016, by electronic and/or ordinary mail.

                                              S/LaShawn R. Saulsberry
                                              Case Manager