EXHIBIT A



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Advantage Benefits
c/o Michael J. Cutlip
Advantage Benefits Group
89 Monroe Center
Grand Rapids, Michigan 49503
mcutlip@advantageben.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Cutlip:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Advantage Benefits will become public unless Advantage Benefits takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Advantage Benefits files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 36, 38, 43, 47, 49, 166, 177, 224
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue—not all of the information produced by Advantage Benefits.

Please contact us AS SOON AS POSSIBLE to advise us what information Advantage Benefits may seek to keep under seal and what information Advantage Benefits has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Advantage Benefits has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Advantage Benefits' burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Advantage Benefits moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Aetna, Inc.
c/o Joshua Lipton
Gibson, Dunn & Crutcher, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Jlipton@gibsondunn.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Lipton:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Aetna will become public unless Aetna takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Aetna files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> AETNA-00071584
> AETNA-00575835
> AE-0003311
> Sibley Expert Report at 67, 79-80
> Leitzinger Expert Report at 17, 22, 29, 44
> Vellturo Expert Report
> Lantzy-Talpos, Deborah 2012.11.13 Deposition at 53-60
> Winters, Michael 2012.10.09 Deposition at 45-48
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 8, 9, 12, 22, 23
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 22 (Cofinity)
>
> *Confidentiality Designations*
>
> Andreshak, Michael 2012.10.29 Deposition at 160-161, 194-97, 206-09
> Felbinger, Richard 2012.08.29 (Ascension) Deposition at 146, 231-232, 235-237
> Felbinger, Richard 2012.08.29 (Ascension) Plaintiff Exhibit 13 - AH-000036
> Gronda, Mark (Covenant) 2012.12.13 Deposition at 147-150, 192 Rough Draft: 120, 157-160
> Hughes, Helen (Bronson) 2012.08.21 Deposition at 29, 59-61, 290-297, 304



September 9, 2016
Page 3

      Leach, Steven (Munson) 2012.03.15 Deposition at 162, 297-302
      Longbrake, Jeffrey (Huron Medical Center) 2012.08.29 Deposition at 50
      Matzick, Kenneth (Beaumont) 2012.11.13 Deposition at 82-89, 162-66
      Marcellino, David (Botsford) 2012.09.06 Deposition at  76, 279-80
      McGuire, Patrick 2012.08.14 (Ascension) Deposition at 186-89, 245-46, 253-55
      Reichle, Paula 2012.08.12 (Sparrow Health System) Deposition at 115, 156-59, 184-85, 203
      Rodgers, Brian (MidMichigan Health) Deposition at  88-89, 145-147, 149 - 151, 166-175, 185-86, 235, 248-49
      Susterich, Timothy 2012.11.20 Deposition at  61-62, 196, 210
      Vitale, Nickolas (Beaumont ) 2012.11.12 Deposition at 66

**Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

AETNA-00226835
AETNA-00072679
Bertolini, Mark 2012.12.03 Indiv. and 30(b)(6) Deposition at 49, 231-32
Sanders, Ross 2012.12.17 Deposition at 216
Spencer, Laura 2012.10.05 Deposition at 204-206, 261
Winters, Michael 2012.10.09 Deposition at 148, 293-95

*Confidentiality Designations*

Andreshak, Michael (BCBSM) 2012.10.29 Deposition at 80, 166-8
Downs, Connie (Pennock) 2012.10.11 Deposition at 107-09, 115
Felbinger, Richard (Ascension) 2012.08.29 Deposition at 231-36
Gronda, Mark  (Covenant) 2012.12.13 Deposition at 147-50
Hughes, Helen (Bronson) 2012.08.21 Deposition at 209, 232
Isenstein, William (Oakwood) 2012.10.25 Deposition at 119
Johnson, Mark (BCBSM) 2012.10.30 Deposition at 197
Johnson, Mark (BCBSM) 2012.10.30 Government Exhibit 17, US-DOJ-018543
Leach, Steven 2012.03.15  Deposition at 297-302
Longbrake, Jeffrey (Huron Medical Center) 2012.08.29 Deposition at 50
McGuire, Patrick (Ascension) 2012.08.14 Deposition at 186-189
Reichle, Paula (Sparrow) 2012.08.12 Deposition at 157-58, 163, 203



September 9, 2016
Page 4

       Rodgers, Brian (MidMichigan) 2012.12.07 Deposition at 151, 172-174, 185-187, 189, 215-216, 250-52

       Sahney, Pramod (Trinity) Deposition at 65-68, 74, 83-85, 100-05, 108, 212-213

       Scoggin, James (Great Laskes Emp. Ben. Srvs)  2012.11.27 Deposition at 76-77

       Smith, David (Kearny Street) 2012.11.09 Deposition at 33

       Susterich (Metro Health) 2012.11.20 Deposition at 61, 210

       Vitale, Nickolas 2012.11.12 Deposition at 66

       Vitale, Nickolas (Beaumont ) 2012.11.12 Deposition Exhibit BLUE CROSS 690, BEAU-DOJ-00002272

       Wilkerson, Scott (PHP) 2012.10.31 Deposition at 294

       Whitbread, Mary Ann (Henry Ford) 2012.11.15 Deposition at 156-57, 159-160

       Wisniewski, Cass (Hurley) 2012.09.14 Deposition at 30-34.

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Aetna.

Please contact us AS SOON AS POSSIBLE to advise us what information Aetna may seek to keep under seal and what information Aetna has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Aetna has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Aetna's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Aetna moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.



September 9, 2016
Page 5

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures


cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Allegan General Hospital
c/o Lawrence P. Burns and Charyn K. Hain
Varnum LLP
333 Bridge Street NW
Grand Rapids, MI 49504**
lpburns@varnumlaw.com   ckhain@varnumlaw.com

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Lawrence P. Burns and Ms. Charyn K. Hain:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).   A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Allegan General Hospital



September 9, 2016
Page 2

will become public unless Allegan General Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Allegan General Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> AGH 06-000614
> AGH 06-000006
> AGH 04-000049
> Leitzinger Report at 24, 28
> Sibley Expert Report at 19-20, 72, 93
> Harning, Richard 2011.11.07 Deposition at 12, 13, 93, 104, 176 – 178, 230, 231
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 4
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 10-11, 19
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 21
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Allegan General Hospital.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information Allegan General Hospital may seek to keep under seal and what information Allegan General Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Allegan General Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Allegan General Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Allegan General Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Alpena County Government
c/o Howard B. Iwrey
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
hiwrey@dykema.com**

**c/o Matthew Dybas
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
mdybas@dykema.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Iwrey and Dybas:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Alpena County Government will become public unless Alpena County Government takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Alpena County Government files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 165, 166
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Alpena County Government.

Please contact us AS SOON AS POSSIBLE to advise us what information Alpena County Government may seek to keep under seal and what information Alpena County Government



September 9, 2016
Page 3

has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Alpena County Government has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Alpena County Government's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Alpena County Government moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Alpena Regional Medical Center
c/o Howard B. Iwrey
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
hiwrey@dykema.com**

**c/o Matthew Dybas
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
mdybas@dykema.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Iwrey and Dybas:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific**



September 9, 2016
Page 2

**information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Alpena Regional Medical Center will become public unless Alpena Regional Medical Center takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Alpena Regional Medical Center files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> ARMC00068
> Sibley Expert Report at 22, 28, 39
> Vellturo Expert Report at 122
> Bjella, Karmon 2011.12.13 Deposition at 198, 199, 203-206, 228-238, 254-265
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12-13
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 5
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 19
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> *Documents Likely to be Filed*
> ARMC00014
> ARMC00068



September 9, 2016
Page 3

>ARMC00074
>Bjella, Karmon 2011.12.13 Deposition at 204, 221-22, 232-35, 261-62

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Alpena Regional Medical Center.

Please contact us AS SOON AS POSSIBLE to advise us what information Alpena Regional Medical Center may seek to keep under seal and what information Alpena Regional Medical Center has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Alpena Regional Medical Center has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Alpena Regional Medical Center's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Alpena Regional Medical Center moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson



September 9, 2016
Page 4


Enclosures

cc:    Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**American Axle and Manufacturing
c/o David E. Barnes
One Dauch Drive
Detroit, Michigan 48211
david.barnes@aam.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. David E. Barnes:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal.**" *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by American Axle and



September 9, 2016
Page 2

Manufacturing will become public unless American Axle and Manufacturing takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless American Axle and Manufacturing files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 40, 44, 47, 65, 66, 70, 145, 146, 215
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced American Axle and Manufacturing.

