UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| THE SHANE GROUP, INC., et al.,<br>　　Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br>　　Defendants. | Case No. 2:10-CV-14360<br>(Class Action Matter)<br>HON. DENISE PAGE HOOD |

### **THIRD-PARTY SPECTRUM'S MOTION TO PRESERVE EXHIBITS UNDER SEAL**

Third-party Spectrum Health ("Spectrum"), by and through their attorneys Warner Norcross & Judd LLP, submits this Motion to Preserve Exhibits Under Seal and supporting brief. These exhibits are protected by attorney-client privilege and contain sensitive private information that reflects communications regarding legal advice between Spectrum and its outside counsel, Joseph Aoun. Specifically, Spectrum seeks to maintain the confidentiality of the following exhibits, which were originally filed in connection with a Motion to Quash in the underlying case before this Court:

- **Exhibit A**: This exhibit is an email between Rick O'Donnell and Ron J. Knaus that contains the subject line, "RE: Blue Cross Second Amendment." The email was sent on Wednesday, April 25, 2007 and discusses specifics

about Mr. Aoun's legal advice. Spectrum seeks to preserve this exhibit under seal.

- **Exhibit B**: This exhibit is an email from Mary Anne Jones that contains the subject line, "FW: Revised LOUs for Rural Hospitals." The email was sent on Thursday, October 25, 2007 and contains legal advice directly from Mr. Auon. Spectrum seeks to preserve this exhibit under seal.

- **Exhibit C**: This exhibit is an email between Ron J. Knaus and Rick O'Donnell with the subject line, "RE: Most Favored Discount Attestation." The email was sent on Monday, May 12, 2008 and contains a direct restatement of Mr. Auon's legal advice. Spectrum seeks to preserve this exhibit under seal.

WHEREFORE, for reasons stated herein and those more fully stated in the accompanying brief, Spectrum respectfully request that this Honorable Court grant Spectrum's Motion to Preserve Exhibits Under Seal.

Respectfully submitted,

Dated: October 25, 2016

   /s/ Brian J. Masternak
Brian J. Masternak (P57372)
Warner Norcross & Judd LLP
Attorney for Third-party
  Spectrum Health
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2000
bmasternak@wnj.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| THE SHANE GROUP, INC., et al.,<br>    Plaintiff,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF<br>MICHIGAN,<br>    Defendants. | Case No. 2:10-CV-14360<br>(Class Action Matter)<br>HON. DENISE PAGE HOOD |

## **BRIEF IN SUPPORT OF THIRD-PARTY SPECTRUM'S MOTION TO PRESERVE EXHIBITS UNDER SEAL**

## STATEMENT OF FACTS

On June 07, 2016, the Sixth Circuit entered a judgment in *Shane Group, Inc., et al. v. Blue Cross Blue Shield of Michigan*, vacating the district court's order approving the class action settlement and orders to seal substantive filings from public view. Class members who opposed the settlement did not have access to the sealed documents to determine whether the settlement met the fairness standard, as a result, the court also remanded the case to allow an open and thorough examination of the filings to determine the settlement's fairness to the class. The documents that were filed under seal included almost 200 exhibits and an expert report used to determine the amount offered in the settlement agreement. Amongst the sealed exhibits were three emails[1] that contained communications regarding legal advice between Third-party Spectrum Health ("Spectrum") and its outside counsel, Joseph Aoun, and therefore, are protected under attorney-client privilege. To ensure attorney-client privilege is preserved, Spectrum respectfully requests this Honorable Court to grant its motion to preserve exhibits under seal.

---

[1] The emails in question were previously filed under seal in connection with a Motion to Quash in the Eastern District of Michigan, Dkt #110. The emails were labeled as SCH DOJ 012379, SCH DOJ 012380, SCH DOJ 012299, SCH DOJ 012300, and SCH DOJ 015174. Due to the privileged nature of the documents, they are not being attached and resubmitted as exhibits to this motion.

## ARGUMENT

I. Emails related to attorney's advice meet the high standard of privileged communication and should remain under seal.

The attorney-client privilege is one of the oldest privileges for confidential communications established by common law. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). It is intended to encourage open and frank communication between attorneys and their clients to assist the administration of justice. Attorney-client privilege recognizes that sound legal advice is dependent on the lawyer being fully informed by the client and that can only occur if the client is confident that its disclosures will remain in confidence.

