UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. *et al.*,<br><br>Plaintiffs, on behalf of themselves and all others similarly situated,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM<br><br>Judge Denise Page Hood<br>Magistrate Judge Mona K. Majzoub |

### PLAINTIFFS' OPPOSITION TO
### NONPARTIES' MOTIONS TO REDACT AND SEAL

**I.   INTRODUCTION**

Pursuant to the Court's August 25, 2016 Scheduling Order, ECF No. 262, Blue Cross Blue Shield of Michigan ("BCBSM") notified sixty-six nonparties that their documents and/or testimony would be unsealed unless they took action. *See* Notice of Documents Previously Filed Under Seal Agreed to be Unsealed at 1, ECF No. 266 ("Notice of Documents Agreed to be Unsealed"). On October 25, 2016, nonparties Aetna, Inc. ("Aetna"), Cigna Health and Life Insurance Company ("Cigna"), and The Dow Chemical Company ("Dow") filed motions to redact and/or keep certain information under seal. *See* Aetna's Motion to Redact and Keep Under Seal Limited Information, ECF No. 286 ("Aetna Br."); Third Party Cigna Health and Life Insurance Company's Motion to Redact and Seal, ECF No. 288 ("Cigna Mot.");

The Dow Chemical Company's Motion to Redact Certain Information, ECF No. 284 ("Dow Mot."). The other sixty-three nonparties made no effort to maintain the confidentiality of their information, and at least twenty-five of these nonparties explicitly agreed that their specified documents and deposition testimony may be unsealed.[1] Notice of Documents Agreed to be Unsealed at 1.

The Sixth Circuit has made clear that anyone seeking to seal court records must meet a heavy burden, especially in antitrust class action cases like this one. For the same reasons Plaintiffs explained in their opposition to BCBSM's similar motion, Aetna, Cigna, and Dow have not met this burden for their proposed redactions. Their interests do not outweigh the public's (including the class members') interest in having full access to the judicial record. Therefore, the Court should deny Aetna, Cigna, and Dow's motions.

## II. ARGUMENT

"Secrecy is fine at the discovery stage, before the material enters the judicial record." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)); *see also Krause v. Rhodes*, 671 F.2d 212 (6th Cir. 1982) (dealing

---

[1] Regardless of whether they explicitly agreed not to oppose unsealing or ignored the communication from Blue Cross, the end result is the same for those 63 nonparties—their information can now be unsealed.

with the public access to discovery materials produced in civil cases stemming from the Kent State shootings, but not entered into the judicial record).

"At the adjudication stage, however, very different considerations apply." *Shane*, 825 F.3d at 305 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the Court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). In all cases, "the public is entitled to assess for itself the merits of judicial decisions." *Id.*

Due to this strong interest, "[t]he courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). While this burden is always heavy, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1179). In class actions, "the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Id.* (quoting *Cendant*, 260 F.3d at 194). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve

3

that reason." *Id.* "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (quoting *Baxter*, 297 F.3d at 548).

The Sixth Circuit recognizes that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). However, the Sixth Circuit also specifically advised that "the particulars of years-ago negotiations [with hospitals] are unlikely to amount to a trade secret." *Id.* The Sixth Circuit further observed that "what little information there is in the record from third-party insurers is for the most part highly generalized . . . ." *Id.* Aetna, Cigna, and Dow all rely on *St. Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2015 WL 632311, at *2–3 (D. Idaho Feb. 13, 2015) ("*St. Alphonsus II*") to support their claims that this information constitutes trade secrets. *See* Aetna Br. at 5; Cigna Br. at 15 n.1, 17; Dow Br. at 5. However, even the parties in *St. Alphonsus* agreed that any information to be sealed had to be "current," which they defined as "within the last four years." *St. Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2014 WL 3101716, at *1 (D. Idaho July 3, 2014) ("*St. Alphonsus I*"). Even with that baseline, the *St. Alphonsus* court eventually determined that the reasons for much of the sealing were not compelling. *Id.* at *2. The court subsequently was unable to "find compelling reasons to justify maintaining the sealed status for most of the

4

courtroom testimony" that was under seal. *Id.* at *3. After the court issued an order unsealing much of the exhibits and testimony, the parties and third parties asked the court to reconsider parts of its decision. *St. Alphonsus II*, 2015 WL 632311, at *1. The court granted some of these motions to seal and denied others. *Id.* at 6–7. However, the body of what could potentially be sealed was always limited to material that was "current," or from within the last four years. *St. Alphonsus I*, 2014 WL 3101716, at *1.

