UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM <br><br> Judge Denise Page Hood <br> Magistrate Judge Mona K. Majzoub |

**DECLARATION OF DANIEL C. HEDLUND IN SUPPORT OF CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES**

I, Daniel C. Hedlund, declare as follows:

1. I am a partner in the law firm Gustafson Gluek PLLC, one of the four firms appointed Class Counsel by the Court.

2. I am submitting this Declaration in support of Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Payment of Incentive Awards to Class Representatives.

3. The Compendium to this Declaration includes 19 declarations of Class Counsel and other Plaintiffs' Counsel who are seeking to recover fees and

expenses for work performed on this matter. These declarations and their exhibits attest to the number of hours each law firm's attorneys and paralegals have spent working on the case, each firm's lodestar calculated at the firm's current hourly rates and historical hourly rates, and each firm's expenses spent on the litigation of this case.

4. Since the inception of this case through November 30, 2016, Plaintiffs' Counsel have collectively logged 37,027.96 hours, which generates a lodestar of $19,748,626.75 at current hourly rates and a lodestar of $16,564,710.25 at historic rates, for which they have yet to recover any compensation. *See* Compendium. Each firm has submitted a declaration and exhibit attesting to that firm's actual number of hours reasonably expended on this litigation by the firm's attorneys, paralegals, and professional staff as well as the lodestar for that firm calculated at the firm's current and historic hourly rates. Each firm has also submitted a breakdown of the number of hours performed in each task category. *See* Compendium.

5. Class Counsel conducted a further review of all of Plaintiffs' Counsel's time and did not rely solely on the review performed in 2014. All time was reviewed thoroughly and any time that was non-compensable, such as being primarily administrative in nature or insufficiently described, was excluded.

6.  Before Class Counsel were appointed by the Court, they of course could not authorize their co-counsel's work. However, such pre-appointment time was reviewed and was excluded where it was found to be non-compensable.

7.  Class Counsel reviewed all work performed by other Plaintiffs' Counsel after the Court appointed Interim Class Counsel, *see* Dkt. No. 69, to ensure the work performed represents time spent working at the direction and under the supervision of Class Counsel.

8.  Except as noted above, Class Counsel excluded time which was not performed at the direction of Class Counsel, time that was insufficiently described to determine whether it provided a benefit to the class, duplicative time, and time spent on internal firm administrative tasks.

9.  In order to streamline this review, Class Counsel instructed all firms to remove all time for any attorney or other time keeper who had less than 20 hours in total billed to the case.

10. Class Counsel also excluded time spent in the preparation of the previous and present Motion for fees, expenses, and incentive awards.

11. The Compendium shows that Plaintiffs' Counsel have incurred $3,562,461.81 in expenses in connection with the prosecution of this litigation since inception.[1]

12. All of the time and expenditures were reasonable and necessary to prosecute this litigation and to obtain the valuable settlement with Blue Cross Blue Shield of Michigan, and the time and expenditures were made for the direct benefit of the Settlement Class.

13. Plaintiffs' largest expense (over $2.6 million) is for expert fees that arose from the retention of Dr. Jeffrey J. Leitzinger and others at Econ One. Econ One analyzed the impact of Blue Cross's MFN clauses on prices of acute care hospital healthcare services in Michigan and addressed other issues such as market definition and market power. This work required complex statistical analysis of extraordinarily large amounts of data.

14. Expenses were incurred by individual firms for such things as travel, research services, and document reproduction, and are typical of expenses incurred by firms prosecuting an antitrust class action.

15. Class Counsel chose a cutoff date for time of November 30, 2016, with the understanding that there would be relatively little work performed from

---

[1] The total expenses incurred by all firms includes assessments and totals $3,562,466.81. However, $5 remains in the litigation fund, which means the total unreimbursed expenses are $3,562,461.81.

that time until the time this Motion would be due. There is therefore additional work, mostly performed by Class Counsel, related to notice, settlement administration, and final approval for which Class Counsel are not submitting in support of their fee request.

16. Class Counsel chose an expenses cutoff date of October 31, 2017, for non-Co-Lead firms because it would be unlikely for non-Co-Lead firms to make any expenditures after that point in time. Some Plaintiffs' Counsel firms continued paying assessments up until that point. Co-Lead firms have reported their expenses through April 30, 2018.

17. As described in my October 24, 2014, declaration, Dkt. No. 170-1, Blue Cross Blue Shield of Michigan ("Blue Cross") previously paid $1,000,000 into the Settlement Fund earmarked to pay for class notice costs for the 2014 settlement.

18. Consistent with my October 24, 2014 declaration, Plaintiffs' Counsel are not seeking reimbursement of the additional $146,000 spent to cover the additional 2014 direct notice costs.[2]

---

[2] As explained in my October 24, 2014 declaration, Dkt. No. 170-1, after Class Counsel submitted the 2014 notice plan to the Court, Class Counsel gained access to approximately 500,000 additional names and addresses for the purposes of providing direct notice. Because this additional amount is included in the outstanding bill due to Epiq, Class Counsel are offsetting it in their fee request.

19. Under the terms of the latest Settlement with Blue Cross, Blue Cross paid $1,219,038.00 into the Settlement Fund earmarked to pay for class notice costs for the present Settlement.

20. On May 3, 2018, Class Counsel directed EagleBank, the holder of the Settlement Fund, to pay $326,330.00 to Kinsella Media for published notice costs, including magazine, newspaper, and online advertisements.

21. Class Counsel will pay the remaining amount in the Settlement Fund to Epiq, the Settlement Administrator, to cover the cost of the direct notice mailings.

22. Class Counsel have reduced Plaintiffs' Counsel's overall fee request by $1,365,038 to account for the additional 2014 direct notice costs and the notice costs of the present Settlement. This reduction maintains the value of the Settlement to the Settlement Class compared to the previous settlement. This reduction is not made in response to demands by any of the objectors to the previous settlement.

23. Due to previous settlement administration costs, including responding to numerous (potential) class member inquiries and initial intake of numerous class member claims, there is currently an unpaid balance due to Epiq of $1,383,497.94.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 17, 2018　　　　Respectfully submitted,

<u>/s/ Daniel C. Hedlund</u>
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dhedlund@gustafsongluek.com

# COMPENDIUM

| FIRM NAME | COMPENDIUM EXHIBIT NO. |
| --- | --- |
| Gustafson Gluek, PLLC | 1 |
| Cohen Milstein Sellers & Toll PLLC | 2 |
| Wolf Haldenstein Adler Freeman & Herz, LLP | 3 |
| Miller Law Firm | 4 |
| Berger & Montague, P.C. | 5 |
| Fink + Associates Law | 6 |
| Finkelstein Thompson LLP | 7 |
| Freedman Boyd Hollander Goldberg Urias and Ward P.A. | 8 |
| Kohn, Swift & Graf, P.C. | 9 |
| Oliver Law Group PC | 10 |
| Law Offices of David Balto | 11 |
| Lockridge Grindal Nauen P.L.L.P. | 12 |
| NastLaw LLC | 13 |
| Zimmerman Reed | 14 |
| Wexler Wallace LLP | 15 |
| Sommers Schwartz, P.C. | 16 |
| Eric S. Goldstein | 17 |
| Law Office of Lance C. Young | 18 |
| Wolf Haldenstein Adler Freeman & Herz, LLP | 19 |