# EXHIBIT A

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE SHANE GROUP, INC., *et al.*, | ) | Case No. 2:10-cv-14360-DPH-MKM |
| Plaintiffs, on behalf of themselves and all others similarly situated, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION OF SHANNON R. WHEATMAN, PH.D. ON IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

I, Shannon R. Wheatman, being duly sworn, hereby declare as follows:

1.      I am president of Kinsella Media, LLC ("KM"), an advertising and notification firm in Washington, D.C. specializing in the design and implementation of class action and bankruptcy notification programs.  My business address is 2101 L Street, NW Suite 800, Washington, DC 20037.  My telephone number is (202) 686-4111.

2.      In the above referenced matter, *The Shane Group v. Blue Cross Blue Shield of Michigan*, I was asked to design Notices and a Notice Plan to inform Settlement Class Members about their rights with respect to a class action settlement ("Settlement") and the availability of documents that were previously sealed.

3.      This report will detail the notice activities that were undertaken, provide "proofs of performance," and explain how and why the Notice Plan was adequate to satisfy due process requirements.

## RELEVANT EXPERIENCE

4.      I have served as a qualified class action notice expert in many major class actions. State and federal courts have accepted my analyses and expert testimony on whether information

is effectively communicated to people.  My curriculum vitae is attached as **Exhibit 1**.

5.     I have testified in court as an expert in *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, MDL No. 2672 (N.D. Cal.); *State v. Farmers Group Inc.*, No. D-1-GV-02-002501 (D. Ct. Tex., Travis County); *Scharfstein v. BP West Coast Products, LLC*, No. 1112-17046 (Cir. Ct. Ore.); *Spillman v. RPM Pizza, Inc.*, No. 10-349 (M.D. La.); *PRC Holdings, LLC v. East Resources, Inc.*, No. 06-C-81 (Cir. Ct. W. Va.); *Guidry v. American Public Life Ins. Co*., No. 2008-3465 (14th Jud. Dist. Ct., Calcasieu Parish); *Webb v. Liberty Mutual Ins. Co.*, No. CV-2007-418-3 (Cir. Ct. Ark); *Beasley v. The Reliable Life Insurance Co*., No. CV-2005-58-1 (Cir. Ct. Ark); and *In re Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

6.     I have been deposed as an expert in *Hale v. CNX Gas Company, LLC*, No. 10-CV-59 (W.D. Va.), *Thomas v. A. Wilbert Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish), and *In re Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

7.     I have been involved in some of the largest and most complex national notification programs in the country, including: *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, MDL No. 2672 (N.D. Cal.); *Precision Associates, Inc. v. Panalpina World Transport*, No. 08-CV-00042 (E.D.N.Y.); *In re Transpacific Passenger Air Transportation Antitrust Litig.,* MDL No. 1913 (N.D. Cal.) (involving millions of international airline passengers); *In re Dynamic Random Memory Antitrust Litig.,* MDL No. 1486 (N.D. Cal.) (involving tens of millions of consumers); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) (involving millions of indirect purchasers); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.); *Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.) (text messaging case involving tens of millions of consumers); *In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (D. Minn.) (data breach); *In re Sony Gaming Networks & Customer Data Security Breach Litig.*, No. 11-MD-2258 (S.D. Cal.) (data breach); *Fogel v. Farmers Group, Inc.*, No. BC300142 (Cal. Super. Ct., LA County) ($455 million settlement involving tens of millions of insureds); *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182 (E.D. La.) (settlement obtained for Hurricane Katrina and Rita

survivors); and many others.

8.      Courts have admitted my expert testimony on quantitative and qualitative evaluations of the effectiveness of notice programs, and several courts have commented favorably, on the record, regarding the effectiveness of notice plans I have done. Selected judicial comments are included in the attached curriculum vitae.

9.      My qualifications include expertise in the form and content of notice. For example, while serving with the Federal Judicial Center ("FJC"), I played an integral part in the development of the illustrative, "model" forms of notice designed to satisfy the plain language requirements of Federal Rule of Civil Procedure 23(c)(2). This research formed the basis for my doctoral dissertation, *The Effects of Plain Language Drafting on Layperson's Comprehension of Class Action Notices* (2001) (Ph.D. dissertation, University of Georgia). To assist judges and attorneys, both in state and federal courts, the FJC posted the notices at www.fjc.gov.

10.     I have authored and co-authored articles on class action notice and due process. I believe notice and due process depend upon clear communication with the people affected, and have stated this position in my publications  *See, e.g.,* Shannon R. Wheatman & Katherine M. Kinsella, *International Class Action Notice,* in WORLD CLASS ACTION:  A GUIDE TO GROUP AND REPRESENTATIVE CLASS ACTIONS AROUND THE GLOBE 673-686 (Paul Karlsgodt ed., 2012); Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration,* in PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES:  A HANDBOOK 338-348 (Albert A. Foer & Randy M. Stutz eds., 2012); Shannon R. Wheatman & Terri R. LeClercq, *Majority of Class Action Publication Notices Fail to Satisfy Rule 23 Requirements*, 30 REV. LITIG. 53 (2011); Katherine Kinsella & Shannon R. Wheatman, *Class Notice and Claims Administration*, in THE INTERNATIONAL PRIVATE ENFORCEMENT OF COMPETITION LAW 264–274 (Albert A. Foer & Jonathan W. Cuneo eds., 2010); Todd B. Hilsee, Shannon R. Wheatman & Gina M. Intrepido, *Do you really want me to know my rights? The ethics behind due process in class action notice is more than just plain language:  A desire to actually inform*, 18 GEO. J. LEGAL ETHICS 1359 (2005); Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process:*

*The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE LAW REV. 1771 (2006).

11.     KM was retained to consult with Plaintiffs on the Notice Plan in this litigation. I submit this declaration to describe the elements of the Notice Plan.

## SUMMARY

12.     The Court-approved Notice Plan, designed and implemented for this case, achieved each of the planned objectives.

     a.     Each element of the paid media portion of the Court-approved Notice Plan was implemented.

     b.     The Court-approved Notices were noticeable, clear, concise, substantive, and informative. No significant or required information was missing.

13.     KM designed a Notice Plan that effectively provided due process notice to affected Settlement Class Members. The notice effort included mailed notice and paid media. The Settlement website was also updated at www.MichiganHospitalPaymentsLitigation.com.

14.     In my view, the Notice Plan provided the best notice practicable under the circumstances of this case and satisfied due process. The details of the Notice Plan and the basis for my opinion on its adequacy are outlined below.

## NOTICE PLAN IMPLEMENTATION

### *Individual Notice*

15.     Specific information regarding the implementation of the individual notice portion of the Notice Plan is provided in the Declaration of Les Chappell of Epiq ("Chappell Declaration"), which is being filed concurrently with this declaration.

