# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE SHANE GROUP INC.; BRADLEY
A. VENEBERG; SCOTT STEELE;
MICHIGAN REGIONAL COUNCIL OF
CARPENTERS EMPLOYEE BENEFITS
FUND; ABATEMENT WORKERS
NATIONAL HEALTH AND WELFARE
FUND; and MONROE PLUMBERS AND
PIPEFITTERS LOCAL 671 WELFARE
FUND,

    Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

    Defendant.

Case No. 2:10-cv-14360

Honorable Denise Page Hood

## DECLARATION OF PERRIN RYNDERS IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS

Perrin Rynders declares that he would testify as follows if called as a witness in this matter:

### General Experience

1. I am an equity partner with the law firm Varnum LLP. I graduated from the University of Michigan Law School, *cum laude*, in 1985 and have been practicing law with Varnum continually since then.

2. My practice focuses on civil litigation. I have prosecuted and defended a wide variety of business, commercial, employment, product liability, personal injury, and tax matters.

3. A substantial portion of my time is currently spent on complex litigation matters, including matters brought on behalf of ERISA health and welfare benefit plans. For example, within the past five years I have been lead counsel on cases for health and welfare benefit plans where hundreds of millions of dollars were in dispute.

4. I have tried more than three dozen cases in state and federal courts, plus several arbitrations and various administrative contested cases and evidentiary hearings. My trial practice has been conducted in federal and state courts around the country (with trials to verdict or judgment in Florida, Illinois, Indiana, Ohio, and Michigan).

5. I am admitted to practice in all Michigan courts and the following federal courts:

   a. United States District Court, Eastern District of Michigan
   b. United States District Court, Western District of Michigan
   c. United States District Court, Northern District of Indiana
   d. United States Court of Federal Claims
   e. United States Court of Appeals for the Sixth Circuit
   f. United States Court of Appeals for the Eighth Circuit
   g. United States Court of Appeals for the Eleventh Circuit
   h. United States Court of Appeals for the Federal Circuit

6. I am a fellow of the American College of Trial Lawyers.

2

7. I have been, and remain, involved in many bar association activities. For example, I am a past chair of the Ethics and Professionalism Committee of the TIPS Section of the American Bar Association, and I also chaired the Trial Techniques Committee of the TIPS Section of the ABA. I have served on various councils and committees of the State Bar of Michigan and Grand Rapids Bar Association, and I served on the Litigation Advisory Board of the Institute of Continuing Legal Education.

8. I am a fellow of the Michigan State Bar Foundation and the Litigation Counsel of America. I have a Martindale Peer Review Rating of AV® Preeminent™ (5.0 out of 5). I was first listed in *Michigan Super Lawyers* in 2007, and I have been listed in *Best Lawyers* since 2012.

### Billing Arrangements

9. Varnum has been retained as legal counsel for each Self-Insured Objector identified above.

10. I am the "billing partner" for each of the above-identified objectors in this case, which means I am responsible for all billing decisions (consistent with Varnum's internal policies and procedures, and more generally the Michigan Rules of Professional Conduct).

## **Hours Spent Representing Objectors**

11. I have carefully reviewed and ensured the accuracy of all of billing records reflecting time entries generated by Varnum attorneys in connection with their representation of the Self-Insured Objectors in this matter.

12. Just as I would have done with any other client, I excluded or reduced any billing entries I found to be redundant, excessive, or otherwise unnecessary. This is my customary practice, Varnum's customary practice, and presumably the customary practice of attorneys throughout Michigan when submitting a bill to a client.

13. I never increased the amount of time recorded by any timekeeper.

14. Attached to the brief in support of the Self-Insured Objectors' Motion for Attorney Fees and costs as **Exhibit B** is an itemized listing that reflects the number of hours Varnum attorneys spent representing the Self-Insured Objectors that, in my professional judgment, were reasonable and necessary to represent the Self-Insured Objectors. The total number of hours is 382.45 through the completion of the appeal on June 7, 2016. Additional time will be spent in connection with this petition.

15. The last page of the bill contains a summary showing the names of all timekeepers and the total number of hours each recorded that ended up on the attached itemization.

## Hourly Billing Rates

16. That same summary also shows the hourly rates of all timekeepers.

17. The rates for equity partners range from $380 to $530. The rate for non-equity partners range from $340 to $510. The rates for associates range from $230 to $340. These rates are Varnum's established hourly billing rates.

18. I believe these billing rates are consistent with those charged in the Grand Rapids and Detroit legal markets. Additionally, I believe these rates are consistent with the skill and experience of the respective attorneys and paralegals. In this regard:

19. In this particular matter, with regards to Bryan Walters, who has handled the bulk of the work on this matter, Bryan Walters is an equity partner at Varnum. He graduated from the University of Michigan Law School, *cum laude*, in 1997, where he was a contributing editor to the Michigan Law Review. After graduating law school, Bryan was a law clerk for the Honorable Gordon J. Quist for the Western District of Michigan. Bryan has continually practiced law at Varnum for nearly 20 years. Bryan specializes in commercial litigation, having tried numerous cases to verdict in both first and second chair roles. Bryan has a Martindale Peer Review Rating of AV® Preeminent™ (4.9 out of 5) in both civil litigation and patent litigation and is listed in *Best Lawyers*. Bryan is the immediate past president of the Western District of Michigan Chapter of the

Federal Bar Association and has served as an officer in that organization for several years.

### Non-Taxable Costs

20. Another responsibility of mine as the billing partner for this matter is to ensure that the Self-Insured Objectors are only billed for costs reasonable and necessary to their representation, consistent with the terms of their engagement.

21. In regard to the costs that the Self-Insured Objectors seek to include in their motion, I excluded every cost that I would not have billed a client in a typical engagement.

22. The Self-Insured Objectors agreed to reimburse expenses associated with required travel, computer research, postage and printing, and other necessary costs associated with the litigation process at their actual cost. This language is standard in all of Varnum's engagement agreements with clients.

23. In representing the Self-Insured Objectors, Varnum incurred the non-taxable costs totaling $1,822.28, that in my professional judgment were (a) reasonable and necessary to the Self-Insured Objectors' representation, (b) agreed to be paid by the Self-Insured Objectors, and (c) of the type that Varnum and other Michigan practitioners typically bill to a client. An itemization of these costs is attached to the brief in support of the Self-Insured Objections Motion for Attorney Fees and Costs as **Exhibit C**.

24. In short, the Self-Insured Objectors' Motion for Attorney Fees only requests fees and costs that were reasonable and necessary to represent the interests of the Self-Insured Objectors in this matter. Furthermore, these amounts accurately reflect an amount that, in my judgment, similar practitioners would have charged the Self-Insured Objectors for the same services that Varnum provided. In addition to that, all of the fees and costs the Self-Insured Objectors seek are the kind that Varnum and similarly situated practitioners typically charge their clients.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: September 14, 2018

_____
Perrin Rynders

13980605_1.docx