# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al*., | |
| Plaintiffs, on behalf of themselves and all others similarly situated, | Civil Action No. 2:10-cv-14360-DPH-MKM |
| v. | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | Judge Denise Page Hood |
| | Magistrate Judge Mona K. Majzoub |
| Defendant. | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS BY THE VARNUM OBJECTORS (Dkt. #342)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. iv

COUNTER-STATEMENT OF QUESTION PRESENTED ..................................v

   I.    INTRODUCTION & BACKGROUND......................................................1

       a.   Commencement of Litigation and the First Settlement Approval Process 3

       b.   Appeal by the Varnum Objectors..................................................4

       c.   Second Settlement Approval Process .............................................5

  II.  LEGAL STANDARD....................................................................7

  III.   THE VARNUM OBJECTORS DID NOT CONFER A BENEFIT ON THE CLASS......................................................................................8

      a. No Benefit was Conferred on the Class........................................8

      b.   The Varnum Objectors' Actions Have Delayed Distribution of the Settlement Funds ...............................................................11

  IV.   THE VARNUM OBJECTORS' FEE REQUEST IS UNTIMELY AND UNDISCLOSED TO CLASS MEMBERS.............................................12

  V.  CONCLUSION........................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ...................................................................................9

*Class Plaintiffs v. Jaffe & Schlesinger, P.A.*,
  19 F.3d 1306 (9th Cir. 1994)....................................................................10

*Gardner v. Lafarge Corp.*,
  No. 99-10176, 2007 WL 1695609 (E.D. Mich. June 12, 2007) ...........9

*In re Harnischfeger Indust., Inc., Sec. Litig.*,
  212 F.R.D. 400 (E.D. Wis. 2002).........................................................11

*In re Horizon/CMS Healthcare Corp. Sec. Litig.*,
  3 F. Supp. 2d 1208 (D.N.M. 1998) ......................................................11

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010)................................................................12

*In re Polyurethane Foam Antitrust Litig.*,
  169 F. Supp. 3d 719 (N.D. Ohio 2016).................................................7

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
  273 F. Supp. 3d 563 (D.N.J. 2004) ......................................................7

*In re Rent-Way Sec. Litig.*,
  305 F. Supp. 2d 491 (W.D. Pa. 2003) ..................................................10

*Martin v. Foster Wheeler Energy Corp.*,
  No. 3:06-cv-0878, 2008 WL 906472 (M.D. Pa. Mar. 31, 2008) ....................9, 10

*McDonough v. Toys R Us, Inc.*,
  80 F. Supp. 3d 626 (E.D. Pa. 2015) ......................................................7

*Mirfashi v. Fleet Mortg. Corp.*,
  551 F.3d 682 (7th Cir. 2008)................................................................10

*Olden v. Gardner*,
  294 Fed. Appx. 210, 216 (6th Cir. 2008) ............................................9

*Petrovic v. Amoco Oil Co.*,
  200 F.3d 1140 (8th Cir. 1999).............................................................10

*Reynolds v. Beneficial Nat'l Bank*,
  288 F.3d 277 (7th Cir. 2002).................................................................10

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
  825 F.3d 299 (6th Cir. 2016)..................................................................8

*Spark v. MBNA Corp.*,
  289 F. Supp. 2d 510 (D. Del. 2003).......................................................11

*Stetson v. Grissom*,
  821 F.3d 1157 (9th Cir. 2016).................................................................7

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002)...........................................................7, 11

**Other**

*Manual for Complex Litigation (Fourth)* § 21.643 (2004).......................................7

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980)

*In re Polyurethane Foam Antitrust Litig.*, 169 F. Supp. 3d 719 (N.D. Ohio 2016)

*Olden v. Gardner*, 294 Fed. Appx. 210 (6th Cir. 2008)

## <u>COUNTER-STATEMENT OF QUESTION PRESENTED</u>

1.      Having failed to confer a benefit on the Class, are the Varnum Objectors entitled to recover their costs and attorney fees related to the September 24, 2014 Objection to the Proposed Class Action Settlement and the ensuing appeal?


      The Plaintiffs' Answer: No.

