# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. *ET AL.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> vs. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360 <br> CLASS ACTION <br><br> Honorable Denise Page Hood |

## ORDER APPROVING SETTLEMENT

The Court has (1) reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Settlement Agreement dated October 11, 2016; (2) held a Fairness Hearing after being satisfied that notice to the Settlement Class has been provided in accordance with the Court's Order Granting Preliminary Approval to Proposed Class Settlement entered on April 17, 2018 (the "Preliminary Approval Order"); (3) taken into account the objections submitted prior to the Fairness Hearing in accordance with the Preliminary Approval Order, and the presentations and other proceedings at the Fairness Hearing; and (4) considered the Settlement in the context of all prior proceedings had in this litigation. Accordingly, in addition to the findings set forth in the Court's Opinion entered this date, the Court enters the following **FINDINGS and CONCLUSIONS**:

  A. Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Amended Agreement.

  B. The Court has subject matter jurisdiction over this Action.

C.  The notice to Settlement Class Members consisted of postcard notices to millions of potential class members, as well as advertisements in newspapers and newspaper supplements, in *People* magazine, and on the Internet.  The Settlement Administrator also created a website where Settlement Class Members could obtain the Amended Agreement, the Long Form Notice, the Claim Forms, the list of Michigan General Acute Care Hospitals, and the list of Affected Combinations (as defined in Plaintiffs' motion for class certification).  The Court finds that this notice (i) constitutes the best notice practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, and of their right to object and to appear at the Fairness Hearing or to exclude themselves from the Settlement; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

D.  By providing notice of the proposed Settlement to the relevant state and federal authorities within 10 days of the filing of the proposed Settlement with this Court, Defendant has complied with the requirements of 28 U.S.C. § 1715.

E.  The Court held a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the Settlement and has considered all objections to the settlement that have been filed.

F.  The Settlement is the product of good faith, arm's length negotiations between the Plaintiffs and Class Counsel, on the one hand, and BCBSM and its counsel, on the other hand.

G.  The Settlement, as provided for in the Amended Agreement and exhibits, is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court considered a number of factors, including: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the

settlement; (2) the risks, expense, and delay of further litigation; (3) the judgment of experienced counsel who have competently evaluated the strength of their proofs; (4) the amount of discovery completed and the character of the evidence uncovered; (5) whether the settlement is fair to the unnamed class members; (6) objections raised by class members; (7) whether the settlement is the product of arm's length negotiations as opposed to collusive bargaining; and (8) whether the settlement is consistent with the public interest.  See, e.g., In re Cardizem CD Antitrust Litig., 218 F.R.D. 508, 522 (E.D. Mich. 2003).

      H.      A list of those Settlement Class Members who have timely and validly requested exclusion from the Settlement and the Settlement Class, and who are therefore not bound by the Settlement, the provisions of the Amended Agreement, this Order, or the Final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of the Settlement Administrator (attached as Exhibit D to Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement), filed in advance of the Fairness Hearing. All Settlement Class Members shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and Final Judgment to be entered by the Clerk of the Court.

On the basis of the foregoing findings and conclusions, as well as the submissions and proceedings referred to above, **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Approval of Settlement

      1.      The Settlement and the Amended Agreement, including the Plan of Allocation attached to the Settlement Agreement as Exhibit F, are hereby approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, and the requirements of due process and

Federal Rule of Civil Procedure 23 have been satisfied. The parties are ordered and directed to comply with the terms and provisions of the Amended Agreement.

2. The Settlement Class Members identified on the list submitted to the Court as having timely and properly requested exclusion from the Settlement and the Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Amended Agreement.

3. If this Order is reversed on appeal or the Amended Agreement is rescinded or does not receive Final Approval for any reason, the certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Amended Agreement might have asserted but for the Amended Agreement.

Release and Injunctions Against Released Claims

4. Plaintiffs and each of the other Settlement Class Members, jointly and severally, shall, and hereby do, fully release and discharge BCBSM and Released Parties from any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, arising out of or in any way relating to Most Favored Nation Clauses, or any matter or event occurring up to the execution of this Agreement arising out of the dispute which is the subject of this Action, whether in contract, tort, local law, or violation of any state or federal statute, rule or regulation, including without limitation, claims under the Sherman Act, Clayton Act or any Michigan antitrust statute, from January 1, 2006,

through the Execution Date ("Released Claims"). Released Claims include any unknown claims that Settlement Class Members do not know or suspect to exist in their favor, which if known by them, might have affected this Agreement with BCBSM and the release of Released Parties.

5. As used in Paragraph 4 herein, "Most Favored Nation Clauses" means all agreements and arrangements between BCBSM and general acute care hospitals in Michigan that (a) Plaintiffs have alleged or contended in this Action are most favored nation clauses, (b) are within the definition of a most favored nation clause contained in Section 3405a(4) of 1956 PA 218, or (c) have the same purpose or effect as the agreements and arrangements described in clauses (a) and (b) of this Paragraph.

6. The Release described in Paragraph 4 herein is not intended to, and shall not, release any claims for medical malpractice, insurance coverage, product liability, personal injury, or similar claims.

7. The Settlement Class Members are permanently enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit in any state, territorial or federal court, or any arbitration or administrative or regulatory or other proceeding in any jurisdiction, which asserts Released Claims. In addition, Settlement Class Members are enjoined from asserting as a defense, including as a set-off or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

Other Provisions

8. Neither the Amended Agreement nor any provision therein, nor any negotiations, statements, submissions, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiffs, any Settlement

Class Member, BCBSM, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither this Order nor the Amended Agreement, nor any statements or submissions in connection therewith shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided, however*, that the Amended Agreement, this Order, and the Final Judgment to be entered thereon may be filed in any action by BCBSM or Settlement Class Members seeking to enforce the Amended Agreement or the Final Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Amended Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings, as to Released Claims or other prohibitions set forth in this Order, that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

9. In the event the Amended Agreement does not receive Final Approval or is rescinded in accordance with the terms and provisions of the Amended Agreement, then this Order and the Final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

10. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction for the purposes of implementing and enforcing the Agreement, and adjudicating any disputes that arise pursuant to the Agreement.

<u>Entry of Judgment</u>

11. The Clerk of the Court is directed to enter the Final Judgment in the form attached to this Order dismissing this Action, and all claims asserted therein, with prejudice as to BCBSM.

**SO ORDERED** this 30th day of September 2019.

                                                                                  <u>s/Denise Page Hood</u>
                                                                                   HONORABLE DENISE PAGE HOOD
                                                                                   CHIEF UNITED STATES DISTRICT JUDGE