UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE SHANE GROUP INC.; BRADLEY
A. VENEBERG; SCOTT STEELE;
MICHIGAN REGIONAL COUNCIL OF
CARPENTERS EMPLOYEE BENEFITS
FUND; ABATEMENT WORKERS
NATIONAL HEALTH AND WELFARE
FUND; and MONROE PLUMBERS AND
PIPEFITTERS LOCAL 671 WELFARE
FUND,

    Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

    Defendant.

Case No. 2:10-cv-14360

Honorable Denise Page Hood

## BRIEF IN SUPPORT OF TIME SHEET SUBMISSION BY THE "VARNUM GROUP"

## BRIEF IN SUPPORT OF TIME SHEET SUBMISSION
## BY THE "VARNUM GROUP"

In its September 30, 2019 Order (Doc. No. 364), the Court granted in part and denied in part the Varnum Group's Motion for Attorney Fees and Costs (Doc. No. 342).[1] The Court ordered the Varnum Group to resubmit their time sheets highlighting the time spent on their efforts to have the record unsealed. The resubmitted time sheets and cost records are attached as **Exhibit A** to this brief.

The time and cost entries on Exhibit A are color-coded into three categories. Entries with green highlighting either (1) solely relate to the Varnum Group's lack of access to court record under seal; or (2) would necessarily have been incurred by the Varnum Group even if the Varnum Group's sole objection to the proposed settlement was a lack of access to sealed documents in the court record (such as travel to and attendance at court hearings). These time entries and costs total $51,105.28 and should be awarded in full.

Entries with red highlighting are completely unrelated to the Varnum Group's lack of access to court records under seal. These time entries total $21,644.25 and should not be awarded under the terms of the Court's Order.[2]

---

[1] The "Varnum Group" consists of approximately 25 self-insured companies and governmental entities that the Varnum law firm represented in objecting to the proposed settlement, including seeking to unseal the court record.

[2] The Varnum Group disagrees with the Court's denial in part of their motion for attorney fees and costs and reserves the right to appeal that Order.

Finally, entries with yellow highlighting relate to the Varnum Group's objection to the proposed settlement. As the Court is aware, the Varnum Group was required to include all of its grounds for objecting to the proposed settlement in their objection filed with the Court. The lack of access to documents in the record that were relevant to class members' consideration of the fairness of the proposed settlement was an integral part of the objection and was presented as the first basis for the Varnum Group's objection.

As one would expect, many of the time entries by Varnum related to preparing the objection, speaking with clients about the objection, etc., do not distinguish between the different grounds for the Varnum Group's objection. These "mixed" time entries total $92,507.

These "mixed" time entries should be awarded in full. On appeal, the Varnum Group was awarded the relief that it requested in its objection. Specifically, the settlement was vacated and the matter was remanded for a renewed fairness hearing as a result of the Varnum Group's objections.

That the Court of Appeals found it unnecessary to address some of the grounds for the Varnum Group's objection to the proposed settlement is irrelevant. "[L]itigants often raise alternative grounds and the rejection of some of those grounds should not lead to a reduced fee if the plaintiff has been successful." *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004)(citing *Hensley v. Eckerhart*,

461 U.S. 424, 435 (1983)); *cf. Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006)(cautioning against parsing a prevailing party's attorney fee award where they have been granted the relief that they sought, but only on some of the grounds on which they sought such relief). Indeed, the Sixth Circuit did not reject the Varnum Group's other grounds for objecting to the proposed settlement—it just did not rely on those grounds in upholding the objection.

The Varnum Group requests that it be awarded a total of $143,612.28 on its motion for attorney fees and costs (Doc. No. 342).

VARNUM LLP
*Counsel for Objectors*

Dated: October 21, 2019     By:   s/ Bryan R. Walters
                                  Bryan R. Walters (P58050)
                                  P.O. Box 352
                                  Grand Rapids, MI 49501-0352
                                  (616) 336-6000
                                  brwalters@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

By:   s/ Bryan R. Walters
      Bryan R. Walters (P58050)
      P.O. Box 352
      Grand Rapids, MI  49501-0352
      (616) 336/6000
      brwalters@varnumlaw.com

15509196_1.docx