Clerk of Court

The United States District Court

For The Eastern District of Michigan

Southern Division

U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, Michigan 48226

The Shane Group, Inc.et al,

Plaintiffs,

v. Blue Cross Blue Shield of Michigan,

Defendant .

Case No. 2:10-cv-14360-DPH-MKM

Judge Denise Page Hood

# NOTICE OF APPEAL BY OBJECTOR CHRISTOPHER ANDREWS

This is the second good faith appeal which will reverse this approval once again. Notice is hereby given that Class Member/Objector Christopher Andrews appeals to the United States Court of Appeals for the Sixth Circuit from Doc 364, ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN ALLOCATION; GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PAYMENT OF INCENTIVE AWARDS TO CLASS REPRESENTATIVES; AND GRANTING IN PART AND DENYING IN PART THE VARNUM GROUPS' MOTION FOR ATTORNEY FEES AND COSTS, Doc 365, ORDER APPROVING SETTLEMENT and Doc 365 FINAL JUDGMENT all entered on September 30, 2019 including any other orders and opinions that merge therein including any order requiring an appeal bond, subsequent to this notice of appeal.

Here are some of the issues and errors that separately and or combined cause this approval to be manifest error and abuse of discretion that were raised but not addressed in the approval decision;

1. The parties and the court failed to address the most important issue the objector raised extensively in his objection and at the fairness hearing. That is the lack of standing under Article III and subject matter jurisdiction which the court is supposed to address before the deciding the merits.

Subject matter jurisdiction is so fundamental that a court can (indeed a court must) rule on the matter sua sponte, without any motions by a party. Fed. R. Civ. P. 12(h)(3). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," but as the case progresses, if standing is "controverted," standing must be supported by evidence. *Lujan*, 504 U.S. at 561. A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40, n. 20 (1976). "Our determination of standing is both plaintiff- and provision-specific. That one plaintiff has standing to assert a particular claim does not mean that all of them do." Fednav, Ltd. v. Chester, 547 F.3d 607, 614 (6th Cir. 2008); see also Pagan v. Calderon, 448 F.3d 16, 26 (1st Cir. 2006) Both of these decisions cited language in the Supreme Court's decision in Allen v. Wright , 468 U.S. 737 (1984), as rejecting the one-plaintiff rule.

The appellant raised standing extensively in his objection and at the fairness hearing which the parties and court chose to intentionally ignore then the court illegally approved the settlement. Currently none of the named plaintiffs have Article III standing; the lawyers have no client to represent, they even lack standing to file a response to the appellant's brief, the court's approval is clearly illegal. The Supreme Court clarified in Frank v. *Gaos* that if class action plaintiffs have no standing to sue in

the first instance, there is no mechanism for settling the case. This threshold question must be answered before plaintiffs can extract a settlement from defendants.

The following is from a recent decision in the 6th Circuit addressing standing.

Nos. 18-3847/3866 Chapman, et al. v. Tristar Prods., Inc. decided on 10-10-19 Page 4 and 5 No. II

"Before we may address Arizona's substantive arguments, we must determine whether Arizona has standing. We begin with first principles. Our federal Constitution creates a republican government of three co-equal branches, each of which possesses only limited power. The judicial power is particularly limited to cases and controversies before the Supreme Court and such inferior courts as Congress may create. U.S. Const. art. III, §§ 1–2. This jurisdictional limitation requires, among other things, that a party wishing to litigate a dispute before a federal court demonstrate standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 559–60 (1992) (explaining that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). The standing requirement prevents federal courts from issuing advisory opinions. "Article III of the U.S. Constitution does not authorize federal courts to decide theoretical questions." Hegy v. Demers & Adams, 882 F.3d 616, 620 (6th Cir. 2018). The prohibition on advisory opinions, in turn, is an important element in the separation of lawful powers between the governmental branches of our republic.

