# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC., *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF MICHIGAN,<br><br>　　　　Defendant. | Case No. 2:10-cv-14360-DPH-MKM<br><br>Hon. Denise Page Hood<br><br>Magistrate Judge Mona K. Majzoub |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO BRIEF IN SUPPORT OF TIME SHEET SUBMISSION BY THE "VARNUM GROUP"

## **STATEMENT OF QUESTIONS PRESENTED**

1. Should counsel for the Varnum Group be compensated for all time only partially related to its previous objection concerning the sealing of court filings?

Class Counsel's Answer: **No.**

2. Should the Varnum Group be paid at full rates?

Class Counsel's Answer: **No.**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed R. Civ. P. 23

*Park v. Thomson Corp.*, 633 F. Supp. 2d 8 (S.D.N.Y. 2009)

*In re Riverstone Networks, Inc.*, 256 Fed. App'x 168 (9th Cir. 2007)

## I.    INTRODUCTION

Plaintiffs continue to oppose any fee award to the Varnum Group for the reasons expressed in their opposition to the Varnum Group's original fee Motion. Dkt. No. 346. Further, despite the Court's plain instruction that counsel for the Varnum Group should only be compensated for "time actually spent on the sealing the documents issue," Dkt. No. 364 at 29–30, counsel for the Varnum Group now claim that they should be compensated for entire blocks of time which were only partially so-related. The Court should reject the Varnum Group's disregard of the Court's plain instructions and such "mixed" time should only be partially compensated, if at all. In addition, the Varnum Group's hourly rates should be reduced to no more than the $266 blended rate awarded by the Court to Settlement Class Counsel.

## II.    ARGUMENT

In addition to $1,822.28 in "necessary" expenses, the Varnum Group has divided its time into three categories:

| Characterization | Hours | Lodestar | Blended Rate |
|---|---|---|---|
| Exclusively related to / necessary to sealing | 112.90 | $49,283.00 | $436.52 |
| Partially related to sealing ("mixed") | 212.55 | $92,507.00 | $435.22 |
| Not related to sealing | 57.00 | $21,644.25 | $379.72 |

The first, comprised of 112.9 hours totaling $49,283, represents time that the Varnum Group claims was spent solely in pursuit of the sealing issues or that would

1

have been incurred if the sealing issues were the sole focus of the Varnum Group's objection and appeal. The second category, comprised of 212.55 hours totaling $92,507, represents the "mixed time" the Varnum Group claims was spent on both sealing issues and other issues. The third category, comprised of 57 hours totaling $21,644.25 is time the Varnum Group concedes did not relate to the sealing issues and, therefore, should not be compensated under the Court's Order. Despite the Varnum Group's claims, it should not be fully compensated for "mixed" time nor should it be paid at its full rates.

    a.    **"Mixed" Time Should Not Be Fully Compensated**

"One fundamental focus is the result actually achieved for class members, a basic consideration in any case in which fees are sought on the basis of a benefit achieved for class members." Fed. R. Civ. P. 23, Committee Notes to Subdivision (h). The Court "has broad discretion in deciding whether, and in what amount, attorneys' fees should be awarded" to objectors and is, therefore, justified in limiting any attorney fee award for the Varnum Group according to the determined benefit to the Class. *See Park v. Thomson Corp.*, 633 F. Supp. 2d 8, 11 (S.D.N.Y. 2009); *see also In re Riverstone Networks, Inc.*, 256 Fed. App'x 168, 170 (9th Cir. 2007) (stating that "The district court acted within its discretion when it discounted hours that did not benefit the class."). In addition, *none* of the cases the Varnum Group cites support its argument that "mixed" time should be fully compensated. *See*

2

*Hensley v. Eckerhart*, 461 U.S. 424, 433–35 (analyzing fee shifting under 42 U.S.C. § 1988); *Jordan v. City of Cleveland*, 464 F.3d 584, 588 (6th Cir. 2006) (discussing fee shifting for a plaintiff's claims of "racial discrimination, racial and retaliatory harassment and violation of Title VII of the Civil Rights Act"); *Moore v. Freeman*, 355 F.3d 558, 565–66 (6th Cir. 2004) (considering fee shifting for a plaintiff under the Fair Labor Standards Act).

