**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 21, 2020

Ms. Sharon Sue Almonrode
Mr. E. Powell Miller
Miller Law Firm, 950 W. University Drive, Suite 300
Rochester, MI 48307

Christopher Andrews
P.O. Box 530394
Livonia, MI 48152-0394

Mr. John Gueli
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022

Mr. Daniel E. Gustafson
Gustafson Gluek
120 S. Sixth Street, Suite 2600
Minneapolis, MN 55402

Mr. Brian Christopher Hauser
Ms. Rachel Elizabeth Mossman
Shearman & Sterling
401 Ninth Street, N.W., Suite 800
Washington, D.C., DC 20004

Emily Hughes
Miller Law Firm
950 W. University Drive, Suite 300
Rochester, MI 48307

Mr. Thomas J. Rheaume Jr.
Bodman, 1901 Saint Antoine Street, Sixth Floor
Detroit, MI 48226

Mr. Mark C. Rifkin
Wolf, Haldenstein, Adler, Freeman & Herz
270 Madison Avenue
New York, NY 10016

Ms. Elizabeth Robinson
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022

Mr. Daniel A. Small
Cohen, Milstein, Sellers & Toll
1100 New York Avenue, N.W., Suite 500-W
Washington, DC 20005

Mr. Todd M. Stenerson
Shearman & Sterling
401 Ninth Street, N.W., Suite 800
Washington, D.C., DC 20004

Mr. Bryan R. Walters
Varnum, P.O. Box 352
Grand Rapids, MI 49501

   Re: Case Nos. 19-2260/2261/2336, *Shane Group, Inc., et al v. Blue Cross Blue Shield of MI, et al*
      Originating Case No. : 2:10-cv-14360

Dear Counsel,

 The Court issued the enclosed Order today in this case.

            Sincerely yours,

            s/Cathryn Lovely for Karen Fultz

cc: Mr. David J. Weaver

Enclosure

NOT RECOMMENDED FOR PUBLICATION

Nos. 19-2260/2261/2336

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SHANE GROUP INC, et al., )<br>)<br>Plaintiffs-Appellees, )<br>)<br>v. )<br>)<br>BLUE CROSS BLUE SHIELD OF MICHIGAN, )<br>)<br>Defendant-Appellee, )<br>)<br>ADAC Automotive, et al., )<br>)<br>Objectors-Appellants. )<br>) | **FILED**<br>Aug 21, 2020<br>DEBORAH S. HUNT, Clerk<br><br><br>O R D E R |

Before: SILER, COOK, and KETHLEDGE, Circuit Judges.

PER CURIAM. In three separate cases, a group of objectors to a class-action settlement agreement appeal the district court's finding that the agreement was "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In two of those cases, 19-2261 and 19-2336, the district court has yet to determine with finality the portion of that settlement owed to objectors' attorneys. We dismiss those appeals for lack of jurisdiction. The third case, 19-2260, raises issues in common with the other two cases, and for reasons of judicial economy is to be held in abeyance pending resolution of those cases.

By way of background, in 2016, we first addressed this dispute—a class action in which the plaintiffs alleged that health insurer Blue Cross Blue Shield of Michigan had engaged in a price-fixing scheme—after a group of objectors in the class challenged the court's approval of a settlement agreement between class counsel and Blue Cross. We ultimately held that the district

Nos. 19-2260/2261/2336, *Shane Grp., et al. v. Blue Cross Blue Shield of Mich.*

court had abused its discretion when it sealed various filings and records in the case—thereby failing to ensure that the settlement was fair to the class as a whole. Thus we vacated the district court's approval of the settlement and instructed it to "begin the Rule 23(e) process anew." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 311 (6th Cir. 2016).

On remand, the district court unsealed much of the record, and in 2019 it approved a new settlement agreement between class counsel and Blue Cross. R. 364 at Page ID 18897. The district court also awarded fees to counsel for a group of objectors—the "Varnum Group"—though it said that it would calculate that fee award only after reviewing Varnum's timesheets and any objections raised by class counsel. *See id.* at Page ID 18895–97. Varnum submitted its timesheets, and class counsel replied with objections. Apparently, however, the court neglected to enter an order resolving the parties' dispute over Varnum's fee award.

Notwithstanding that omission, Varnum has once again challenged the court's approval of the settlement agreement; in doing so, Varnum argues that the settlement agreement is unreasonable and that it gives preferential treatment to class counsel and the named plaintiffs. Varnum—which prevailed in the last appeal—also argues that the court should have awarded it about $143,000 in attorneys' fees. *See* Varnum Br. at 43. Class counsel, for their part, argue that Varnum should not have been awarded any fees at all, though they urge this court, in the event it determines that Varnum deserves fees, to limit that fee award to time spent only on certain issues. Class Counsel Br. at 55.

Although everyone agrees that the district court has not yet determined Varnum's fee award, they disagree on whether that fact affects this court's jurisdiction. Generally, a pending motion for attorney's fees does not prevent a judgment on the merits from being final and appealable because fee litigation is collateral to the merits. *See Ray Haluch Gravel Co. v. Cent.*

Nos. 19-2260/2261/2336, *Shane Grp., et al. v. Blue Cross Blue Shield of Mich.*

*Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 185 (2014); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–200 (1988). The merits question in this appeal, however, is whether the settlement agreement was "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Part-and-parcel of that inquiry is to examine how the settlement is divided among the class, class counsel, and anyone else entitled to payment. *See In re Dry Max Pampers Lit.*, 724 F.3d 713, 718 (6th Cir. 2013). Varnum's fee award will potentially alter that division, and in turn affect the fairness of the settlement—a central concern of this appeal. *See id.* That means the order on appeal is not final, so this court lacks appellate jurisdiction over it. *See* 28 U.S.C. § 1291.

In a related case, 19-2260, pro se objector Christopher Andrews similarly challenges the fairness of the settlement agreement. *See* Fed. R. Civ. P. 23(e). Because his appeal addresses common issues to those in the Varnum cases, we order Andrews's appeal to be held in abeyance pending resolution of appeals 19-2261 and 19-2336.

The appeal is dismissed for lack of jurisdiction and remanded to the district court for what we anticipate will be a prompt decision on the remaining issue of Varnum's fee award. The parties are ordered to provide to this court a status report on the proceedings before the district court, beginning 60 days after entry of this order and recurring every 60 days thereafter.

                                      ENTERED BY ORDER OF THE COURT

                                      _____

                                      Deborah S. Hunt, Clerk