# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. *ET AL.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> vs. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM <br><br><br> Chief Judge Denise Page Hood <br> Magistrate Judge Mona K. Majzoub |

**Notice of Appeal To Varnum Settlement By Christopher Andrews**

Notice is hereby given that Class Member/Objector/Appellant Christopher Andrews, in good faith, appeals to the United States Court of Appeals for the Sixth Circuit from Doc 396, dated December 10, 2020, Order Approving Settlement With Varnum Group and Doc 397 Dated December 17, 2020, Notice of Withdrawal Of Joint Objection To Proposed Settlement Objections and the court's failure to rule on the objector/appellant's still pending motion, Doc 344 Pg Id 18551-18586, (see text only note on docket dated December 14, 2020 terminating motions) and including any other orders and opinions that merge therein including any order requiring an appeal bond, subsequent to this notice of appeal. The appellant includes a copy of his RESPONSE TO PROPOSED ORDER APPROVING VARNUM SETTLEMENT that is still not on the docket at the end of this Notice of Appeal that was timely filed within the fourteen day window to respond it. The original document does have a wet signature on it.

The appellant files this meritorious appeal on behalf of himself and all others similarly situated as follows; all existing claimants who have had our damage amounts reduced without the opportunity to respond,. He also appeals on behalf of himself and the balance of the seven million member Michigan class who have also been intentionally left uninformed of this new settlement that prohibits us from having the opportunity to file supplemental and new claims which only Varnum's clients are allowed to do right now. Varnum's clients have been notified by their attorney's and are assembling supplemental and new claims that are being submitted directly to Blue Cross for

compensation from the class fund. On the other hand, the rest of the seven million member class have been intentionally kept in the dark and do not know about this settlement and can't file claims, a clear fraud on the class. The settlement violates Rule 23, Sixth Circuit, Supreme Court precedent and due process.

Class Counsel and named plaintiffs have created perpetual chaos with their six year long, divide and conquer hustle on the entire class with their intentional mistakes, errors, and double cross.

> …"class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. And thus there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." In re Dry Max Pampers Litig., 724 F.3d 713, 715 (6th Cir. 2013)..… the district court "must carefully scrutinize" whether the named plaintiffs and counsel have met their fiduciary obligations to the class, id. at 718, and whether the settlement itself is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2)." Shane vs Blue Cross  Blue Shield of Michigan 15-1544 6th Cir pg 12

This "all is fine" image scheme ignores the stark reality that the evidence proves the class is being used as pawns by Class Counsel and named plaintiffs for their fees and bounties in this sell out, grab the cash, rigged, cover-up, charade game The approval is a slam dunk reversal waiting to be made official as shown below.

**The Varnum Settlement Unfairly, Unreasonable, Inadequately And Secretly Reduces Existing Claimants Damage Amounts Without Proper Notice**

On August 21, 2020, the United States Court of Appeals for the Sixth Circuit entered an order dismissing both the Varnum Group Appeal and the Class Counsel Appeal for lack of jurisdiction and remanded to this Court for the following sole reason:

> "The appeal is dismissed for lack of jurisdiction and remanded to the district court for what we anticipate will be a prompt decision on the remaining issue of Varnum's fee award." Dkt 389 pg 3.

Without good cause or good cause shown, the parties and court, unilaterally and without notice to the class, made material changes to the existing settlement that they had no legal right to make by intentionally failing to inform the entire class of what is in essence a double cross settlement and failing to inform the Sixth Circuit of this fact as well in their status report, a lie by omission. (19-2260 Dkt. 54). This is the second lie by omission to the Sixth Circuit in this case by Class Counsel. The abdication of responsibility in this settlement is causing adverse consequences for the existing claimants and the seven million Michigan class.

Class Counsel emailed a copy of the "Proposed Order Approving Varnum Settlement" to this appellant at 4:15 pm on December 09, 2020 which was six business hours before the settlement hearing on December 10, 2020 which did not provide any amount of reasonable time to adequately prepare a written response which could not have been delivered in time before the hearing and there was certainly not enough time to adequately prepare for an oral argument presentation. The proposed order should have been filed as a motion and put on the public docket and was not, but rather sent as a word document directly to the court, bypassing court rules regarding ex part communications which kept it secret from the public and class to prevent scrutiny of it.

