UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE SHANE GROUP, INC. *ET AL.*, <br><br> Plaintiffs, on behalf of themselves and all others similarly situated, <br><br> vs. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, <br><br> Defendant. | Civil Action No. 2:10-cv-14360-DPH-MKM <br><br><br> Chief Judge Denise Page Hood <br> Magistrate Judge Mona K. Majzoub |

# MOTION TO CONTINUE TO PROCEED
# IN FORMA PAUPERIS IF REQUIRED

## The Objector Has a Right to Appeal the Court's Decision Of This Settlement By Continuing To Proceed In Form Pauperis Under This Court's Previous Order

The objector incorporates his good faith notice of appeal into this motion. Since this court has already approved this appellant's IFP status, Dkt. 384, the appellant should be able to proceed under that previous order without paying a $505 filing fee. This settlement will absolutely be reversed or dismissed, it's that crooked.

Appeals are a matter of right. *In re American President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) (*citing Coppedge v. United States,* 369 U.S. 438, 441-442 (1962)). "Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." *Id.* (*citing North Carolina v. Pearce,* 395 U.S. 711,724 (1969) ("[a] court is without right to . . . put a price on an appeal. A party's exercise of a right of appeal must be free and unfettered" (internal quotation and citation omitted)). *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated"). *See also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." (*quoting Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998), *cert denied*, 525 U.S. 875 (1998)). The merits of an appeal are decided by the appellate court and cannot be short circuited by a district court that disapproves of the appeal.

*In re American Presidential Lines*, 779 F.2d 714, 717 (D.C. Cir. 1985) *Vaughn v. American Honda Motor Co., Inc.*, 507F.3d 295, 299 (5th Cir. 2007); *Cooter & Gell,* 496 U.S. 384, 407 (1990).1 Thus, "A district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012).

"[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated.") (quoting *Clark v. UniversalBuilders, Inc*., 501 F.2d 324, 341 (7th Cir. 1974)). *Azizian*, 499 F.3d at 961;

As the Ninth Circuit explained, a district court does not get to prejudge the appeal and "deter" appeals it does not like through excessive appeal bonds. *Azizian*, 499 F.3d at 961; *Vaughn*, 507 F.3d at 299; *Am. President Lines*, 779 F.2d 714; *but seeAdsani*, 139 F.3d at 79. If a judge improperly chills appeals of its decisions, it could forever avoid review of its rulings. *Cf. Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) ("A district judge ought not try to insulate his decisions from appellate review….").

This appeal is not a frivolous appeal in any sense of the word based on the evidence in the record and his response to the proposed order filed thirteen days ago that is still in transit.

The Sixth Circuit should be allowed to review these major new issues in this settlement that violate Rue 23(e)(2) and due process notice requirements regarding *this* settlement that the objector/appellant has pointed out a few days ago and today.

I hereby certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge.

Respectfully Submitted,

 /s/ Christopher Andrews
Christopher Andrews

PO Box 530394
Livonia, MI 48153-0394
248-635-3810
caaloa@gmail.com
Pro se, non attorney
January 07, 2021

## Proof of Service

On this day, January 07, 2020 that the objector/appellant uploaded this MOTION TO CONTINUE TO PROCEED IN FORMA PAUPERIS IF REQUIRED by transmitting them to the Court electronically on the Clerk of the Court's webpage below that is been designated to accept pro se filings. It will be accepted as any other electronic filing, Fed. R. App. P. 25(a)(2)(B). (https://www.mied.uscourts.gov/index.cfm?pagefunction=ProSeDocs)

The undersigned certifies that today he filed the foregoing with the U.S. District Court which will send electronic notification to attorneys and others registered to receive ECF filing. Entry on the docket by the clerk will be considered to be adequate service on other electronic filers pursuant to Fed. R. App. P.25(c)(2).

/s/ Christopher Andrews

Christopher Andrews

PO Box 530394
Livonia, MI 48153-0394
T 248-635-3810
Email caaloa@gmail.com
Pro se Appellant, non attorney
January 07, 2021