Clerk of the Court

The United States District Court

For The Eastern District of Michigan

Southern Division

U.S. Courthouse

231 W. Lafayette Blvd.

Detroit, Michigan 48226

                              Courtroom of Judge Denise Page Hood

                              Case No. 2:10-cv-14360-DPH- MKM

The Shane Group, Inc. etc. al

                  Plaintiffs

v.

Blue Cross Blue Shield of Michigan,

Defendant,


# RESPONSE TO PROPOSED ORDER APPROVING VARNUM SETTLEMENT

Class Counsel emailed a copy of this "Proposed Order Approving Varnum Settlement" to this appellant at 4:15 pm on December 09, 2020 which was six business hours before the settlement hearing which did not provide any amount of reasonable time to adequately prepare a written response which could not have been delivered in time before the hearing and there was certainly not enough time to adequately prepare for an oral argument presentation.

This proposed settlement is adverse to this appellant, all existing claimants and up to seven million member class and should not be approved because it would be illegal.

This proposed order should have been filed as a motion and put on the public docket and was not, but rather sent as a word document directly to the court bypassing court rules regarding ex part communications which keeps it secret from the public and class making it an illegal submission.  Upon receipt of the proposed order, the objector/appellant sent an email to Class Counsel stating he had concerns and there was no response. He then offered to meet and confer and still no response.

The proposed order makes material changes to the existing settlement that the parties had no right to make by changing the claims and distribution process that were already in place which was not part of the remand order by the Sixth Circuit. These changes benefit Varnum's clients at the expense of the existing claimants by reducing the

existing claimant's damage reimbursement amounts without a hearing, our knowledge or consent taking money out of our pockets.

The parties and court, unilaterally and without required notice to the class, chose to hold a hearing and make a secret deal made behind the backs of the existing claimants as well as the seven million member class and the Sixth Circuit by acquiescing to Varnum's and Appellees demands by allowing claims that are twenty five months late to be counted as timely. (November 08, 2018 to December 10, 2020). The parties are not only allowing those claims to be counted as timely, but they are also arranging for Varnum's clients only to file new and supplemental claims as well for the next forty seven days (From December 10, 2020 to January 29, 2021).

The huge, "Houston we have a problem" here settlement is the Appellees and named plaintiffs are intentionally choosing not to notice the existing claimants and seven million member class of these two new claim windows thereby prohibiting them from participating in the process. Allowing both types of claims to be filed reduces this appellant's as well as the other existing claimants damage reimbursement amounts without providing us the opportunity to respond to this one sided deal. We have a right to be noticed, file comments, objections, file claims and be given the opportunity to opt out but we can't because a well thought out notice plan is missing, but the participants see absolutely nothing wrong with this.

There was no cause and no good cause shown why the participants thought allowing twenty six month old late claims should be counted as timely, why supplemental and new claims should allowed thereby reducing claimants existing damage amounts is OK without input from the negatively affected class members. It was really done to get this deal so Varnum would drop their appeal.

Class Counsel and named plaintiffs are illegally choosing not to implement a notice program because Class Counsel does not want spend another $1.2 million in notice costs. In addition, they would have to pay for the unknown increased claims administrator costs that are now going to be incurred.

Class Counsel is paying for this next $1.2 million curative notice fee plus costs like last time, see Manual for Complex Litigation, Fourth, Pg 269 Note 752, Pg 317 second to last paragraph, Pg 321 second to last paragraph Notes 917, 919, 921.
From https://public.resource.org/scribd/8763868.pdf

There is nothing on the class website allowing for anyone to submit a claim online where the vast majority of already submitted claims came from because the claim submission part of the website has been shut down for a long time now. Varnum's clients have been able to file claims with their counsel who submits them directly to Blue Cross Blue Shield of Michigan since December 10, 2020.

Varnum's clients have had a three week head start filing their claims but there is still a lack of notice to the rest of the seven million member class notifying them of the ability to file supplemental and new claims.

**The deadline to file a claim in this matter was November 8, 2018. That deadline is now passed and no further submissions will be accepted.**

© 2014-2018 Epiq All rights reserved | | Version: 1.0.0.93 | Updated: 10/21/2020 6:31:40 PM
https://www.michiganhospitalpaymentslitigation.com/Home/Closed
See https://www.michiganhospitalpaymentslitigation.com/Home/Documents

Last seen December 22, 2020

So, Class Counsel and named plaintiffs have, for a third time in six years, violated their fiduciary obligations owed to the entire *class* as well as violating Rule 23(e)1, 2, 3, 4 with specificity, 23(e)(1)(b), 23(e)(1)(c) 23(e)(2), 23(b)(3), 23(g)(4), due process and the Rules of Professional Conduct. This proposed settlement requires proper notice be given to the class and a hearing under Rule 23(e)(2). Right now the proposed order if approved would be manifest error and abuse of discretion making it reversible error.

I hereby certify under penalty of perjury that all of the above is true and accurate to the best of my knowledge.

Christopher Andrews, Pro se objector P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com Dated December 22, 2020

## Certificate of Service

I hereby certify under penalty of perjury that on this day December 22, 2020 I mailed

two copies of this document (one is a chamber's copy) to the Clerk of the Court via

first class certified mail to the address on page one with copies sent to class counsel,

defense counsel and counsel for the Varnum objectors via first class mail to the

addresses below.

Christopher Andrews, Pro se objector, P.O. Box 530394 Livonia, MI 48153-0394

T. 248-635-3810 E. caaloa@gmail.com

Attention; Daniel Hedlund
Gustafson Gluek Pllc
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402

Sherman & Sterling LLP
Todd Stenerson
401 9th Street, NW Suite 800
Washington, DC 20004

Perrin Rynders
Varnum LLP
PO Box 352
Grand Rapids, MI 49501-0352

Christopher Andrews
P.O. Box 530394
Livonia, MI 48153-0394


CERTIFIED MAIL

7019 1640 0000 6703 1746





U.S. POSTAGE PAID
CLEVELAND, MI
48124
DEC 30 20
AMOUNT
$5.35
R2304M110848-88

12/22/20


JAN 07 2021
CLERK'S OFFICE
U.S. DISTRICT COURT

Clerk of the Court
United States District Court
For the Eastern District of Michigan
231 W. Lafayette Blvd.
Detroit, MI 48226

7019 1640 0000 6703 1753