# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: January 14, 2021

Ms. Sharon Sue Almonrode
Ms. Emily Hughes
Mr. E. Powell Miller
Miller Law Firm
950 W. University Drive, Suite 300
Rochester, MI 48307

Mr. Christopher Andrews
P.O. Box 530394
Livonia, MI 48152-0394

Mr. John Gueli
Ms. Elizabeth Robinson
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022

Mr. Daniel E. Gustafson
Gustafson Gluek
120 S. Sixth Street, Suite 2600
Minneapolis, MN 55402

Mr. Brian Christopher Hauser
Ms. Rachel Elizabeth Mossman
Mr. Todd M. Stenerson
Shearman & Sterling
401 Ninth Street, N.W.
Suite 800
Washington, D.C., DC 20004

Mr. Thomas J. Rheaume Jr.
Bodman, 1901 Saint Antoine Street, Sixth Floor
Detroit, MI 48226

   Re: Case No. 19-2260, *Shane Group, Inc., et al v. Blue Cross Blue Shield of MI, et al*
     Originating Case No. : 2:10-cv-14360

Dear Counsel and Mr. Andrews,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0032n.06

No. 19-2260

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SHANE GROUP INC, et al., )<br>)<br>Plaintiffs-Appellees, )<br>)<br>v. )<br>)<br>BLUE CROSS BLUE SHIELD OF MICHIGAN, )<br>)<br>Defendant-Appellee, )<br>)<br>CHRISTOPHER ANDREWS, )<br>)<br>Objector-Appellant. ) | **FILED**<br>Jan 14, 2021<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

Before: SILER, COOK, and KETHLEDGE, Circuit Judges.

PER CURIAM. Christopher Andrews objects to a class-action settlement agreement and appeals the district court's finding that the agreement was "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). We reject his arguments and affirm.

This is a class action in which the plaintiffs alleged that Blue Cross Blue Shield of Michigan (Blue Cross) had engaged in an extensive price-fixing scheme. A proposed settlement first came to us in 2016, when we held that the district court had abused its discretion when it sealed various filings and records. We therefore vacated the district court's approval of the original settlement and instructed it to "begin the Rule 23(e) process anew." *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 311 (6th Cir. 2016).

On remand, the district court eventually approved a new settlement agreement in 2019. R. 364 at Page ID 18897. The agreement provides for a total settlement fund of $29.99 million.

No. 19-2260, *Shane Grp., et al. v. Blue Cross Blue Shield of Mich.*

That amount, after deductions for fees and expenses, would leave about $16 million for payments to class members, whose damages were allegedly about $50 million (after deducting $58 million in alleged damages for a single class member that opted out).

Andrews himself (proceeding pro se) is a serial objector who in this case unsuccessfully sought a $150,000 payoff to drop his objections. He is now the sole remaining objector.

We review the approval of a settlement agreement for an abuse of discretion. *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717 (6th Cir. 2013).

Andrews raises a raft of objections, many of them undeveloped, all of them meritless. His argument that the district court judge should have recused herself is waived (in addition to being undeveloped), since Andrews did not make that argument in the district court. *See McDaniel v. Upsher-Smith Labs., Inc.*, 893 F.3d 941, 948 (6th Cir. 2018). He argues that the named plaintiffs lacked standing to assert their claims, but does not explain why. He also argues that the distribution of any leftover funds to Free Clinics of Michigan would be a kickback for Blue Cross. But the two entities are not legally related, and Andrews's argument is otherwise conclusory. Andrews argues that payment of so-called "service awards" to certain named plaintiffs amounted to a bounty. On this record, however, those payments correlate to the substantial amount of time that the named plaintiffs actually spent producing documents and otherwise advancing the litigation of the case. Andrews further argues that the named plaintiffs and class counsel were "inadequate" representatives of the class. But that argument too is conclusory, and is undermined by the substantial recovery (32% of alleged damages, after deductions for fees and expenses) for unnamed class members. Andrews's remaining objections are likewise undeveloped and are therefore forfeited. *See Courser v. Allard*, 969 F.3d 604, 616 (6th Cir. 2020).

The district court's judgment is affirmed.