

Case No. 10-14360

December 23, 2022

Judge Denise Page Hood
United States District Court for the Eastern District of Michigan
231 W. Lafayette
Detroit, Michigan
           48226


RE:   The Shane Group v. Blue Cross Blue Shield of Michigan


Dear Judge Hood,

I previously wrote to you regarding referenced matter. Subsequently, I received a letter from Class Counsel to which I responded on December 6, 2022. A copy of that letter is attached.

As information, I never received a response from Class Counsel addressing the issues I raised in my December 6, 2022, letter. Accordingly, I am asking that the Court intervene on my behalf and on behalf of the ~2,200 other Class Members similarly affected. Specifically, I move the Court to:

1. Legally recognize that a Sub-Class of ~2,200 members exists in this case;

2. Legally recognize that the Estate of Marguerite M. Schubert and the Estate of Cynthia L. Schubert [whom I now represent] are named Plaintiffs of the Sub-Class;

3. Order Class Counsel to provide to all ~2,200 members of the Sub-Class copies of my correspondence to the Court and to Class Counsel;

4. Because Class Counsel has repeatedly shirked their responsibility to categorically address issues raised on behalf of the Estate of Marguerite M. Schubert and the Estate of Cynthia L. Schubert, I respectfully request that this Court assign separate counsel for the members of the Sub-Class.

Respectfully submitted,

_____
Dale J. Schubert, Personal Representative
for the Estate of Marguerite M. Schubert
and the Estate of Cynthia L. Schubert

December 6, 2022

10-14360

Daniel J. Nordin
Gustafson Gluek, PLLC
120 S. 6th St., Suite 2600
Minneapolis, Minnesota
                   55402

RE: Case No. : 2:10-cv-14360-DPH-MKM
    The Estate of Marguerite M. Schubert

Dear Mr. Nordin,

   I am in receipt of your letter of December 1, 2022, regarding referenced case. As an initial matter, the December 1, 2022, letter to Judge Denise Page Hood that accompanies your December 1, 2022, letter to me mischaracterizes my responsiveness in this matter. As has been stated, the mail you sent to the Post Office Box in Midland, Michigan, is forwarded to me. As such, there is a built-in time lag in correspondence. To be clear, then, I have timely responded to your correspondence, including a letter to Judge Denise Page Hood. The phone call messages that you reference have not reached me. In my absence, I would suggest that communication via phone is not a reliable method for resolving the issues at hand.

   Moving on, with regard to the issues at hand and my responsiveness, be advised that I have been diligently researching the alleged deficiency in the filing of my Mother's Estate's claim. In this regard you are advised that the financial institution, from which the checks were written to her health care providers, is no longer in business. Indeed, it has been purchased, twice, in the intervening years. Further, because one of those purchases involved dividing, for anti-trust purposes, the various offices of her original financial institution, it is not clear which purchaser "inherited" her account. Regardless, both current financial institutions are advising me that even if my mother's account could be located [it was closed in 2015] they would have no record of any transactions [i.e., cancelled checks] prior to 2015, since, apparently, financial institutions are not required to retain documents that are more than 7 years old. So, you can see the challenge I've had in meeting your request.

   Continuing, I suspect that the other ~2,200 case claimants whose files you've deemed to be deficient are encountering the same hurdles as me. That does not make their claims, or my Mother's Estate's claim, any less legitimate. Accordingly, please treat this communication as my formal request that you move the Court to carve out, from the general claimants' pool, a sub-category of claimants, whose claims you deem to be deficient, so that they can be afforded some special consideration regarding their claims. This request is made of you as Class Counsel. Thank you.

   Continuing, to address any eventualities regarding this situation, I am respectfully requesting that you provide to me the names and contact information for all of the ~2,200 claimants whose claims you deem to be deficient. And, preemptively, if you deem my request to violate the confidentiality of those claimants, I respectfully request that you provide to those claimants a copy of this letter and a release form that they can sign to allow you to provide the requested contact information. Further, because you have deemed time to be so critical in perfecting these claims, if I do not receive the requested information within 10 business days, or, your assurances of a clear path going forward regarding a recovery of these claims, you are advised that I intend to seek an alternative remedy, here.

   Finally, it appears from the scant information I have in this matter that the Settlement Administrator is the same firm that handled the Zepeda v. PayPal, Inc. class action suit [5:2010cv02500 - Northern District of California]. Because that Administrator unjustifiably denied claims in that matter, similar to what appears to be occurring in the matter at hand, I am respectfully requesting that you confirm whether the Administrator in these cases is one in the same. Thank you.

Respectfully submitted,

*[signature]*

Dale J. Schubert

Dale J. Schubert
P.O. Box 1602
Midland, Michigan
48641

Judge Denise Page Hood
United States District Court for the Eastern District of Michigan
231 W. Lafayette
Detroit, Michigan
48226

7022 0410 0000 4678 1653

CERTIFIED MAIL

48226

U.S. POSTAGE PAID
FCM LETTER
MIDLAND, MI
48640
DEC 23, 22
AMOUNT
$4.60
R2305H130326-12