Please contact us AS SOON AS POSSIBLE to advise us what information American Axle and Manufacturing may seek to keep under seal and what information American Axle and Manufacturing has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that American Axle and Manufacturing has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is American Axle and Manufacturing's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that American Axle and Manufacturing moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Aoun Counseling
c/o Brad M. Tomtishen
Nuyen, Tomtishen and Aoun, P.C
2001 Commonwealth Blvd., Suite 300
Ann Arbor, MI  48105
bmt@ntalaw.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Tomitshen:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections  without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Aoun Counseling will



September 9, 2016
Page 2

become public unless Aoun Counseling takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Aoun Counseling files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> AOUN000407
> [110] BCBSM Opposition to Aoun Motion to Quash at 5
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Aoun Counseling.

Please contact us AS SOON AS POSSIBLE to advise us what information Aoun Counseling may seek to keep under seal and what information Aoun Counseling has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Aoun Counseling has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Aoun Counseling's burden to move to seal any of the documents listed above that it objects to being publically filed.  Any information that Aoun Counseling moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

Ascension Health (Borgess/St. John Providence)
C/o Michael R. Shumaker
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
mrshumaker@jonesday.com

C/o Thomas Demitrack
Jones Day
901 Lakeside Avenue
Cleveland, Ohio 44114
tdemitrack@jonesday.com

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
         In the U.S. District Court for the Eastern District of Michigan,
         Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Shumaker and Demitrack:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Ascension Health (Borgess/St. John Providence) will become public unless Ascension Health (Borgess/St. John Providence) takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Ascension Health (Borgess/St. John Providence) files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> AHSJP-037045
> AH-000443
> AH-000036
> Leitzinger Report at 25-26
> Sibley Expert Report at 18, 28 – 29, 32, 68-71, 74
> Vellturo Expert Report at 18, 20, 29, 43, 44, 48, 76, 84, 107 – 111, 195, 199, 206, 207, 210, 228
> Felbinger, Richard 2012.08.29 Deposition at 30-33, 146-149, 214-217, 230-237, 270-276, 353-355
> Smith, Robert Deposition 2012.11.14 at 159 - 162
> McGuire, Patrick 2012.08.14 Deposition at 62-69, 186 – 190, 213-215, 219 -221, 229 -233, 244 -246, 253 -255
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 11-13



September 9, 2016
Page 3

> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 8, 11-13, 17
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 3-5
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 19-21
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> AHSJP-017024
> ASHLT-0098039
> Felbinger, Richard 2012.08.29 Deposition at 63, 231-36, 318-19
> McGuire, Patrick 2012.08.14 Deposition at 94-97, 184-189, 195, 221-222
> Smith, Robert 2012.11.14 Deposition at 160-161

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Ascension Health (Borgess/St. John Providence).

Please contact us AS SOON AS POSSIBLE to advise us what information Ascension Health (Borgess/St. John Providence) may seek to keep under seal and what information Ascension Health (Borgess/St. John Providence) has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Ascension Health (Borgess/St. John Providence) has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Ascension Health's (Borgess/St. John Providence) burden to move to seal any of the documents listed above that it objects to being publically filed.  Any



September 9, 2016
Page 4

information that Ascension Health (Borgess/St. John Providence) moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson



Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**ASR Health Benefits
c/o Howard B. Iwrey
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
hiwrey@dykema.com**

**c/o Matthew Dybas
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
mdybas@dykema.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Howard B. Iwrey and Matthew Dybas:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by ASR Health Benefits will become public unless ASR Health Benefits takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless ASR Health Benefits files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 168
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue—not all of the information produced ASR Health Benefits.

Please contact us AS SOON AS POSSIBLE to advise us what information ASR Health Benefits may seek to keep under seal and what information ASR Health Benefits has no



September 9, 2016
Page 3

objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that ASR Health Benefits has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is ASR Health Benefits' burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that ASR Health Benefits moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**c/o Ronald J. Torbert
Barton Malow Company
26500 American Drive
Southfield, Michigan 48034**
ron.torbert@bartonmalow.com

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Ronald J. Torbert:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Barton Malow will



September 9, 2016
Page 2

become public unless Barton Malow takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Barton Malow files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 11, 40, 146, 147, 164, 235, 236
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced Barton Malow.

Please contact us AS SOON AS POSSIBLE to advise us what information Barton Malow may seek to keep under seal and what information Barton Malow has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.



September 9, 2016
Page 3

In addition, the Scheduling Order instructs that Barton Malow has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Barton Malow's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Barton Malow moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and**
**UPS Overnight Mail**

**Beaumont**
**c/o Mary E. Derwin**
**Beaumont Health**
**3711 W 13 Mile Rd**
**Royal Oak, MI 48073**
**bderwin@beaumont.edu**

**c/o James J. Giszczak**
**McDonald Hopkins**
**39533 Woodward Avenue, Suite 318**
**Bloomfield Hills, MI 48304**
**jgiszczak@mcdonaldhopkins.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Ms. Derwin and Mr. Giszczak:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Beaumont will become public unless Beaumont takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Beaumont files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> BEAU-DOJ-00002591
> Leitzinger Expert Report at 18, 20, 26, 41-45
> Sibley Expert Report at 18, 20, 29, 58, 59, 67, 74
> Vellturo Expert Report at 134, 148, 176, 191, 207, 215, 216
> Matzick, Kenneth 2012.11.13 Deposition at 30-33, 58-61, 82-89, 140-142, 154-157, 162-168
> Vitale, Nickolas 2012.11.12 Deposition at 64-67
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 11-13
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 7-8, 21
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 3-6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 12-13, 19-20



September 9, 2016
Page 3

    **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

    BEAU-DOJ-00002272
    TOC 3940577
    TOC 3871607
    TOC 3911607
    TOC 3921431
    TOC 3935221
    TOC 3949077
    TOC 3959130
    TOC 3962688
    TOC 3975892
    TOC 4000869
    TOC 4111092
    TOC 4111205
    TOC 4114275
    TOC 3879657
    US-DOJ-018543
    Matzick, Kenneth 2012.11.13 Deposition at 123-124, 141
    Vitale, Nickolas 2012.11.12 Deposition at 32-33, 65-66; 81

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced Beaumont.

Please contact us AS SOON AS POSSIBLE to advise us what information Beaumont may seek to keep under seal and what information Beaumont has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.



September 9, 2016
Page 4


In addition, the Scheduling Order instructs that Beaumont  has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Beaumont's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Beaumont moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson



Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201


TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016


**Via E-Mail and
UPS Overnight Mail**

**Botsford Hospital
c/o Daniel J. Dulworth
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
ddulworth@clarkhill.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Daniel J. Dulworth:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections  without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Botsford Hospital will



September 9, 2016
Page 2

become public unless Botsford Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Beaumont files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 11-13
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 5-6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 19
> Velluro Expert Report 17, 121, 123, 124, 129
> Marcellino, David 2012.09.06 Deposition at 73-85, 110-113, 133-135, 150, 278-281
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Marcellino, David 2012.09.06 Deposition at 76-78

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced Botsford Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Botsford Hospital may seek to keep under seal and what information Botsford Hospital has no objection to being



September 9, 2016
Page 3

unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Botsford Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Botsford Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Botsford Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson



Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Bronson Healthcare
C/o David A. Ettinger
Honigman, Miller, Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Bronson Healthcare will become public unless Bronson Healthcare takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Bronson Healthcare files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

>    **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
>    Sibley Expert Report at 79, 80
>    Hughes, Helen 2012.08.21 Deposition at 26-29, 58-61, 290-297, 304
>    [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 3-4, 22
>    [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
>
>    **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
>    Hughes, Helen 2012.08.21 Deposition at 195-96, 209, 232

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Bronson Healthcare.

Please contact us AS SOON AS POSSIBLE to advise us what information Bronson Healthcare may seek to keep under seal and what information Bronson Healthcare has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Bronson Healthcare has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Bronson Healthcare's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Bronson Healthcare moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:    Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL  202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Brown & Brown
c/o Michael J. Barton
Plunkett Cooney
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, Michigan 48304
mbarton@plunkettcooney.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Barton:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).   A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Brown & Brown will



September 9, 2016
Page 2

become public unless Brown & Brown takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Brown & Brown files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

      **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:

      Vellturo Expert Report at 165

      **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

      None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced Brown & Brown.