Under Michigan law, the attorney-client privilege attaches to confidential communications made by the client to his attorney for the purpose of obtaining legal advice. *McCartney v. Attorney Gen.*, 231 Mich. App. 722, 731, 587 N.W.2d 824, 828 (1998). The attorney-client privilege also generally protects communications from an attorney to a client, including the attorney's opinions, conclusions, and recommendations based upon the facts furnished by the client. *Hubka v Pennfield Twp.*, 197 Mich. App. 117, 122; 494 N.W.2d 800 (1992), *rev'd* on other grounds, 443 Mich. 864 (1993). Statements, except confidential statements by a client to his attorney, are not privileged. *Leibel v. GMC*, 250 Mich.

App. 229, 245; 646 N.W.2d 179 (2002). Furthermore, opinions, conclusions, and recommendations based on facts are protected by the attorney-client privilege when the facts are confidentially disclosed to an attorney for the purpose of legal advice. *Id.* at 239. In this instance, Spectrum is the client, and "where the attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization who are authorized to act or speak for the organization in relation to the subject matter of the communication." *Hubka*, 197 Mich. App. at 121. The attorney-client privilege is not all encompassing and should be "'narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit.'" *Ross v. City of Memphis*, 423 F.3d 596, 600 (6th Cir. 2005) (quoting *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997)).

The three exhibits at issue in this case meet the high standards to qualify as privileged. The exhibits include opinions and conclusions provided by Mr. Aoun to employees of Spectrum. The exhibits do not merely state Mr. Aoun's name or include him as a recipient of the email as a shield, but rather contain confidential information that was expected and intended to remain between Mr. Aoun and Spectrum. Out of the massive amounts of documents produced, Spectrum carefully

3

reviewed and identified the production to ensure any request it made was narrowly tailored and would not impede the litigation process. There is no question that the information contained in these exhibits is protected by attorney-client privilege. As a result, the exhibits should remain under seal.

II. Spectrum, the holder of the privilege, did not waive it by inadvertently producing the emails during discovery when documents were expected to remain under seal.

The attorney-client privilege is personal to the client, and only the client can waive it. *Ravary v. Reed*, 163 Mich. App. 447, 453; 415 N.W.2d 240 (1987), quoting *Passmore v. Passmore's Estate*, 50 Mich. 626, 627; 16 NW 170 (1883). Although emails protected by attorney-client privilege were released as exhibits under seal during the course of litigation, they were released inadvertently and not intended to waive the privilege. The fact that confidential information has been published does not automatically waive the attorney-client privilege. *Sterling v. Keidan*, 162 Mich. App. 88, 93; 412 N.W.2d 255 (1987). To constitute a valid waiver, there must be an intentional, voluntary act, or "true waiver." *Leibel*, 250 Mich. App. at 240-41. Spectrum's production was inadvertent and never intended to be a waiver.

4

Once Spectrum became aware that its document production contained emails that clearly reflect communications regarding legal advice from Mr. Aoun, it took steps immediately to remedy the error. Spectrum contacted all parties that had access to the documents and requested that they be destroyed or returned. (Exhibit A attached). The inadvertent production did not rise to the level of a voluntary waiver and should not be treated as such. Since there has been no waiver of the attorney-client privilege, the exhibits that reflect communications regarding the legal advice of Mr. Aoun should remain under seal.

Counsel for Spectrum has spoken with Todd Stenerson, counsel for BCBSM, the party which originally filed the subject emails in the underlying action under seal. Mr. Stenerson has represented that they consent to Spectrum's request for return of the inadvertently-produced privileged materials, and intend to file a public version of the Motion to Quash to which they were originally appended that does not include those emails. Nevertheless, in an abundance of caution, Spectrum requests that to the extent the previously-filed exhibits remain in the Court's record they continue to remain sealed and protected from public review.

5

## REQUESTED RELIEF

For the reasons set forth in this Brief, Spectrum respectfully requests that this Honorable Court grant the relief requested in its entirety or, in the alternative, conduct an in camera review of the documents at issue and make a document by document determination as to whether the privilege asserted is applicable.

                Respectfully submitted,

Dated: October 25, 2016

            /s/ Brian J. Masternak
Brian J. Masternak (P57372)
Warner Norcross & Judd LLP
Attorney for Third-party
  Spectrum Health
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan 49503
(616) 752-2000
bmasternak@wnj.com

## CERTIFICATE OF SERVICE

I certify that on October 25, 2016, I electronically filed the above Motion To Preserve Exhibits Under Seal and supporting Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel, registered electronically.

            */s/  Brian J. Masternak*
            Brian J. Masternak