Additional cases cited by Cigna, Aetna, and Dow do not change this reality, and are not instructive on the type of confidentiality being claimed here. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 594–598 (1978) (dealing with media access to the taped conversations of former President Richard Nixon); *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983) (dealing with banking records subject to the Right to Financial Privacy Act, 12 U.S.C. § 3401–3421); *In re Southeastern Milk Antitrust Litigation*, 666 F. Supp. 2d 908, 915–16 (E.D. Tenn. 2009) (dealing with modification of a protective order, and recognizing that anyone seeking to seal documents filed with the court must show "compelling reasons" for doing so); *In re Black Diamond Mining Co., LLC*, Civil No. 15-96-ART, 2016 WL 4433356, at *2–3 (E.D. Ky. Aug. 18, 2016) (dealing with whether the terms of a non-class settlement should be made public).

In keeping with the substantial showing required by a proponent of sealing court records, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176).

### A. Aetna, Cigna, and Dow Have Not Established that Trade Secret Protection Applies

While trade secrets may be redacted from court filings, neither Aetna, nor Cigna, nor Dow has established that its proposed redactions protect trade secrets. "Information may be a trade secret where (1) the information 'derives independent economic value' from not being known by others who could 'obtain economic value from its disclosure or use'; and (2) reasonable efforts are made to maintain its secrecy." *Dura Global Technologies, Inc. v. Magna Donnelly Corp.*, 662 F. Supp. 2d 855, 858–59 (E.D. Mich. 2009).

Out of sixty-six nonparties who received notice that their purportedly confidential information would be unsealed unless they took action, only *three* nonparties have filed motions to keep portions of their information under seal. This fact weighs heavily on first element. The type of information at issue here is apparently not widely seen as deriving independent economic value from not being known by others.

As discussed below, Aetna, Cigna, and Dow have not met their burden to prove that all of their proposed redactions constitute trade secrets. Even in cases

6

where they may arguably have some confidentiality interest, that interest is not great enough to overcome the unusually strong interest of the public—millions of whom are in the proposed settlement class—in having access to court records in an antitrust class action.

### B. Redactions Requested by Cigna are Not Justified

Cigna requests that certain excerpts from Michele Tracy's deposition transcript be redacted to remove: (1) the discount rates Cigna negotiated with healthcare providers; and (2) the names of the healthcare providers with which Cigna negotiated. Third Party Cigna Health and Life Insurance Company's Brief in Support of Motion to Redact and Seal at 15–18, ECF No. 288 ("Cigna Br."). Cigna does not meet the heavy burden required to seal this information.

As an initial matter, Cigna failed to meet its burden "to demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Shane*, 825 F.3d at 308. Cigna not only skipped a line-by-line analysis, it did not even place the relevant testimony before the Court for review. That testimony only became available for the Court to review when BCBSM filed the testimony under seal as an exhibit to BCBSM's Response to Plaintiffs' Motion for Preliminary Approval of Settlement, ECF No. 290 ("BCBSM Prelim. Approval Br."). *See* BCBSM Prelim. Approval Br., Appendix 47 ("Tracy Tr.").

7

Contrary to Cigna's claims, not all of the redactions requested by Cigna deal with discount rates or the identities of Cigna's healthcare providers. *See* Tracy Tr. at 109:11–12, 110:16, 111:7, 111:9, 111:11–12, 243:20–22. In fact, one requested redaction relates directly to BCBSM MFN clauses and not to specific discount rates negotiated by Cigna or even the hospital with which it was negotiated. *See* Tracy Tr. at 242:20–21. Another requested redaction deals with the discount *another insurer*— not Cigna— was reportedly receiving at a hospital. Tracy Tr. at 110:16.

Cigna also does not attempt to explain how discount rates from at least five years in the past qualify as trade secrets. It is unlikely such old information "derives economic value from not being generally known" by others who could "obtain economic value from its disclosure or use." *Dura Global Techs.*, 662 F. Supp. 2d at 858–59. Indeed, the Sixth Circuit directly noted that "the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Shane Group*, 825 F.3d at 308. This is reinforced by the fact that a prerequisite to sealing information in *St. Alphonsus* was that the information be "current," i.e., within the past four years. *St. Alphonsus I*, 2014 WL 3101716, at *1. The discount rates Cigna seeks to seal are more than four years old.