16.     A list of Settlement Class Members was available from the Initial Notice Plan. Therefore, it was reasonable to implement an individual notification effort to reach those who filed claims and those whose addresses were previously identified related to the Initial Notice Plan.

17.     Epiq mailed a Postcard Notice to 2,942,365 potential Settlement Class Members

for whom they had names and addresses. The Postcard Notices that were returned as non-deliverable were re-mailed if a new address was available through standard and customized tracing or through a forwarding address provided by the USPS. As of August 15, 2018, 2,790,777 Postcard Notices (or 94.8%) were delivered successfully. Based on my experience, a deliverability rate above 90% is exceptional.

### *Paid Media*

18.    To supplement the Individual Notice, KM placed insertions in the following media to reach Settlement Class Members:

| Consumer Magazines | Circulation |
| --- | --- |
| *Reader's Digest* – Michigan Edition | 117,500 |
| *People* – Michigan Edition | 93,000 |

| Local Newspapers | Circulation |
| --- | --- |
| *Alpena News* | 7,616 |
| *Bay City Times (Mon-Fri)* | 16,549 |
| *Bay City Times (Sunday)* | 26,619 |
| *Detroit Free Press* | 256,076 |
| *Detroit News (Mon-Fri)* | 318,531 |
| *Flint Journal (Mon-Fri)* | 33,506 |
| *Flint Journal (Sunday)* | 45,095 |
| *Grand Rapids Press (Mon-Fri)* | 66,886 |
| *Grand Rapids Press (Sunday)* | 98,963 |
| *Jackson Citizen Patriot (Mon-Fri)* | 16,874 |
| *Jackson Citizen Patriot (Sunday)* | 22,689 |
| *Kalamazoo Gazette (Mon-Fri)* | 26,968 |
| *Kalamazoo Gazette (Sunday)* | 36,725 |
| *Lansing State Journal (Mon-Fri)* | 37,965 |
| *Lansing State Journal (Sunday)* | 52,398 |
| *Marquette Mining Journal (Mon-Fri)* | 10,268 |

| | |
|---|---|
| *Marquette Mining Journal (Sunday)* | 12,345 |
| *Saginaw News (Mon-Fri)* | 19,880 |
| *Saginaw News (Sunday)* | 23,787 |
| *Traverse City Record-Eagle (Mon-Fri)* | 14,471 |
| *Traverse City Record-Eagle (Sunday)* | 18,279 |

| Newspaper Supplements | Circulation |
|---|---|
| *American Profile* – Michigan Edition | 111,074 |
| *Parade* – Michigan Edition | 819,897 |
| *Relish* – Michigan Edition | 250,000 |

| Online Media | Gross Impressions[1] |
|---|---|
| *Xaxis* – National | 12,016,824 |
| *Xaxis* – Michigan | 11,398,967 |

19.     An Implementation Report for the paid media portion of the Notice Plan is attached as **Exhibit 2** and confirms that the Court-approved Notice Plan was implemented.  The report details each print publication and the date and page number upon which the Publication Notice appeared.  The report confirms that KM has received a true and correct copy of the advertisement, or "tearsheet," from each publication.[2]  The report also details the delivered gross impressions for the Internet advertisements.

20.     The *reach*[3] and *frequency*[4] of the Notice Plan was measured against the target audience to evaluate the strength and efficiency of the paid media (magazine, local newspaper, newspaper supplements, and Internet advertising).  Combined with direct mail, the paid media portion of the Notice Plan reached approximately 82.9% of Michigan Adults 18+ an average frequency of 2.3 times.

---

[1] Gross impressions are the total number of times a media vehicle containing the Notice is seen.  This figure does not represent the total number of unique viewers of the Notice, as some viewers/readers will see the Notice in more than one media vehicle.

[2] Copies of the notices as they appeared in each publication are available to the Court upon request.

[3] Reach is the estimated number of different people exposed to a specific vehicle or combination of vehicles.  It can be expressed as whole number or percentage of the total population.

[4] Frequency is the estimated average number of opportunities an audience member has to see the notice.

*Other*

21.     Epiq updated the website to enable Settlement Class Members to get information on the Settlement.  The website address, www.MichiganHospitalPaymentsLitigation.com, was prominently included in the Notices.

22.     Epiq updated the toll-free phone number to allow Settlement Class Members to call and request that a Notice be mailed to them or listen to answers to frequently asked questions.

23.     Epiq maintained the post office box that allowed Settlement Class Members to contact Class Counsel by mail with any specific requests or questions.

24.     More specific information about the administration components is included in the Chappell Declaration.

## PERFORMANCE AND DESIGN OF NOTICE PLAN

25.     ***Objectives were met.***  The primary objective of the Notice Plan in this case was to effectively reach the greatest practicable number of Settlement Class Members with "noticeable" Notices of the Settlement and provide these Class Members with every reasonable opportunity to understand that their legal rights are affected.  This objective was successful.

26.     ***The Notice reached Class Members effectively.***  The Notice Plan, as implemented, reached approximately 82.9% of potential Class Members.  Although not included in the reach percentage above, the Settlement website further enhanced coverage among the Class.  Based on our calculations, I can confidently state that the Class was adequately reached with notice of the Settlement.

27.     ***Notices were designed to increase noticeability and comprehension.***  The Court-approved Notices were designed to get Settlement Class Members' attention by including bold and informative headlines.  After the Notices caught Settlement Class Members' interest, it was critical that they could understand the content.  All of the Notices were written in concise, plain language.

28.     ***Notice Plan provided adequate time for Class Members to act on their rights.*** The Notice mailing started on May 18, 2018.  The final appearance of the Publication Notice was on

June 19, 2018, which allows plenty of time for Settlement Class Members to see the Notice and respond accordingly before the September 16, 2018, exclusion and objection deadlines.

## CONCLUSION

29.     It is my opinion that the Notices and Notice Plan provided Settlement Class Members the best notice practicable under the circumstances and are consistent with the standards employed by KM in legal notification programs designed to reach potential class members.

30.     The Court-approved Notices and Notice Plan also comport with Rule 23 of the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Souderton, PA this 16th day of August 2018.

_____

Shannon R. Wheatman

# EXHIBIT 1



# Shannon R. Wheatman, Ph.D.

President

Kinsella Media, LLC

2101 L Street NW, Suite 800

Washington, DC 20037

2010 – Present

Dr. Wheatman specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. She is a court-recognized expert who provides testimony on the best notice practicable. Dr. Wheatman began her class action career in 2000 at the Federal Judicial Center where she was instrumental in the development of model notices to satisfy the plain language amendment to Rule 23. Her plain language expertise was advanced by her education, including her doctoral dissertation on plain language drafting of class action notice and her master's thesis on comprehension of jury instructions. Dr. Wheatman has been involved in over 500 class actions. Her selected case experience includes:

## *Antitrust*

*Allen v. Dairy Farmers of America, Inc.*, No. 5:09-CV-00230-CR (D. Vt.).