## I.    <u>INTRODUCTION & BACKGROUND</u>

The twenty-six objectors represented by Varnum (the "Varnum Objectors") were predominantly involved in unrelated litigation against Blue Cross Blue Shield of Michigan ("BCBSM").[1] They now seek an untimely award of attorney fees and costs for "conferring a benefit" on the Class, even though they clearly have not done so. The Varnum Objectors' arguments for fees and expenses are self-serving and contrary to law.

Rather than conferring a benefit on the Class, the Varnum Objectors have harmed the Class. While they may or may not have learned something from the documents useful in their previous and ongoing lawsuits with BCBSM, with regard to this lawsuit, they have achieved zero economic benefit for the Class through their actions, have caused a substantial delay in the distribution of the settlement to Class members, and now ask that the Court decrease the amount of the common fund available to Class members by seeking attorney fees and costs from the amount achieved in this lawsuit, not a penny of which was from their efforts. While their dilatory request for unsealing was upheld by the Sixth Circuit, it conferred no benefit to the Class. The settlement amount is the same and the only two objections to the current settlement also objected to the first settlement – Christopher Andrews, a notorious serial objector who has shown no respect for our judicial process, and the

---

[1] *See* Exhibit 1 – Appendix of Filed Cases Identified from Pacer.

1

Varnum Objectors. The number of objections decreased from three to two and the number of opt-out submissions decreased from 1,518 to 314, an approximately 80% decrease. The suggestion that the Varnum Objectors' actions allowed a more thorough and fairer review of the settlement is not supported by these facts, and in any event, would not justify further depleting the settlement fund. Additionally, the Varnum Objectors suggest that their actions made the basis for the settlement more evident to Class members, who then would be more likely to opt-out of the settlement. But the statistics belie that claim. Actually, the unsealing had the opposite effect. The unsealing of the documents garnered greater support of the settlement, evidencing that the parties had compromised on a fair and reasonable settlement. Tellingly, they themselves did not opt-out.

The Varnum Objectors have not conferred a benefit on the Class: (1) the settlement common fund preliminarily approved on April 17, 2018 is the same amount as the one granted final approval by the Court on March 31, 2015; (2) there has been no finding that the March 31, 2015 approved settlement was improper in any way; (3) there are no new objectors to the proposed settlement; (4) the Varnum Objectors' actions have resulted in a four-year delay (thus far) which has prevented Class members from receiving the benefit of the settlement; (5) there has been an approximate 80% decrease in opt-out submissions; and (6) the Varnum Objectors

now seek to be awarded attorney fees from the common fund – which would decrease the total amount of funds available to Class members.

### a. *Commencement of Litigation and the First Settlement Approval Process*

Plaintiffs filed their initial Complaint on October 29, 2010 (Dkt. #1) and later filed their Consolidated Class Action Amended Complaint on June 22, 2012. (Dkt. #78). After more than three years of hard-fought litigation, Plaintiffs filed their "Unopposed Motion for Preliminary Approval of Settlement, Certification of Settlement Class, and Related Relief" on June 23, 2014. (Dkt. #148). The settlement, which was preliminarily approved by the Court on June 26, 2014 (Dkt. #151), required BCBSM to pay a settlement class of direct purchasers of hospital healthcare services in Michigan the sum of $29,990,000 in exchange for a full release of all claims that the settlement class has against BCBSM in connection with the allegedly anticompetitive most favored nation clauses in BCBSM's contracts with Michigan General Acute Care Hospitals during the period 2006 to June 23, 2014. (Dkt. #148 at 1-2).

After extensive notice, 43,550 individuals and 566 insurers and self-insured entities filed claims, including some of the largest and most sophisticated employers and insurers in Michigan. (Dkt. #269-1 at 9). Approximately 1,500 Class members (including Aetna and its subsidiaries) requested exclusion (with some corporate

families filing separate requests for exclusion for each subsidiary), and four objections were filed with the Court, one of which was subsequently withdrawn. *Id.*

The Varnum Objectors filed their "Objection to the Proposed Settlement" on September 24, 2014. (Dkt. #161). A month after filing their objection, the Varnum Objectors filed a motion to intervene for purpose of accessing certain sealed documents, purportedly to inform their objection. (Dkt. #166). The Court held a fairness hearing on November 12, 2014, during which the objectors appeared and made arguments.  Thereafter, in a detailed 49-page opinion, the Court granted final approval of the settlement and plan of allocation on March 31, 2015. (Dkt. #213). In the Opinion, the Court determined that the Varnum Objectors' motion to intervene was untimely (Dkt. #213 at 10-11) and overruled the Varnum Objectors' objection for a number of reasons, while finding the settlement fair, reasonable, and adequate. (Dkt. #213 at 16-34).