"When the federal judicial power is invoked to pass upon the validity of actions by the Legislative and Executive Branches of the Government, the rule against advisory opinions implements the separation of powers prescribed by the Constitution and confines federal courts to the role assigned them by Article III." Flast v. Cohen, 392 U.S. 83, 96 (1968).Although Congress may by statute define the jurisdiction of the federal courts, our jurisdiction can never extend beyond the outer limits set by Article III. "[B]y the express terms of the Constitution, the exercise of the judicial power is limited to 'cases' and 'controversies.' Beyond this it does not extend, and unless it is asserted in a case or controversy within the meaning of the Constitution, the power to exercise it is nowhere conferred." Muskrat v. United States, 219 U.S. 346, 356 (1911). The Article III limit on our jurisdiction is important because, if we were to render an advisory opinion, it would be a constitutional violation that is un-redressable. Accordingly, we are required in every case to determine—sua sponte if the parties do not raise the issue—whether we are authorized by Article III to adjudicate the dispute. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). We may not decide the merits of a claim for relief unless some party pressing the claim has standing to bring it. See Town of Chester v. Laroe Estates, Inc., 137 S. Ct. 1645, 1650–51 (2017)."

The following from another 6th Circuit case:

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although no one has specifically addressed subject matter jurisdiction to this point, we have an independent obligation to consider it and may do so sua sponte. Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd. , 556 F.3d 459, 465 (6th Cir. 2009); see also United States v. Cotton , 535 U.S. 625, 630 (2002) (Subject matter jurisdiction "can never be forfeited or waived."). We must correct any defect in subject matter jurisdiction regardless of whether the district court considered it, Cotton, 535 U.S. at 630, even if "many months of work on the part of the attorneys and the court may be wasted," Henderson ex rel. Henderson v. Shinseki , 562 U.S. 428, 435 (2011); see also Hampton v. R.J. Corman R.R. Switching Co., 683 F.3d 708, 711–12 (6th Cir. 2012) (vacating district court's grant of summary judgment after determining that Federal Railroad Safety Act did not create a private cause of action). Subject matter jurisdiction is so fundamental that a court can (indeed a court must) rule on the matter sua sponte, without any motions by a party. Fed. R. Civ. P. 12(h)(3)……………..( in the dissent, conclusion).

The above from ESTATE OF ROBERT CORNELL v. BAYVIEW LOAN SERVICING,LLC; THIEN HOANG TRAN, 6th Circuit,  No. 18-1245  issued November 13, 2018.

Because the district court's act in approving this class settlement was a court judgment, it erred when it did not first assess standing violating Sixth Circuit and Supreme Court precedent. The settlement should be reversed, and/or the entire case decertified or dismissed with prejudice since there never was a "live case or controversy" from the get go but the parties still ignored that fact to artificially generate fees for themselves. The plaintiffs won't address the issues in this notice of appeal with me even though they were sent a copy of this notice to respond to a while ago so this notice of appeal had to be filed.

Even if the court had jurisdiction (which it doesn't) the court also failed to address and or correct the issues the objector and the Sixth Circuit raised below, excluding the sealed records issue, which he replaced with the standing issue. Those issues are;

2. Lack of documentation of the bounty awards and explanation;

> "The court's approval of so-called "incentive awards" for the named plaintiffs raises similar concerns." Page 3 of the reversal.

> "To ensure that these amounts are not in fact a bounty, however, counsel must provide the district court with specific documentation—in the manner of attorney time sheets—of the time actually spent on the case by each recipient of an award. Otherwise the district court has no basis for knowing whether the awards are in fact "a *disincentive* for the [named] class members to care about the adequacy of relief afforded unnamed class members[.]" *Dry Max*, 724 F.3d at 722 (emphasis in original)." Page 3 of the reversal.

This issue was ignored in the approval; the bounty sold the class out. Non injured class members including named plaintiffs cannot receive damages or service awards which violates Sixth Circuit and Supreme Court law.

3. The overpayment of lawyer fees and expenses that sold the class out;

"Next, in approving class counsel's fee request of approximately $10 million, the district court erred in relying in part on the higher amount calculated by means of the "lodestar method." See page 2 of appeal reversal.

"Moreover, class counsel provided no backup whatsoever—no time records, no descriptions of work done—in support of their hours spent working on the case. Instead, class counsel provided the district court with a single page of documentation for each firm, listing only the employee names, titles, rates, hours, and—by multiplying the rates and hours—the total lodestar for that firm. The documentation of fees in this case should have only heightened the district court's concerns about whether the settlement is fair to unnamed members of the class." Page 3 of the reversal.