Rather than being awarded the full amount for time spent pursuing both the sealing issues *and* other issues, the Varnum Group should only be awarded a portion, if any, of this time. First, because the Varnum Group did not make an effort to comply with the Court's order as to its "mixed" time, the Court could appropriately not compensate any of that category of time. Second, if the Court is inclined to compensate Varnum for this "mixed" time, Plaintiffs suggest that a reasonable method for allocating mixed time between sealing and non-sealing issues is based on how much of the Varnum Group's briefs addressed sealing issues. The three briefs at issue—the Varnum Group's written objection, appeal brief, and appeal reply brief—represent a total of approximately 87 substantive pages and approximately 22 of these contain content related to sealing issues. In other words, Varnum used approximately 25% of its argument on sealing issues.[1] It would, therefore, be reasonable to compensate the

---

[1] This is a generous estimation. Settlement Class Counsel counted a page as containing content related to sealing issues even if only a small fraction of the page

3

Varnum Group for only 25% of this "mixed" time. That works out to 53.14 hours or $23,126.75 at full rates for this "mixed" time. However, as explained below, the Varnum Group's time should not be compensated at full rates.

### b. The Varnum Group's Fee Should be Calculated, at Most, at the Same Rate as Class Counsel's Fee

The fees requested by Settlement Class Counsel, and awarded by the Court, amount to an attorney-only blended hourly rate of $266 per hour. Dkt. No. 350 at 4–5. In contrast, the fees requested by the Varnum Group represent an attorney-only blended hourly rate between $435 and $437 per hour. Equity and fairness require that the Varnum Group -- who produced no monetary recovery for the Class – not be compensated at a higher hourly rate than Settlement Class Counsel, who generated a $30 million recovery. Furthermore, the Varnum Group began its work in this case when the $30 million settlement fund already existed, allowing it to take fewer risks and litigate (and be uncompensated) for fewer years than Settlement Class Counsel. This compels the conclusion that the Varnum Group should be compensated at a lower – not higher – blended rate. Thus, whatever fee the Court awards to the Varnum Group should be calculated using a rate no higher than $266 per hour. At a blended rate of $266 per hour, the 112.90 hours the Varnum Group claims was solely related to, or necessary to, the sealing issues, would have an

---

contained such content. If the Court were to adopt a more precise approach, then a smaller portion of this "mixed" time would be compensated.

4

adjusted lodestar of $30,031.40 and the 53.14 hours of compensable mixed time (as calculated above) would have an adjusted lodestar of $14,135.24.

### III. CONCLUSION

After making appropriate adjustments to the Varnum Group's hours and rate, the Varnum Group should be awarded no more than $44,166.64 in fees and $1,822.28 in expenses, for a total of $45,988.92.

Dated: November 4, 2019

Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307
Telephone: (248) 841-2200
epm@millerlawpc.com

Daniel E. Gustafson
Daniel C. Hedlund
Daniel J. Nordin
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
dnordin@gustafsongluek.com

Daniel A. Small
Brent W. Johnson
**COHEN MILSTEIN SELLERS
& TOLL PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
dsmall@cohenmilstein.com
bjohnson@cohenmilstein.com

Fred T. Isquith
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
270 Madison Avenue
New York, New York, 10016
Telephone: (212) 545-4690
isquith@whafh.com

*Settlement Class Counsel*

David H. Fink (P28235)
Darryl Bressack (P67820)
**FINK + ASSOCIATES LAW**
100 West Long Lake Rd, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkandassociateslaw.com

*Interim Liaison Counsel*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 4, 2019 I electronically filed the foregoing with the Clerk of the Court using the ECF system which will notify all counsel of record authorized to receive such filings.

              **THE MILLER LAW FIRM, P.C.**

              */s/ E. Powell Miller*
              E. Powell Miller (P39487)
              950 W. University Dr., Ste. 300
              Rochester, Michigan 48307
              Telephone: (248) 841-2200
              epm@millerlawpc.com