The parties acquiesced to the Varnum's demands by allowing claims that are twenty five months late to be counted as timely. (November 08, 2018 to December 10, 2020). The parties are also arranging for Varnum's clients only to file new and supplemental claims for the next forty seven days (From December 10, 2020 to January 29, 2021). There was no cause and no good cause shown why the participants thought allowing twenty six month old late claims should be counted as timely and why supplemental and new claims should be allowed to be only filed by Varnum's clients only without proper notice. Allowing both types of claims to be filed reduce this appellant's as well as the other existing claimant's damage reimbursement amounts without providing us the opportunity to respond. The class has a right to be noticed, file comments, objections, file supplemental, new claims and be given the opportunity to opt out but

can't because a notice plan is missing violating Rule 23 and due process.

Class Counsel and named plaintiffs are also choosing not to implement a notice program to the seven million member class to save themselves another $1.2 million in notice costs out of their slowly shrinking attorney fee, in addition to saving the unknown increased administrator costs that are going to be incurred. Class Counsel, not the class, is, for the second time, going to pay for this $1.2 million curative notice and costs just like the appellant stated they would do the first time,...six years ago. See Manual for Complex Litigation, Fourth, Pg 269 Note 752, Pg 317 second to last paragraph, Pg 321 second to last paragraph Notes 917, 919, 921.

From https://public.resource.org/scribd/8763868.pdf

Total savings to date for the class is $1.8 million not counting the new notice costs. The appellant did file (via certified mail) a response to the ghost "Proposed Motion Approving Settlement With Varnum Group" within the fourteen day window to respond but the court ignored that rule and did not allow for responses and rushed through its decision four days later on December 14, 2020 in this cover-up deal to benefit Blue Cross and Class Counsel.

## The Claims Part Of The Class Website Is Closed So The Class Can't File A Claim

Even if the participants can claim the seven million claimants have been all noticed telepathically about this settlement and new claims process, the class website prohibits the submission of any claims online where the vast majority of already submitted claims came from because the claim submission part of the website has been shut down for a long time now. Varnum's clients have been able to file claims with their counsel who submits them directly to Blue Cross Blue Shield of Michigan since December 10, 2020 and it's now January 06, 2020 with the claims period ending on January 29, 2021. (See Doc 57).  What do lawyers have to do to get fired around here, also get caught engaging in dirty tricks as well like…

This from the class website:

**The deadline to file a claim in this matter was November 8, 2018. That deadline is now passed and no further submissions will be accepted.**

   © 2014-2018 Epiq All rights reserved | | Version: 1.0.0.93 | Updated: 10/21/2020 6:31:40 PM
      https://www.michiganhospitalpaymentslitigation.com/Home/Closed
See https://www.michiganhospitalpaymentslitigation.com/Home/Documents

Last seen December 25, 2020

This proposed settlement requires proper notice be given to the class and a hearing under Rule 23(e)(2) which brings us to the breaching of fiduciary duties owed to the class by Class Counsel which applies to this settlement.

## Violations Of Ethical Obligations By Named Plaintiffs, Class Counsel The Steering Committee Require Their Removal And Reversal Of This Deal

As all should agree, named plaintiffs, class counsel and the court owe fiduciary duties to protect the seven member class.

One cardinal rule defines the scope of counsel's ethical obligations in class actions: class counsel owes a duty to the class as a whole. As one circuit has recognized, however, defining the outer parameters of these duties can be difficult.

See *Zimmer Paper Prod., Inc. v. Berger & Montague, P.C., 758 17 F.2d 86, 91 (3d Cir. 1985)* ("The bounds of fiduciary duty are undoubtedly not easy to define.").

See *Reynolds v. Beneficial Nat. Bank, 288 F.3d 277, 280 (7th Cir. 2002)* (stating that, in the context of approving or disapproving a class settlement, some courts "have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class").

Class Counsel violated their fiduciary duties owed the class by putting their pocketbook ahead of the class by prohibiting any of the seven million member class from filing supplemental or new claims like Varnum can, a clear ethical violation and violations of the Rules of Professional Conduct. Comment by the circuit is now required regarding the fiduciary rights and duties owed to the *class* in this and future class actions occurring in this circuit.