Please contact us AS SOON AS POSSIBLE to advise us what information Brown & Brown may seek to keep under seal and what information Brown & Brown has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.



September 9, 2016
Page 3


In addition, the Scheduling Order instructs that Brown & Brown has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Brown & Brown's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Brown & Brown moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,



/s/ Todd M. Stenerson



Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Caro Community Hospital
c/o Howard B. Iwrey
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
hiwrey@dykema.com**

**c/o Matthew M. Dybas
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
mdybas@dykema.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Howard B. Iwrey and Matthew M. Dybas:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Caro Community Hospital will become public unless Caro Community Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Caro Community Hospital files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Sibley Expert Report at 87
> Vellturo Expert Report at 93, 96
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue—not all of the information produced Caro Community Hospital.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information Caro Community Hospital may seek to keep under seal and what information Caro Community Hospital has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Caro Community Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Caro Community Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Caro Community Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson



Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Charlevoix Area Hospital
c/o David A. Ettinger
Honigman, Miller, Schwartz, and Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Charlevoix Area Hospital



September 9, 2016
Page 2

will become public unless Charlevoix Area Hospital takes action and files a motion to seal
NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already
filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and
(2) information that the parties anticipate may be filed as part of the parties' renewed efforts
to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless
Charlevoix Area Hospital files a motion to seal the documents on or before October 25, 2016.
For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding
> to prior papers:
>
> Leitzinger Expert Report at 25
> Sibley Expert Report at 75
> Vellturo Expert Report at 85, 89, 91, 96
> Jackson, William 2012.03.02 Deposition at 78-81, 193
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 20
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and
> Appointment of Class Counsel at 4
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 21
>
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the
> parties' renewed efforts to seek Court approval of a class settlement:
>
> Jackson, William 2012.03.02 Deposition at 48-49, 171-172, 206-208

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their
designation as Confidential Information may not meet the standard for filing under seal and
are subject to the District Court's review. Only these documents and deposition excerpt(s) are
at issue —not all of the information produced Charlevoix Area Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what Charlevoix Area Hospital may
seek to keep under seal and what information Charlevoix Area Hospital has no objection to



September 9, 2016
Page 3

being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Charlevoix Area Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Charlevoix Area Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Charlevoix Area Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**CIGNA
c/o Joseph Bial
 Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC  20006
jbial@paulweiss.com**

**c/o Brian Wallach
Wickersham & Taft LLP
700 Sixth Street, N.W.
 Washington, DC 20001
brian.wallach@cwt.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
         In the U.S. District Court for the Eastern District of Michigan,
         Case Nos. 15-1544/1551/1552

**IMMEDIATE ATTENTION REQUIRED**

Dear Messrs. Joseph Bial and Brian Wallach:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by CIGNA will become public unless CIGNA takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless CIGNA files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

      **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:

      None

      **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

      CIGNA006108
      CIGNA004976
      Tracy, Michele 2012.11.29 Deposition at 59, 109-111; 117-119, 241-244, 246-247

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by CIGNA.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information CIGNA may seek to keep under seal and what information CIGNA has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that CIGNA has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is CIGNA's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that CIGNA moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Community Health Center of Branch County
c/o Timothy C. Gutwald
Miller Johnson
45 Ottawa Ave SW, Suite 1100
Grand Rapids, Michigan 49503
gutwaldt@millerjohnson.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Gutwald:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Community Health Center of Branch County will become public unless Community Health Center of Branch County takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Community Health Center of Branch County files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 199
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue—not all of the information produced by Community Health Center of Branch County.

Please contact us AS SOON AS POSSIBLE to advise us what information Community Health Center of Branch County may seek to keep under seal and what information Community Health Center of Branch County has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Community Health Center of Branch County has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Community Health Center of Branch County's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Community Health Center of Branch County moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Covenant Healthcare
c/o David A. Ettinger
Honigman, Miller, Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**."  *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Covenant Healthcare will become public unless Covenant Healthcare takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Covenant Healthcare files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> 1120
> 1198
> Vellturo Expert Report at 120 , 121, 134, 136, 209
> Gronda, Mark   2012.12.13 Deposition at 51-53, 81-84, 120-122, 138, 146-151, 153-154, 192-194, Rough Draft: 1-5, 118-120, 154-160
> [110] BCBSM Opposition to Aoun Motion to Quash at 14
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12-13
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 19
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> 1120
> Gronda, Mark  2012.12.13 Deposition at 64-66, 92, 138, 147-50, 153-54

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and



September 9, 2016
Page 3

are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Covenant Healthcare.

Please contact us AS SOON AS POSSIBLE to advise us what information Covenant Healthcare may seek to keep under seal and what information Covenant Healthcare has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information  that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Covenant Healthcare has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Covenant Healthcare's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Covenant Healthcare moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Dow Chemical
c/o Nathan P. Eimer & Stephen H. Weil
Eimer Stahl LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
neimer@eimerstahl.com & sweil@eimerstahl.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Eimer and Weil:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Dow Chemical will become public unless Dow Chemical takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Dow Chemical files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 9, 12, 36 – 38, 41, 44, 66, 114 – 117, 119, 227
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue—not all of the information produced by Dow Chemical.

Please contact us AS SOON AS POSSIBLE to advise us what information Dow Chemical may seek to keep under seal and what information Dow Chemical has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Dow Chemical has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Dow Chemical's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Dow Chemical moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Eaton Rapids Medical Center
c/o John M. Sier
Kitch Drutchas Wagner Valitutti & Sherbrook
One Woodward Avenue, Suite 2400
Detroit, Michigan  48226-5485
john.sier@kitch.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Sier:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**."  *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.

ATLANTA   AUSTIN   BANGKOK   BEIJING   BRUSSELS   CHARLOTTE   DALLAS   HOUSTON   LONDON   LOS ANGELES
McLEAN   MIAMI   NEW YORK   NORFOLK   RALEIGH   RICHMOND   SAN FRANCISCO   TOKYO   WASHINGTON
www.hunton.com



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Eaton Rapids Medical Center will become public unless Eaton Rapids Medical Center takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Eaton Rapids Medical Center files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Sibley Expert Report at 86
> Vellturo Expert Report at 96, 133, 166, 177
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Johnson Timothy J. 2012.05.07 Deposition at 21-22, 28-29, 80, 172, 214-216, 220-221, 249-250

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Eaton Rapids Medical Center.

Please contact us AS SOON AS POSSIBLE to advise us what information Eaton Rapids Medical Center may seek to keep under seal and what information Eaton Rapids Medical Center has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Eaton Rapids Medical Center has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Eaton Rapids Medical Center's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Eaton Rapids Medical Center moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:    Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Garden City Hospital
c/o David A. Ettinger
Honigman, Miller, Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, MI  48226**
**dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections  without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**."  *Id.* at 11
(emphasis added).  A copy of that opinion  is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Garden City Hospital will



September 9, 2016
Page 2

become public unless Garden City Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Garden City Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 48, 190, 191
> Jodway, Timothy 2012.09.07 Deposition at 49-52
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 22
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue—not all of the information produced by Garden City Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Garden City Hospital may seek to keep under seal and what information Garden City Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Garden City Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Garden City Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Garden City Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Gerber Memorial Hospital
c/o Brian J. Masternak
Warner, Norcross & Judd LLP
111 Lyon Street, NW
Grand Rapids, MI 49503
bmasternak@wnj.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Masternak:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Gerber Memorial Hospital will become public unless Gerber Memorial Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Gerber Memorial Hospital files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 126-29
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Gerber Memorial Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Gerber Memorial Hospital may seek to keep under seal and what information Gerber Memorial Hospital has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Gerber Memorial Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Gerber Memorial Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Gerber Memorial Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Great Lakes Employee Benefit Services
c/o Jim T. Scoggin
McGraw Wentworth, a Marsh & McLennan Agency LLC Company
3331 W. Big Beaver, Suite 200
Troy, Michigan  48084
jscoggin@mcgrawwentworth.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Scoggin:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Great Lakes Employee Benefit Services will become public unless Great Lakes Employee Benefit Services takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Great Lakes Employee Benefit Services files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 165
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Scoggin, James 2012.11.27 Deposition at 76-80, 82, 98-101

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Great Lakes Employee Benefit Services.