Regarding the names of healthcare providers referenced in the Tracy deposition transcript excerpts, Cigna only offers the conclusory statement that "[t]he list of Cigna's healthcare providers' names ascertained from the Tracy Deposition is

8

competitively sensitive information and constitutes a trade secret." Cigna Br. at 17. Cigna makes no effort to explain why the names of some of Cigna's healthcare providers from at least five years ago provides economic value to Cigna by not being known by others. *Dura Global*, 662 F. Supp. 2d at 858–59. Once again, this information is too old to be considered "current." *St. Alphonsus I*, 2014 WL 3101716, at *1. Nor does Cigna explain what reasonable efforts it takes to conceal the names of its healthcare providers from at least five years in the past. Cigna cannot claim that it takes reasonable efforts to keep the names of its healthcare providers confidential, because it does the opposite. Its hospital network is likely a marketing point for Cigna, and on Cigna's website, it's possible to look up the names of Michigan hospitals in Cigna's network.[2]

For all these reasons, Cigna has failed to carry the heavy burden required to justify its requested redactions.

C. **Redactions Requested by Aetna and Dow are Not Justified**

Aetna requests that excerpts from sixteen deposition transcripts, one document, and Aetna's expert report prepared in its own litigation against BCBSM (the "Vellturo Report") be redacted. *See* Aetna Br., Exhibit B, ECF No. 286-2 ("Aetna Ex. B"). Dow also requests that specific sections of the Vellturo Report be

---

[2] *See* Cigna.com Provider Directory, http://cigna.benefitnation.net/cignadol/default.asp?employer=1234987 (last visited October 28, 2016).

9

redacted. The Dow Chemical Company's Memorandum in Support of its Motion to Redact Certain Information at 2–3, ECF No. 284 ("Dow Br.").

Aetna claims that because "the materials Aetna seeks to keep sealed have not even been cited in the parties' filings in support of the class settlement," that constitutes an "absence of reason for these documents to be made public." Aetna Br. at 4; *see also id.* at 8 (claiming that the Vellturo Report "is of only tangential use in the class settlement proceedings"). Aetna misapprehends the scope of the public's interest in accessing judicial records. At no point did the Sixth Circuit suggest that the "'strong presumption in favor of openness' as to court records" is limited to class action settlements. *Shane*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). In all cases, "the public is entitled to assess for itself the merits of judicial decisions." *Id.* As discussed above, the public interest in access to court records is greatly enhanced in class actions generally, not just with respect to settlement. While the documents the Court relied upon in deciding motions (and documents it would have relied upon with respect to unresolved motions) may inform the class as to the value of the settlement, that goal is not to the exclusion of providing transparency in the judicial process.

Keeping in mind the public's interest in court proceedings whether or not they relate to settlement, Plaintiffs will first address the Vellturo Report, and then address Aetna's other requested redactions.

### 1.  The Vellturo Report

#### a.  Aetna

Aetna expresses concern that the third parties whose information may appear in the Vellturo Report "may not have been notified of the release of that information." Aetna Br. at 8. However, counsel for BCBSM notified all nonparties whose information appears in the Vellturo Report—over fifty of them—that their information may be unsealed. *See* Notice of Service, Exhibit A, ECF No. 265-1. Of that number, only one, Dow, has requested redactions of the report. This reveals both that these nonparties are on notice and that the vast majority of them do not view the type of information in the Vellturo Report to be confidential.

If the Court determines that the Vellturo Report will not be redacted in its entirety, Aetna requests in the alternative that unspecified information on particular pages be redacted. *See* Aetna Br. at 8 n.4. Aetna only generally identifies the information on these pages as "confidential" and "customer information." *See id.*; Aetna Ex. B. By discussing its requested redactions in such general terms, Aetna has failed to provide the "line-by-line" demonstration necessary to justify these redactions. *See Shane*, 825 F.3d at 308. Aetna does not even specify the type of confidentiality it claims, be it trade secret or some other type. Aetna also does not claim that the information in the Vellturo Report is "current." *See St. Alphonsus I*, 2014 WL 3101716, at *1. The Sixth Circuit recognized that the age of this

information would weigh against finding that there is a compelling interest to keep it sealed. *Shane*, 825 F.3d at 308.