*Blessing v. Sirius XM Radio, Inc.*, No. 09-CV-10035 HB (S.D.N.Y.).

*Brookshire Bros. v. Chiquita*, No. 05-CIV-21962 (S.D. Fla.).

*Cipro Cases I and II*, No. 4154 and No. 4220 (Super. Ct. Cal.).

*In re Automotive Parts Antitrust Litigation,* MDL No. 2311 (E.D. Mich.).

*In re Dynamic Random Memory (DRAM) Antitrust Litig.,* MDL No. 1486 (N.D. Cal.).

*In re Flonase Antitrust Litig.*, No. 08-CV-3301 (E.D. Pa.).

*In re LIBOR-Based Financial Instruments Antitrust Litig. (Barclays Bank plc Settlement)*, No. 11-cv-5450 (S.D.N.Y.).

*In re Metoprolol Succinate End-Payor Antitrust Litig.*, No. 06-CV-71 (D. De.).

*In re NYC Bus Tour Antitrust Litig.,* No. 13-CV-0711 (S.D. N.Y.).

*In re Online DVD Rental Antitrust Litig.*, MDL No. 2029 (N.D. Cal.).

*In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.).

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.).

*Precision Associates, Inc. v. Panalpina World Transport*, No. 08-cv-00042 (E.D. N.Y.).

*Roos v. Honeywell Int'l, Inc.*, No. CGC 04-0436205 (Super. Ct. Cal.).

*Sweetwater Valley Farm, Inc. v. Dean Foods*, No. 2:07-CV-208 (E.D. Tenn.).

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 2:10-CV-14360 (D. Minn.).

### Consumer and Personal Injury/Product Liability

*Abbott v. Lennox Industries, Inc.,* No.16-2011-CA-010656 (4th Jud. Cir. Ct., Dade Cty. Fla).

*Beringer v. Certegy Check Servs., Inc.*, No. 8:07-CV-1434-T-23TGW (M.D. Fla.) (data breach).

*Chaudhri v. Osram Sylvania, Inc.,* No. 2:11-CV-05504 (D.N.J.) (false advertising).

*CSS, Inc. v. FiberNet, L.L.C.*, No. 07-C-401 (Cir. Ct. W. Va.) (telecommunications).

*Donovan v. Philip Morris USA, Inc.,* No. 06-12234 NG (D. Mass.) (medical monitoring).

*FIA Card Servs., N.A. v. Camastro*, No. 09-C-233 (Cir. Ct. W.Va.) (credit card arbitration).

*George v. Uponor Corp.*, No. 12-249 (D. Minn.) (defective product).

*Glazer v. Whirlpool Corp.*, No. 1:08-WP-65001 (N.D. Ohio)(defective product).

*Grays Harbor v. Carrier Corp.*, No. 05-CIV-21962 (W.D. Wash.) (defective product).

*In re Building Materials Corp. of America Asphalt Roofing Shingle Prods. Liab. Litig.,* No. 8:11- 02000 (D.S.C.) (roofing shingles).

*In re Checking Account Overdraft Litig.*, MDL No. 2036 (S.D. Fla.) (JP Morgan, U.S. Bank, BOA settlements; overdraft fees).

*In re Enfamil LIPIL Mktg. & Sales Practs. Litig.*, No. 11-MD-02222 (S.D. Fla.) (false advertising).

*In re M3Power Razor System Mktg. & Sales Practs. Litig.*, MDL No. 1704 (D. Mass.) (false advertising).

*In re: National Football League Players' Concussion Injury Litigation,* No. 2:12-md-02323 (E.D. Pa.)

*In re Netflix Privacy Litig.*, No. 5:11-CV-00379 (N.D. Cal.) (privacy).

*In re Pharm. Industry Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.) (pharmaceutical).

*In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.,* No. 04-12515 (Bankr. W.D. Mich.) (defective product).

*In re Sony Gaming Networks & Customer Data Security Breach Litig.*, No. 11-MD-2258 (S.D. Cal.) (data breach).

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (D. Minn.) (data breach).



*In re Toyota Motor Corp. Unintended Acceleration Mktg, Sales Practs, & Prods. Litig.*, No. 8:10ML2151 (C.D. Cal.) (unintended acceleration).

*In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-md-2672 (N.D. Cal.)

*In re Vioxx Products Liab. Litig.*, No. 05-MD-01657 (E.D. La) (pharmaceutical).

*In re Wachovia Corp. "Pick-a-Payment" Mortgage Mktg & Sales Practs. Litig.*, No. M:09-CV-2015 (N.D. Cal.) (negative amortization).

*In re Wirsbo Non-F1807 Yellow Brass Fittings*, No. 2:08-CV-1223 (D. Nev.) (defective product).

*Jabbari v. Wells Fargo*, No. 3:15-cv-02159 (N.D. Cal.) (unauthorized accounts).

*Keilholtz v. Lennox Hearth Prods.*, No. 08-CV-00836 (N.D. Cal.) (defective product).

*Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.) (TCPA).

*Lee v. Carter Reed Co., L.L.C.*, No. UNN-L-39690-04 (N.J. Super. Ct.) (false advertising).

*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-CV-4229 (D.N.J.) (false advertising).

*Palace v. DaimlerChrysler*, No. 01-CH-13168 (Cir. Ct. Ill.) (defective product).

*Pauley v. Hertz Global Holdings, Inc.*, No. 13-C-236 (Cir. Ct. W.Va.) (administrative/handling fees).

*Rowe v. UniCare Life & Health Ins. Co.*, No. 09-CV-02286 (N.D. Ill.) (data breach).

*Spillman v. Domino's Pizza*, No. 10-349 (M.D. La.) (robo-call).

*Trammell v. Barbara's Bakery, Inc.*, No. 3:12-CV-02664 (N.D. Cal.) (false advertising).

*United Desert Charities v. Sloan Valve Company*, No. CV12-06878 (C.D. Cal.)(defective product).

*Wolph v. Acer America Corp.*, No. 09-CV-01314 (N.D. Cal.) (false advertising).

### *Environmental/Property*

*Allen v. Monsanto Co.*, No. 041465 and *Carter v. Monsanto Co.*, No. 00-C-300 (Cir. Ct. W. Va.) (dioxin release).

*Andrews et al. v. Plains All American Pipeline, L.P.*, No. 2:15-cv-04113 (C.D. Cal.) (Santa Barbara Oil Spill).