### b.  *Appeal by the Varnum Objectors*

The Varnum Objectors filed their "Notice of Appeal" on April 29, 2015 (Dkt. #219) and the Sixth Circuit Court of Appeals issued its Opinion and Judgment on June 7, 2016. (Dkt. #227). The Sixth Circuit vacated approval of the settlement and remanded because the parties failed to provide the necessary justification for sealing

certain documents.[2] The Sixth Circuit held that objectors' lack of access to sealed pleadings prevented their meaningful participation in the Rule 23(e) objection process. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 309 (6th Cir. 2016).

### c. *Second Settlement Approval Process*

As a result of the Sixth Circuit's decision, a number of previously sealed filings were made public, with Plaintiffs arguing against keeping most filings under seal. (Dkt. #281; Dkt. #296). However, not much else changed.

As explained in Plaintiffs' "Motion for Preliminary Approval of Settlement, Certification of Settlement Class, and Related Relief," filed on October 11, 2016 (Dkt. #269):

> Nothing has changed that would warrant the Court reversing its conclusion two years ago that the settlement is a fair, reasonable, and adequate resolution of Plaintiff's claims. Significantly, the Sixth Circuit did not criticize the settlement. Rather, it addressed collateral issues such as sealing, attorneys' fees, incentive awards, the claims process, and the amount of analysis in this Court's final approval order. Thus, it remains true today that the settlement, entered into after full fact discovery on merits and class certification and nearly complete briefing and expert discovery on class certification, provides an excellent recovery in light of the possible damages and the challenges and years that stand between the class and a final litigated judgment.

---

[2] The determinations to seal certain documents produced by defendant and non-parties was largely based on the protective order entered in this case, which was modeled after the one in the parallel government litigation and consisted almost exclusively of documents and data of BCBSM. *See United States v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14155 (E.D. Mich.).

(Dkt. #269 at 2). The settlement common fund is $29,990,000 – the precise amount that was preliminarily approved by the Court on June 26, 2014 and given final approval on March 31, 2015, prior to the Varnum Objectors' appeal. (Dkt. #269 at 8), *see also* (Dkt. #151, #213). The renewed motion for preliminary approval was granted by the Court on April 17, 2018. (Dkt. #323). There is no evidence that the Varnum Objectors conferred a benefit on the Class.

The Varnum Objectors, in support of their fee request, now argue that the unsealing of previously sealed documents has conferred a benefit on the Class so that counsel for the Varnum Objectors should be awarded attorney fees and costs. This is despite the fact that (1) the settlement common fund preliminarily approved on April 17, 2018 is the same amount as the one granted final approval by the Court on March 31, 2015; (2) there has been no finding that the March 31, 2015 approved settlement was improper in any way; (3) there are no new objectors to the proposed settlement; (4) the Varnum Objectors' actions have resulted in a four-year delay (thus far) which has prevented Class members from receiving the benefit of the settlement; (5) there has been an approximate 80% decrease in opt-out submissions; and (6) the Varnum Objectors now seek to be awarded attorney fees from the common fund – decreasing the total amount of funds available to Class members.

The significant decrease in opt-out submissions after the unsealing of certain documents is further proof that Class Counsel was correct in their determination that

this is a fair and beneficial settlement. As a result, the only effect of the Varnum Objectors' actions was substantial delay.