The court still has not correctly addressed and fixed this issue above. The fee request reduction was the result of class counsel being forced to pay for part of the old notice and all of the new notice due to their errors which was demanded by this objector. The court failed to address or explain this objector's and the Sixth Circuit's concerns regarding the usurious hourly rates and fake hours claimed by the lawyers. The court should have substantially reduced usurious fee first and then subtracted out the $1.4 million notice reduction amount. The result is the lawyers have again been overpaid by millions along with being vastly overpaid in expenses without any time sheets, receipts or explanation; both issues are clear reversible errors then and now.

4. Material errors in the PAO and Amended Agreement that make it so ambiguous to the point of the document being defective and unenforceable that were not addressed.

5. Failure of Notice Program. The court failed to address this issue also. Class counsel failed to show how they could or did feasibly identify the entire 7 million class members to notice all of them. Since most of the class was unable to be noticed and

could not participate in this lawsuit settlement process they could not opt out violating due process under the Constitution. The pitiful 1.2% claims take rate or 84,000 claims filed out of 7 million class members is proof of the failure of the notice program and that is cause for reversal. The notice and claims issue violates Rule 23, Supreme Court precedent.

6. The BCBSM backed cy pres recipient.

This issue was intentionally ignored in the approval. BCBSM is receiving a de facto kickback from the cy pres entity that they heavily back and contribute to yearly. The cy pres donation reduces the amount BCBSM contributes to them the following year which rewards BCBSM for fraud by saving them money. There are other issues.

.                                 **Summary**

The "deal" is still not fair, reasonable and adequate under 23(e) because of the myriad of material issues above that benefits everyone but the unnamed class. The named plaintiffs, class counsel, Blue Cross Blue Shield of Michigan and the notice entity violated the rights of the 7 million member class via due process violations, bad faith, misconduct, violations of various sections of Rule 23, 6th Circuit and Supreme Court precedent in this collusional divide and conquer settlement against the unnamed class. The court's manifest errors cannot be allowed to go unchecked. There is no reason to cover-up the truth by redacting anything in the fairness hearing transcript.

The court could not help but be more welcoming of class counsel's and the defendant's

misleading error strewn filings and intentional omissions that confirm its biases than

the facts pointed out by this objector that challenges and overcomes them.

I hereby certify under penalty of perjury that all of the above is true and accurate to the

best of my knowledge.

*Christopher Andrews*

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810  E. caaloa@gmail.com  Dated 10-24-2019

## Certificate of Service

I hereby certify under penalty of perjury that on this day October 24, 2019 I mailed

two copies of this document (one is a chamber's copy) along with two copies of a

Motion to Proceed in forma pauperis with two copies of a Form 4 (Form 4 is filed

under seal which by the way is not printable on the "forms" section of your website) to

the Clerk of the Court via Priority Mail to the address on page one and copies were

sent to class counsel via first class mail to the address below. The objector currently

has in forma pauperis status at the Northern District of California last granted on 9-12-

19 and at the 9th Circuit. See Exhibits 1, 2, and 3.

Christopher Andrews, Pro se objector, P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com   10/24/19

Attention; Daniel Hedlund Gustafson Gluek Pllc  Canadian  Pacific Plaza 120 South

Sixth Street, Suite 2600 Minneapolis, MN 55402

Exhibit 1

1
2
3
4            UNITED STATES DISTRICT COURT
5         NORTHERN DISTRICT OF CALIFORNIA
6
7 | IN RE: LITHIUM ION BATTERIES ANTITRUST | Case No.13-md-02420-YGR |
8 | LITIGATION | **ORDER GRANTING MOTION OF OBJECTOR** |
9 | | **CHRISTOPHER ANDREWS TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
10 | This Order Relates to: | Re: Dkt. No. 2528 |
11 | The Indirect Purchaser Plaintiffs | |
12
13      Good cause appearing, pursuant to 28 U.S.C. § 1915(a), the request of Objector