## The Bounty Awards Again Sold Out The Class In This Settlement

Like in the approval of the first settlement, the named plaintiffs' bounties corrupted that deal as well as this one.

The Eleventh Circuit Court of Appeals found that the practice of awarding a class representative an "incentive" payment as part of a class action settlement is illegal. *Johnson v. NPAS Solutions, Inc., No. 18-12344, F.3d 2020 WL 5553312 (11th Cir. Sept. 17, 2020).* The objector in that case claimed that the incentive award was contrary to *Trustees v. Greenough*, 105 U.S. 527 (1881), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885), and created a conflict of interest between the class representative and other class members.

Class representatives should not receive "preferred treatment," and incentive awards are "part salary and part bounty" for bringing a class lawsuit: "Incentive awards are intended not only to compensate class representatives for their time (*i.e.*, as a salary), but also to promote litigation by providing a prize to be won (*i.e.*, as a bounty)." "Although it's true that such awards are commonplace in modern class-action litigation, that doesn't make them lawful, and it doesn't free us to ignore Supreme Court precedent forbidding them." See pg's 35-38 of the decision.

## The Court Lacked Jurisdiction To Approve This Settlement

"For some 200 years it has been the rule that—no matter the time and resources spent—an appellate court must wipe out everything that has occurred if the lower court lacked jurisdiction." Id.at 764–65.  In re *Depuy Orthopaedics 953 F. 3d 894, 895 (6th Circ 2020).*

"In any case, large or small, the exercise of the "judicial Power" by a court that has not been granted it "offends fundamental principles of separation of powers." *Steel Co.*, 523 U.S. at 94, 118 S.Ct. 1003.

*For* that reason, federal courts must catch jurisdictional defects at all stages of a case, even when substantial resources have already been invested in it. *Id*. at 94–95, 118 S.Ct. 1003. In re *Depuy Orthopaedics 953 F. 3d 894, 895 (6th Circ 2020).*

This 11th Circuit en banc decision in the class action *Muransky v. Godiva Chocolatier, Inc. Nos. 16-16486 & 16-16783 (en banc) (11th Cir. October 28, 2020)* is also applicable in this settlement and the full settlement as follows:

Muransky holds that to establish the Article III standing required to pursue or settle a class action, the representative "plaintiff needs to plead (and later support) an injury that is concrete, particularized and actual or imminent, rather than conjectural or hypothetical." Muransky slip at 11-12. (also Spokeo at 10).

Citing *Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992),* Muransky notes that: The burden of establishing the [] elements of standing continues-- and, in fact, increases-- all the way through the litigation, Lujan, 504 U.S. at 56. The elements need to be supported "with the manner and degree of evidence required at the successive stages of the litigation"- through what that means at the class settlement stage has been the subject of some debate. Id. Muransky, slip op at 12 n.1

("We have repeatedly held that 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.' " (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez* , 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) )). *Nessel ex rel. Michigan v. AmeriGas Partners, L.P., 954 F.3d 831, 835, 836 (6th Cir. 2020)*

Standing is necessary for a court's subject-matter jurisdiction, so the court has a duty to raise a standing defect (like any other jurisdictional defect) on its own initiative. See *Steel Co., 523 U.S. at 94–96.*

The court had an independent obligation to ascertain standing sua sponte at the December 10, 2020 hearing and should not have approved the motion on December 14, 2020, but rather questioned the parties about standing and chose not to so the court lacked subject-matter jurisdiction. Class Counsel and named plaintiffs were unable to establish proof of an Article III injury when challenged about their evidentiary obligations needed to support class certification and settlement approval in the full

class settlement which applies to this settlement as well. Objection Doc 341 Ids 23-33, Fairness Hearing Transcript Doc 367, Ids 18917-18921, Brief 22 Ids 23-33.

Five of the six original Plaintiffs' Shane Group, Veneberg, Abatement, Pipefitters, Steele lacked injury, standing and eventually requested removal from the case. Doc 1, 72, 78, 328-1 Id 13470-13471, Defendant Brief 31 pg 5. Plaintiff, Carpenters makes claims that are untrue unless the Consolidated Complaint is amended thereby admitting to lack of injury and standing. Doc 328-1 Ids 13476-13478.