Please contact us AS SOON AS POSSIBLE to advise us what information Great Lakes Employee Benefit Services may seek to keep under seal and what information Great Lakes Employee Benefit Services has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Great Lakes Employee Benefit Services has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Great Lakes Employee Benefit Services' burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Great Lakes Employee Benefit Services moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Harbor Beach Community Hospital
c/o Clifton E. Johnson
Hall, Render, Killian, Heath & Lyman, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
cjohnson@hallrender.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Harbor Beach Community Hospital will become public unless Harbor Beach Community Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Harbor Beach Community Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Sibley Expert Report at 86-87
> Vellturo Expert Report at 93, 96
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Wehner, Jill 2012.01.11 Deposition at 146-148, 184, 186-187

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Harbor Beach Community Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Harbor Beach Community Hospital may seek to keep under seal and what information Harbor Beach Community Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Harbor Beach Community Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Harbor Beach Community Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Harbor Beach Community Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Hayes Green Beach Memorial Hospital
c/o John M. Sier
Kitch Drutchas Wagner Valitutti & Sherbrook
One Woodward Avenue, Suite 2400
Detroit, Michigan  48226
john.sier@kitch.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Sier:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**."  *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Hayes Green Beach Memorial Hospital will become public unless Hayes Green Beach Memorial Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Hayes Green Beach Memorial Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 93, 200
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Hayes Green Beach Memorial Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Hayes Green Beach Memorial Hospital may seek to keep under seal and what information Hayes Green Beach Memorial Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

  - On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Hayes Green Beach Memorial Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Hayes Green Beach Memorial Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Hayes Green Beach Memorial Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Health Alliance Plan
c/o David A. Ettinger
Honigman, Miller, Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].  On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Health Alliance Plan will become public unless Health Alliance Plan takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Health Alliance Plan files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

**Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:

Leitzinger Expert Report at 16, 18, 28, 41-45, 58
Sibley Expert Report at 67, 68
Vellturo Expert Report at 30, 31, 167
Eory, Laura 2012.11.12 Deposition at 177-184
[139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 9, 23
[133] Shane Motion for Class Certification and Appointment of Class Counsel at 22

**Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

HAP-DOJ-002852
HAP-DOJ-001359
HAP-DOJ-001478
HAP-DOJ-001578
HAP-DOJ-002114
HAP-DOJ-002872
HAP-DOJ-002888
HAP-DOJ-002966



September 9, 2016
Page 3

      HAP-DOJ-003072
      HAP-DOJ-003099
      HAP-DOJ-003114
      HAP-DOJ-003296
      HAP-DOJ-004163
      Eory, Laura 2012.11.12  Deposition at 12, 44, 56
      Hall, Mark 2012.11.14  Deposition at 33, 62-63, 161

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Health Alliance Plan.

Please contact us AS SOON AS POSSIBLE to advise us what information Health Alliance Plan may seek to keep under seal and what information Health Alliance Plan has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information  that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Health Alliance Plan has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Health Alliance Plan's burden to move to seal any of the documents listed above that it objects to being publically  filed. Any information  that Health Alliance Plan moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.



September 9, 2016
Page 4

Sincerely,

/s/ Todd M. Stenerson

Todd M. Stenerson

Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**HealthPlus of Michigan
c/o Patricia A. Curylo
HealthPlus of Michigan
2050 South Linden Road
Flint, Michigan 48532
pcurylo@healthplus.org**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Ms. Curylo:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by HealthPlus of Michigan will become public unless HealthPlus of Michigan takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless HealthPlus of Michigan files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition  excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> None
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> HP-DOJ-0000409
> Jenkins, Nancy 11.14.12  Deposition at 57, 61-62
> O'Neil, Heidi 2012.11.16  Deposition  at 98

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by HealthPlus of Michigan.

Please contact us AS SOON AS POSSIBLE to advise us what information HealthPlus of Michigan may seek to keep under seal and what information HealthPlus of Michigan has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that HealthPlus of Michigan has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is HealthPlus of Michigan's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that HealthPlus of Michigan moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**HealthSCOPE Benefits
c/o Amy Lee Stewart
Rose Law Firm
120 East Fourth Street
Little Rock, Arkansas 72201
astewart@roselawfirm.com**

**c/o Brett Edwards
HealthSCOPE Benefits
27 Corporate Hill Drive
Little Rock, Arkansas 72205
brett.edwards@healthscopebenefits.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Ms. Steward and Mr. Edwards:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by HealthSCOPE Benefits will become public unless HealthSCOPE Benefits takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless HealthSCOPE Benefits files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

>	**Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:

>	Vellturo Expert report at 37

>	**Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

>	None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue—not all of the information produced by HealthSCOPE Benefits.

Please contact us AS SOON AS POSSIBLE to advise us what information HealthSCOPE Benefits may seek to keep under seal and what information HealthSCOPE Benefits has no



September 9, 2016
Page 3

objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that HealthSCOPE Benefits has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is HealthSCOPE Benefits' burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that HealthSCOPE Benefits moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Henry Ford Health System
c/o Howard B. Iwrey
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
hiwrey@dykema.com**

**c/o Matthew Dybas
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
mdybas@dykema.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Iwrey and Dybas:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Henry Ford Health System will become public unless Henry Ford Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Henry Ford Health System files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 80, 82, 222
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Whitbread, Mary Ann 2012.11.15 Deposition at 156-57, 159-160

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Henry Ford Health System.

Please contact us AS SOON AS POSSIBLE to advise us what information Henry Ford Health System may seek to keep under seal and what information Henry Ford Health System has no



September 9, 2016
Page 3

objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information  that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Henry Ford Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Henry Ford Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Henry Ford Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and**
**UPS Overnight Mail**

**Herman Miller, Inc.**
**c/o Hezron Timothy Lopez**
**Herman Miller, Inc.**
**855 East Main Avenue**
**Zeeland, Michigan 49464**
**Hezron_lopez@hermanmiller.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Lopez:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**."  *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  TOKYO  WASHINGTON
www.hunton.com



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Herman Miller, Inc. will become public unless Herman Miller, Inc. takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Herman Miller, Inc. files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at  38, 40-42, 47, 48, 70, 141, 159
>
> **Category 2:**  Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Herman Miller, Inc.

Please contact us AS SOON AS POSSIBLE to advise us what information Herman Miller, Inc. may seek to keep under seal and what information Herman Miller, Inc. has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- ■ On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Herman Miller, Inc. has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Herman Miller, Inc.'s burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Herman Miller, Inc. moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Hills & Dales General Hospital
c/o Carolyn P. Cary
Dickinson Wright
4800 Fashion Square Blvd., Suite 300
Saginaw, Michigan 48604
ccary@dickinsonwright.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Ms. Cary:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Hills & Dales General Hospital will become public unless Hills & Dales General Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Hills & Dales General Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Sibley Expert Report at 86-87
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Falatko, Michael Deposition Exhibit, Blue Cross Exhibit 33
> Falatko, Michael 2011.12.16 Deposition at 34 – 47, 83-85, 130-31, 153 – 156, 166-71

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Hills & Dales General Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Hills & Dales General Hospital may seek to keep under seal and what information Hills & Dales General Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Hills & Dales General Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Hills & Dales General Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Hills & Dales General Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Hillsdale Community Health Center
c/o Clifton E. Johnson
Hall, Render, Killian, Heath & Lyman, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
cjohnson@hallrender.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Hillsdale Community Health Center will become public unless Hillsdale Community Health Center takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Hillsdale Community Health Center files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 90
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Hillsdale Community Health Center.

Please contact us AS SOON AS POSSIBLE to advise us what information Hillsdale Community Health Center may seek to keep under seal and what information Hillsdale Community Health Center has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Hillsdale Community Health Center has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Hillsdale Community Health Center's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Hillsdale Community Health Center moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201


TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016


**Via E-Mail and**
**UPS Overnight Mail**


**Holland Hospital**
**c/o Sarah Riley Howard**
**Pinsky, Smith, Fayette & Kennedy LLP**
**146 Monroe Center NW, Suite 805**
**Grand Rapids, Michigan 49503**
**showard@psfklaw.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Ms. Howard:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].  On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Holland Hospital will become public unless Holland Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Holland Hospital files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 153
>
> **Category 2:**  Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Holland Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Holland Hospital may seek to keep under seal and what information Holland Hospital has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information  that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Holland Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Holland Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Holland Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Humana
c/o Rosmond J. Dolen & John K. Bush
Bingham Greenebaum Doll LLP
101 South Fifth Street
Louisville, KY 40202
RDolen@bgdlegal.com & Jbush@bgdlegal.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Dolen and Bush:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**."  *Id.* at 11 (emphasis added).   A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Humana will become public unless Humana takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Humana files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 20, 33, 34, 47, 110, 221 - 224
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Humana.