For these reasons, Aetna has not demonstrated a compelling reason to redact or seal the Vellturo Report.

### b. Dow

Dow justifies its requested redactions to the Vellturo Report on two grounds: trade secrets and the general privacy interests of third parties. Dow Br. at 3–6. However, Dow has not sufficiently established that the information it seeks to protect qualifies as trade secrets, or that its privacy interest outweighs the interest of the public in access to court records.

Dow claims that "[p]ublishing such information could have serious competitive consequences for Dow." *Id.* at 6. However, out of all the nonparties whose information is contained in the Vellturo Report, Dow and Aetna are the only ones to seek trade secret protection. This is an important indicator that the type of nonparty information contained in the Vellturo Report does not constitute trade secrets. While Dow takes significantly greater steps than Aetna to provide the required line-by-line justification of its redactions, nowhere does Dow address the Sixth Circuit's observation that "the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Shane Group*, 825 F.3d at 308. Again, staleness of this information significantly weighs against a finding that the information at issue

12

derives value from not being known by others. *See St. Alphonsus I*, 2014 WL 3101716, at *1 (parties agreeing that all information to be sealed must be from within the last four years).

In this instance, Dow's privacy interests as a nonparty do not outweigh the compelling public interest in access to court records in this antitrust class action case. Dow cites *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) in support of its claimed compelling property interest. Dow Br. at 6. However, *Amodeo* recognized there is a diminished expectation of privacy "where the client is a body such as a labor union or publicly held corporation." *Id.* at 1052. As a publicly-traded company, Dow's vaguely-defined privacy interests do not compellingly outweigh the public's interest in accessing court records in this antitrust class action.

Therefore, Dow has not sufficiently established that the information it seeks to redact is a trade secret, or that its privacy interest outweighs that of the public in judicial transparency.

### 2. Aetna's Other Requested Redactions

Aetna makes a cursory attempt to justify redactions relating to three kinds of information: Aetna's hospital reimbursement rates, "high-level strategy approaches related to "current" customer negotiations, and "confidential" customer information. *See* Aetna Br. at 6–7. Aetna attempts to justify these redactions in only the most general terms. As with the Vellturo Report, Aetna has neglected to provide the "line-

by-line" demonstration necessary to justify these redactions. *See Shane*, 825 F.3d at 308. It is also unclear why Aetna views years-old negotiations as being current, especially since other courts view that term as being more limited. See *St. Alphonsus I*, 2014 WL 3101716, at *1 (sealed documents limited to those from the past four years). Aetna makes no effort to overcome the Sixth Circuit's observation that "the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Shane Group*, 825 F.3d at 308.

Aetna has therefore not made a compelling case for why this information should be redacted and hidden from the view of the public—including the class.

### III. CONCLUSION

For these reasons, the Court should deny Aetna, Cigna, and Dow's requests to redact portions of the court record.

Dated: November 1, 2016

Respectfully submitted,

*/s/ Daniel C. Hedlund*
Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

Daniel A. Small
Brent W. Johnson
Jeffrey B. Dubner
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com
jdubner@cohenmilstein.com

E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI  48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
270 Madison Avenue
New York, NY, 10016
Telephone: (212) 545-4690
isquith@whafh.com

Theodore B. Bell
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, IL  60603
Telephone: (312) 984-0000
tbell@whafh.com

*Interim Class Counsel*

15

>David H. Fink (P28235)
>Darryl Bressack (P67820)
>**FINK + ASSOCIATES LAW**
>100 West Long Lake Rd, Suite 111
>Bloomfield Hills, MI 48304
>Telephone: (248) 971-2500
>dfink@finkandassociateslaw.com
>
>*Interim Liaison Counsel*

16

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all filing users indicated on the Electronic Notice List through the Court's electronic filing system.

I also certify that I will serve copies via First Class U.S. Mail and e-mail upon all other parties indicated on the Manual Notice List.

>  /s/ Daniel C. Hedlund
> Daniel C. Hedlund
> **GUSTAFSON GLUEK PLLC**
> Canadian Pacific Plaza
> 120 South Sixth Street, Suite 2600
> Minneapolis, MN 55402
> Telephone: (612) 333-8844
> dhedlund@gustafsongluek.com