*Angel v. U.S. Tire Recovery*, No. 06-C-855 (Cir. Ct. W.Va.) (tire fire).

*Cather v. Seneca-Upshur Petroleum Inc.*, No. 1:09-CV-00139 (N.D. W.Va.) (oil & gas rights).

*Ed Broome, Inc. v. XTO Energy, Inc.*, No. 1:09-CV-147 (N.D. W.Va.) (oil & gas rights).



*Good v. West Virginia American Water Co.*, No. 2:14-cv-1374 (S.D.W. Va.) (water contamination).

*In re Katrina Canal Breaches Litig.*, No. 05-4182 (E.D. La.) (Hurricanes Katrina and Rita).

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (BP, Halliburton and Transocean settlements).

*Jones v. Dominion Transmission Inc.*, No. 2.06-CV-00671 (S.D. W.Va.)  (oil & gas rights).

*Thomas v. A. Wilbert & Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish) (vinyl chloride water contamination).

### Government

*Cobell v. Salazar*, No. 1:96-CV-01285 (D. D.C.), Depts. of Interior and Treasury.

Countrywide Mortgage Settlement, Department of Justice.

Iovate Settlement, Federal Trade Commission.

National Mortgage Settlement, Attorneys General.

Walgreens Settlement, Federal Trade Commission.

### Insurance

*Beasley v. Hartford Ins. Co. of the Midwest*, No. CV-2005-58-1 (Cir. Ct. Ark.) (homeowners insurance).

*Bond v. Am. Family Ins. Co.*, No. CV-06-01249 (D. Ariz) (property insurance).

*Burgess v. Farmers Ins. Co.*, No. 2001-292 (Dist. Ct. Okla.) (homeowners insurance).

*Cole's Wexford Hotel, Inc. v. UPMC,* No. 2:10-CV-01609 (W.D. Pa.)(health insurance).

*Campbell v. First Am. Title Ins. Co.*, No. 2:08-CV-311-GZS (D. Me.) (title insurance).

*DesPortes v. ERJ Ins. Co.,* No. SU2004-CV-3564 (Ga. Super. Ct.) (credit premium insurance).

*Fogel v. Farmers Grp., Inc.*, No. BC300142 (Super. Ct. Cal.)(management exchange fees).

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct.) (cancer insurance).

*Gunderson v. F.A. Richard & Assocs., Inc.*, No. 2004-2417-D. (14th Jud. D. Ct. La.) (PPO).

*Johnson v. Progressive Casualty Ins., Co.*, No. CV-2003-513 (Cir. Ct. Ark.) (automobile insurance).

*McFadden v. Progressive Preferred*, No. 09-CV-002886 (Ct. C.P. Ohio) (UM/UIM).

*Orrill v. Louisiana Citizens Fair Plan*, No. 05-11720 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).



*Press v. Louisiana Citizens Fair Plan Prop. Ins. Co*., No. 06-5530 (Civ. Dist. Ct., Orleans Parish) (Hurricane Katrina property insurance).

*Purdy v. MGA Ins. Co.*, No. D412-CV-2012-298 (4th Jud. Ct. N. Mex.) (UM/UIM).

*Shaffer v. Continental Casualty Co*., No. 06-2235 (C.D. Cal.) (long term care insurance).

*Sherrill v. Progressive Northwestern Ins. Co*., No. DV-03-220 (18th D. Ct. Mont.) (automotive premiums).

*Soto v. Progressive Mountain Ins. Co*., No. 2002-CV-47 (Dist. Ct. Mont.) (personal injury insurance).

*Webb v. Liberty Mutual Ins. Co*., No. CV-2007-418-3 (Cir. Ct. Ark) (bodily injury claims).

### Securities

*In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.).

*In re Mutual Funds Inv. Litig.,* MDL No. 1586 (D. Md.) (Allianz Sub-Track).

### Canada

*Bechard v. Province of Ontario*, No. CV-10-417343 (Ont. S.C.J.) (personal injury).

*Clarke v. Province of Ontario*, No. CV-10-411911 (Ont. S.C.J.) (personal injury).

*Dolmage v. Province of Ontario*, No. CV-09-376927CP00 (Ont. S.C.J.) (personal injury).

*Donnelly v. United Technologies Corp.,* No. 06-CV-320045 CP (Ont. S.C.J.) (defective product).

*Hall v. Gillette Canada Co.*, No. 47521CP (Ont. S.C.J.) (false advertising).

*Wener v. United Technologies Corp*., 2008 QCCS 6605 (Québec) (defective product).

## Articles and Presentations

Shannon Wheatman, Speaker, *How to Get Your Notice Actually Noticed: Claims Stimulation 3.0*, Women Antitrust Plaintiffs' Attorneys, Napa, CA (June 2018).

Shannon Wheatman & Katherine Kinsella, *The Plain Language Toolkit for Class Action Notice*, in A PRACTITIONER'S GUIDE TO CLASS ACTIONS, 2ND ED. 701 - 710 (Marcy Greer ed., 2017).

Katherine Kinsella & Shannnon Wheatman, *Quantifying Notice Results in Class Actions,* in A PRACTITIONER'S GUIDE TO CLASS ACTIONS, 2ND ED. 693 - 700 (Marcy Greer ed., 2017).

Maureen Gorman & Shannon Wheatman, *Reality Check: The State of Media and Its Usage in Class*



*Notice*, in A PRACTITIONER'S GUIDE TO CLASS ACTIONS, 2ND ED. 711-722 (Marcy Greer ed., 2017).

Joshua P. Davis, Shannon Wheatman, & Cristen Stephansky, *Writing Better Jury Instructions: Antitrust As An Example*, 119 W. VA. L. REV. 235 (Fall 2016).

Shannon Wheatman, Webinar Speaker, *Balancing Due Process and Claims: A Conversation on Strategies to Safeguard Your Settlement*, American Association for Justice (Sept. 2016).

Shannon Wheatman & Alicia Gehring, *Mixed Media: A Smarter Approach To Class Action Notice*, Law360.com (June 11, 2015).

Shannon Wheatman, Speaker, *Balancing Due Process and Claims: A Conversation on Strategies to Safeguard Your Settlement*, Plaintiffs' Forum, Rancho Palos Verdes, CA (Apr. 2015).

Joshua Davis, Shannon Wheatman & Cristen Stephansky, *Writing Better Jury Instructions: Antitrust as an Example*, Paper presented at 15th Annual Loyola Antitrust Colloquium, Chicago, IL (Apr. 2015).

Shannon R. Wheatman, Speaker, *Can Competition Concepts be Made Comprehensible to Juries (and Judges)*, American Antitrust Institute's Business Behavior & Competition Policy in the Courtroom: Current Challenges for Judges, Stanford, CA (Aug. 2014).