## II. <u>LEGAL STANDARD</u>

"While an objector to a class action settlement is not generally entitled to an award of counsel fees, objectors are entitled to compensation for attorneys' fees and expenses if *the settlement* was improved as a result of their efforts." *McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626, 658-59 (E.D. Pa. 2015) (emphasis added) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 3d 563, 565 (D.N.J. 2004)). *See also Manual for Complex Litigation (Fourth)* § 21.643 (2004) ("An objector who wins changes in *the settlement* that benefit the class may be entitled to attorney fees, either under a fee-shifting statute or under the 'common-fund' theory.") (emphasis added). "The Sixth Circuit's stance on objector awards is less permissive than others." *In re Polyurethane Foam Antitrust Litig.*, 169 F. Supp. 3d 719, 720 (N.D. Ohio 2016). Here, the Varnum Objectors did not improve the settlement at all – rather, they depleted the settlement fund by depriving the Class of the time value of money. *See Stetson v. Grissom*, 821 F.3d 1157, 1164 (9th Cir. 2016) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) ("an objector must 'increase the fund or otherwise substantially benefit the class members.'")).

### III.   THE VARNUM OBJECTORS DID NOT CONFER A BENEFIT ON THE CLASS

#### *a. No Benefit was Conferred on the Class*

The Varnum Objectors did not confer a benefit on the Class. They have provided no evidence to show that the unsealing of certain documents conferred any actual economic benefit, including an increase in the settlement amount, an increase in the percentage of the common fund available to Class members, or any other positive settlement benefit. They simply make the conclusory argument that the unsealing of documents "allow[ed] class members to better assess the merits of the case and the value of the settlement." Mot. at 4. However, no additional objections have been filed and there has been approximately an 80% decrease in the number of opt-out submissions from the first settlement.

The Sixth Circuit's opinion in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 302 (6th Cir. 2016) simply addressed collateral and procedural issues, such as the sealing of documents. It did not criticize the settlement result, simply certain procedures that were followed during the settlement approval process. As a result, the current settlement is the same amount as was originally approved by the Court – $29,990,000 – and little else has changed. The settlement did not increase in value nor was there an increase in the percentage of the common fund that will be distributed to the Class.

8

The Supreme Court has recognized "that a litigant or a lawyer who *recovers a common fund for the benefit of persons other than himself or his client* is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 477 (1980) (collecting cases) (emphasis added). The actions of the Varnum Objectors should not be rewarded with a grant of attorney fees and costs. They did not recover (or increase) the common fund. Further, there is no fee-shifting statute to provide the Varnum Objectors' counsel with fees.

In *Olden v. Gardner*, 294 Fed. Appx. 210, 216, 221 (6th Cir. 2008), the Sixth Circuit affirmed Judge Lawson's rejection of the objector's motion for attorney's fees because the Court found that the objector's work did not produce a beneficial result for the class. *Id.* (citing *Gardner v. Lafarge Corp.*, No. 99-10176, 2007 WL 1695609 (E.D. Mich. June 12, 2007)). In that case, the parties amended the settlement agreement to remedy the opt-out issue and to reduce the class representatives' incentive award from $20,000 each to $2,500 each. *Id.* at 216. Other than these changes, "the amended settlement agreement was virtually identical to the original." *Id.* As a result, the request for fees and costs was denied. *Id.*

Similarly, the Middle District of Pennsylvania has explained, while denying a request for an objector's attorney fees, that "[a]n objector to a class action settlement is generally not entitled to an award of attorneys' fees." *Martin v. Foster Wheeler Energy Corp.*, No. 3:06-cv-0878, 2008 WL 906472, at *9 (M.D. Pa. Mar. 31, 2008)

9

(citing *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 520 (W.D. Pa. 2003)). "Absent a showing that the objector substantially enhanced the benefits to the class under the settlement, the objector is not entitled to a fee." *Id.* (citing *In re Rent-Way*, 305 F. Supp. 2d at 520)).

Importantly, multiple circuits have addressed the specific issue of whether counsel for an objector should be awarded attorney's fees when they did not improve the value of the settlement more than the amount they seek in attorney fees. In *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002), the Seventh Circuit held that "lawyers who contribute materially to the proceedings" may obtain a fee, but "objectors [must] produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class." *Id.*; *see also Mirfashi v. Fleet Mortg. Corp.*, 551 F.3d 682, 688 (7th Cir. 2008); *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994) (per curiam); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999). This is exactly the case here. The Varnum Objectors' actions did not increase the value of the settlement, so their request for fees should be denied. *See In re Rent-Way*, 305 F. Supp. at 520 ("Absent a showing that the objector substantially enhanced the benefits to the class under the settlement, the objector is not entitled to a fee.").