14 Christopher Andrews to proceed in forma pauperis on appeal (Dkt No. 2528) is hereby GRANTED.

15     IT IS SO ORDERED.

16 Dated: September 12, 2019

17                         YVONNE GONZALEZ ROGERS
18                         United States District Judge
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN YOUNG, et al., | Case No.: 13-md-02420-YGR  (PJH) |
| Plaintiffs, | |
| v. | **CERTIFICATE OF SERVICE** |
| SAMSUNG SDI AMERICA INC, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that:

(1)  I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

(2)  On 9/12/2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Christopher Andrews
P.O. Box 530394
Livonia, MI 48153

Dated: 9/12/2019

Susan Y. Soong
Clerk, United States District Court

By: _Kelly Collins_
Kelly Collins, Deputy Clerk to
the Honorable Phyllis J. Hamilton

Exhibit 2

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW EDWARDS; et al.,<br><br>             Plaintiffs-Appellees,<br><br>v.<br><br>CHRISTOPHER ANDREWS,<br><br>             Objector-Appellant,<br><br>v.<br><br>NATIONAL MILK PRODUCERS<br>FEDERATION, AKA Cooperatives<br>Working Together; et al.,<br><br>             Defendants-Appellees. | No. 17-16459<br><br>D.C. Nos.   4:11-cv-04766-JSW<br>               4:11-cv-04791-JSW<br>               4:11-cv-05253-JSW<br>Northern District of California,<br>Oakland<br><br>ORDER |

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

The response to the October 6, 2017 order demonstrates that this appeal involves non-frivolous issues. The order to show cause is therefore discharged, and appellant's motion to proceed in forma pauperis (Docket Entry No. 4) is granted. *See* 28 U.S.C. § 1915(a). The Clerk shall amend the docket to reflect appellant's in forma pauperis status.

The motion for summary affirmance of the district court's judgment (Docket Entry No. 7) is denied because the issues raised in the appeal are sufficiently substantial to warrant further consideration by a merits panel. *See* 9th Cir. R. 3-6;

*United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

The opening brief is due October 1, 2018; the answering brief is due November 1, 2018; and the optional reply brief is due within 21 days after service of the answering brief.

Because appellant is not represented by counsel, appellant does not need to submit excerpts of record for this appeal. *See* 9th Cir. R. 30-1.2. Appellees' supplemental excerpts of record should include only the district court docket report, the notice of appeal, the judgment or order appealed from, and any specific portions of the record cited in the answering brief. *See* 9th Cir. R. 30-1.7.

17-16459

Exhibit 3

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: LITHIUM ION BATTERIES
ANTITRUST LITIGATION.

-------------------------------

INDIRECT PURCHASER PLAINTIFFS,

　　　　Plaintiff-Appellee,

v.

CHRISTOPHER ANDREWS,

　　　　Objector-Appellant,

v.

PANASONIC CORPORATION; et al.,

　　　　Defendants-Appellees.

No.　17-17369

D.C. No. 4:13-md-02420-YGR
Northern District of California,
Oakland

ORDER

A review of the district court docket reflects that on April 21, 2017, the

district court granted appellant Christopher Andrews leave to proceed in forma

pauperis and that such permission has not been revoked.  Accordingly, appellant's

in forma pauperis status continues in this court.  *See* Fed. R. App. P. 24(a)(3).

Appellant's motion to proceed in forma pauperis on appeal (Docket Entry No. 2) is

therefore unnecessary.

AB/MOATT

The previously established briefing schedule remains in effect.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Lior A. Brinn
Deputy Clerk
Ninth Circuit Rule 27-7


**UNITED STATES POSTAL SERVICE.**                          *Retail*

| **P** | **US POSTAGE PAID** |
| | $7.35      Origin: 48143<br>10/24/19<br>2551500143-6 |

**PRIORITY MAIL 1-DAY ®**

1 Lb 0.20 Oz
**1006**

EXPECTED DELIVERY DAY:  10/25/19

C008

SHIP
TO:
   231 W LAFAYETTE BLVD
   DETROIT MI  48226-2700

**USPS TRACKING NUMBER**



9505 5122 9147 9297 1431 33


P S00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**PRIOR
★ MAI**

FROM:

C
P
Li

**TO:**

Label 228, March 2016

✱ Domestic only.   ✕ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.