Class Counsel and the court lack power to add Noah and Baynard on as plaintiffs via still a still pending motion and under Procedure 21. Doc 124, Doc 269-2 pg 3, Doc's 323 #2, 328 Id's 13450-13479, Brief 22, pg 30.

This means that all plaintiffs' also lacked standing to enter into *this* settlement as well so the court lacked jurisdiction to approve this deal. A district court is "powerless to approve a proposed class settlement" if "no named plaintiff has standing"

*Frank v. Gaos, 139 S. Ct. 1041, 1046 (2019).*

The evidence above shows the class representatives lack standing, interest and injuries common to the class so the court abused its discretion in finding they met Rule 23(a) requirements and dismiss this case.

The court is also allowing the uninjured named plaintiffs', who all lack standing, to be paid $165,000.00 for selling out the class they can't even represent at the settlement stage! The class has injuries though, but not the plaintiffs, a clear conflict of interest. The participants have, for a third time in six years, violated their fiduciary obligations owed to the entire *class* as well as the plaintiffs violating Rule 23(g)(4) Rule 23(e)1, 2, 3, 4 with specificity, 23(e)(1)(b), 23(e)(1)(c), 23(b)(3), due process, Sixth Circuit and Supreme Court precedent, it's fraud and violates the Rules of Professional Conduct. Plaintiffs are prohibited from profiting from their own wrongdoing thus preventing an affirmance.

Since these actions are clear evidence that Plaintiffs' put their own self interests first, the settlement requires dismissal of class counsel, the steering committee, named plaintiffs', reversal and possibly dismissal of the settlement(s) due to lack of standing and jurisdiction. This approval is clearly illegal, manifest error and abuse of discretion. I hereby certify that all of the above is true and accurate to the best of my knowledge.

Respectfully Submitted,
/s/ Christopher Andrews

Christopher Andrews Pro se
PO Box 530394
Livonia, MI 48153-0394
248-635-3810 caaloa@gmail.com
January 07, 2021

Clerk of the Court

The United States District Court

For The Eastern District of Michigan

Southern Division

U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, Michigan 48226

                              Courtroom of Judge Denise Page Hood

                              Case No. 2:10-cv-14360-DPH- MKM

The Shane Group, Inc. etc. al

        Plaintiffs

v.

Blue Cross Blue Shield of Michigan,

Defendant,

**RESPONSE TO PROPOSED ORDER APPROVING VARNUM SETTLEMENT**

Class Counsel emailed a copy of this "Proposed Order Approving Varnum Settlement" to this appellant at 4:15 pm on December 09, 2020 which was six business hours before the settlement hearing which did not provide any amount of reasonable time to adequately prepare a written response which could not have been delivered in time before the hearing and there was certainly not enough time to adequately prepare for an oral argument presentation.

This proposed settlement is adverse to this appellant, all existing claimants and up to seven million member class and should not be approved because it would be illegal.

This proposed order should have been filed as a motion and put on the public docket and was not, but rather sent as a word document directly to the court bypassing court rules regarding ex part communications which keeps it secret from the public and class making it an illegal submission.  Upon receipt of the proposed order, the objector/appellant sent an email to Class Counsel stating he had concerns and there was no response. He then offered to meet and confer and still no response.

The proposed order makes material changes to the existing settlement that the parties had no right to make by changing the claims and distribution process that were already in place which was not part of the remand order by the Sixth Circuit. These changes benefit Varnum's clients at the expense of the existing claimants by reducing the

existing claimant's damage reimbursement amounts without a hearing, our knowledge or consent taking money out of our pockets.

The parties and court, unilaterally and without required notice to the class, chose to hold a hearing and make a secret deal made behind the backs of the existing claimants as well as the seven million member class and the Sixth Circuit by acquiescing to Varnum's and Appellees demands by allowing claims that are twenty five months late to be counted as timely. (November 08, 2018 to December 10, 2020). The parties are not only allowing those claims to be counted as timely, but they are also arranging for Varnum's clients only to file new and supplemental claims as well for the next forty seven days (From December 10, 2020 to January 29, 2021).