Please contact us AS SOON AS POSSIBLE to advise us what information Humana may seek to keep under seal and what information Humana has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Humana has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Humana's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Humana moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**


**Hurley Medical Center
c/o John M. Sier
Kitch Drutchas Wagner Valitutti & Sherbrook, PC
One Woodward Avenue, Suite 2400
Detroit, Michigan 48226
313.965.2915
john.sier@kitch.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Sier:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Hurley Medical Center will become public unless Hurley Medical Center takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Hurley Medical Center files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> None
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Wisniewski, Cass 2012.09.14 Deposition at 29-34

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Hurley Medical Center.

Please contact us AS SOON AS POSSIBLE to advise us what information Hurley Medical Center may seek to keep under seal and what information Hurley Medical Center has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Hurley Medical Center has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Hurley Medical Center's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Hurley Medical Center moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Huron Medical Center
c/o Brian J. Kilbane
Smith Haughey Rice and Roegge
100 Monroe Center NW
Grand Rapids, MI 49503
bkilbane@shrr.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Kilbane:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).   A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Huron Medical Center will become public unless Huron Medical Center takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Huron Medical Center files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition  excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> BX-HRV-000069
> Sibley  Expert Report at 86
> Longbrake, Jeffrey 2012.08.29  Deposition  at 48-50
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment  of Class Counsel at 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Longbrake, Jeffrey 2012.08.29  Deposition  at 41-42, 48-50

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Huron Medical Center.

Please contact us AS SOON AS POSSIBLE to advise us what information Huron Medical Center  may  seek  to  keep  under  seal  and  what  information  Huron  Medical  Center  has  no



September 9, 2016
Page 3

objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Huron Medical Center has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Huron Medical Center's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Huron Medical Center moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,

/s/ Todd M. Stenerson

Todd M. Stenerson

Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Kearny Street Consulting
c/o Jeffrey Cashdan
King & Spalding
1180 Peachtree Street, NE
Atlanta, Georgia 30309
jcashdan@kslaw.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Cashdan:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].  On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Kearny Street Consulting will become public unless Kearny Street Consulting takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Kearny Street Consulting files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

   **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:

   Vellturo Expert Report at 104
   [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 13
   Smith, David 2012.11.09 Deposition at 175-180

   **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

   Smith, David 2012.11.09 Deposition at 33

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Kearny Street Consulting.

Please contact us AS SOON AS POSSIBLE to advise us what information Kearny Street Consulting may seek to keep under seal and what information Kearny Street Consulting has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Kearny Street Consulting has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Kearny Street Consulting's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Kearny Street Consulting moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Mackinac Straits Hospital
c/o John M. Sier
Kitch Drutchas Wagner Valitutti & Sherbrook
One Woodward Avenue, Suite 2400
Detroit, Michigan 48226**
**john.sier@kitch.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

**IMMEDIATE ATTENTION REQUIRED**

Dear Mr. Sier:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Mackinac Straits Hospital will become public unless Mackinac Straits Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Mackinac Straits Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 88
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue—not all of the information produced by Mackinac Straits Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Mackinac Straits Hospital may seek to keep under seal and what information Mackinac Straits Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

■ On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Mackinac Straits Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Mackinac Straits Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Mackinac Straits Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and**
**UPS Overnight Mail**

**Marlette Regional Hospital**
**c/o Clifton E. Johnson**
**Hall, Render, Killian, Heath & Lyman, P.C**
**500 N. Meridian Street, Suite 400**
**Indianapolis, IN 46204**
**cjohnson@hallrender.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Marlette Regional Hospital will become public unless [ENTITY] takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Marlette Regional Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 92
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Babcock, Dan 2012.01.13 Deposition at 215-17

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Marlette Regional Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Marlette Regional Hospital may seek to keep under seal and what information Marlette Regional Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

■  On November 1, 2016, the parties must file a notice identifying the Category 2
   information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Marlette Regional Hospital has until October
25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is
Marlette Regional Hospital's burden to move to seal any of the documents listed above that it
objects to being publically filed. Any information that Marlette Regional Hospital moves to
maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on
November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and**
**UPS Overnight Mail**

**Marquette General Health System**
**c/o David A. Ettinger**
**Honigman Miller Schwartz and Cohn LLP**
**660 Woodward Avenue**
**Detroit, Michigan 48226**
**dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Marquette General Health System will become public unless Marquette General Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Marquette General Health System files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Worden, Jerry 2012.12.06 Deposition at 152, 153, 182-188
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12-13
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 19
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Worden, Jerry 2012.12.06 Deposition at 152-53, 186-187

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Marquette General Health System.

Please contact us AS SOON AS POSSIBLE to advise us what information Marquette General Health System may seek to keep under seal and what information Marquette General Health



September 9, 2016
Page 3

System has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Marquette General Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Marquette General Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Marquette General Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**McKenzie Health System
c/o Clifton E. Johnson
Hall, Render, Killian, Heath & Lyman, P.C
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
cjohnson@hallrender.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal.**" *Id.* at 11 (emphasis added).   A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by McKenzie Health System will become public unless McKenzie Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless McKenzie Health System files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 96
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> MKNZ-02248
> Ruedisueli, Amy - 2012.01.10 Deposition at 19-20, 83, 99-101, 112-119, 150-151, 153, 155, 157-161, 208-209

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by McKenzie Health System.

Please contact us AS SOON AS POSSIBLE to advise us what information McKenzie Health System may seek to keep under seal and what information McKenzie Health System has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that McKenzie Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is McKenzie Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that McKenzie Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Meijer
c/o Cynthia W. Rogowski
Meijer
2929 Walker Avenue, N.W.
Grand Rapids, MI 49544
cynthia.rogowski@meijer.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Ms. Rogowski:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Meijer will become public unless Meijer takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Meijer files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

>    **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
>    Vellturo Expert report at 165
>
>    **Category 2:**  Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
>    None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Meijer.

Please contact us AS SOON AS POSSIBLE to advise us what information Meijer may seek to keep under seal and what information Meijer has no objection to being unsealed and made part of the public  record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Meijer has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Meijer's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Meijer moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Memorial Medical Center
c/o Brian J. Masternak
Warner, Norcross & Judd LLP
111 Lyon Street, NW
Grand Rapids, MI 49503
bmasternak@wnj.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Masternak:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Memorial Medical Center will become public unless Memorial Medical Center takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Memorial Medical Center files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Nelson, Kerri (Memorial Medical Center) 2012.03.22 Deposition at 43
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Nelson, Kerry 2012.03.22 Deposition at 43

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue—not all of the information produced by Memorial Medical Center.

Please contact us AS SOON AS POSSIBLE to advise us what information Memorial Medical Center may seek to keep under seal and what information Memorial Medical Center has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Memorial Medical Center has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Memorial Medical Center's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Memorial Medical Center moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Mercer
c/o James D. Wilson
Wilson Young PLC
One Woodward Avenue, Suite 2000
Detroit, Michigan 48226
jwilson@wilsonyoungplc.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Wilson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).   A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Mercer will become public unless Mercer takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Mercer files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 18, 37, 38, 43, 65, 234, 236
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Mercer.

Please contact us AS SOON AS POSSIBLE to advise us what information Mercer may seek to keep under seal and what information Mercer has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Mercer has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Mercer's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Mercer moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Mercy Health
c/o Michael A. Bezney
Mercy Health
1701 Mercy Health Place
Cincinnati, OH 45237
mabezney@health-partners.org**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Bezney:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Mercy Health will become public unless Mercy Health takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Mercy Health files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> HLH001685
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Mercy Health.

Please contact us AS SOON AS POSSIBLE to advise us what information Mercy Health may seek to keep under seal and what information Mercy Health has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

■ On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Mercy Health has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Mercy Health's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Mercy Health moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Metro Health Hospital
c/o David A. Ettinger
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, Michigan 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Metro Health Hospital will become public unless Metro Health Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Metro Health Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition  excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Leitzinger Expert Report at 33
> Vellturo Expert Report at 107, 136
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12, 13
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment  of Class Counsel at 6
>  [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
> Susterich, Timothy 2012.11.20 Deposition at  26, 27, 48-53, 59-62, 166-168, 181-183, 189-196, 210, 211
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Metro_DOJ_000191
> Susterich 2012.11.20 Deposition at 26-27, 59-61, 187, 190-92, 195, 210

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Metro Health Hospital.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information Metro Health Hospital may seek to keep under seal and what information Metro Health Hospital has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Metro Health Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Metro Health Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Metro Health Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and**
**UPS Overnight Mail**

**Michigan Association of Health Plans**
**c/o Max R. Hoffman, Jr.**
**Fraser Trebilcock**
**124 West Allegan Street, Suite 1000**
**Lansing, Michigan 48933**
**mhoffman@fraserlawfirm.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Hoffman:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].  On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.