Shannon R. Wheatman, Webinar Speaker, *Crafting Class Settlement Notice Programs: Due Process, Reach, Claims Rates, and More*, Strafford Publications (Feb. 2014).

Shannon R. Wheatman, *Cutting Through the Clutter: Eight Tips for Creatively Engaging Class Members and Increasing Response*, CLASS ACTION LITIGATION REPORT, 15 CLASS 88 (Jan. 24, 2014).

Shannon Wheatman & Michelle Ghiselli, *Privacy Policies: How To Communicate Effectively with Consumers*, International Association of Privacy Professionals (2014).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 7th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2013).

Shannon R. Wheatman, Speaker, Class Action Notice, Reach & Administration, CLE International's 9th Annual Class Action Conference, Washington, DC (Oct. 2013).



Shannon R. Wheatman, *Ensuring Procedural Fairness Through Effective Notice,* in NATIONAL CONFERENCE ON CLASS ACTIONS:  RECENT DEVELOPMENTS IN QUÉBEC, IN CANADA AND IN THE UNITED STATES 83-99 (Yvon Blais ed., 2013).

Shannon R. Wheatman, Speaker, *Class Action Developments and Settlements*, 18th Annual Consumer Financial Services Institute, New York, New York (Apr. 2013).

Shannon R. Wheatman, Speaker, *Recent Trends in Class Actions in the United States*, National Conference on Class Actions:  Recent Developments in Québec, in Canada and in the United States, Montreal, Canada (Mar. 2013).

Shannon R. Wheatman, Speaker, *Report on Model Jury Instructions in Civil Antitrust Cases, Presentation*, American Antitrust Institute's 6th Annual Private Antitrust Enforcement Conference, Washington, DC (Dec. 2012).

Shannon R. Wheatman & Katherine M. Kinsella, *International Class Action Notice*, in WORLD CLASS ACTION: A GUIDE TO GROUP AND REPRESENTATIVE ACTIONS AROUND THE GLOBE 673-686 (Paul Karlsgodt ed., 2012).

Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, in PRIVATE ENFORCEMENT OF ANTITRUST LAW IN THE UNITED STATES: A HANDBOOK 338–348 (Albert A. Foer & Randy M. Stutz eds., 2012).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notice Requirements:  Challenges for Plaintiffs and Defendants*, Strafford Publications (July 2012).

Shannon R. Wheatman, Webinar Speaker, *How to Craft Plain Language Privacy Notices*, Int'l Assoc. of Privacy Professionals (Oct. 2011).

Shannon R. Wheatman, Speaker, *Improving Take-Up Rates in Class Actions*, The Canadian Institute's 12th Annual National Forum on Class Actions, Ontario, Canada (Sept. 2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, 30 REV. LITIG. 53 (2011).

Shannon R. Wheatman & Terri R. LeClercq, *Majority of Publication Class Action Notices Fail to Satisfy Rule 23 Requirements*, CLASS ACTION LITIGATION REPORT, 12 CLASS 560, (June 24, 2011).



Katherine Kinsella & Shannon Wheatman, *Class Notice and Claims Administration*, in THE INTERNATIONAL PRIVATE ENFORCEMENT OF COMPETITION LAW 264–274 (Albert A. Foer & Jonathan W. Cuneo eds., 2010).

Shannon R. Wheatman, Speaker, *Majority of Publication Class Action Notices Fail to Satisfy Plain Language Requirements*, Clarity International Conference, Lisbon, Portugal (Oct. 2010).

Shannon R. Wheatman, Webinar Speaker, *Class Action Notification with Electronic Media: Emerging Legal Issues*, Stratford Publications (Sept. 2010).

Shannon R. Wheatman & Thomas E. Willging, *Does Attorney Choice of Forum in Class Action Litigation Really Make a Difference?* 17 CLASS ACTIONS & DERIVATIVES SUITS 1 (2007).

Todd B. Hilsee, Gina M. Intrepido & Shannon R. Wheatman, *Hurricanes, Mobility and Due Process: The "Desire-to-Inform" Requirement for Effective Class Action Notice Is Highlighted by Katrina*, 80 TULANE L. REV. 1771 (2006).

Thomas E. Willging & Shannon R. Wheatman, *Attorney Choice of Forum in Class Action Litigation: What Difference Does it Make?* NOTRE DAME L. REV., 81 (2), 101, 161 (2006).

Todd B. Hilsee, Shannon R. Wheatman & Gina M. Intrepido, *Do you really want me to know my rights? The ethics behind due process in class action notice is more than just plain language: A desire to actually inform*. GEO. J. LEGAL ETHICS, 18 (4), 1359-1382 (2005).

Thomas E. Willging & Shannon R. Wheatman, *An Empirical Examination of Attorneys' Choice of Forum in Class Action Litigation*. FEDERAL JUDICIAL CENTER (2005).

Elizabeth C. Wiggins & Shannon R. Wheatman, *So what's a concerned psychologist to do? Translating the research on interrogations, confessions, and entrapment into policy*, in INTERROGATIONS, CONFESSIONS AND ENTRAPMENT 265–280 (G. Daniel Lassiter ed., 2004).

Thomas E. Willging & Shannon R. Wheatman, *Attorneys' Experiences and Perceptions of Class Action Litigation in Federal and State Courts. A Report to the Advisory Committee on Civil Rules Regarding a Case Based Survey*. FEDERAL JUDICIAL CENTER (2003).

Shannon R. Wheatman, *Survey of Bankruptcy Judges on Effectiveness of Case-Weights*. FEDERAL JUDICIAL



CENTER (2003).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Judicial Evaluation of Bankruptcy Judges*. FEDERAL JUDICIAL CENTER (2003).

Robert Niemic, Thomas Willging, & Shannon Wheatman, *Effects of Amchem/Ortiz on Filing of Federal Class Actions: Report to the Advisory Committee on Civil Rules*. FEDERAL JUDICIAL CENTER (2002).

Shannon Wheatman, Robert Niemic & Thomas Willging, *Report to the Advisory Committee on Civil Rules: Class Action Notices*. FEDERAL JUDICIAL CENTER (2002).

Elizabeth C. Wiggins & Shannon R. Wheatman, *Implementation of Selected Amendments to Federal Rule of Civil Procedure 26 by United States Bankruptcy Courts*. FEDERAL JUDICIAL CENTER (2001).

Shannon R. Wheatman & David R. Shaffer, *On finding for defendants who plead insanity: The crucial impact of dispositional instructions and opportunity to deliberate*. LAW & HUM. BEH., 25(2), 165, 181 (2001).

Shannon R. Wheatman, *Distance Learning in the Courts*. FEDERAL JUDICIAL CENTER (2000).