Similarly, the District of Delaware has held that "objectors will not be awarded fees for all of their work conducted in the course of the litigation. Instead,

the court will award fees which reflect the value the objectors conferred upon the class." *Spark v. MBNA Corp.*, 289 F. Supp. 2d 510, 513 (D. Del. 2003). "In the absence of a showing that objectors substantially enhanced the benefits to the class under the settlement, objectors are not entitled to fees." *Id.* (citing *Vizcaino*, 290 F.3d at 1052). In *Spark*, the court held that it could find no evidence to overcome the presumption that the objector is not entitled to attorney's fees and noted that the cases in which objectors are awarded attorneys' fees are "few and far between." *Id.* "In such cases, the objectors expended large amounts of time, money and resources, aided the court considerably in its consideration of the proposed settlements and fee awards, and the class members were ultimately benefitted as a result of the objectors' efforts." *Id.* (citing *In re Harnischfeger Indust., Inc., Sec. Litig.*, 212 F.R.D. 400, 413-15 (E.D. Wis. 2002) (objector awarded fees for obtaining modified release and preserving class members' ERISA claims in class action settlement); *In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F. Supp. 2d 1208, 1214 (D.N.M. 1998) (objectors awarded fees because they retained economic experts who 'conducted a full-scale damage analysis' relied upon by the court in reducing class counsel's fee award)).

      b. <u>*The Varnum Objectors' Actions Have Delayed Distribution of the Settlement Funds*</u>

Certainly, the Varnum Objectors have not conferred a benefit on the Class. In fact, their actions have prevented the Class from receiving settlement funds for years.

The Varnum Objectors' actions have resulted in a four-year delay (thus far) in the distribution of the settlement, and the Varnum Objectors now seek to be awarded attorney fees and costs from the common fund – which would decrease the total amount of funds available to Class members. The Varnum Objectors seek $165,128.43 in attorney fees and costs but their actions increased the value of the Settlement by $0. This is in addition to the extended delay that the objection and appeal have caused.

## IV.   THE VARNUM OBJECTORS' FEE REQUEST IS UNTIMELY AND UNDISCLOSED TO CLASS MEMBERS

In addition to failing to confer a benefit on the Class, the Varnum Objectors' fee request is untimely. In its order granting preliminary approval of the settlement, the Court set May 17, 2018 as the deadline for Class Counsel to file a motion for attorneys' fees. (Dkt. #323 at 11). Because the Varnum Objectors claim to have conferred a benefit on the Class in providing illusory benefits, the Varnum Objectors should have filed their motion for fees by the May 17, 2018 deadline, so that notice of their fee claim could have been included in the Class notice. By waiting until the *objection* deadline to file their fee motion (nearly *four months later*), the Varnum Objectors ensured that the Class would be unable to evaluate and potentially object to the Varnum Objectors' own motion for fees and expenses. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) ("Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into

the bases for various charges and ensure that they are adequately documents and supported is essential for the protection of the rights of class members.") Such unfairness to the Class should be discouraged, and the Court should deny the Varnum Objectors' motion for fees as untimely and undisclosed to Class members, in addition to the conferring no benefit on the Class.

## V.   **CONCLUSION**

The Varnum Objectors should not be rewarded for delaying the Class's recovery for four years without producing any meaningful benefit for the Class. Because the Varnum Objectors seek to collect fees and costs from the common fund, the Class will only have been made worse off by the actions of the Varnum Objectors if costs and fees were awarded. Furthermore, the Varnum Objectors' motion should be denied because their request is untimely and was not disclosed to the Class.

Dated: September 28, 2018          Respectfully submitted,

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza

120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

Daniel A. Small
Brent W. Johnson
**COHEN MILSTEIN SELLERS**
    **& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER**
    **FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York, 10016
Telephone: (212) 545-4690
isquith@whafh.com

Theodore B. Bell
**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Telephone: (312) 984-0000
tbell@whafh.com

*Interim Class Counsel*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111

14

Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 28, 2018 I electronically filed the foregoing with the Clerk of the Court using the ECF system which will notify all counsel of record authorized to receive such filings.

**THE MILLER LAW FIRM, P.C.**

By  _/s/ E. Powell Miller_
E. Powell Miller (P39487)
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com

16