The huge, "Houston we have a problem" here settlement is the Appellees and named plaintiffs are intentionally choosing not to notice the existing claimants and seven million member class of these two new claim windows thereby prohibiting them from participating in the process. Allowing both types of claims to be filed reduces this appellant's as well as the other existing claimants damage reimbursement amounts without providing us the opportunity to respond to this one sided deal. We have a right to be noticed, file comments, objections, file claims and be given the opportunity to opt out but we can't because a well thought out notice plan is missing, but the participants see absolutely nothing wrong with this.

There was no cause and no good cause shown why the participants thought allowing twenty six month old late claims should be counted as timely, why supplemental and new claims should allowed thereby reducing claimants existing damage amounts is OK without input from the negatively affected class members. It was really done to get this deal so Varnum would drop their appeal.

Class Counsel and named plaintiffs are illegally choosing not to implement a notice program because Class Counsel does not want spend another $1.2 million in notice costs. In addition, they would have to pay for the unknown increased claims administrator costs that are now going to be incurred.

Class Counsel is paying for this next $1.2 million curative notice fee plus costs like last time, see Manual for Complex Litigation, Fourth, Pg 269 Note 752, Pg 317 second to last paragraph, Pg 321 second to last paragraph Notes 917, 919, 921.
From https://public.resource.org/scribd/8763868.pdf

There is nothing on the class website allowing for anyone to submit a claim online where the vast majority of already submitted claims came from because the claim submission part of the website has been shut down for a long time now. Varnum's clients have been able to file claims with their counsel who submits them directly to Blue Cross Blue Shield of Michigan since December 10, 2020.

Varnum's clients have had a three week head start filing their claims but there is still a lack of notice to the rest of the seven million member class notifying them of the ability to file supplemental and new claims.

**The deadline to file a claim in this matter was November 8, 2018. That deadline is now passed and no further submissions will be accepted.**

© 2014-2018 Epiq All rights reserved | | Version: 1.0.0.93 | Updated: 10/21/2020 6:31:40 PM
https://www.michiganhospitalpaymentslitigation.com/Home/Closed
See https://www.michiganhospitalpaymentslitigation.com/Home/Documents

Last seen December 22, 2020

So, Class Counsel and named plaintiffs have, for a third time in six years, violated their fiduciary obligations owed to the entire *class* as well as violating Rule 23(e)1, 2, 3, 4 with specificity, 23(e)(1)(b), 23(e)(1)(c) 23(e)(2),  23(b)(3), 23(g)(4), due process and the Rules of Professional Conduct. This proposed settlement requires proper notice be given to the class and a hearing under Rule 23(e)(2). Right now the proposed order if approved would be manifest error and abuse of discretion making it reversible error.

I hereby certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge.

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com  Dated December 22, 2020

## Certificate of Service

I hereby certify under penalty of perjury that on this day December 22, 2020 I mailed two copies of this document (one is a chamber's copy) to the Clerk of the Court via first class certified mail to the address on page one with copies sent to class counsel, defense counsel and counsel for the Varnum objectors via first class mail to the addresses below.

Christopher Andrews, Pro se objector, P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com

Attention; Daniel Hedlund
Gustafson Gluek Pllc
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Sherman & Sterling LLP
Todd Stenerson
401 9th Street, NW Suite 800
Washington, DC 20004

Perrin Rynders
Varnum LLP
PO Box 352
Grand Rapids, MI 49501-0352

**Proof of Service**

On this day, January 07, 2020 the objector/appellant uploaded this Notice of Appeal (along with a copy of his RESPONSE TO PROPOSED ORDER APPROVING VARNUM SETTLEMENT that was timely filed but still not on the docket, by transmitting them to the Court electronically on the Clerk of the Court's webpage below that is been designated to accept pro se filings. They will be accepted as any other electronic filing, Fed. R. App. P. 25(a)(2)(B).

(https://www.mied.uscourts.gov/index.cfm?pagefunction=ProSeDocs)

The undersigned certifies that today he filed the foregoing with the U.S. District Court which will send electronic notification to attorneys and others registered to receive ECF filings. Entry on the docket by the clerk will be considered to be adequate service on other electronic filers pursuant to Fed. R. App. P.25(c)(2).

/s/ Christopher Andrews

Christopher Andrews

PO Box 530394
Livonia, MI 48153-0394
T 248-635-3810
Email caaloa@gmail.com

.Pro se Objector, non attorney