ATLANTA   AUSTIN   BANGKOK   BEIJING   BRUSSELS   CHARLOTTE   DALLAS   HOUSTON   LONDON   LOS ANGELES
McLEAN   MIAMI   NEW YORK   NORFOLK   RALEIGH   RICHMOND   SAN FRANCISCO   TOKYO   WASHINGTON
www.hunton.com



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Michigan Association of Health Plans will become public unless Michigan Association of Health Plans takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Michigan Association of Health Plans files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> BX-MAH-007338
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 5-6
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue — not all of the information produced by Michigan Association of Health Plans.

Please contact us AS SOON AS POSSIBLE to advise us what information Michigan Association of Health Plans may seek to keep under seal and what information Michigan Association of Health Plans has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Michigan Association of Health Plans has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Michigan Association of Health Plans's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Michigan Association of Health Plans moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Michigan Health & Hospital Association
c/o David A. Ettinger
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, Michigan 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Michigan Health & Hospital Association will become public unless Michigan Health & Hospital Association takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Michigan Health & Hospital Association files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

>    **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
>    MHA-00459
>    Sibley Expert Report at 16
>    Vellturo Expert Report at 82
>
>    **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
>    MHA2000465
>    MHA2000385
>    MHA2000401
>    MHA2000421
>    MHA2000441
>    MHA2000453
>    Schonfeld, Peter 2012.11.02 Deposition at 151, 164-168, 178-180, 214

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Michigan Health & Hospital Association.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information Michigan Health & Hospital Association may seek to keep under seal and what information Michigan Health & Hospital Association has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Michigan Health & Hospital Association has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Michigan Health & Hospital Association's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Michigan Health & Hospital Association moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:    Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**MidMichigan Health
c/o David A. Ettinger
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, Michigan 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by MidMichigan Health will become public unless MidMichigan Health takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless MidMichigan Health files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> 1954
> Vellturo Expert Report at 51, 111 – 114, 117, 119, 126, 136, 208
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12, 13
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
> Rodgers, Brian 2012.12.07 Deposition at 88-90, 145-153, 164-186, 233-235, 247-249
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Rodgers, Brian 2012.12.07 Deposition at 151, 164-166, 172-174, 177-189, 215-216; 250-252

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by MidMichigan Health.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information MidMichigan Health may seek to keep under seal and what information MidMichigan Health has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that MidMichigan Health has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is MidMichigan Health's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that MidMichigan Health moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Munson Healthcare
c/o Robert McCann & Kenneth M. Vorassi
1500 K Street, NW
Washington, DC 20005-1209
Robert.McCann@dbr.com & Kenneth.Vorrasi@dbr.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Messrs. McCann and Vorassi:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Munson Healthcare will

ATLANTA   AUSTIN   BANGKOK   BEIJING   BRUSSELS   CHARLOTTE   DALLAS   HOUSTON   LONDON   LOS ANGELES
McLEAN   MIAMI   NEW YORK   NORFOLK   RALEIGH   RICHMOND   SAN FRANCISCO   TOKYO   WASHINGTON
www.hunton.com



September 9, 2016
Page 2

become public unless Munson Healthcare takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Munson Healthcare files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Leitzinger Expert Report at 24, 25
> Sibley Expert Report at 75-77
> Leach, Steven 2012.03.15 Deposition at 52, 54-65, 99, 162-164, 183, 184, 263-270, 294-303
> Leitzinger Expert Report Exhibit 3
> [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12-13
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 20
> [139] BCBCSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 4,6, 25
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20-21
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Leach, Steven 2012.03.15 Deposition at 99, 156-159, 163-164, 264, 269, 289-291, 297-302, 318-19
> Leitzinger Expert Report Exhibit 3

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and



September 9, 2016
Page 3

are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Munson Healthcare.

Please contact us AS SOON AS POSSIBLE to advise us what information Munson Healthcare may seek to keep under seal and what information Munson Healthcare has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Munson Healthcare has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Munson Healthcare's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Munson Healthcare moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201


TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016


**Via E-Mail and
UPS Overnight Mail**


**North Ottawa Community Health System
c/o David A. Rhem
1309 Sheldon Rd
Grand Haven, MI 49417
drhem@noch.org**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Rhem:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by North Ottawa



September 9, 2016
Page 2

Community Health System will become public unless North Ottawa Community Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless North Ottawa Community Health System files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 17, 148
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by North Ottawa Community Health System.

Please contact us AS SOON AS POSSIBLE to advise us what information North Ottawa Community Health System may seek to keep under seal and what information North Ottawa Community Health System has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

■ On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that North Ottawa Community Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is North Ottawa Community Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that North Ottawa Community Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Oakwood
c/o Howard B. Iwrey
Dykema Gossett PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, Michigan 48304
hiwrey@dykema.com**

**c/o Matthew Dybas
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI  48243
mdybas@dykema.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Iwrey and Dybas:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.



September 9, 2016
Page 2

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Oakwood will become public unless Oakwood takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Oakwood files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 133, 223
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Isenstein, William 2012.10.25 Deposition at 110-111,119
> Plaskey, Robert 2012.08.28 Deposition at 35, 66-67, 243

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Oakwood.

Please contact us AS SOON AS POSSIBLE to advise us what information Oakwood may seek to keep under seal and what information Oakwood has no objection to being unsealed



September 9, 2016
Page 3

and made part of the public record.   We ask that you do so because the Scheduling Order
provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information  that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Oakwood has until October 25, 2016 to file a
motion opposing the unsealing and public filing of these documents.   It is Oakwood's burden to
move to seal any of the documents listed above that it objects to being publically filed. Any
information that Oakwood moves to maintain under seal will remain so unless and until the
Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on
November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Pennock Hospital
c/o Joseph T. Aoun
Nuyen, Tomtishen and Aoun, P.C.
2001 Commonwealth Blvd., Suite 300
Ann Arbor, Michigan 48105
jta@ntalaw.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Aoun:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  TOKYO  WASHINGTON
www.hunton.com



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Pennock Hospital will become public unless Pennock Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Pennock Hospital files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

 **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:

 Pennock Deposition Blue Cross Ex. 1028 (Transcript of Telephone Conference with DOJ)
 [127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 4-5, 9

 **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

 Downs, Connie 2012.10.11 Deposition at 107-109, 115

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Pennock Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Pennock Hospital may seek to keep under seal and what information Pennock Hospital has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Pennock Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Pennock Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Pennock Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016


**Via E-Mail and
UPS Overnight Mail**


**Physicians Health Plan
c/o Gary J. McRay
Foster Swift Collins & Smith, PC
313 South Washington Square
Lansing, Michigan 48933
GMcRay@fosterswift.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. McRay:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Physicians Health Plan will become public unless Physicians Health Plan takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Physicians Health Plan files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition  excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> None
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Wilkerson, Scott 2012.10.31 Deposition at 47, 89, 154, 294

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Physicians Health Plan.

Please contact us AS SOON AS POSSIBLE to advise us what information Physicians Health Plan may seek to keep under seal and what information Physicians Health Plan has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Physicians Health Plan has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Physicians Health Plan's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Physicians Health Plan moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Port Huron
c/o Clifton E. Johnson
Hall, Render, Killian, Heath & Lyman, P.C.
500 N. Meridian Street
Suite 400
Indianapolis, IN 46204
cjohnson@hallrender.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Port Huron will become public unless Port Huron takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Port Huron files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 133, 190
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 22
> Liston, John 2012.08.09 Deposition at 67-73
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Port Huron.