David R. Shaffer & Shannon R. Wheatman, *Does personality influence the effectiveness of judicial instructions?* PSYCHOL. PUB. POL'Y & L., 6, 655, 676 (2000).

## Court Testimony

*In re: Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

*In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-md-2672 (N.D. Cal.).

*State v. Farmer Group Inc.*, No. D-1-GV-02-002501(D. Ct. Tex., Travis County).

*Scharfstein v. BP West Coast Products, LLC*, No. 1112-17046 (Cir. Ct. Ore.).

*Spillman v. Domino's Pizza*, No. 10-349 (M.D. La.).

*PRC Holdings LLC v. East Resources, Inc.*, No. 06-C-81 (Cir. Ct. W. Va.).

*Guidry v. Am. Public Life Ins. Co*., No. 2008-3465 (14th Jud. Dist. Ct., Calcasieu Parish).

*Webb v. Liberty Mutual Ins. Co.*, No. CV-2007-418-3 (Cir. Ct. Ark).



*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark).

## Depositions

*In re: Think Finance, LLC,* No. 17-33964 (Bankr. N.D. Tex.).

*Hale v. CNX Gas Co., LLC*, No. 10-CV-59 (W.D. Va.).

*Thomas v. A. Wilbert Sons, LLC*, No. 55,127 (18th Jud. Dist. Ct., Iberville Parish).

## Judicial Comments

*Jabbari v. Wells Fargo*, No. 3:15-cv-02159 (N.D. Cal.)
"In addition to that robust direct mail and email notice program, the Settlement provided an extensive media and advertising component. *See* Wheatman Decl. (ECF 183). That included printing a color publication notice in national news outlets and Spanish-language outlets. Id. ¶¶ 17-19. "Banner ads" were also placed on websites, using targeted ad campaigns. Id. ¶ 23. Supplementing all of these efforts was a media outreach program designed to drive awareness of the Settlement and point Settlement Class Members to the Settlement Website, www.WFSettlement.com, which provided notice, frequently asked questions, and key court documents. Id. ¶¶ 28-33 . . . In short, the parties and their Court-appointed experts used every reasonable tool to create and implement and [sic] wide-ranging program to provide the best notice practicable to potential Settlement Class Members . . . Because the Court finds that the Notice complied with due process and the requirements of Rule 23, it overrules objections to the Notice."
- Hon. Vince Chhabria (2018)

*Good v. West Virginia American Water Co.*, No. 2:14-cv-1374 (S.D.W. Va.)
"The Notice transmitted to the Settlement Class met the requirements of Fed. R. Civ. P. 23(c), constituted the best notice practicable under the circumstances, and satisfied the Constitutional due process requirements of notice with respect to all Settlement Class Members, . . . The Notice Program was executed by qualified and experienced Notice Administrators . . ." - Hon. John T. Copenhaver, Jr. (2018)

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.) (Haliburton and Transocean settlements)
"The Class Notices were 'noticeable, clear, concise, substantive, and informative.' Wheatman Decl. ¶ 4(b).14 The notice distribution method satisfied Rule 23(c)(2), as it was the 'best notice that is practicable under the circumstances.' Fed. R. Civ. P. 23(c)(2); *see* Wheatman Decl. ¶ 5. The notice contents satisfied Rule 23(c)(2)(B)(i)–(vii) . . . " - Hon. Carl J. Barbier (2017)



*In re Automotive Parts Antitrust Litigation,* MDL No. 2311 (E.D. Mich.).

"EPPs, through EPPs' class action notice expert consultant, Kinsella Media, LLC ("Kinsella"), implemented a class-notice program utilizing paid and earned media. See, e.g., Declaration of Shannon R. Wheatman, Ph.D. . . . Notice was published in *Field & Stream*, *ESPN The Magazine*, *People*, *Reader's Digest*, *Southern Living*, *Woman's Day*, *The Wall Street Journal*, *Auto Rental News*, *Automotive Fleet*, *Reuters*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*, and online media efforts through banner advertisements on outlets like Facebook and Yahoo!. The banner advertisements . . . have been seen a total estimated 354,593,140 times. The earned media component of this notice program included a multimedia news release distributed on PR Newswire's US1 National Circuit on November 29, 2016. Id. [T]he release was republished across 171 news websites and received over 11,415 views. Id. A total of 248 journalists engaged with the multimedia news release, and major national outlets that covered the Settlements, include: *Reuters*, *Associated Press*, *Boston Globe*, *Chicago Tribune*, *The Today Show*, *NBC Money*, *Consumer Reports*, and *Automotive Weekly*. Other earned media efforts . . . included statewide press releases in the EPP States as well as outreach to 275 national and local reporters for print and television." - Hon. Marianne O. Battani (2017)

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, No. 3:15-md-2672 (N.D. Cal.)

"The Notice Program included 811,944 mailings, 453,797 emails, 125 newspaper insertions and targeted online advertising.  The Court is satisfied that the extensive Notice Program was reasonably calculated to notify Class Members of the proposed Settlement.  The Notice 'apprise[d] interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Indeed, the Notice Administrator reports the Notice Program reached more than 90% of potential Class Members." - Hon. Charles R. Breyer (2016)

*In re Transpacific Passenger Air Trans. Antitrust Litig.*, MDL No. 1913 (N.D. Cal.)

In overruling an objection that direct notice should have been done, the Court found "[T]he notice program, which the Court already approved, reached 80.3% of the potential class members in the United States an average of 2.6 times and "at least 70%" of members of the Settlement Classes living in Japan. See Mot. for Final Approval at 4; Wheatman Decl. ¶¶ 8, 18. The notice also included paid media in 13 other countries. Id.; ¶ 25. There were 700,961 unique visits to the website, toll-free numbers in 15 countries received over 2,693 calls, and 1,015 packages were mailed to potential class members. Id. ¶¶ 6, 9, 10. It was therefore adequate." - Hon. Charles R. Breyer (2015)

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (D. Minn)

"The parties accomplished notice here through direct notice, paid and earned media, and an informational website . . . [T]he notice program reached 83% of potential class members. The notice here



comports with Rule 23(e) . . . Class notice reached more than 80 million people, with direct notice sent to 61 million consumers . . . [The] infinitesimally small amount of opposition weighs in favor of approving the settlement." - Hon. Paul A. Magnuson (2015)

*The Shane Grp., Inc., v. Blue Cross Blue Shield of Michigan*, No. 2:10-CV-14360 (D. Minn.)
"The notice to Settlement Class Members consisted of postcard notices to millions of potential class members, as well as advertisements in newspapers and newspaper supplements, in *People* magazine, and on the Internet . . . The Court finds that this notice . . . was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and . . . fully complied with due process principles and Federal Rule of Civil Procedure 23." - Hon. Denise Page Hood (2015)