Please contact us AS SOON AS POSSIBLE to advise us what information Port Huron may seek to keep under seal and what information Port Huron has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Port Huron has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Port Huron's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Port Huron moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:    Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL  202 • 955 • 1500
FAX  202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Priority Health
c/o Brian Masternak
Warner Norcross & Judd LLP
111 Lyon Street NW
Grand Rapids, MI 49503
bmasternak@wnj.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Masternak:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Priority Health will become public unless Priority Health takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Priority Health files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition  excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> PH-DOJ-0003877
> PH-DOJ-0004368
> Leitzinger Expert Report at 10, 15-16, 19-20, 22, 28-29, 40, 54, 57-58, 60-61
> Sibley Expert Report at 94
> Vellturo Expert Report at 28, 29, 35, 47, 72, 125, 168, 221, 224
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 2, 3, 18-21, 39-40
> Sole, Melissa 2012.11.27 Deposition at 225-228, 289-292
> Crofoot, Ronald 2012.11.29 Deposition at 141-148, 165-168
> Koziara, Michael 2012.11.19 30(b)(6) Deposition at 149-152
> Horn, Kimberly 2012.11.12 Deposition at 61-64, 69-72
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> PH-DOJ-0001480
> PH-DOJ-0002995
> PH-DOJ-0002997
> Budden, Joan 2012.11.05 Deposition at 16-17, 144
> Koziara, Michael 2012.11.19 30(b)(6) Deposition at 57-59, 110-11, 126, 150-51, 167



September 9, 2016
Page 3


These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Priority Health.

Please contact us AS SOON AS POSSIBLE to advise us what information Priority Health may seek to keep under seal and what information Priority Health has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Priority Health has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Priority Health's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Priority Health moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures
cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**ProMedica
c/o Jeffrey C. Kuhn
ProMedica
1801 Richards Rd
Toledo, OH 43607
jeff.kuhn@promedica.org**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Kuhn:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.

ATLANTA  AUSTIN  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  LONDON  LOS ANGELES
McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SAN FRANCISCO  TOKYO  WASHINGTON
www.hunton.com



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by ProMedica will become public unless ProMedica takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless ProMedica files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 199, 200
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by ProMedica.

Please contact us AS SOON AS POSSIBLE to advise us what information ProMedica may seek to keep under seal and what information ProMedica has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

■ On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that ProMedica has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is ProMedica's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that ProMedica moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:    Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Rose Street Advisors
c/o Steven M. Stankewicz
277 S. Rose Street, Suite 5000
Kalamazoo, Michigan 49007
stankewicz@millercanfield.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

<div align="center">

**IMMEDIATE ATTENTION REQUIRED**

</div>

Dear Mr. Stankewicz:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections  without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).  A copy of that opinion is enclosed.

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling
Order that certain documents and deposition testimony produced by Rose Street Advisors will



September 9, 2016
Page 2

become public unless Rose Street Advisors takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Rose Street Advisors files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert report at 167
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Rose Street Advisors.

Please contact us AS SOON AS POSSIBLE to advise us what information Rose Street Advisors may seek to keep under seal and what information Rose Street Advisors has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.



September 9, 2016
Page 3

In addition, the Scheduling Order instructs that Rose Street Advisors has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Rose Street Advisors's burden to move to seal any of the documents listed above that it objects to being publically filed.  Any information that Rose Street Advisors moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Scheurer Hospital
c/o Clifton E. Johnson
Hall, Render, Killian, Heath & Lyman, P.C
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
cjohnson@hallrender.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Scheurer Hospital will become public unless Scheurer Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Scheurer Hospital files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Sibley Expert Report at 31
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Lutz, Terry 2012.01.12 Deposition at 22-23, 113, 122, 163, 245-48

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Scheurer Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Scheurer Hospital may seek to keep under seal and what information Scheurer Hospital has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- ■ On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Scheurer Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Scheurer Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Scheurer Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201


TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016


**Via E-Mail and**
**UPS Overnight Mail**


**Security First Benefits**
**c/o Lawrence E. Lounds**
**Security First Benefits Corp.**
**G-3526 Miller Road**
**Flint, MI 48507**
**larryl@securityfirstbenefits.com**

Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Lounds:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].  On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Security First Benefits will become public unless Security First Benefits takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Security First Benefits files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Report at 37
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Security First Benefits.

Please contact us AS SOON AS POSSIBLE to advise us what information Security First Benefits may seek to keep under seal and what information Security First Benefits has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Security First Benefits has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Security First Benefits's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Security First Benefits moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Sheridan Community Hospital
C/o Clifton E. Johnson
Hall, Render, Killian, Heath & Lyman, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204
cjohnson@hallrender.com**

Re:     *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
        In the U.S. District Court for the Eastern District of Michigan,
        Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Johnson:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Sheridan Community Hospital will become public unless Sheridan Community Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Sheridan Community Hospital files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Sibley Expert Report at 88
> Vellturo Expert Report at 47, 92
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Sheridan Community Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information Sheridan Community Hospital may seek to keep under seal and what information Sheridan Community Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Sheridan Community Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.   It is Sheridan Community Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed.    Any information that Sheridan Community Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**South Haven Community Hospital
c/o Brad M. Tomtishen & Joseph T. Aoun
Nuyen, Tomtishen and Aoun, P.C
2001 Commonwealth Blvd., Suite 300
Ann Arbor, MI  48105
bmt@ntalaw.com & jta@ntalaw.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Messrs. Tomtishen and Aoun:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement.  *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].   On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**."  *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by South Haven Community Hospital will become public unless South Haven Community Hospital takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless South Haven Community Hospital files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> [133] Shane Motion for Class Certification and Appointment of Class Counsel at 20
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 5, 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
> Gross, Mark 2012.11.15 Deposition at 39, 61-64
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by South Haven Community Hospital.

Please contact us AS SOON AS POSSIBLE to advise us what information South Haven Community Hospital may seek to keep under seal and what information South Haven



September 9, 2016
Page 3

Community Hospital has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that South Haven Community Hospital has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is South Haven Community Hospital's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that South Haven Community Hospital moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Sparrow Health System
c/o Gary J. McRay
Foster, Swift Collins & Smith PC
313 South Washington Square
Lansing, Michigan 48933
gmcray@fosterwift.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan,*
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. McRay:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Sparrow Health System will become public unless Sparrow Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Sparrow Health System files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

**Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:

[127] BCBSM Opposition to Plaintiffs' Motion to Add and Drop Named Plaintiffs for Proposed Class at 12, 13
[139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 4, 5
[140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 12, 21
Leitzinger Expert Report at 24, 40
Sibley Expert Report at 18-19, 22-23, 28, 35, 80-81
Vellturo Expert Report at 90 – 92, 96, 101 – 104, 166, 200
Reichle, Paula 2012.08.12 Deposition at 9-11, 31, 32, 115, 154-161, 183-186, 203, 232
Roeser, William 2012.08.08 Deposition at 51, 52

**Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:

SHS051428
Reichle, Paula 2012.08.12 Deposition at 98, 157-58, 163, 186-203, 212-15, 245-46

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and



September 9, 2016
Page 3

are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Sparrow Health Sytem.

Please contact us AS SOON AS POSSIBLE to advise us what information Sparrow Health System may seek to keep under seal and what information Sparrow Health System has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Sparrow Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Sparrow Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Sparrow Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL 202 • 955 • 1500
FAX 202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and**
**UPS Overnight Mail**

**Spectrum Health**
**C/o Brian J. Masternak**
**Warner, Norcross & Judd LLP**
**111 Lyon Street, NW**
**Grand Rapids, MI 49503**
**bmasternak@wnj.com**

Re: *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
In the U.S. District Court for the Eastern District of Michigan,
Case Nos. 15-1544/1551/1552

**IMMEDIATE ATTENTION REQUIRED**

Dear Mr. Masternak:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Spectrum Health will become public unless Spectrum Health takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Spectrum Health files a motion to seal the documents on or before October 25, 2016.  For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> SCH-DOJ-012299
> SCH-DOJ-012379
> SCH-DOJ-015174
> Leitzinger Expert Report at 18, 19
> Vellturo Expert Report at 90, 130- 132, 199
> Fifer, Joseph 2012.08.23 Deposition at 187-192
> [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 6
> [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
>
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Fifer, Joseph 2012.08.23 Deposition at 187-91, 265-66

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Spectrum Health.