*Mirakay v. Dakota Growers Pasta Co., Inc.*, No. 13-CV-4229 (D. N.J.)
"Having heard the objections made, the Court is unimpressed with the Objectors argument that there was somehow insufficient notice . . . This notice program has fully informed members of their rights and benefits under the settlement, and all required information has been fully and clearly presented to class members. Accordingly, this widespread and comprehensive campaign provides sufficient notice under the circumstances, satisfying both due process and Rule 23 and the settlement is therefore approved by this Court." - Hon. Joel A. Pisano (2014)

*Spillman v. Dominos Pizza, LLC.*, No. 10-349 (M.D. La.)
"At the fairness hearing notice expert Wheatman gave extensive testimony about the design and drafting of the notice plan and its implementation, the primary goal of which was to satisfy due process under the applicable legal standards . . . Wheatman, who has extensive experience developing plain-language jury instructions, class action notices and rules of procedure, testified that the notice was composed at a ninth grade reading level because many adults read below a high school level." - Hon. Stephen C. Riedlinger (2013)

*Kramer v. B2Mobile, LLC*, No. 10-CV-02722 (N.D. Cal.)
"The Court approved Notice Plan to the Settlement Classes . . . was the best notice practicable under the circumstances, including comprehensive nationwide newspaper and magazine publication, website publication, and extensive online advertising. The Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process." - Hon. Claudia A. Wilken (2012)

*Cather v. Seneca-Upshur Petroleum, Inc.*, No. 1:09-CV-00139 (N.D. W. Va.)
"The Court finds that Class Members have been accorded the best notice as is practical under the circumstances, and have had the opportunity to receive and/or access information relating to this Settlement by reading the comprehensive written notice mailed to them . . . or by reading the published



Notice in the local newspapers . . . The Court further finds that the Notice provided to the members of the Settlement Class had been effective and has afforded such class members a reasonable opportunity to be heard at the Final Fairness Hearing and to opt-out of the subject settlement should anyone so desire." - Hon. Irene M. Keeley (2012)

*In re Checking Account Overdraft Fee Litig.*, No. 1:09-MD-2036 (S.D. Fla.) (JP Morgan Settlement)
"The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Shutts*, 472 U.S. at 812 (quoting *Mullane*, 339 U.S. at 314-15). This Settlement with Chase was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so." - Hon. James Lawrence King (2012)

*Purdy v. MGA Ins. Co.,* No. D412-CV-2012-298 (N.M. 4th Jud. Dist. Ct.)
"Notice of the Settlement Class was constitutionally adequate, both in terms of it substance and the manner in which it was disseminated.  The Notice contained the essential elements necessary to satisfy due process . . . [T]he Notice also contained a clear and concise Claim Form, and a described a clear deadline and procedure for filing of Claims.  Notice was directly mailed to all Class Members whose current whereabouts could be identified by reasonable effort.  Notice reached a large majority of the Class Members.  The Court finds that such notice constitutes the best notice practicable." - Hon. Eugenio Mathis (2012)

*Soto v. Progressive Mountain Ins. Co*., No. 2002-CV-47 (Dist. Ct. Colo.)
"Notice of the Settlement Class was constitutionally adequate, both in terms of its substance and the manner in which it was disseminated. The Notice contained the essential elements necessary to satisfy due process . . . Finally, the Notice also contained a clear and concise Claim Form, and described a clear deadline and procedure for filing of claims . . . Notice reached a large majority of the Class Members. The Court finds that such notice constitutes the best notice practicable." - Hon. J. Steven Patrick (2010)

*In re Katrina Canal Breaches*, No. 05-4182 (E.D. La.)
"The notice here was crafted by Shannon Wheatman, Ph.D., whose affidavit was received as evidence . . . The entire notice was drafted in plain, comprehensible language . . . The Court finds this notice adequately reached the potential class." - Hon. Stanwood R. DuVal, Jr. (2009)

*Jones v. Dominion Transmission Inc.*, No. 2.06-CV-00671 (S.D. W. Va.)
"The Parties' notice expert Shannon R. Wheatman, Ph.D. . . . testified that in this case . . . that the mailed notices reached approximately 95.4 percent of the potential class . . . I HOLD that personal jurisdiction exists over the Class Members because notice was reasonable and afforded the Settlement Class an



opportunity to be heard and to opt out." - Hon. Joseph R. Goodwin (2009)

*Guidry v. Am. Public Life Ins. Co.*, No. 2008-3465 (14th Jud. Dist. Ct.)
"The facts show that the notice plan . . . as adequate to design and implementation . . . Dr. Shannon R. Wheatman, a notice expert, also testified at the fairness hearing as to the sufficiency of the notice plan. Dr. Wheatman testified that the notice form, content, and dissemination was adequate and reasonable, and was the best notice practicable." - Hon. G. Michael Canaday (2008)

*Webb v. Liberty Mutual Ins. Co.*, (March 3, 2008) No. CV-2007-418-3 (Cir. Ct. Ark)
"Ms. Wheatman's presentation today was very concise and straight to the point . . . that's the way the notices were . . . So, I appreciate that . . . Having admitted and reviewed the Affidavit of Shannon Wheatman and her testimony concerning the success of the notice campaign, including the fact that written notice reached 92.5% of the potential Class members, the Court finds that it is unnecessary to afford a new opportunity to request exclusion to individual Class members who had an earlier opportunity to request exclusion but failed to do so . . . The Court finds that there was minimal opposition to the settlement. After undertaking an extensive notice campaign to Class members of approximately 10,707 persons, mailed notice reached 92.5% of potential Class members." - Hon. Kirk D. Johnson (2008)

*Sherrill v. Progressive Northwestern Ins. Co.*, No. DV-03-220 (18th D. Ct. Mont.)
"Dr. Wheatman's affidavit was very informative, and very educational, and very complete and thorough about the process that was undertaken here . . . So I have reviewed all of these documents and the affidavit of Dr. Wheatman and based upon the information that is provided . . . and the significant number of persons who are contacted here, 90 percent, the Court will issue the order." - Hon. Mike Salvagni (2008)

*Beasley v. The Reliable Life Ins. Co.*, No. CV-2005-58-1 (Cir. Ct. Ark)
"[T]he Court has, pursuant to the testimony regarding the notification requirements, that were specified and adopted by this Court, has been satisfied and that they meet the requirements of due process. They are fair, reasonable, and adequate. I think the method of notification certainly meets the requirements of due process . . . So the Court finds that the notification that was used for making the potential class members aware of this litigation and the method of filing their claims, if they chose to do so, all those are clear and concise and meet the plain language requirements and those are completely satisfied as far as this Court is concerned in this matter." - Hon. Joe Griffin (2007)

## Education and Experience

*Education*

Ph.D., Social Psychology, 2001; The University of Georgia, Athens, GA



Dissertation Title: *The effects of plain language drafting on layperson's comprehension of class action notices.*

M.S., Social Psychology, 1999; The University of Georgia, Athens, GA
Thesis Title: *Effects of verdict choice, dispositional instructions, opportunity to deliberate, and locus of control on juror decisions in an insanity case.*

M.L.S., Legal Studies, 1996; The University of Nebraska-Lincoln, Lincoln, NE

B.A., Psychology, 1993; Millersville University of Pennsylvania, Millersville, PA
Honor's Thesis Title: *The effects of inadmissible evidence and judicial admonishment in individual versus group decisions in a mock jury simulation.*

### Related Experience

Hilsoft Notifications
Souderton, PA
2004-2009

Dr. Wheatman was the Vice President (2006-2009) and Notice Director (2004-2009) at Hilsoft Notifications, a legal notification firm.