September 9, 2016
Page 3

Please contact us AS SOON AS POSSIBLE to advise us what information Spectrum Health may seek to keep under seal and what information Spectrum Health has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Spectrum Health has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.  It is Spectrum Health's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Spectrum Health moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Three Rivers Health System, Inc.
c/o Steve Hessen
Kreis Enderle
8225 Moorsbridge
Portage, MI 49024
steve.hessen@KreisEnderle.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Hessen:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Three Rivers Health System, Inc. will become public unless Three Rivers Health System, Inc. takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Three Rivers Health System, Inc. files a motion to seal the documents on or before October 25, 2016.   For your convenience, copies of all documents or deposition excerpts listed are enclosed:

>    **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
>    TRC-HC-0003777
>    Sibley Expert Report at 20, 22, 28, 46, 73-74, 88, 93
>    Velturo Expert Report at 89, 91, 93
>    [133] Shane Motion for Class Certification and Appointment of Class Counsel at 22,
>    [139] BCBSM Response to [133] Shane Groups' Motion for Class Certification and Appointment of Class Counsel at 4
>     [140] BCBSM Motion to Exclude the Expert Testimony of Leitzinger at 20
>    Andrews, Steve 2011.11.02 Deposition at 66-73, 269
>
>    *Confidentiality Designations:*
>    Andrews, Steve (Three Rivers) Deposition DOJ Ex. 11- AE-0003311
>
>    **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
>    Andrews, Steve 2011.11.02 Deposition at 254-56

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and



September 9, 2016
Page 3

are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Three Rivers Health System, Inc.

Please contact us AS SOON AS POSSIBLE to advise us what information Three Rivers Health System, Inc. may seek to keep under seal and what information Three Rivers Health System, Inc. has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling  Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information  that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Three Rivers Health System, Inc. has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents.   It is Three Rivers Health System, Inc.'s burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Three Rivers Health System, Inc. moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL  202 • 955 • 1500
FAX  202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**Trinity Health System
c/o David A. Ettinger
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, Michigan 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Trinity Health System will become public unless Trinity Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Trinity Health System files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

>   **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
>   Sibley Expert Report at 78
>   Vellturo Expert Report at 82, 129, 130, 208, 222
>   [133] Shane Motion for Class Certification and Appointment of Class Counsel at 20, 21
>
>   **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
>   TRIHC_DOJ_000103
>   Sahney, Pramod 2012.08.17 Deposition at 65-69, 74, 76-85, 100-108, 210-213

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by Trinity Health System.

Please contact us AS SOON AS POSSIBLE to advise us what information Trinity Health System may seek to keep under seal and what information Trinity Health System has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:



September 9, 2016
Page 3

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Trinity Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Trinity Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Trinity Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**United Health Group
c/o Mark J. Botti
Squire Patton Boggs
2550 M Street NW
Washington, DC 20037
mark.botti@squirepb.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Mr. Botti:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2]. On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added). A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by United Health Group will become public unless United Health Group takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless United Health Group files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 18, 32, 33, 205, 206
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Kline, Gretchen 2012.11.15 Deposition at 60-61, 137, 153, 247-252
> Petrovic, Jelka 2012.11.16 Deposition at 81-83, 141-142, 194-195

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by United Health Group.

Please contact us AS SOON AS POSSIBLE to advise us what information United Health Group may seek to keep under seal and what information United Health Group has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

- On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that United Health Group has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is United Health Group's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that United Health Group moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:      Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL   202 • 955 • 1500
FAX   202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016

**Via E-Mail and
UPS Overnight Mail**

**University of Michigan Health System
c/o David A. Ettinger
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, Michigan 48226
dettinger@honigman.com**

Re:   *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
      In the U.S. District Court for the Eastern District of Michigan,
      Case Nos. 15-1544/1551/1552

## IMMEDIATE ATTENTION REQUIRED

Dear Mr. Ettinger:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].  On appeal, objectors challenged the settlement because they could not assess the fairness of the settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless there is a showing "**on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal**." *Id.* at 11 (emphasis added).  A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by University of Michigan Health System will become public unless University of Michigan Health System takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories: (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless University of Michigan Health System files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition excerpts listed are enclosed:

> **Category 1:** Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo Expert Report at 222
>
> **Category 2:** Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> Marks, Thomas 2012.10.12 Deposition at 32-33, 106

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review. Only these documents and deposition excerpt(s) are at issue —not all of the information produced by University of Michigan Health System.

Please contact us AS SOON AS POSSIBLE to advise us what information University of Michigan Health System may seek to keep under seal and what information University of Michigan Health System has no objection to being unsealed and made part of the public record. We ask that you do so because the Scheduling Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

■ On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that University of Michigan Health System has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is University of Michigan Health System's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that University of Michigan Health System moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:     Class Counsel



HUNTON & WILLIAMS LLP
2200 PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20037-1701

TEL    202 • 955 • 1500
FAX    202 • 778 • 2201

TODD M. STENERSON
DIRECT DIAL: 202 • 419 • 2184
EMAIL: TStenerson@hunton.com

September 9, 2016


**Via E-Mail and
UPS Overnight Mail**


**Whirlpool Corporation
c/o Kirsten Hewitt
Whirlpool Corporation
2000 North M63
Benton Harbor, Michigan 49022
kirsten.hewitt@whirlpool.com**


Re:    *Shane Group, Inc. et al. v. Blue Cross Blue Shield of Michigan*,
       In the U.S. District Court for the Eastern District of Michigan,
       Case Nos. 15-1544/1551/1552

### IMMEDIATE ATTENTION REQUIRED

Dear Ms. Hewitt:

THE COURT HAS ORDERED THIS NOTICE TO BE SENT AND FAILURE TO TIMELY
RESPOND WILL RESULT IN CERTAIN INFORMATION BECOMING PUBLIC.

As you may know, the Sixth Circuit recently remanded this action to the District Court for
further assessment of the proposed class settlement. *Shane Grp., Inc. et al. v. Blue Cross Blue
Shield of Mich.*, Nos. 15-1544/1551/1552, Op., June 7, 2016 [Dkt. 38-2].    On appeal,
objectors challenged the settlement because they could not assess the fairness of the
settlement or raise sufficient objections without reviewing the sealed documents.

The Sixth Circuit ruled that documents previously filed under seal should be unsealed unless
there is a showing "**on a document-by-document, line-by-line basis—that specific
information in the court record meets the demanding requirements for a seal**." *Id.* at 11
(emphasis added).    A copy of that opinion is enclosed.



September 9, 2016
Page 2

We write to provide you NOTICE that pursuant to the enclosed August 25, 2016 Scheduling Order that certain documents and deposition testimony produced by Whirlpool Corporation will become public unless Whirlpool Corporation takes action and files a motion to seal NO LATER THAN OCTOBER 25, 2016.

These documents and deposition testimony fall into two categories:  (1) information already filed by Plaintiffs or BCBSM under seal in support of or responding to prior motions; and (2) information that the parties anticipate may be filed as part of the parties' renewed efforts to seek approval of a class settlement.

Below, we provide a list of all evidence that may be made a part of the public record unless Whirlpool Corporation files a motion to seal the documents on or before October 25, 2016. For your convenience, copies of all documents or deposition  excerpts listed are enclosed:

> **Category 1:**  Documents and/or deposition excerpts filed in support of or responding to prior papers:
>
> Vellturo  Expert report at 37, 38, 165
>
> **Category 2:**  Documents and/or deposition excerpts that may be filed as part of the parties' renewed efforts to seek Court approval of a class settlement:
>
> None

These documents and deposition excerpts are subject to the Sixth Circuit's ruling that their designation as Confidential Information may not meet the standard for filing under seal and are subject to the District Court's review.  Only these documents and deposition excerpt(s) are at issue —not all of the information  produced by Whirlpool  Corporation.

Please contact us AS SOON AS POSSIBLE to advise us what information Whirlpool Corporation may seek to keep under seal and what information Whirlpool Corporation has no objection to being unsealed and made part of the public record.  We ask that you do so because the Scheduling  Order provides that:

- On October 11, 2016 the parties must file a notice identifying the Category 1 information  that the parties and third parties agree may be unsealed; and



September 9, 2016
Page 3

    ■  On November 1, 2016, the parties must file a notice identifying the Category 2 information that the parties and third parties agree may be filed unsealed.

In addition, the Scheduling Order instructs that Whirlpool Corporation has until October 25, 2016 to file a motion opposing the unsealing and public filing of these documents. It is Whirlpool Corporation's burden to move to seal any of the documents listed above that it objects to being publically filed. Any information that Whirlpool Corporation moves to maintain under seal will remain so unless and until the Court rules otherwise.

Under the current schedule, the Court will hear argument on any motions to seal on November 8, 2016 at 2:30 p.m.

Sincerely,


/s/ Todd M. Stenerson


Todd M. Stenerson


Enclosures

cc:    Class Counsel