Federal Judicial Center
Washington, DC
2000-2004

Dr. Wheatman was a Research Associate at the Federal Judicial Center. The Federal Judicial Center is the education and research agency for the Federal Courts. The Research Division performs empirical and explanatory research on federal judicial processes and court management. Dr. Wheatman worked with the Civil Rules Advisory Committee on a number of class action studies and with the Bankruptcy Administration Committee on judicial evaluations.

### Supplementary Background

Dr. Wheatman has a strong statistical background, having completed nine graduate level courses as well as teaching undergraduate statistics at the University of Georgia.



# EXHIBIT 2

# Media Buy Report
*The Shane Group Inc. v. Blue Cross Blue Shield of Michigan*



## Media

### Print Media

| Magazine(s) | Unit Type/Size | Issue Date | Date Ad(s) Ran | Page # of Ad | Tearsheet Received |
|---|---|---|---|---|---|
| *People - Michigan Edition* | Full Page (7" x 10") | June 25, 2018 | June 15, 2018 | 22 | Yes |
| *Reader's Digest - Michigan Edition* | Full Page (4.687" x 6.75") | July/August 2018 | June 19, 2018 | 49 | Yes |

| Newspaper(s) | Unit Type/Size | Issue Date | Date Ad(s) Ran | Page # of Ad | Tearsheet Received |
|---|---|---|---|---|---|
| *Alpena News* | 1/4 Page (4.949" x 10.5") | June 14, 2018 | June 14, 2018 | 6A | Yes |
| *Bay City Times (Mon-Fri)* | 1/4 Page (5.387" x 10.5") | June 14, 2018 | June 14, 2018 | A4 | Yes |
| *Bay City Times (Sunday)* | 1/4 Page (5.387" x 10.5") | June 10, 2018 | June 10, 2018 | A7 | Yes |
| *Detroit Free Press* | 1/4 Page (5.75" x 11") | June 10, 2018 | June 10, 2018 | 13A | Yes |
| *Detroit Free Press* | 1/4 Page (5.75" x 11") | June 14, 2018 | June 14, 2018 | 9A | Yes |
| *Detroit News* | 1/4 Page (5.75" x 11") | June 14, 2018 | June 14, 2018 | 6A | Yes |
| *Flint Journal (Mon-Fri)* | 1/4 Page (5.387" x 10.5") | June 14, 2018 | June 14, 2018 | A4 | Yes |
| *Flint Journal (Sunday)* | 1/4 Page (5.387" x 10.5") | June 10, 2018 | June 10, 2018 | A13 | Yes |
| *Grand Rapids Press (Mon-Fri)* | 1/4 Page (5.387" x 10.5") | June 14, 2018 | June 14, 2018 | A6 | Yes |
| *Grand Rapids Press (Sunday)* | 1/4 Page (5.387" x 10.5") | June 10, 2018 | June 10, 2018 | A24 | Yes |
| *Jackson Citizen Patriot (Mon-Fri)* | 1/4 Page (5.387" x 10.5") | June 14, 2018 | June 14, 2018 | A6 | Yes |
| *Jackson Citizen Patriot (Sunday)* | 1/4 Page (5.387" x 10.5") | June 10, 2018 | June 10, 2018 | A6 | Yes |
| *Kalamazoo Gazette (Mon-Fri)* | 1/4 Page (5.387" x 10.5") | June 14, 2018 | June 14, 2018 | A7 | Yes |
| *Kalamazoo Gazette (Sunday)* | 1/4 Page (5.387" x 10.5") | June 10, 2018 | June 10, 2018 | A18 | Yes |
| *Lansing State Journal (Mon-Fri)* | 1/4 Page (4.918" x 10.5") | June 14, 2018 | June 14, 2018 | 8A | Yes |
| *Lansing State Journal (Sunday)* | 1/4 Page (4.918" x 10.5") | June 10, 2018 | June 10, 2018 | 20A | Yes |
| *Marquette Mining Journal (Mon-Fri)* | 1/4 Page (4.95" x 10.5") | June 14, 2018 | June 14, 2018 | 9A | Yes |
| *Marquette Mining Journal (Sunday)* | 1/4 Page (4.95" x 10.5") | June 10, 2018 | June 10, 2018 | 7A | Yes |
| *Saginaw News (Mon-Fri)* | 1/4 Page (5.387" x 10.5") | June 14, 2018 | June 14, 2018 | A6 | Yes |
| *Saginaw News (Sunday)* | 1/4 Page (5.387" x 10.5") | June 10, 2018 | June 10, 2018 | A10 | Yes |
| *Traverse City Record-Eagle (Mon-Fri)* | 1/4 Page (5.44" x 10.5") | June 14, 2018 | June 14, 2018 | 2A | Yes |
| *Traverse City Record-Eagle (Sunday)* | 1/4 Page (5.44" x 10.5") | June 10, 2018 | June 10, 2018 | 7A | Yes |

| Newspaper Supplements | Unit Type/Size | Issue Date | Date Ad(s) Ran | Page # of Ad | Tearsheet Received |
|---|---|---|---|---|---|
| *American Profile - Michigan State Buy* | Full Page (8" x 9.125") | June 2018 | June 17, 2018 | 15 | Yes |
| *Parade - Michigan State Buy* | M Page (5.75" x | June 17, 2018 | June 17, 2018 | 10 | Yes |
| *Relish - Michigan State Buy* | Full Page (8" x 9.125") | June 2018 | June 6, 2018 | 9 | Yes |

| Online Media | Unit Type/Size | Est. Delivered Impressions |
|---|---|---|
| **Web** | | |
| Xaxis | 728x90; 300x250; 160x600 | 12,016,824 |
| Xaxis - MI | 728x90; 300x250; 160x600 | 11,398,967 |